UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24903-CV-ALTONAGA

**SECURITIES AND EXCHANGE COMMISSION**,

    Plaintiff,
v.

**RISHI KAPOOR**, *et al.*,

    Defendants.
_____/

## SEALED ORDER

THIS CAUSE came before the Court upon Plaintiff, Securities and Exchange Commission's Emergency *Ex Parte* Motion for Asset Freeze and Other Relief Against Defendant Rishi Kapoor and Memorandum of Law [ECF No. 6], which seeks the following orders:

1. an order freezing the assets of Defendant Rishi Kapoor ("Kapoor");

2. an order requiring a sworn accounting by Kapoor; and

3. an order prohibiting the destruction of documents by Kapoor.

The Court has considered the Complaint, the Motion, and the declarations and exhibits submitted in support of this Motion. The Court finds the Commission has made a sufficient and proper showing in support of the relief granted herein by presenting a *prima facie* case showing a reasonable approximation of the likely disgorgement award against Kapoor, which exceeds the amount of assets to be frozen. Accordingly, the Court finds good cause to believe that, unless it imposes an asset freeze, Kapoor could dissipate, conceal, or transfer from the jurisdiction of this Court assets that are likely subject to an order of disgorgement.

Accordingly, the Motion is **GRANTED**. The Court hereby orders the following:

CASE NO. 23-24903-CV-ALTONAGA

# I.

## ORDER FREEZING ASSETS

**IT IS ORDERED** that

A. Kapoor and his directors, officers, agents, servants, employees, attorneys, depositories, banks, insurance companies, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing any assets or property, including, but not limited to, cash, free credit balances, fully paid for securities, crypto assets, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit owned by, controlled by, or in the possession of Kapoor; and

B. Any financial or brokerage institution, or other person or entity holding any such funds or other assets, in the name of, for the benefit of, or under the control of Kapoor, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known accounts:

| Financial Institution | Name of Account | Account Number |
|---|---|---|
| Bank of America | Rishi Kapoor | X3191 |
| Bank of America | Rishi Kapoor | X0440 |
| JPMorgan Chase Bank | Rishi Kapoor and Jennie Frank | X0006 |
| Ally Bank | Rishi Kapoor | X5554 |
| Ally Bank | Rishi Kapoor | X8655 |

CASE NO. 23-24903-CV-ALTONAGA

## II.

## **SWORN ACCOUNTINGS**

**IT IS FURTHER ORDERED** that within fifteen (15) days of the issuance of this Order, Kapoor shall:

A.  make a sworn accounting to the Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares, or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received, directly or indirectly, by any of the Company Defendants[1];

B.  make a sworn accounting to the Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Kapoor or the Company Defendants, jointly or individually, or for his or their direct or indirect beneficial interest, or over which he maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

C.  provide the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts, and deposits of any kind and wherever situation) in which Kapoor and/or the Company Defendants, whether solely or jointly, directly or indirectly (including through a corporation, partnership,

---

[1] The Company Defendants include: Location Ventures, LLC; URBIN, LLC, Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

3

CASE NO. 23-24903-CV-ALTONAGA

relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

### III.

### **RECORDS PRESERVATION**

**IT IS FURTHER ORDERED** that Kapoor, his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of the Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of the Court.

### IV.

### **OTHER RELIEF**

**IT IS FURTHER ORDERED** that this Order shall not apply to a receiver appointed by this Court over any of the Company Defendants for the purposes of marshaling and preserving any and all assets of the Company Defendants, and those assets of the Company Defendants that: (i) are attributable to funds derived from investors or clients of the Company Defendants; (ii) are held in constructive trust for the Company Defendants; (iii) were fraudulently transferred by the Company Defendants; and/or (iv) may otherwise be includable under such receivership as assets of the Company Defendants. In addition, this Order does not apply to property of an entity that has filed for bankruptcy and is not a Defendant.

CASE NO. 23-24903-CV-ALTONAGA

## V.

## **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this matter, Kapoor, and the Company Defendants in order to implement and carry out the terms of all orders and decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court and will order other relief that the Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Miami, Florida, this 27th day of December, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record