UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-ALTONAGA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

RISHI KAPOOR, et al.,

    Defendants.
_____/

### RECEIVER'S MOTION FOR AUTHORIZATION OF EMPLOYMENT OF KOZYAK TROPIN & THROCKMORTON LLP AS COUNSEL, RETROACTIVE TO JANUARY 12, 2024

Bernice C. Lee, as Receiver ("Receiver") over the companies[1] listed herein (collectively, the "Company Defendants" and "Receivership Defendants") in this action, applies for authorization and approval of the employment of David L. Rosendorf and the firm of Kozyak Tropin & Throckmorton, LLP (collectively "KTT"), as counsel to the Receiver, retroactive to January 12, 2024, and states:

    1.    On December 27, 2023, the Securities and Exchange Commission ("SEC") filed an Emergency *Ex Parte* Motion for Asset Freeze and Other Relief [DE 6] under seal commencing this proceeding against Rishi Kapoor and the Company Defendants, to ensure that a disgorgement

---

[1] The Company Defendants include: Location Ventures, LLC ("LV"), URBIN, LLC ("URBIN"), Patriots United, LLC ("Patriots United"); Location Properties, LLC ("L. Properties"); Location Development, LLC ("L. Development"); Location Capital, LLC ("L. Capital"); Location Ventures Resources, LLC ("L. Resources"); Location Equity Holdings, LLC ("L. Holdings"); Location GP Sponsor, LLC ("L. GP Sponsor"); 515 Valencia Sponsor, LLC ("515 Valencia Sponsor"); LV Montana Sponsor, LLC ("LV Montana Sponsor"); URBIN Founders Group, LLC ("URBIN Founders"); URBIN CG Sponsor, LLC ("URBIN CG Sponsor"); 515 Valencia Partners, LLC ("515 Valencia"); LV Montana Phase I, LLC ("LV Montana"); Stewart Grove 1, LLC ("Stewart Grove 1"); Stewart Grove 2, LLC ("Stewart Grove 2"); Location Zamora Parent, LLC ("L. Zamora Parent"); URBIN Coral Gables Partners, LLC ("URBIN Gables"); URBIN Coconut Grove Partners, LLC ("URBIN Grove"); URBIN Miami Beach Partners, LLC ("URBIN Miami Beach"); and URBIN Miami Beach II Phase 1, LLC ("URBIN Miami Beach II").

award can be satisfied and to prevent further dissipation of investor funds and potentially other assets out of the Court's reach.

2. On January 12, 2024, the Court entered an Order [DE 28] ("Receivership Order") appointing Ms. Lee as Receiver over the Receivership Defendants.

3. Pursuant to the Receivership Order, the Receiver is directed *inter alia* to take exclusive control and possession of all assets of whatever kind and wherever situated of the Receivership Defendants; is authorized to exercise the powers previously possessed by the officers, directors, managers, trustees and agents of the Receivership Defendants; has the power and duty to use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants; to take into custody, control and possession all Receivership Property and records relevant thereto; to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants; and to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted.

4. Paragraph 2 of the Receivership Order states that the Receiver "is given authority to retain Kozyak Tropin & Throckmorton as counsel." Pursuant to Paragraph 7.F of the Receivership Order, the Receiver is authorized to "engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers[.]"

5. Pursuant to Paragraph 51 of the Receivership Order, the Receiver, subject to obtaining Court approval of quarterly fee applications, is authorized to solicit persons and entities ("Retained Personnel") to assist in carrying out the duties and responsibilities described in the

Order.

6.     Pursuant to Paragraph 52 of the Receivership Order, and subject to prior approval by the Court, Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" ("Billing Instructions").

7.     In order for the Receiver to properly discharge her duties in this case, the Receiver requires the assistance of counsel to advise and represent her, and to assist her in complying with her duties under the Receivership Order.

8.     While Paragraph 2 of the Receivership Order already authorizes the Receiver to retain Kozyak Tropin & Throckmorton ("KTT") as counsel, for purposes of clarity and disclosure, the Receiver files this Motion to seek authorization to employ David L. Rosendorf and KTT as counsel on the terms set forth herein.

9.     The KTT firm has extensive experience representing receivers, trustees and other fiduciaries, particularly in cases involving fraud and Ponzi schemes, as well as in litigation of financial fraud and other complex commercial litigation matters. The Receiver anticipates that David L. Rosendorf will have primary responsibility for this matter. His resume is attached as Exhibit A. The Receiver requests that KTT be authorized to utilize such attorneys, paralegals and other professionals and paraprofessionals at the firm as are appropriate to assist the Receiver in fulfilling her responsibilities.

10.    KTT has agreed to perform the foregoing services at the following hourly rates:

| Attorneys/Paralegals | Hourly Rate | Discounted Hourly Rate |
|---|---|---|
| David Rosendorf and other Partners | $775.00 - $960.00 | $350.00 |
| Of Counsel | $700.00 - 800.00 | $300.00 |
| Associate | $400.00 - $575.00 | $250.00 |
| Paralegal | $265.00 | $150.00 |

KTT will incur out-of-pocket disbursements in the rendition of the services for which it shall seek reimbursement.  KTT recognizes that its compensation and reimbursement of expenses are subject to approval and adjustment by the Court in accordance with the Billing Instructions.

11. The Receiver is herself a shareholder of KTT. The Receiver will separately report and track her time as Receiver, to ensure it is separately reported and not included in the billing for KTT's services as counsel to the Receiver.

12. The Receiver requests that the relief granted pursuant to this Motion be retroactive to January 12, 2024, the date of the Receiver's appointment, as due to the exigent circumstances of the case, the Receiver has required the immediate assistance of counsel which KTT agreed to and has provided.

**WHEREFORE**, the Receiver respectfully requests that this Court enter an order approving the Receiver's employment of KTT as her attorneys, in the form of the attached Exhibit "B", upon the terms and conditions set forth herein.

## CERTIFICATION OF CONFERENCE WITH COUNSEL

Counsel for the SEC and counsel for defendant Rishi Kapoor have informed undersigned counsel that they have no objection to the relief requested herein.

**WHEREFORE**, the Receiver respectfully requests the entry of an Order authorizing the Receiver's employment of KTT as counsel, in accordance with the terms of this Motion.

*[signature block on following page]*

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
Email: dlr@kttlaw.com

By: /s/ *David L. Rosendorf*
    David L. Rosendorf, Esq.
    Florida Bar No. 996823

*Counsel for Bernice C. Lee, Receiver*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record this 17th day of January, 2024.


By: /s/ *David L. Rosendorf*
    David L. Rosendorf, Esq.