UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-ALTONAGA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.,

    Defendants.
_____/

## RECEIVER'S MOTION FOR AUTHORIZATION OF EMPLOYMENT OF MARIA M. YIP AND YIP ASSOCIATES AS FORENSIC ACCOUNTANTS RETROACTIVE TO JANUARY 12, 2024

Bernice C. Lee, as Receiver ("Receiver") over the companies[1] listed herein (collectively, the "Company Defendants" and "Receivership Defendants") in this action, applies for authorization and approval of the employment of Maria M. Yip, CPA, CFE, CIRA and the accounting firm of Yip Associates (collectively "Yip Associates") as forensic accountants for the Receiver, *retroactive to* January 12, 2024, and states:

    1.    On December 27, 2023, the Securities and Exchange Commission ("SEC") filed an Emergency *Ex Parte* Motion for Asset Freeze and Other Relief [DE 6] under seal commencing this proceeding against Rishi Kapoor and the Company Defendants, to ensure that a disgorgement

---

[1] The Company Defendants include: Location Ventures, LLC ("LV"), URBIN, LLC ("URBIN"), Patriots United, LLC ("Patriots United"); Location Properties, LLC ("L. Properties"); Location Development, LLC ("L. Development"); Location Capital, LLC ("L. Capital"); Location Ventures Resources, LLC ("L. Resources"); Location Equity Holdings, LLC ("L. Holdings"); Location GP Sponsor, LLC ("L. GP Sponsor"); 515 Valencia Sponsor, LLC ("515 Valencia Sponsor"); LV Montana Sponsor, LLC ("LV Montana Sponsor"); URBIN Founders Group, LLC ("URBIN Founders"); URBIN CG Sponsor, LLC ("URBIN CG Sponsor"); 515 Valencia Partners, LLC ("515 Valencia"); LV Montana Phase I, LLC ("LV Montana"); Stewart Grove 1, LLC ("Stewart Grove 1"); Stewart Grove 2, LLC ("Stewart Grove 2"); Location Zamora Parent, LLC ("L. Zamora Parent"); URBIN Coral Gables Partners, LLC ("URBIN Gables"); URBIN Coconut Grove Partners, LLC ("URBIN Grove"); URBIN Miami Beach Partners, LLC ("URBIN Miami Beach"); and URBIN Miami Beach II Phase 1, LLC ("URBIN Miami Beach II").

award can be satisfied and to prevent further dissipation of investor funds and potentially other assets out of the Court's reach.

2. On January 12, 2024, the Court entered an Order [DE 28] ("Receivership Order") appointing Ms. Lee as Receiver over the Receivership Defendants.

3. Pursuant to the Receivership Order, the Receiver is directed *inter alia* to take exclusive control and possession of all assets of whatever kind and wherever situated of the Receivership Defendants; is authorized to exercise the powers previously possessed by the officers, directors, managers, trustees and agents of the Receivership Defendants; has the power and duty to use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants; to take into custody, control and possession all Receivership Property and records relevant thereto; to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants; and to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted.

4. Pursuant to Paragraph 7.F of the Receivership Order, the Receiver is authorized to "engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers[.]"

5. Pursuant to Paragraph 51 of the Receivership Order, the Receiver, subject to obtaining Court approval of quarterly fee applications, is authorized to solicit persons and entities ("Retained Personnel") to assist in carrying out the duties and responsibilities described in the

Order.

6. Pursuant to Paragraph 52 of the Receivership Order, and subject to prior approval by the Court, Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" ("Billing Instructions").

7. In order for the Receiver to properly discharge her duties in this case, the Receiver requires the assistance of accounting and forensic professionals to expeditiously assist her in complying with her duties under the Receivership Order, including but not limited to conducting a forensic analysis of the bank accounts, the amounts provided by investors, and other assets held in the Receivership Estate.

8. Accordingly, by this Motion, and pursuant to the Receivership Order, the Receiver seeks authority to employ Maria M. Yip and Yip Associates as accountants for the Receiver, with Ms. Yip assuming primary responsibility for the engagement.

