## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-24903-CMA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR;
LOCATION VENTURES, LLC;
URBIN, LLC;
PATRIOTS UNITED, LLC;
LOCATION PROPERTIES, LLC;
LOCATION DEVELOPMENT, LLC;
LOCATION CAPITAL, LLC;
LOCATION VENTURES RESOURCES, LLC;
LOCATION EQUITY HOLDINGS, LLC;
LOCATION GP SPONSOR, LLC;
515 VALENCIA SPONSOR, LLC;
LV MONTANA SPONSOR, LLC;
URBIN FOUNDERS GROUP, LLC;
URBIN CG SPONSOR, LLC;
515 VALENCIA PARTNERS, LLC;
LV MONTANA PHASE I, LLC;
STEWART GROVE 1, LLC;
STEWART GROVE 2, LLC;
LOCATION ZAMORA PARENT, LLC;
URBIN CORAL GABLES PARTNERS, LLC;
URBIN COCONUT GROVE PARTNERS, LLC;
URBIN MIAMI BEACH PARTNERS, LLC; and
URBIN MIAMI BEACH II PHASE 1, LLC,

    Defendants.

_____/

## JOINT SCHEDULING AND DISCOVERY REPORT

   Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1, and the Court's Order Requiring Scheduling Report and Certificate of Interested Parties (ECF No. 19), the undersigned parties respectfully submit this Joint Scheduling and Discovery Report:

**Scheduling and Discovery Conference:**

The following parties appeared at scheduling and discovery meetings by video conference on January 19, 2024, and January 22, 2024:

- Russell R. O'Brien, counsel for Plaintiff Securities and Exchange Commission;

- Fred A. Schwartz, counsel for Defendants Rishi Kapoor and Patriots United, LLC;

- Jane Serene Raskin, counsel for Defendant Rishi Kapoor;

- Bernice C. Lee, Receiver over the Company Defendants as defined in paragraph 5 of the Complaint (ECF. No. 1); and

- David L. Rosendorf, counsel for the Receiver.

**Case Management Track**

Pursuant to S.D. Fla. Local Rule 16(a)(2), the parties request that the Court assign this matter to the complex case management track. The parties anticipate this matter requiring more than 10 days of trial. In addition, the Court should assign this matter to the complex track because it involves, among other things, allegations of a complex real estate fraud, 23 defendants, the likelihood of multiple expert witnesses, a large volume of documentary evidence, and the need for an extended discovery period.

**Scheduling Conference Report**

**(A) Likelihood of Settlement**

The parties had preliminary discussions regarding the resolution of this matter and will continue to discuss the likelihood of settlement. At this time, they do not believe a settlement of this case is likely. All offers of settlement made by Defendants must be submitted for consideration and approval by the Commission in Washington, D.C.

**(B) Likelihood of Appearance of Additional Parties**

The Commission may seek to amend the Complaint to add additional parties.

**(C) Proposed Time Limits**

The parties believe this case should be assigned to the complex track. Accordingly, the

parties submit the following proposed time limits:

| | |
|---|---|
| January 26, 2024 | Deadline for filing motions responsive to the Complaint, including motions to dismiss, or an Answer. |
| February 20, 2024 | Initial disclosures pursuant to Fed. R. Civ. P. 26. |
| June 13, 2024 | Deadline to join additional parties or to amend pleadings. |
| July 11, 2024 | Deadline to file joint interim status report. |
| July 18, 2024 | Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation. |
| December 5, 2024 | Deadline to complete all fact discovery. |
| | Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition. |
| | Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). |
| January 9, 2025 | Deadline to exchange rebuttal expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). |
| January 23, 2025 | Deadline for the filing of all dispositive motions. |
| February 13, 2025 | Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| February 27, 2025 | Deadline for completion of expert discovery. |

| March 13, 2025 | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |
| April 10, 2025 | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). |
| April 21, 2025 | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k). |
| April 29, 2025 | Calendar Call |
| May 5, 2025 | Trial period commences. The parties seek a Special Setting for trial. |

**(D) Proposals for the Formulation and Simplification of Issues**

The parties agreed that they will work together in good faith to simplify the issues for trial, including reaching stipulations of fact and as to the authenticity of documents, and, if appropriate, filing any motions for summary judgment as to issues of law.

**(E) The Necessity or Desirability of Amendments to the Pleadings**

Currently, the parties do not know whether the pleadings will need to be amended.

**(F) The Possibility of Obtaining Admissions of Fact and of Documents**

The parties agreed to work together in good faith to reach stipulations regarding uncontested facts, the authenticity of documents, and admissibility of evidence to expedite the trial of this matter.

**(G) Avoidance of Unnecessary Proof and of Cumulative Evidence**

At this juncture, the parties do not have any specific suggestions to the Court for the avoidance of unnecessary proof and cumulative evidence but will endeavor to streamline the litigation.

