UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24903-CMA

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

vs.

RISHI KAPOOR, LOCATION
VENTURES, LLC, URBIN, LLC,
PATRIOTS UNITED, LLC, LOCATION
PROPERTIES, LLC, LOCATION
DEVELOPMENT, LLC, LOCATION
CAPITAL, LLC, LOCATION VENTURES
RESOURCES, LLC, LOCATION EQUITY
HOLDINGS, LLC, LOCATION GP
SPONSOR, LLC, 515 VALENCIA SPONSOR,
LLC, LV MONTANA SPONSOR, LLC,
URBIN FOUNDERS GROUP, LLC,
URBIN CG SPONSOR, LLC, 515 VALENCIA
PARTNERS, LLC, LV MONTANA PHASE
I, LLC, STEWART GROVE 1, LLC, STEWART
GROVE 2, LLC, LOCATION ZAMORA
PARENT, LLC, URBIN CORAL GABLES
PARTNERS, LLC, URBIN COCONUT GROVE
PARTNERS, LLC, URBIN MIAMI BEACH
PARTNERS, LLC and URBIN MIAMI
BEACH II PHASE 1, LLC,

       Defendants.

_____/

**DEFENDANTS RISHI KAPOOR AND PATRIOTS UNITED LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, RISHI KAPOOR and PATRIOTS UNITED, LLC ("Defendants") by and through undersigned counsel, file their Answer and Affirmative Defenses to Plaintiff, SECURITIES AND EXCHANGE COMMISSION'S Complaint [DE 14-1] and states:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendant Kapoor, admits to being a resident of Coral Gables, Florida, and further states the corporate records and business records speak for themselves.

14. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

15. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

16. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

17. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

18. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

19. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

20. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

21. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

22. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

23. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

24. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

25. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

26. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

27. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

28. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

29. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

30. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

31. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

32. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

33. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

34. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

35. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

36. Defendants are without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

37. Denied.

38. Denied.

39. Defendants respond to this allegation by stating the Florida limited liability corporate records and business records speak for themselves.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendants respond to this allegation by stating the agreements speak for themselves.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendants respond to this allegation by stating LV's website information speaks for itself.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Admits that, with other individuals and or entities, he purchased the yacht, the dock, and leased the vehicle, denies that he or any of the Defendant Companies paid a private chef $10,000 per month.

77. Defendants are without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

78. Defendants respond to this allegation by stating the agreements speak for themselves.

79. Defendants respond to this allegation by stating the agreements speak for themselves.

80. Defendants respond to this allegation by stating the agreements speak for themselves.

81. Defendants respond to this allegation by stating the agreement speaks for itself.

82. Defendants respond to this allegation by stating the resolution and consent speak for themselves.

83. Denied.

84. Denied.

85. Defendants are without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

86. Denied.

87. Defendants reallege and reaffirm their answers herein.

88. Denied.

89. Denied.

90. Defendants reallege and reaffirm their answers herein.

91. Denied.

92. Denied.

93. Defendants reallege and reaffirm their answers herein.

94. Denied.

95. Denied.

96. Defendants reallege and reaffirm their answers herein.

97. Denied.

98. Denied.

99. Defendants reallege and reaffirm their answers herein.

100. Denied.

101. Denied.

102. Defendants reallege and reaffirm their answers herein.

103. Denied.

104. Denied.

105. Defendants reallege and reaffirm their answers herein.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## AFFIRMATIVE DEFENSES

As and for their first affirmative defense, Defendants allege the Complaint fails to state any claim against Defendants upon which relief can be granted under the applicable law. See Fed. R. Civ. P. 12(b)(6); see also Fed. R. Civ. P. 12(h)(2)(A) & Fed. R. Civ. P. 7(a).

As and for their second affirmative defense, Defendants would allege Plaintiff's claims are barred because Defendants complied with the applicable law, their conduct is not unlawful, was justified, and they complied with applicable statutes and regulations.

As and for their third affirmative defense, Defendants would allege to the extent the Complaint asserts claims against Defendants based on statements made or alleges they made misrepresentations, such statements were made in good faith, and based upon their belief that such

statements were accurate, and that they did not omit or fail to disclose any material fact in making any statement.

As and for their fourth affirmative defense, Defendants would allege injunctive relief is unavailable because there has been no violation of the securities laws; any violations of law that may have occurred were not egregious; and there is no likelihood of any future violation of the securities laws. Therefore, the Plaintiff cannot establish there is a reasonable likelihood that Defendants would violate the securities laws without injunctive relief.

As and for their fifth affirmative defense, the Defendants acted at all relevant times in good faith, without the requisite intent, and without actual knowledge that any of the alleged statements or omissions were false or misleading.

As and for their sixth affirmative defense, the Defendants relied upon the work, involvement, advice, judgment, and opinions of numerous professionals and subject-matter experts engaged by Defendants and Defendants acted reasonably, exercised due diligence and carried out their business in good faith.

As and for their seventh affirmative defense, Defendants contend that any alleged conduct, actions, or omissions on the part of them at issue in this action, if any, are the result of innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendants and any company they operated through to avoid such conduct. Thus, Defendants at all times acted in a reasonable manner in connection with the transactions at issue in the Complaint.

As and for their eighth affirmative defense, Defendants would allege to the extent put at issue by the Commission, any alleged false or misleading statements referenced in the Complaint were based on information supplied by other sources, which information the Defendants believed

to be true. Thus, Defendants lacked the necessary intent, including a lack of willfulness, fraud, malice, or reckless disregard.

As and for their ninth affirmative defense, Defendants would allege the imposition of a civil money penalty is not appropriate under the applicable standards, including a lack of scienter, that Defendants acted in good faith, and the fact that Defendants were not unjustly enriched.

As and for their tenth affirmative defense, Defendants would allege that the securities in this case were offered to "accredited investors" within the meaning of Rule 501 of Regulation D promulgated under the Securities Act of 1933, as amended (the "1933 Act").

As and for their eleventh affirmative defense, Defendants would allege that there has been no "general solicitation" of the public (17 C.F.R. § 230.502(c)).

Dated:  January 25, 2024.                    Respectfully submitted,

**SHAHADY & WURTENBERGER, P.A.**

/s/Fred A. Schwartz
Fred A. Schwartz, Esq.
Florida Bar No. 360538
200 E. Palmetto Park Road, Suite 103
Boca Raton, FL 33432
Direct: 561-910-3064
Cellular: 561-504-8534
fschwartz@swlawyers.law


/s/John J. Shahady
John J. Shahady, Esq.
JShahady@swlawyers.law
Florida Bar No. 998990
7900 Peters Road, Suite B-200
Fort Lauderdale, FL 33324
(954) 376-5958

**RASKIN & RASKIN, P.A.**

*/s/Jane Serene Raskin*
Jane Serene Raskin
jraskin@raskinlaw.com
Florida Bar No. 848689
2525 Ponce De Leon Blvd.
Suite 300
Coral Gables, FL.  33134

*Attorneys for Kapoor and Patriots United, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served by electronic eservice through CM/ECF on all counsel and parties of record, this 25th day of January, 2024.

**SHAHADY & WURTENBERGER, P.A.**
*/s/Fred A. Schwartz*
Fred A. Schwartz, Esq.