UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-ALTONAGA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.,

    Defendants.
_____/

**RECEIVER'S MOTION FOR AUTHORITY TO CLOSE
ON PENDING SALE AND TO APPROVE SALE**

Bernice C. Lee, as Receiver ("Receiver") over the companies listed herein (each a "Receivership Company" and collectively, the "Receivership Companies")[1] in this action, seeks the entry of an Order authorizing the sale of real property described herein, and authorizing the Receiver to execute related documents, and states:

**INTRODUCTION**

Urbin Coral Gables Partners, LLC ("CG Partners") is a Receivership Company that is the Manager and 100% owner of Urbin CG RESI SPE LLC ("CG SPE"). CG SPE owned five parcels consisting of vacant lots on Minorca Avenue in Coral Gables, Florida. In September 2023, CG SPE entered into a contract with Minorca Ventures LLC, an affiliate and successor in interest to The Boschetti Group, LLC and /or its assigns, including Minorca Ventures LLC and TBG Minorca

---

[1] The "Receivership Companies" include: Location Ventures, LLC, URBIN, LLC, Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

1

LLC (collectively, the "Buyer") for the sale of four of the parcels. On December 20, 2023, CG SPE closed on the sale of said four parcels with Buyer, and the sale proceeds paid the entire amount owed on a mortgage encumbering the five parcels. In October 2023, the Buyer entered into a separate agreement to purchase the remaining parcel for $800,000. The closing was scheduled for January 16, 2024. The Receiver was appointed on January 12, 2024, and the closing did not occur.

Through this Motion, the Receiver seeks the entry of an order authorizing her to execute the Warranty Deed, and Certification of Non-Foreign Status as described herein as the Receiver of CB Partners, which is the sole member of CG SPE, approving the proposed sale, free and clear of liens that may be asserted during the Gap Period (defined below), on an as-is, where-is basis, without representations or warranties from the Receiver, and authorizing the payment of the seller's fees and costs consisting of recording costs and tax prorations for 2023 real estate taxes at closing. As described below, the Receiver believes proceeding with the closing is in the best interest of the receivership estate.

## FACTUAL BACKGROUND

### I. The Receivership Order

1. On December 27, 2023, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief against Rishi Kapoor ("Kapoor") and the Receivership Companies [DE 14-1] alleging that Kapoor used the Receivership Companies to operate a real estate scheme in violation of the anti-fraud provisions of the federal securities law raising approximately $93 million from more than 50 investors from January 2018 through March 2023.

2. On January 5, 2024, the SEC filed an *Expedited Motion for Appointment of Receiver, Asset Freeze, and Other Related Relief Against the Company Defendants and Memorandum of Law* (the "Receiver Motion") [DE 16] seeking the appointment of a receiver to *inter alia*

administer the Receivership Companies' assets.

3. On January 12, 2024, the Court entered an Order granting the Receiver Motion (the "Receivership Order") [DE 28], which appointed Bernice C. Lee as receiver "for the estate of the Receivership Companies, including any of [their] divisions, subsidiaries, affiliates, successors, and assigns; and any fictitious business entities or business names created or used by the Receivership Companies, their divisions, subsidiaries, affiliates, successors, and assigns." Receiver. Order ¶ 2.

4. The Receivership Order authorizes the Receiver to transfer or otherwise dispose of Receivership Property,[2] other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property. *See* ¶ 31.

5. The Receiver is further authorized to sell real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property, and is authorized to sell, and transfer clear title to, all real property in the Receivership Estate, pursuant to such procedures as may be required by the Court and additional authority such as 28 U.S.C. sections 2001 and 2004. *See* ¶ 32.

6. The Receivership Order further grants the Receiver all powers, authorities, rights and privileges possessed by the officers, directors, managers, and general and limited parties of the Receivership Companies under applicable state and federal law, and by any governing charters, by-laws, articles, and/or agreements, in addition to all powers and authority of a receiver at equity and under other applicable law. *See* ¶ 4.

