# Exhibit D

CFN: 20220038497 BOOK 32958 PAGE 3750
DATE:01/12/2022  12:04:34 PM
MTG DOC 7,000.00
INTANGIBLE 4,000.00
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

This instrument prepared by:
Manuel A. Ramirez, Esquire
CASTRO & RAMIREZ, LLC
1805 Ponce de Leon Blvd.
Suite 500
Coral Gables, Florida 33134

## MORTGAGE

THIS MORTGAGE AND SECURITY AGREEMENT (the "Mortgage") is made and entered into as of January 6, 2022, by **URBIN CG RESI SPE, LLC, A FLORIDA LIMITED LIABILITY COMPANY,** hereinafter referred to as  ("Mortgagor"), whose address is, **299 Alhambra Circle, Suite 510, Coral Gables, Florida 33134,** and **2EE LLC, A FLORIDA LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND/OR ASSIGNS AS THEIR INTEREST MAY APPEAR, ("Mortgagee")   whose address is C/O FLORIDA MORTGAGE GROUP INC, 2511 Anderson Road, Coral Gables, Florida 33134.**

## W I T N E S S E T H:

WHEREAS, Mortgagor is justly and lawfully indebted to Mortgagee in the sum of **TWO MILLION AND NO/100   ($2,000,000.00) DOLLARS,** as evidenced by that certain promissory note payable to the order of Mortgagee (the "Note"), executed by Mortgagor, bearing the same date as this Mortgage, to be paid according to its terms, to be paid according to its terms, the final payment under which is due and payable on January 6, 2022.

NOW THEREFORE, to secure the payment of the aforesaid indebtedness (the "Loan"), and such future or additional advances as may be made by Mortgagee, at its option, to Mortgagor or Mortgagor's permitted successors in title, for any purpose, provided that all those advances are to be made within one (1) years from the date of the Mortgage or within such lesser period of time as may be provided hereafter by law as a prerequisite for the sufficiency of actual notice or record notice of optional future or additional advances as against the rights of creditors or subsequent purchasers for valuable consideration, the total amount of indebtedness secured by the Mortgage may decrease or increase from time to time, but the total unpaid balance so secured at any one time shall not exceed the maximum principal amount of FOUR MILLION AND  NO/100 DOLLARS ($4,000,000.00), plus interest and any disbursements made for the payment of taxes, levies or insurance on the property covered by the lien of the Mortgage with interest on those disbursements, Mortgagor hereby grants, bargains, sells, conveys, assigns, transfers, mortgages, pledges, delivers, sets over, warrants and confirms to Mortgagee the following:

All those certain lots, pieces, or parcels of land lying and being in Miami-Dade County, State of Florida (the "Property"), legally described as follows, with the same force and effect as though the contents of said property were set forth herein at length, together with the buildings and improvements now or hereafter situated thereon:

CFN: 20220038497 BOOK 32958 PAGE 3751

-2-

**Lots 45, 46, 47 and 48, in Block 17, less the North 12 feet thereof, of CORAL GABLES SECTION "K", according to the Plat thereof, as recorded in Plat Book 8, Page 33, of the Public Records of Miami-Dade County, Florida.**

**AND**

**Lots 39 and 40, less the North 12 feet thereof, in Block 17, of CORAL GABLES SECTION "K", according to the Plat thereof, as recorded in Plat Book 8, Page 33, of the Public Records of Miami-Dade County, Florida.**

TOGETHER WITH all and singular the tenements, hereditaments, easements, riparian and other rights now or hereafter belonging or appurtenant thereto, and the rights, if any, in all adjacent roads, ways, streams, alleys, strips and gores; and the reversion or reversions, remainder and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, property, claim and demand whatsoever of Mortgagor of, in and to the same and of, in and to every part and parcel thereof;

TOGETHER WITH all machinery, equipment, fittings, fixtures, furniture, furnishings, and articles of property of every kind and nature whatsoever (collectively, "Equipment"), whether actually or constructively attached to the Property or improvements thereto, now or hereafter owned by Mortgagor and located in, upon or under the Property, any improvements thereto, or any part thereof and used or usable in connection with any present or future operation of the Property or such improvements, including without limitation all heating, air conditioning, air cooling, sprinkling, freezing, lighting, water distribution, electric distribution, laundry, incinerating, plumbing, lifting, cleaning, fire prevention, fire extinguishing, refrigerating, ventilating, sewage processing and communications apparatus, fixtures, conduits and attachments; dynamos and generating equipment; engines, pipes, pumps, tanks, motors, switchboards, lifting stations, boilers, ranges, furnaces, oil burners or units thereof; appliances, carpeting, underpadding, vacuum cleaning systems; elevators, escalators; shades, awnings, screens, blinds, storm doors and windows; and any other items of property acquired by Mortgagor, wherever the same may be kept or stored, if acquired with the intent of their being incorporated in or used in connection with the Property or any improvements to the Property; together also with all additions thereto and replacements thereof, Mortgagor hereby agreeing, with respect to all additions and replacements, to execute and deliver from time to time such further instruments as may be requested by Mortgagee to confirm their inclusion herein; all of which foregoing items described in this paragraph are hereby declared to be part of the Property and encumbered by the Mortgage;

TOGETHER WITH any and all awards or payments, including interest thereon and the right to receive the same, growing out of or as a result of any exercise of the right of eminent domain, including the taking of the Premises (as defined hereinafter) or any part thereof, or payment for alteration of the grade of any street upon which the Property abuts, or any other injury to, taking of, or decrease in the value of the Premises or any part thereof, to the extent of all amounts which may be owing on the Loan at the date of Mortgagee's receipt of any such award or payment and to the extent of the reasonable attorneys' fees, costs and disbursements incurred by Mortgagee in connection with the collection of such award or payment, including appellate pro-