9. Ms. Yip is a Florida certified public accountant (CPA), certified fraud examiner (CFE), certified insolvency and restructuring advisor (CIRA) and is certified in financial forensics (CFF). Yip Associates has extensive experience and expertise in forensic accounting, receiverships, complex securities and financial fraud investigations and litigation matters. A copy of Ms. Yip's resume is attached as **Exhibit A** along with additional information reflecting her relevant experience.

10. The Receiver intends for Yip Associates to provide the following services:

   a) review and investigation of all financial information relating to the Receivership Entities, including but not limited to a review of their financial

3

          information, their assets, and their creditors, including investors;

b)    data entry and reconstruction of the Receivership Entities' financial records;

c)    review and analysis of the organizational structure of and financial interrelationships among the Receivership Entities and their affiliates and insiders, including a review of the books of such companies or persons as may be requested;

d)    review and analysis of transfers to and from the Receivership Entities to third parties;

e)    attendance at meetings with the Receivership Entities, the SEC, investors, creditors, the attorneys of such parties, and with federal, state, and local tax authorities, if requested;

f)    review of the books and records of the Receivership Entities for potential assets that may be recovered or claims that may be asserted by the Receiver, or any other matters that the Receiver may request;

g)    the rendering of such other assistance in the nature of accounting services, financial consulting, or other financial projects as the Receiver may deem necessary; and

h)    preparation of Receivership Estate tax returns and tax compliance matters as needed.

11. Yip Associates has agreed to perform the foregoing services with the proposed staffing at the following discounted hourly rates, summarized in **Table A** below:

| *Table A – Yip Associates Proposed Staffing Discounted Rates* | | |
|---|---|---|
| **Professional Level** | **Standard Rate** | **Discounted Rate** |
| Partner | $450 - $600 | $350 |
| Manager / Director | $350 - $400 | $300 |
| Associates | $275 - $295 | $250 |
| Paraprofessional | $150 | $140 |

Yip Associates will incur out-of-pocket disbursements in the rendition of the services for which it shall seek reimbursement. Yip Associates recognizes that its compensation is subject to approval and adjustment by the Court in accordance with the Billing Instructions.

12. The foregoing rates are for general forensic and investigative work; in the event Yip Associates personnel are engaged to provide expert testimony, Yip Associates may, subject to Court approval, seek to charge different rates for such services. Yip Associates may also change the staffing of the matter as appropriate depending on the needs of the case and availability of personnel, with similar discounted rates for any other professionals who work on this matter. Yip Associates recognizes that its compensation is subject to approval and adjustment by the Court in accordance with the Billing Instructions.

13. The Receiver requests that the relief granted pursuant to this Motion be retroactive to January 12, 2024, the date of the Receiver's appointment, as due to the exigent circumstances of the case, the Receiver has required the immediate assistance of Yip Associates which Yip Associates agreed to and has provided.

**WHEREFORE**, the Receiver respectfully requests that this Court enter an order approving the Receiver's employment of Yip Associates as her forensic accountants, in the form of the attached **Exhibit B**, to perform the services set forth in this Motion, upon the terms and conditions set forth herein retroactive to January 12, 2024.

5

## CERTIFICATION OF CONFERENCE WITH COUNSEL

Counsel for the SEC and counsel for defendant Rishi Kapoor have informed undersigned counsel that they have no objection to the relief requested herein.

                                      **KOZYAK TROPIN & THROCKMORTON, LLP**
                                      2525 Ponce de Leon Boulevard, 9th Floor
                                      Coral Gables, Florida 33134
                                      Tel:     (305) 372-1800
                                      Fax:    (305) 372-3508
                                      Email: dlr@kttlaw.com

                                      By: /s/ *David L. Rosendorf*
                                          David L. Rosendorf, Esq.
                                          Florida Bar No. 996823

                                      *Counsel for Bernice C. Lee, Receiver*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record this 19th day of January, 2024.

                                      By: /s/ *David L. Rosendorf*
                                          David L. Rosendorf, Esq.