**(H) Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

At this time, the parties have not agreed to have discovery matters, non-dispositive and dispositive pretrial motions, or the trial referred to the U.S. Magistrate Judge.

**(I) A Preliminary Estimate of the Time Required for Trial**

The parties anticipate trial to last no longer than 15 days if tried before the Court or a jury.

**(J) Requested Dates for Conferences Before Trial, Final Pretrial, and Trial**

The parties request a special setting for trial due to the complexities of the case and the scheduling of witnesses, including experts, among other considerations.

**(K) Any issues about:**
      **(i)**     **Disclosure, Discovery, or Preservation of ESI**
      **(ii)**    **Claims of Privilege or Protection**
      **(iii)**   **ESI Checklist**

See subsection (M) Discovery Plan Report below.

**(L)  Other Information Helpful to the Court**

None at this time.

**(M)  Discovery Plan Report**

Pursuant to Federal Rules of Civil Procedure 26(f), the parties developed the following discovery plan:

(a)     In connection with their initial disclosure obligations, the parties have stipulated to serve their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on February 20, 2024.

(b)     The Commission will likely seek discovery from, among others, Defendants, expert witnesses, former employees, officers, and directors of the Company Defendants, and any other person or entity that may have relevant knowledge of the claims or defenses pertaining to this matter. Based on the information Defendants have to date, it is likely they will seek discovery from

the Plaintiff and various non-parties. The parties do not believe that they should conduct discovery in phases or be limited to particular issues.

(c)     Whenever feasible, the parties will produce all electronically stored information in single-page Tiff images or PDF format with searchable text, and bate-stamped. Alternatively, if unable to produce electronically stored information in such a manner, the parties will produce the information in the currently stored format. The Commission has disclosed that most of the electronically stored documents it has are in pdf, excel, word, .msg, and text file formats and will make all non-privileged electronically stored information available to the Defendants. The Defendants have disclosed that they have electronically stored documents in in pdf, excel, word, .msg, and text file formats and will make all non-privileged electronically stored information available to the Commission. The parties further agree they will maintain all relevant electronically stored information in its original format until final resolution of this matter.

(d)     The parties have agreed that if any party inadvertently produces electronically stored information or other documents that the producing party claims after production are privileged, that party will notify the opposing party or parties within a reasonable time frame of learning that an inadvertent production had occurred, then all parties who received such information shall promptly return, sequester, or destroy it, and take reasonable steps to retrieve the information from third-parties, including expert witnesses. However, the parties reserve their right to claim that the information disclosed was not privileged or that the privilege was waived. The parties are requesting that the Court include their agreement in the scheduling order.

(e)     As noted above, the parties have stipulated that it may be necessary to exceed the limitation of depositions provided by Federal Rule of Civil Procedure 30(a)(2)(A) and agree that each party may take up to 15 fact witness depositions without seeking leave of Court.

(f)    The parties are not requesting the Court to issue any other orders under Federal Rules of Civil Procedure 16(b)-(c) or 26(c) at this time.

Dated:  January 22, 2024                    Respectfully submitted,

By: *Russell R. O'Brien*
    Russell R. O'Brien, Esq.
    Trial Counsel
    Fla. Bar No.  084542
    Direct Dial: (305) 982-6341
    Email:  obrienru@sec.gov

    **SECURITIES AND EXCHANGE COMMISSION**
    801 Brickell Avenue, Suite 1950
    Miami, FL 33131
    Telephone: (305) 982-6300
    Facsimile: (305) 536-4154
    **Attorney for Plaintiff Securities and Exchange Commission**

By: *Fred A. Schwartz*
    (Permission for electronic signature obtained on January 22, 2024)
    Fred A. Schwartz, Esq.
    Florida Bar No. 360538
    John J. Shahady, Esq.
    Florida Bar No. 998990
    **SHAHADY & WURTENBERGER, P.A.**
    200 East Palmetto Park Road, Suite 103
    Boca Raton, FL 33432
    Telephone: (561) 910-3064
    fschwartz@swlawyers.law
    jshahady@swlawyer.com
    **Attorneys for Defendants Rishi Kapoor and Patriots United, LLC**

By: *Jane Serene Raskin*
    (Permission for electronic signature obtained on January 22, 2024)
    Jane Serene Raskin, Esq.
    Florida Bar No. 848689
    **RASKIN & RASKIN, P.A.**

7

2525 Ponce De Leon Blvd., Suite 300
Coral Gables, FL 33134
Telephone: (305) 444-3400
jraskin@raskinlaw.com
**Attorney for Defendant Rishi Kapoor**


By: _David L. Rosendorf_
(Permission for electronic signature obtained on
January 22, 2024)
David L. Rosendorf, Esq.
Florida Bar No. 996823
**KOZYAK TROPIN & THROCKMORTON
LLP**
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
dlr@kttlaw.com
**Attorney for Bernice Lee, Receiver**