---

[2] Capitalized terms not defined herein shall have the definitions provided for in the Receivership Order.

## II.     The Minorca Parcels, Mortgage and Foreclosure Case

7.     CG Partners is a Receivership Company. Florida's Division of Corporation's webpage indicates that CG Partners is the manager of CG SPE. A copy of the 2023 Annual Report is attached hereto as **Exhibit A**. The Receiver located the Operating Agreement of CG SPE dated December 27, 2021, which indicates that CG Partners is its sole member and 100% owner. A copy of the Operating Agreement is attached hereto as **Exhibit B**. Further, in relation to a prior sale discussed below, on April 14, 2023, Rishi Kapoor executed a Limited Liability Company Affidavit which states in part that CG Partners is the sole member of CG SPE, a copy of which is attached hereto as **Exhibit C**.

8.     CG SPE owns real property. On January 6, 2022, CG SPE purchased the five parcels consisting of vacant lots on Minorca Avenue in Coral Gables, Florida for $4 million from Coral Gables Financial Center, Inc.: 03-4108-006-1200, 03-4108-006-1250, 03-4108-006-1260, 03-4108-006-1270, and 03-4108-006-1280 (the "Minorca Parcels").

9.     On the same day, CG SPE executed a mortgage in favor of 2EE LLC (the "Mortgage") to secure a $2 million promissory note (the "Note") due and payable on January 5, 2023. A copy of the Mortgage recorded at Book 32958, Page 3750 is attached hereto as **Exhibit D**. On the maturity date, January 5, 2023, 2EE LLC and CG SPE entered into a Mortgage and Promissory Note Modification Agreement (the "Modification Agreement") under which CG SPE agreed that $2 million in principal was outstanding under the Note and to substitute the note with a renewal note that extended the maturity to January 6, 2024. A copy of the Modification Agreement recorded at Book 33716, Page 2960 is attached hereto as **Exhibit E**.

10.    On August 18, 2023, 2EE LLC and 1200 Minorca Acquisition, LLC ("Minorca Acquisition") entered into an Assignment of Mortgage and Other Loan Documents under which

Minorca Acquisition took an assignment of the Mortgage and related loan documents, a copy of which is attached hereto as **Exhibit F**.

11. On August 22, 2023, Minorca Acquisition initiated a foreclosure action in Miami Dade Circuit Court, Case No. 2023-021727-CA-01 (the "Foreclosure Action"), against CG Partners and CG SPE. The complaint alleges in part that CG SPE failed to make monthly payments.

### III.     The Sale of Four Minorca Parcels and Dismissal of Foreclosure Case

12. On or about October 15, 2023, CG SPE entered into a Vacant Land Contract with the Buyer for the purchase of four Minorca Parcels for $2.9 million (the "First Sale Contract"). The closing occurred on or about December 20, 2023. The closing statement reflects approximately $2.296 million paid to Minorca Acquisition, and net proceeds of approximately $413,000.

13. On December 21, 2023, Minorca Acquisition filed a Notice of Voluntary Dismissal with Prejudice in the Foreclosure Case.

14. On December 22, 2023, Minorca Acquisition recorded the Notice of Voluntary Dismissal with Prejudice, a copy of which is attached hereto as **Exhibit G**, and recorded a Satisfaction and Release of Mortgage with respect to the Mortgage recorded at Book 32958, Page 3750, Modification Agreement recorded at Book 33716, Page 2960, a copy of which is attached hereto as **Exhibit H**.

### IV.     The Pending Contract for the Remaining Minorca Parcel

15. On or about October 15, 2023, the Buyer entered into a Vacant Land Contract (the "Second Sale Contract") to purchase the remaining Minorca Parcel, folio no. 03-4108-006-1200 (the "Remaining Minorca Parcel"), for $800,000. A copy of the Second Sale Contract is attached hereto as **Exhibit I**.

16. The closing was scheduled for January 16, 2024; however, the Receiver was

appointed on January 12, 2024 and the closing was delayed.