CFN: 20220038497 BOOK 32958 PAGE 3752

-3-

ceedings, if any;

any unearned premiums on any hazard, casualty, liability, or other insurance policy carried for the benefit of Mortgagor, Mortgagee and/or the Premises (as hereinafter defined); and Mortgagor's rights in, to, under, by virtue of, arising from or growing out of any and all present or future contracts, instruments, accounts, insurance policies, permits, licenses, trade names, plans, paid fees, subdivision restrictions or declarations or other intangibles whatsoever now or hereafter dealing with, affecting or concerning the Property, the improvements thereto, or any portion thereof or interest therein, including but not limited to:  (a) all contracts and permits for or related to the Property or the development, construction and/or refurbishing of improvements on the Property, (c) all payment, performance or other bonds, and any other related choses-in-action, (d) any contracts now existing or hereafter made for the sale by Mortgagor of any portion of the Property, including any of the mortgagor's interest in deposits paid by any purchasers (however such deposits may be held) and any proceeds of such sales contracts, including any purchase money notes and mortgages made by such purchasers, and (e) any declaration of condominium or declaration of covenants, restrictions, easements or similar documents now or hereafter recorded against the title to the Property or any portion thereof;

TOGETHER WITH all of Mortgagor's rights to further encumber or lease the Property or any portion thereof except by such lease or encumbrances having the prior written approval of Mortgagee, which it may grant or withhold in its sole discretion.   Mortgagor hereby (i) represents as a special inducement to Mortgagee to make the Loan that, as of the date hereof, there are no encumbrances to secure debt prior or junior to the Mortgage except as provided in paragraph 29 hereof, and (ii) covenants that there are to be none of same as of the date on which this Mortgage is recorded;

TO HAVE AND TO HOLD the above-described and granted property, appurtenances and rights, (collectively, the "Premises") unto Mortgagee in fee simple forever.

PROVIDED, HOWEVER, that these presents are upon the conditions that if Mortgagor shall pay or cause to be paid to Mortgagee the principal and all interest payable with respect to the Loan and any future advance made hereunder and any other sums secured by the Mortgage at the time and in the manner stipulated in the Note and herein, all without any deduction or credit for taxes or other similar charges paid by Mortgagor, and shall keep, perform and observe all and singular the covenants and promises in the Note and any future advance agreement(s) renewals, extensions or modifications thereof, and in the Mortgage expressed to be kept, performed and observed by and on the part of Mortgagor, all without delay, and shall not permit or suffer to occur any default hereunder, then the Mortgage and all the interests and rights hereby granted, bargained, sold, conveyed, assigned, transferred, mortgaged, pledged, delivered, set over, warranted and confirmed shall cease, terminate and be void, but shall otherwise remain in full force and effect.

Mortgagor covenants with and warrants to Mortgagee as follows:  (i) that Mortgagor has good and marketable title to Premises, is lawfully seized and possessed of the Property with fee simple ownership and has good right to sell and convey the same; (ii) that the Premises are unencumbered except as provided in paragraph 29 hereof and in the loan policy of title insurance to be issued by Chicago Title Insurance Company; and (iii) that Mortgagor shall forever warrant

CFN: 20220038497 BOOK 32958 PAGE 3753

-4-

and defend the Premises unto Mortgagee against the lawful claims and demands of all persons whomsoever, and shall make such further assurances to perfect fee simple title to the Property in Mortgagor as Mortgagee may reasonably require. The parties further covenant and agree as follows:

1. <u>Payments Due Mortgagee</u>. Mortgagor shall pay all sums due Mortgagee at the time and in the manner provided in the Note, the Mortgage, any instrument evidencing a future advance or any other document related to, evidencing or securing the Loan.

2. <u>Payment of Taxes</u>. Mortgagor shall pay, at least thirty (30) days before the last day upon which the same may be paid without the imposition of interest (except interest payable on special assessments which, by law, may be paid in installments) or other late charge or penalty, all taxes, assessments (whether general or special and whether or not payable in installments) and other charges whatsoever levied on, assessed, placed or made against the Premises or any part thereof, and shall deliver to Mortgagee receipts showing payment in full of the same as soon as such receipts are available. In the event of any default hereunder, at Mortgagee's option, Mortgagor shall pay to Mortgagee in advance, on a monthly basis, an amount sufficient (as estimated by Mortgagee) for Mortgagee to have in hand, in an impound account, funds sufficient to pay said taxes assessments and other charges thirty (30) days prior to the date when the same may first be paid. In no event shall Mortgagee be liable for any interest on any amount held by it in any such impound account. Mortgagor shall furnish to Mortgagee, as soon as it is available, an official statement of the amount of said taxes and assessments next due and Mortgagee shall pay said charges, but only if sufficient funds remain in the impound account. An official receipt therefor shall be conclusive evidence of such payment and of the validity of any such charge. In the event that Mortgagee elects to pay any such taxes or assessments, notwithstanding that there are insufficient funds in the impound account, the amount advanced in excess of such escrowed funds shall be evidenced, shall bear interest, shall be paid and shall be secured as provided in paragraph 14 hereof. In the event of any default hereunder, at its option Mortgagee may apply such funds on account of the Loan in any order of priority it may deem appropriate, in its sole discretion. The balance in any such impound account at the time of any transfer of the title to all of the Premises shall inure to the benefit of a permitted successor and owner of the Premises without any specific assignment thereof. Upon payment in full of the Loan, the amount remaining in any such impound account shall be paid over to the owner of record as of the date of such full payment. In the event that said taxes are paid late resulting in a late charge or penalty, Mortgagee will require Mortgagor to pay to Mortgagee in advance, on a monthly basis, an amount sufficient (as estimated by Mortgagee) for Mortgagee to have in hand, in an impound account, funds sufficient to pay said taxes assessments and other charges thirty (30) days prior to the date when the same may first be paid.