17. Immediately upon her appointment, the Receiver and her counsel began their review of the Second Sale Contract and related transactions, and engaged in discussions with counsel for the Buyer.

18. As set forth in the Buyer's Affidavit attached hereto as **Exhibit J**, the Buyer has represented to the Receiver that the Buyer and its related parties: (a) are not investors in, or creditors of, the Receivership Companies, or their subsidiaries or affiliates, (b) have never been a director, officer, manager, member, investor, employee or agent of the Receivership Companies, or their subsidiaries or affiliates, and (c) other than the First Sale Contract and Second Sale Contract described in the Motion, have no direct or indirect relationship to, connection with, or interest in, the Receivership Companies, their subsidiaries or affiliates, or Rishi Kapoor, except as follows: in April 2016, parties related to the Affiant, Stewart Lot 2, LLC, Juan S. Cordovez and Mariannie Boschetti, sold two parcels (folio nos. 01-4128-051-0010 and 01-4128-051-0020) to Stewart Grove 1, LLC and Stewart Grove 2, LLC, which are Receivership Companies.

19. Counsel for the Buyer has advised that all requirements and obligations of CG SPE under the Second Sale Contract have been satisfied, and only the following are required for closing: (a) the entry of an Order approving the sale of the Remaining Minorca Parcel, substantially in the same form as the proposed order attached hereto as **Exhibit K** (the "Proposed Order"), (b) execution of the Warranty Deed by the Receiver on behalf of CG Partners as sole member of CG SPE in substantially the same form attached hereto as **Exhibit L**, and (c) execution of the Certification of Non-Foreign Status by the Receiver on behalf of CG Partners as sole member of CG SPE in substantially the same form attached hereto as **Exhibit M**.

20. Based on the title commitment obtained by the Buyer with an effective date of

January 12, 2024, there are no liens on the Remaining Minorca Parcel. In the event a lien is asserted against the property between January 12, 2024 and the closing of the sale (the "Gap Period"), the Receiver proposes that such lien can be asserted against the sale proceeds, subject to the Receiver's objections, and the Remaining Minorca Parcel be sold free and clear of such lien.

21. The draft closing statement indicates that the receivership estate will receive net proceeds of approximately $750,000 after payment of seller's fees and costs consisting of recording costs and tax prorations for 2023 real estate taxes.

22. Based on the Receiver's business judgment and considering the pending contract, the net proceeds to be received by the estate, and potential claims of the Buyer in the event the sale does not close, the Receiver believes the offer is fair and reasonable, and should be approved by the Court.

23. Through the Motion, the Receiver seeks the entry of the Proposed Order authorizing the Receiver to execute the Warranty Deed and Certification of Non-Foreign Status as described herein as the Receiver of CB Partners, which is the Manager of CG SPE, the owner of the Remaining Minorca Parcel, approving the proposed sale, free and clear of any liens that may be asserted during the Gap Period, on an as-is, where-is basis, without representations or warranties from the Receiver, and authorizing the payment of the seller's fees and costs consisting of recording costs and tax prorations for 2023 real estate taxes at closing.

## **MEMORANDUM OF LAW**

"The district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted). "This discretion derives from the inherent powers of an equity court to fashion relief." *Id*. These powers include the authority to approve the sale of property of the Receivership Companies. Clark on

Receivers § 482 (3d ed. 1992) (citing *First National Bank v. Shedd*, 121 U.S. 74, 87, 7 S.Ct. 807, 814, 30 L.Ed. 877 (1887) (A court of equity having custody and control of property has power to order a sale of the property in its discretion). "A court of equity under proper circumstances has power to order a receiver to sell property free and clear of all incumbrances, and to deny the mortgagee the right to foreclose his mortgage." *Miners' Bank of Wilkes-Barre v. Acker*, 66 F.2d 850, 853 (3d Cir. 1933); see *United States v. Brewer*, 2009 WL 1748504, at *5 (M.D. Fla. June 19, 2009) (approving private sale and concluding buyer "shall hold good and clear title to the Property as against the world, free and clear of all liens, encumbrances, claims and interests of any kind").