3. <u>Insurance</u>. Mortgagor shall obtain and carry, for the benefit of itself and Mortgagee, general public liability insurance in which Mortgagor and Mortgagee, are named as insured, with initial limits of not less than **ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS** as to personal injury or death, or such greater or different limits as Mortgagee may require from time to time, with such companies, on such terms, in such form and for such periods as Mortgagee shall approve from time to time. Mortgagor shall also obtain and carry such workers' compensation insurance coverage as may be required by law, and during any period of

CFN: 20220038497 BOOK 32958 PAGE 3754

-5-

construction on the Property, Mortgagor shall require of its contractors that they obtain and carry adequate contractor's liability insurance and workers' compensation insurance. Mortgagor hereby assigns to Mortgagee all policies of insurance which insure against any loss or damage to the Premises or any part thereof and any proceeds thereof, as collateral and further security for the payment of the Loan, with loss payable to Mortgagee pursuant to a mortgagee clause, without contribution, and satisfactory to Mortgagee. If Mortgagor defaults in so insuring the Premises or any part thereof or in so assigning the policies, at its option Mortgagee may effect such insurance from year to year and pay the premiums therefor and any such sums paid by Mortgagee shall be evidenced, shall bear interest, shall be paid and shall be secured as provided in paragraph 14 hereof. If Mortgagee receives any money for loss or damage by reason of such insurance, at Mortgagee's option such proceeds may be retained and applied by Mortgagee towards the payment of the Loan, in any order of priority Mortgagee shall deem appropriate, or disbursed by Mortgagee to Mortgagor, under such safeguards as Mortgagee shall deem appropriate, for the reconstruction, restoration or repair of the damage. In the event of a foreclosure of the Mortgage, the purchaser of the Premises shall succeed to all the rights of Mortgagee, including any right to unearned premiums, in and to all policies of insurance described in this paragraph. Not less than thirty (30) days prior to the expiration date of each policy renewed pursuant to this paragraph, Mortgagor shall deliver to Mortgagee a renewal policy or policies marked "premium paid" or accompanied by other evidence of payment satisfactory to Mortgagee. Evidence of the payment of premiums therefor, and each such policy shall be noncancellable without at least thirty (30) days' advance written notice to Mortgagee. In the event the insurance premiums are paid late, at Mortgagee's option, Mortgagor shall pay to Mortgagee in advance, on a monthly basis, an amount sufficient (as estimated by Mortgagee) for Mortgagee to have in hand, in an impound account, funds sufficient to pay all insurance premiums and related charges thirty (30) days prior to the date when the same may first be paid without regard to any premium finance arrangement which may be available. In no event shall Mortgagee be liable for any interest on any amount held by it in any such impound account.

4.    Improvements.  Without the prior written consent of Mortgagee, which it may grant or withhold in its reasonable discretion, no improvements shall be constructed on the Property and no development thereof shall be undertaken, and once constructed, no building or other improvement covered by the lien of the Mortgage shall be removed, demolished or materially altered or enlarged except as required in the event of fire, other casualty or condemnation; however, Mortgagor shall have the right to remove and dispose of, free from the lien of the mortgage, such Equipment as from time to time may become worn out or obsolete, provided that, simultaneously with or prior to such removal, any such Equipment shall be replaced with new Equipment of at least the same quality as that of the replaced Equipment when it was new, which shall be free from any title retention or other security agreement or other encumbrance, and, by such removal and replacement, Mortgagor shall be deemed to have subjected such new Equipment to the lien of the Mortgage.

5.    Use and Maintenance.  Mortgagor shall maintain and operate, and do everything necessary to maintain and operate, the Premises in good condition and repair, shall not commit or suffer any waste of the Premises, and shall comply with, or cause compliance with, all restrictive covenants applicable thereto and all statutes, ordinances and requirements of any governmental authorities having jurisdiction over the Premises or the use thereof. Mortgagor shall promptly pay all utility fees for services provided to the Property and improvements thereto. Mortgagor

CFN: 20220038497 BOOK 32958 PAGE 3755

-6-

shall promptly repair, restore, replace or rebuild any part of the Premises now or hereafter subject to the lien of the Mortgage which may be damaged or destroyed by any casualty whatsoever or which may be affected by any proceeding of the character referred to in paragraph 9 hereof. Mortgagor shall complete and pay for, within a reasonable time, any improvements and any structures at any time in the process of construction on the Property.  Mortgagor shall not initiate, join in or consent to any new (or any change in any existing) private restrictive covenant, zoning ordinance, master plan, site plan, easement, or other public or private restrictions limiting or defining the uses which may be made of the Premises or any part thereof without the prior written approval of Mortgagee, which it may grant or withhold in its sole discretion, but said approval will not be unreasonably withheld.

6.    Further Encumbrances.  Mortgagor shall not grant any other lien or mortgage on the Premises, any portion thereof or interest therein without the prior written consent of Mortgagee, which Mortgagee may grant or withhold in its sole discretion.  Any such other lien or mortgage shall be junior to the Mortgage and to all permitted tenancies now or hereafter affecting the Premises or any portion thereof and shall be subject to all renewals, extensions, modifications, releases, increases, increases in interest rate, future advances, changes or exchanges permitted by the Mortgage, all without the joinder or consent of such junior lienholder, or mortgage holder and without any obligation on Mortgagee's part to give notice of any kind thereto.  Except only as and to the extent hereinabove permitted with Mortgagee's prior written consent, Mortgagor shall not commit or suffer or permit to occur any act or omission whereby any of the Premises or any interest therein shall become subject to any attachment, judgment, lien, charge or other encumbrance what-soever, or whereby any of the security represented by the Mortgage shall be impaired or threatened. Mortgagor shall not directly or indirectly do anything or take any action which might prejudice any of the right, title or interest of Mortgagee in or to any of the Premises or impose or create any direct or indirect obligation or liability on the part of Mortgagee with respect to any of the Premises.

7.    Possession by Third Parties.  Mortgagor shall not enter into any leases or other arrangements with any third party regarding the use or possession by such third party of all or any part or portion of the Premises other than in the ordinary course of business, without the prior written consent of Mortgagee, which it may grant or withhold in its reasonable discretion. Notwithstanding the foregoing, Mortgagor shall be entitled to enter into leases at prevailing market rates without the prior consent of Mortgagee.