One of the primary goals of a receivership is to provide a conduit through which assets can be administered for the benefit of the receivership estate and harmed investors. Allowing the Receiver to authorize and execute the required documents on behalf of CG Partners as Manager of CG SPE to sell and administer the Remaining Minorca Parcel through a private sale under the Second Sale Agreement to the Buyer will most expeditiously further the goals of the receivership. The sale will result in additional cash being deposited into the account for the receivership estate, and avoid any claims or potential litigation that may be brought by the Buyer in the event the sale does not close. Further, the Receiver consulted with a real estate professional who considered comparable properties for a small mid-block parcel and advised that the values support the $800,000 contract price.[3]

Further, the Receiver proposes that if any lien is asserted on the Remaining Minorca Parcel during the Gap Period, such lien can be asserted against the sale proceeds, subject to the Receiver's

---

[3] The Receiver has not engaged any real estate professional, and will file an appropriate motion to obtain the Court's approval prior to engaging any real estate professional.

objections. As noted above, the title commitment the Buyer obtained indicates there are no liens on the Remaining Minorca Parcel as of January 12, 2024. The Receiver has not authorized any work to be performed on the Remaining Minorca Parcel since her appointment on January 12, 2024, and does not anticipate any claimant will assert a valid lien during the Gap Period. The Receivership Order enjoins creditors from enforcing or creating liens against property owned by the Receivership Companies. *See* Receiver. Order ¶ 23. Any post-receivership recording of a lien will violate this provision, and be objected to by the Receiver.

Based on the foregoing, the Receiver respectfully requests the authority to sell the Remaining Minorca Property under the terms set forth herein, and free and clear of liens of any liens that may be asserted during the Gap Period.

To enable the closing of the sale, the Receiver is seeking the entry of an order approving the sale, which is required by the Buyer, as well as validating her authority to authorize the sale as the Receiver of CB Partners, the sole member of CG SPE, and consent to the sale as the Receiver of Urbin, LLC and Urbin Founders Group, LLC. It is unclear whether 28 U.S.C. § 2001(b), which provide procedures for the sale of realty under any order or decree of any court of the United States, applies where the real estate is being sold by a wholly owned subsidiary of a receivership entity, upon the parties' stipulation. Assuming *arguendo* it does apply, on January 24, 2024, the Court entered an Order approving the parties' stipulation and excusing the Receiver from compliance with 28 U.S.C. section 2001 in connection with the sale of real property in this case. The SEC, Receiver and Kapoor entered into the *Stipulation Waiving Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with Real Property Sale Motions* on January 23, 2024 [DE 48]. *See Huntington Nat'l Bank v. Big Sky Dev. Flint, LLC*, No. 10-10346, 2010 WL 3702361, at *7 (E.D. Mich. Sept. 16, 2010) (noting that the requirements of 28 U.S.C. § 2001 were waived as part of

the receivership order to which the parties stipulated); *see also Sec. & Exch. Comm'n v. EB5 Asset Manager, LLC*, No. 15-62323-CIV, 2016 WL 7508252, at *2 (S.D. Fla. Mar. 25, 2016) (stating that "[w]hile the Court may not waive the mandatory requirements of § 2001(b), the parties may" and citing *Huntington Nat'l Bank v. Big Sky* for support).

WHEREFORE, the Receiver requests that the Court: (a) grant the Motion, (b) enter an order substantially in the same form as the Proposed Order attached hereto as Exhibit K, and (c) grant such other such relief as the Court deems just and appropriate.

### CERTIFICATION OF CONFERENCE WITH COUNSEL

Counsel for the SEC and counsel for defendant Rishi Kapoor have informed undersigned counsel that they have no objection to the relief requested herein.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508


By: /s/ *Bernice C. Lee*
     Bernice C. Lee
     *Court-Appointed Receiver*
     Florida Bar No. 0073535
     Email: blee@kttlaw.com


### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record this 29th day of January, 2024.

By: /s/ *Bernice C. Lee*
     Bernice C. Lee