8.    Assignment of Leases.  As further security for the repayment of the Loan, Mortgagor hereby assigns and transfers to Mortgagee all rents, issues and profits of the Premises and all right, title and interest of Mortgagor in and under all leases including any extensions and renewals thereof now or hereafter affecting the Premises (the "Leases").  Mortgagor hereby empowers Mortgagee, its agents or attorneys, to collect, sue for, settle, compromise and give acquittances for all of the rents that may become due under the Leases and to avail itself of and pursue all remedies for the enforcement of the Leases and Mortgagor's rights thereunder that Mortgagor could have pursued but for this assignment.  Mortgagor hereby represents and warrants to Mortgagee and shall be deemed to have represented and warranted to Mortgagee upon and as of the date of delivering to Mortgagee a copy of each Lease as follows:  (a) that each such copy delivered or to be delivered to Mortgagee is true, correct and complete; (b) that Mortgagor has not previously assigned or pledged any Lease or any interest therein to any person other than

CFN: 20220038497 BOOK 32958 PAGE 3756

-7-

Mortgagee; (c) that all the Leases are in full force and effect; (d) that each lessee thereunder has accepted its respective premises and is paying rent on a current basis; (e) that no default exists on the part of such lessees or Mortgagor as lessor in their respective performances of the terms, covenants, provisions and agreements contained in the Leases; (f) that no rent has been paid by any of the lessees for more than two (2) months in advance with the exception of rent collected and to be applied to tenant's last month's rent; and (g) that no payment of rents to accrue under the Leases has been or will be waived, released, reduced, discounted or otherwise discharged or compromised by Mortgagor directly or indirectly, whether by assuming any lessee's obligations with respect to other premises or otherwise. Mortgagor covenants and agrees with Mortgagee as follows: (a) that each Lease shall remain in full force and effect irrespective of any merger of the interests of the lessor and lessee thereunder; (b) that without the prior written consent of Mortgagee, which it may grant or withhold in its sole discretion, other than in the ordinary course of business and so long as entered into at market rates, Mortgagor shall not terminate, modify or amend any Lease or any guarantee thereof or any term of either, nor grant any concessions in connection therewith either orally or in writing, nor accept any surrender thereof, and that any attempted termination, modification, amendment, concession or surrender without such written consent shall be null and void; (c) that Mortgagor shall not collect more than two (2) months' rent, income or profits arising or accruing under any Lease in advance of the due date for same, nor discount any future accruing rents, nor suffer or permit to arise in favor of any lessee any release of liability or any right to withhold payment of rent, nor take any action or exercise any right of election which would in any way diminish any lessee's liability or have the effect of shortening the stated term of any Lease; (d) that Mortgagor shall perform all of Mortgagor's covenants and agreements as lessor under each Lease and shall promptly deliver to Mortgagee copies of any notice of alleged default on the part of Mortgagor as lessor received from any lessee thereunder; (e) that if requested by Mortgagee, Mortgagor shall expeditiously and in good faith enforce the Leases and all remedies available to Mortgagor in case of default by the lessees thereunder; and (f) that Mortgagor shall not execute any other assignment or pledge of any Lease or any interest therein or any of the rents thereunder, nor consent to any lessee's assignment of any Lease or any subletting thereunder, nor request, accept, consent to or agree to any subordination of any Lease to any mortgage other than the Mortgage now or hereafter affecting the Premises. No liability shall be assumed by or asserted or enforced against Mortgagee in connection with the exercise of the powers herein granted Mortgagee, all such liability being hereby expressly waived and released by Mortgagor. Mortgagee shall not be obligated to perform or discharge any obligation, duty or liability under any Lease or by reason of this assignment, and Mortgagor hereby indemnifies and holds Mortgagee harmless from and against any and all liability, loss, claim, damage, costs and attorneys' fees which Mortgagee may or might incur under any Lease or by reason of this assignment, and from and against any and all claims or demands whatsoever, including any related costs and attorneys' fees which may be asserted against Mortgagee by reason of any alleged obligations or undertakings on the part of Mortgagor to perform or discharge any of the terms, covenants or agreements contained in any Lease. Nothing herein contained shall be construed as constituting Mortgagee a trustee or mortgagee in possession. Although Mortgagor and Mortgagee intend that this instrument shall be a present assignment, it is expressly understood and agreed that so long as no default shall exist under the Note, the Mortgage or any other document at any time executed by Mortgagor with respect to the Loan, Mortgagor may collect assigned rents and profits for not more than two (2) months in advance of the accrual thereof, but upon the occurrence of any such default, or at any time during its continuance, all right of Mortgagor to collect or receive rents or profits shall wholly terminate upon notice from Mortgagee. The lessees

CFN: 20220038497 BOOK 32958 PAGE 3757

-8-

under all the Leases are hereby irrevocably authorized to rely upon and comply with, and shall be fully protected in so doing, any notice or demand by Mortgagee for the payment to Mortgagee of any rental or other sums which may be or thereafter become due under the Leases, or for the performance of any of the lessees' undertakings under the Leases, and none of them shall have any right or duty to inquire as to whether any default hereunder or under the Note shall have actually occurred or is then existing.

9.     Takings.   Notwithstanding any taking by eminent domain, alteration of the grade of any street, or other injury to, or decrease in value of, the Premises or any portion thereof caused by any public or quasi-public authority or person, Mortgagor shall continue to pay interest on the entire principal and other sums secured hereby until any award or payment shall have been actually received by Mortgagee and applied by Mortgagee against the Loan.   At Mortgagee's option any such award or payment may be retained and applied by Mortgagee, in whole or in part, toward payment of the Loan, in any order of priority which Mortgagee may deem appropriate in its sole discretion, or be paid over wholly or in part to Mortgagor for the purpose of altering, restoring or rebuilding any part of the Premises which may have been altered, damaged or destroyed as a result of any such taking, alteration of grade or other injury to the Premises, or for any other purpose or object satisfactory to Mortgagee, in its sole discretion.

10.     Further Instruments.   Mortgagor shall execute and deliver to Mortgagee, from time to time and on written demand, any further instruments, and shall pay costs of preparation and recording thereof, including but not limited to mortgages, security agreements, financing statements, assignments and renewal and substitution notes, so as to reaffirm, to correct and to perfect the evidence of the obligations secured hereby and the legal security title of Mortgagee to all or any part of the property intended to be mortgaged hereby, whether now mortgaged, later substituted for other collateral, or acquired subsequent to the date of the Mortgage.

11.     Estoppel Letters.   Upon written request, Mortgagor shall certify, by a duly acknowledged writing, to Mortgagee or to any proposed assignee of the Mortgage, the amount of principal and interest then owing on the Note and whether any offsets or defenses exist against the Loan, such certification to be provided within ten (10) days after Mortgagor's receipt of such request.

12.     Information Furnished.   Mortgagor shall promptly furnish to Mortgagee any financial or other information regarding Mortgagor, any Guarantors or the Premises which Mortgagee may reasonably request in writing from time to time.   Mortgagor shall deliver to Mortgagee, within ninety (90) days after the close of each fiscal year of Mortgagor, a financial statement of Mortgagor and of each Guarantor in such reasonable detail as Mortgagee may request, certified as true and correct by Mortgagor, together with such supporting statements as Mortgagee may deem appropriate in its reasonable discretion.

13.     Default.   At Mortgagee's option, the whole of the principal sum, interest and other sums secured hereby shall immediately or at any time thereafter become due and payable without notice to Mortgagor, and Mortgagee shall immediately have all the rights accorded Mortgagee by law and hereunder to foreclose the Mortgage or otherwise to enforce the Mortgage, the Note and any other Loan document upon the occurrence of any of the following:   (a) default in the payment of any installment of interest under the Note, or default in the payment of principal under the Note,

CFN: 20220038497 BOOK 32958 PAGE 3758

-9-

whether due under the terms thereof or by acceleration; (b) default in the payment of any tax, assessment, utility charge, or other charge against the Premises or any part thereof as and when required by the Mortgage; (c) default in the repayment of any sum paid or advanced by Mortgagee under any of the terms of the Mortgage, with interest thereon, as provided in paragraph 14 hereof; (d) the actual waste, removal, demolition, except in the ordinary course of business the material alteration or enlargement of any building or other improvements on the Property without the prior written consent of Mortgagee, which it may grant or withhold in its sole discretion, or upon the commencement of unpermitted construction of any new building(s) or other improvements on any part of the Property; (e) default in obtaining, assigning, delivering or keeping in force the policies of insurance required by paragraph 3 hereof; (f) additional assignment by Mortgagor of the whole or any part of the rents, income or profits arising from the Premises or any part thereof without the prior written consent of Mortgagee, which it may grant or withhold in its sole discretion; (g) Mortgagor's failure to remove any involuntary lien on the Premises of any part thereof within thirty (30) days after Mortgagor receives actual notice thereof; (h) Mortgagor's failure to comply within thirty  (30) days with a requirement, order or notice of violation of a law, ordinance, or regulation issued or promulgated by any political subdivision or governmental department claiming jurisdiction over the Property or any operation conducted on the Property, or after Mortgagor's failure to comply within thirty (30) days with any notice of violation of any restrictive covenant affecting the Property or the construction of improvements thereon from any party entitled to enforce such covenant or, if such order or notice provides a time period for compliance, upon Mortgagor's failure to comply within such period, or, in the case of a noncompliance which cannot be cured within said period, in the event that Mortgagor shall not commence to comply with said order or notice within said period and shall not thereafter diligently pursue such cure to completion; (i) the issuance of any order by the State of Florida, or any subdivision, instrumentality, administrative board or department thereof, declaring unlawful or suspending the construction of permitted improvements on the Property; (j) the filing by the United States of America or any instrumentality thereof in any court of competent jurisdiction of any notice of intention to acquire under the power of eminent domain any estate less than an estate in fee simple in the entire Property, or upon the recording by the State of Florida, any instrumentality thereof or any other person with eminent domain powers, of a notice of taking of any estate less than an estate in fee simple in the entire Property, which affects the value of the property; (k) the filing by or against Mortgagor or any partner in Mortgagor of any petition or application for relief, extension, moratorium or reorganization under any bankruptcy, insolvency or debtor's relief law of the United States, any state thereof, or any state, province or territory of any foreign country; (l) if Mortgagor or any partner in Mortgagor shall make an assignment for the benefit of creditors, or enter as a debtor into any trust or mortgage arrangement or become a party as a debtor to any receivership proceeding; (m) a further encumbrancing for debt, or transfer of control of, the Premises, any part or portion thereof or interest therein, or a change in the management of the Premises, without the prior written consent of Mortgagee, which it may grant or withhold in its sole discretion; (n) if Mortgagor or any shareholder or partner in Mortgagor becomes insolvent; (o) any statement, certificate or representation made to Mortgagee by or on behalf of Mortgagor or any guarantor of the Loan in connection with the Loan, shall prove to be at any time incorrect in any respect deemed material by Mortgagee, in its reasonable and good faith discretion; (p) the voluntary or involuntary dissolution of Mortgagor; (q) any change in control or more than ___% of the ownership of Mortgagor or any pledge, other encumbrance or assignment of the whole or any portion of any interest in Mortgagor without the prior written consent of Mortgagee, which it may grant or withhold in its reasonable discretion; (r) any payment, repayment or other distribution whatsoever

CFN: 20220038497 BOOK 32958 PAGE 3759

-10-

of funds by Mortgagor to any partner or person related to Mortgagor or owning any direct or indirect interest in Mortgagor without the prior written consent of Mortgagee, which it may grant or withhold in its sole discretion; provided, however, nothing contained herein shall prohibit the payment of the acquisition fee referenced Section 7.5 of the Limited Liability Company Operating Agreement of Urbin Coral Gables Partners, LLC; (s) any other withdrawal, use or disposition of funds or other assets of Mortgagor other than in connection with the operation and maintenance of the Property without the prior written consent of Mortgagee, which it may grant or withhold in its sole discretion (notwithstanding the foregoing, Mortgagee hereby acknowledges that Mortgagor will be using a portion of the loan proceeds to purchase another parcel of real property); (t) default under the terms of paragraph 29 hereof regardless of whether any instrument referred to therein provides a grace period; (u) default in the observance or performance of any other covenants or agreements of Mortgagor, the occurrence of any other event prohibited by the terms of the Mortgage, or the violation of any other provision of the Mortgage which is not cured after seven (7) days written notice; or (v) any material adverse change in the financial condition of Mortgagor and/or any Guarantor, which in the good faith and reasonable discretion of Lender after considering all relevant factors, is likely to have a material adverse effect on the ability of (i) Mortgagor to fulfil its debt service obligations under the Note or (ii) Guarantor to fulfill its obligations under the guaranties.   No consent or waiver expressed or implied by Mortgagee to or of any default by Mortgagor under the Mortgage shall be construed as a consent or waiver to or of any further default of the same or a different nature; and no consent or waiver shall be deemed or construed to exist by reason of any course of conduct or in any other manner whatsoever except by a writing duly executed by Mortgagee, and then only for the single occasion to which such writing is addressed.

14.   Advances Hereunder.  In the event of any default in the performance of any of Mortgagor's covenants or agreements contained in the Mortgage or the violation of any term of the Mortgage, at its option Mortgagee may cure the default or take any other action it deems necessary or desirable, in its sole discretion, to protect its security; and, in the event Mortgagee shall be required or shall elect to advance at any time any sums to protect its security or for any other reason permitted or provided by any of the terms or provisions contained in the Mortgage, such sums shall be deemed Loan funds, shall be evidenced by the Note, shall bear interest until paid at the "Default Rate" provided in the Note commencing on the date such funds are advanced by Mortgagee, and shall be secured by the Mortgage.  If advanced by Mortgagee prior to the natural or accelerated maturity date of the Loan, such sums shall be due and payable by Mortgagor on such maturity date or ten business (10) days following Mortgagor's receipt of demand therefor, whichever is earlier, but if advanced after the natural or accelerated maturity date, such sums shall be due and payable immediately without demand.   Mortgagee's lien on the Premises therefor shall be prior to any right or title to, interest in, or claim upon the Premises, or any portion thereof, junior to the lien of the Mortgage.

15.   Receiver.  In any action to foreclose the Mortgage, or upon the actual or threatened waste to any part of the Premises, Mortgagee shall have the right to apply, without prior notice to Mortgagor, for the appointment of a receiver of the Premises, and shall be entitled to the appointment of such a receiver as a matter of right, without consideration of the value of the Premises as security for the amounts due Mortgagee or the solvency of any person liable for the payment of such amounts.

CFN: 20220038497 BOOK 32958 PAGE 3760

-11-

16. <u>Remedies</u>.  The rights of Mortgagee arising hereunder, under the Note or under any other document executed at any time in connection with the Loan, and the rights allowed or permitted Mortgagee by law or equity, shall be separate, distinct and cumulative, and the selection of one remedy shall not preclude the selection of another or other remedies until Mortgagee shall have recovered all sums due it, together with the appropriate interest thereon and all costs of collection, including reasonable attorneys' fees and appellate attorneys' fees, with interest thereon. In case of any foreclosure sale, the Premises may be sold, without marshalling, in one parcel and as an entirety or in such parcels, manner or order as Mortgagee, in its sole discretion, may elect.

17. <u>Additional Tax</u>.  In the event of the passage after the date of the Mortgage of any federal, state or local law (a) changing in any way the laws for the taxation of mortgages or debts secured by mortgages for federal, state or local purposes, or changing the manner of the collection of any such taxes, and (b) imposing either directly or indirectly a new tax on the Mortgage, the Note or the holder thereof, then Mortgagee shall have the right to declare the Loan due on a date to be specified by not less than ninety (90) days' written notice to Mortgagor; provided, however, that such election shall be ineffective if Mortgagor is permitted by law to pay the whole of such tax, without such payment being deemed to be interest or a payment in the nature of interest, in addition to all other payments required hereunder and if Mortgagor, prior to such specified date, does pay such tax and agrees to pay any such tax when thereafter levied or assessed, in which case such agreement shall constitute a modification of the Mortgage.

18. <u>Stamps and Taxes</u>.  If at any time the State of Florida shall determine that the intangible tax paid in connection with the Mortgage is insufficient or that the documentary stamps affixed hereto are insufficient, and that additional intangible tax should be paid or that additional stamps should be affixed, Mortgagor shall pay for the same, together with any interest or penalties imposed in connection with such determination, and Mortgagor hereby indemnifies and holds Mortgagee harmless therefrom.  If any such sums shall be advanced by Mortgagee, they shall be evidenced, shall bear interest, shall be paid and shall be secured as provided in paragraph 14 hereof.

19. <u>Fees and Expenses</u>.  If Mortgagee shall incur or expend any sums, including reasonable attorneys' fees, whether or not in connection with any action, proceeding or appeal, to sustain the lien of the Mortgage or its priority, or in any other action, proceeding or appeal, or to protect or enforce any of its rights hereunder, or to recover any indebtedness secured hereby, or for any title examination or title insurance policy relating to the title to the Property, all such sums shall be evidenced, shall bear interest, shall be paid and shall be secured as provided in paragraph 14 hereof.

20. <u>Uniform Commercial Code</u>.  The Mortgage is a security agreement as defined by the Uniform Commercial Code as adopted by the state in which the Premises are located, and the original, a carbon, photographic, or other reproduction of either the Mortgage or a financing statement shall be sufficient as a financing statement under the Uniform Commercial Code.  The remedies for any violation of the covenants, terms and conditions of the agreements contained in the Mortgage shall be as prescribed (a) in the Mortgage, (b) by general law or (c) as to any items included in the definition of the Premises that may also be listed in any filed financing statement, by the specific statutory provisions now or hereafter enacted and specified in the Uniform Commercial Code, all at Mortgagee's sole election.  Mortgagor and Mortgagee agree that the

-12-

filing of such a financing statement in the records normally pertaining to personal property shall never be construed as derogating from or impairing in any way this intention of the parties hereto that everything used in connection with the production of income from the Premises or described or reflected in the Mortgage is and at all times, for all purposes and in all proceedings, both legal and equitable, shall be regarded as part of the real property to the fullest extent permitted by law, irrespective of whether (a) any such item is physically attached to the improvements, (b) serial numbers are used for the better identification of certain items of Equipment capable of being thus identified in a recital contained herein or in a list filed with Mortgagee, or (c) any such item is referred to or reflected in any such financing statement so filed at any time.   Similarly, the mention in any such financing statement of (a) the rights in or the proceeds of any insurance policy, (b) any award in eminent domain proceedings for a taking or for loss of value, (c) Mortgagor's interest as lessor in any present or future lease or right to income growing out of the use or occupancy of the Property or improvements thereof, whether pursuant to lease or otherwise, or (d) any other item included in the definition of the Premises, shall never be construed to alter any of the rights of Mortgagee as determined by the Mortgage or to impugn the priority of the interests of Mortgagee granted in the Mortgage or by any other recorded instrument; such mention in a financing statement is declared to be for the protection of Mortgagee in the event any court shall hold with respect to (a), (b), (c) or (d) immediately above that notice of Mortgagee's priority of interest, to be effective against a particular class of persons, including but not limited to the federal government and any subdivision or entity of the federal government, must be filed in the Uniform Commercial Code records.

21.   <u>Payments on Behalf of Others</u>.   Any payment made in accordance with the terms of the Note or the Mortgage by any person at any time liable for the payment of the whole or any part of the sums now or hereafter secured by the Mortgage, by any subsequent owner of the Premises, by any other person whose interest in the Premises might be prejudiced in the event of a failure to make such payment, or by any partner, stockholder, officer or director of a person which at any time may be liable for such payment or may own or have such an interest in the Premises, shall be deemed, as between Mortgagee and all persons who at any time may be liable or may have any interest in the Premises, as aforesaid, to have been made on behalf of all such persons.

22.   <u>Partial Payments</u>.   Mortgagee's acceptance of any payment which is less than full payment of all amounts due and payable to Mortgagee at the time of such payment, even if made by one other than the Mortgagor, shall not constitute a waiver of Mortgagee's right to exercise its option to accelerate the maturity date of the Loan or exercise any other rights of Mortgagee as provided hereunder.

23.   <u>Transfers</u>.   Without the prior written consent of Mortgagee, which it may grant or withhold in its sole discretion, neither the whole nor any portion of the legal or equitable title to the whole or any portion of the Premises or any interest therein shall in any manner be sold, conveyed or transferred, either voluntarily or by operation of law, without the prior written consent of Mortgagee, which it may grant or withhold in its reasonable discretion.   Neither Mortgagor nor any partner in Mortgagor shall cause, permit or suffer to occur (a) any change in the control or more than 10% of the ownership of Mortgagor or any pledge, other encumbrance or assignment of the whole or any portion of any partner's interest in Mortgagor, (b) any payment, repayment or other distribution whatsoever of funds by Mortgagor to any partner in Mortgagor or any other person related to Mortgagor or owning any direct or indirect interest in Mortgagor, or (c) any other

CFN: 20220038497 BOOK 32958 PAGE 3762

-13-

withdrawal, use or disposition of funds or other assets of Mortgagor other than in connection with the development of the Property.

24. <u>Modifications after Transfer</u>. In the event of a sale, conveyance or transfer, in bulk, of the whole or such portion of the Property then encumbered hereby to a permitted new owner, Mortgagor consents to any and all subsequent renewals and extensions in the time of payment of the Loan, and agrees further that, at any time and from time to time thereafter without notice, by agreement between Mortgagee and any such permitted new owner (a) the terms of payment provided for in the Note may be modified, (b) the security described in the Mortgage may in whole or in part be released, increased, changed or exchanged, or (c) any other terms whatsoever of the Note, the Mortgage or any other Loan document may be modified, with no such change affecting in any way the liability of Mortgagor or any other person liable with respect to the Loan. Mortgagor agrees that no sale of the Premises or any part thereof, no forbearance on the part of Mortgagee, no extension of the time for the payment of the whole or any part of the obligations secured hereby, no other indulgence given by Mortgagee, nor any other such modification of the terms of the Loan shall operate to relieve or in any manner affect the original liability of Mortgagor or the priority of this Mortgage, or to limit, prejudice or impair any right of Mortgagee; Mortgagor and all those claiming by, through or under Mortgagor waive any and all right to prior notice of any such extension, indulgence, forbearance or modification.

25. <u>Notices</u>. Whenever Mortgagor or Mortgagee are obliged to give notice to the other, such notice shall be in writing and shall be given personally or by reputable overnight courier, in which latter case notice shall be deemed effectively made when delivered or when the attempted initial delivery is refused or cannot be made because of a change of address of which the sending party has not been notified. Until the designated addresses are changed by notice given in accordance herewith, notice to either party shall be sent to its respective address set forth on the first page of the Mortgage.

26. <u>Governing Law; Severability</u>. The Mortgage shall be governed by, and construed and enforced in accordance with the laws of the State of Florida, excepting only that federal law shall govern to the extent it may permit Mortgagee to charge, from time to time, interest on the Loan at a rate higher than may be permissible under the Florida law. If, for any reason whatsoever, fulfillment of any provision of the Mortgage or the Note shall transcend the limit of validity prescribed by the applicable usury statute or any other law, then the obligation to be fulfilled shall be reduced to the limit of such validity; in no event shall any exaction be possible under the Mortgage or the Note that is in excess of the limit of such validity, but such obligation shall be fulfilled to the limit of such validity. Mortgagor and Mortgagee intend that all of the provisions hereof shall be valid and enforceable as specifically set forth. Any judicial determination that any provision hereof is not valid or enforceable as specifically set forth shall not result in such provision being declared invalid, but the same shall be deemed modified in such a manner so as to result in the same being valid and enforceable to the maximum extent permitted by law. As to any portion that is actually determined by a court of competent jurisdiction to be invalid, it is the intention of Mortgagor and Mortgagee that the remainder of the document or the applicable clause, paragraph, or article shall be enforced as written, and the declaration of invalidity shall apply only to the clause, paragraph or article in question. The terms of this paragraph shall control any contrary provisions in the Note or the Mortgage, anything therein or herein to the contrary notwithstanding.

CFN: 20220038497 BOOK 32958 PAGE 3763

-14-

27. <u>Inspection; Management; Watchmen</u>.   Mortgagee and any persons authorized by Mortgagee shall have the right, with 24 hours prior written notice, to enter and inspect the Premises during business hours, Monday to Friday, 9:00 am-5:00 pm.   The operation of the Premises shall at all times during the term of the Loan be under the supervision and management of competent management personnel satisfactory to Mortgagee, present management being satisfactory to Mortgagee.   At any time after default by Mortgagor in the performance of any of the terms, covenants or provisions of the Note, the Mortgage or any other Loan document, if Mortgagee shall determine, in its sole discretion, that the management or maintenance of the Premises is unsatisfactory, Mortgagor shall employ as managing agent of the Premises, for the duration of such default and at Mortgagor's sole expense, any person or entity designated from time to time by Mortgagee.   At any time after such default, if any of the Premises shall be unprotected or unguarded, or any improved portion of the Property shall be allowed to remain vacant or deserted, then at its option, Mortgagee may employ watchmen for the Property and expend any monies deemed by it necessary to protect the Property, the buildings and improvements thereon and the Equipment and personal property therein or thereon from waste, vandalism and other hazards, depredation or injury, and any sums expended by Mortgagee for such purpose shall be evidenced, shall bear interest, shall be paid and shall be secured as provided in paragraph 14 hereof.

28.    <u>Indemnification</u>. Mortgagor agrees to defend and hold harmless the Mortgagee and its directors, officers, agents and employees from and against any and all liability, expenses or damage of any kind or nature and from any suits, claims or demands, including reasonable attorney's fees and reasonable expenses arising from Mortgagee having to protect its interest under Mortgagor's obligation.

29.   <u>Prior Mortgages; Cross-default</u>.   In the event that, with Mortgagee's prior written consent, the Mortgage is subject and subordinate to any mortgage or encumbrance, Mortgagor covenants that no default exists under said mortgage or the promissory note secured thereby, that it shall not commit, permit, or suffer to occur any such default, and that any default under the terms thereof shall constitute a default hereunder.   Mortgagee shall have the right to advance any funds required to cure any default under the terms thereof, and any such sums shall be deemed "future advances" under the terms of the Mortgage and shall be evidenced, shall bear interest, shall be paid and shall be secured as provided in paragraph 14 hereof; to the extent that Mortgagee advances funds to cure any such default, Mortgagee shall be subrogated to the rights of the holder of the note and mortgage to whom, or for whose benefit, such funds are paid.   Mortgagor shall not, without the prior written consent of Mortgagee, which may be granted or withheld in Mortgagee's sole discretion, accept any "future advance" under said mortgage or consent to the modification of any term thereof or of the promissory note secured thereby.   The Mortgage further secures the payment and performance of Mortgagor's present or future obligations to Mortgagee under or by virtue of said mortgage or promissory note, and said mortgage and note are hereby modified to provide that any default under the Note or the terms hereof shall constitute a default thereunder; in the event of a default under the Mortgage including without limitation any default under this paragraph, any sums paid to or collected by Mortgagee by virtue of the Note or the Mortgage may be applied by Mortgagee to discharge, in whole or in part, any of the obligations secured by the Mortgage including without limitation all obligations secured under this paragraph, all in the order of priority which Mortgagee shall deem appropriate, from time to time, in its sole discretion.

CFN: 20220038497 BOOK 32958 PAGE 3764

-15-

30.  <u>Cross-Collateralization</u>.  In addition to the obligations described above as evidenced by the Note or otherwise, the Mortgage is given to secure any and all obligations from the Mortgagor to the Mortgagee and for all obligations of Mortgagor to Mortgagee arising by virtue of any security agreement, promissory note or other agreement between Mortgagor and Mortgagee and for all obligations of Mortgagor to Mortgagee, contingent or absolute, direct or indirect, regardless of however or whenever created whether related to the Loan or not.

31.  Intentionally omitted.

32.  <u>Future Advances</u>  This mortgage is also given to secure advances, whether such advances are obligatory or are to be made at the option of the Mortgagee, or otherwise, made to any Maker, as are made within one (1) years from the date hereof, to the same extent as if such future advances were made on the date of the execution of this Mortgage. The total amount of the indebtedness that may be so secured may decrease or increase from time to time, but the total unpaid balance so secured at one time shall not exceed 200% of the Promissory Note of even date herewith as set forth in the Mortgage, plus interest thereon, and any disbursements for the payment of taxes, levies, or insurance on the Mortgaged Property, with interest on such disbursements at the Default Rate (defined in the Promissory Note of even date). Advances may be made pursuant to this provision to an Obligor without the consent of the Mortgagor being obtained prior thereto, Mortgagor hereby agreeing that the Mortgaged Property, shall secure all such advances. All Notices of Limitation of Future   Advances provided in accordance with the provisions of §697.04 of the Florida Statutes shall be provided to the Mortgagee.

33.  <u>Miscellaneous</u>.  Wherever used in the Mortgage, unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, the word "Mortgagor" shall mean Mortgagor or any subsequent owner or owners of the Premises; the word "Mortgagee" shall mean Mortgagee or any subsequent holder(s) of the Mortgage; the word "Note" shall mean the Note, any renewal notes and any additional notes hereafter to be issued secured by the Mortgage pursuant to the future advance provision hereof; the word "person" shall mean an individual, corporation, partnership, limited partnership, unincorporated association, joint stock corporation, joint venture or other legal entity; pronouns of any gender shall include the other genders; and either the singular or plural shall include the obligations and liabilities of each such person hereunder which shall be joint and several, and wherever the term "Mortgagor" is used it shall be deemed to refer to such persons jointly and severally.  The Mortgage shall be binding upon the parties hereto and their respective successors and assigns, and it shall inure to the benefit of Mortgagee and its successors and assigns and Mortgagor and its permitted successors and assigns.  The Mortgage may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute but one instrument.  The Mortgage cannot be changed except by an agreement in writing, signed by the party against whom enforcement of the change is sought.  Captions and headings in the Mortgage are for convenience only and shall not affect its construction.

**THE UNDERSIGNED AND LENDER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT ANY OF THEM MAY HAVE TO A**

CFN: 20220038497 BOOK 32958 PAGE 3765

-16-

TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS MORTGAGE AND ANY OTHER AGREEMENT, DOCUMENT OR INSTRUMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO. THIS PROVISION IS A MATERIAL INDUCEMENT FOR MORTGAGEE ENTERING INTO THE TRANSACTIONS CONTEMPLATED HEREBY.

WITNESS the due execution hereof as of the date first above written.

Signed, sealed and delivered                    in the presence of:

                                                **MORTGAGOR:**

                                                **URBIN CG RESI SPE, LLC, a Florida Limited Liability Company**

Witness   Raymond Gonzalez

                                                By: _____
                                                     **RISHI KAPOOR, Authorized Signatory**

Witness   CLAUDIA HETERDATE


STATE OF FLORIDA            )
COUNTY OF MIAMI-DADE )

        The foregoing instrument was acknowledged before me by means of [X] physical presence or [  ] online notarization, this ⎣ day of December, 2021, by **RISHI KAPOOR, as Authorized Signatory of URBIN CG RESI SPE, LLC, a Florida Limited Liability Company,** on behalf of the Company, who is personally known to me or who has produced _____, as identification.


My Commission Expires:                    NOTARY PUBLIC, STATE OF FLORIDA




Raymond Gonzalez
Comm.#HH116723
Expires: Apr. 13, 2025
Bonded Thru Aaron Notary