# Exhibit E

CFN: 20230342268 BOOK 33716 PAGE 2960
DATE:05/22/2023 10:00:20 AM
LUIS G. MONTALDO, CLERK AD INTERIM
MIAMI-DADE COUNTY, FL

THIS INSTRUMENT PREPARED
BY: MANUEL A. RAMIREZ, ESQUIRE
CASTRO & RAMIREZ, LLC
1805 PONCE DE LEON BLVD.
SUITE 500
CORAL GABLES, FLORIDA 33134

## MORTGAGE AND PROMISSORY NOTE
## MODIFICATION AGREEMENT

THIS AGREEMENT, dated as of January 5, 2023, and executed on April 14, 2023, by and between **2EE LLC, A FLORIDA LIMITED LIABILITY COMPANY, ITS SUCCESSOR AND/OR ASSIGNS AS THEIR INTEREST MAY APPEAR,** whose business address is **c/o FLORIDA MORTGAGE GROUP INC, 2511 Anderson Road, Coral Gables, Florida 33134,** (hereinafter referred to as Mortgagee and Lender); **and URBIN CG RESI SPE LLC**, a Florida Limited Liability Company, whose address is **299 Alhambra Circle, Suite 510, Coral Gables, Florida 33134,** (hereinafter referred to as Mortgagor and Borrower);

### WITNESSETH:

Mortgagor is the owner of the following described real property in Miami Dade County, Florida, to wit:

> Lots 45, 46, 47 and 48, in Block 17, less the North 12 feet thereof, of CORAL GABLES SECTION "K", according to the Plat thereof, as recorded in Plat Book 8, Page 33, of the Public Records of Miami-Dade County, Florida.
>
> AND
>
> Lots 39 and 40, less the North 12 feet thereof, in Block 17, of CORAL GABLES SECTION "K", according to the Plat thereof, as recorded in Plat Book 8, Page 33, of the Public Records of Miami-Dade County, Florida.

hereinafter collectively referred to as the Property; and

WHEREAS, Mortgagee has loaned to Mortgagor the sum of $2,000,000.00 secured by a Mortgage encumbering the property, as evidenced and secured by (amongst other instruments) the following instruments, hereinafter referred to as the "Loan Instruments", to wit:

(a.) Promissory Note dated **as of January 6, 2022,** executed by Mortgagor and payable to the order of Mortgagee in the principal sum of **TWO MILLION AND NO 00/100 ($2,000,000.00) DOLLARS.**

(b.) Mortgage dated **January 6, 2022,** executed by Mortgagor encumbering the described property to Mortgagee and recorded and recorded **January 12, 2022,** in Official Records Book 32958, Page 3750, of the Public Records of Miami Dade County, Florida, to secure the Note(s) and any other note or notes thereafter executed by the Mortgagor.

Page 1 of 6

 (c.) Assignment of Leases, Rents and Profits, dated **January 6, 2022,** executed by Mortgagor encumbering the described property to Mortgagee and recorded **January 12, 2022,** in Official Records Book 32958, Page 3769, of the Public Records of Miami Dade County, Florida, to secure the Note(s) and any other note or notes thereafter executed by the Mortgagor.

 (d.) UCC1 Financing Statement dated **January 6, 2022,** executed by Mortgagor encumbering the described property to Mortgagee and recorded **January 12, 2022,** in Official Records Book 32958, Page 3773, of the Public Records of Miami Dade County, Florida, to secure the Note(s) and any other note or notes thereafter executed by the Mortgagor.

 WHEREAS, the Mortgagor has requested a change of terms under the above described instruments.

 NOW, THEREFORE, in consideration of the mutual promises and undertaking hereinafter set forth and the sum of TEN DOLLARS ($10.00) and other good and valuable considerations the receipt and legal sufficiency of which are hereby acknowledged, Mortgagor and Mortgagee agree:

 1. **Recitals.** The Borrower hereby represents and warrants to Lender that the foregoing recitals are true and correct and are incorporated herein by this reference and made a part hereof for all purposes.

 2. Borrower hereby ratifies and confirms the execution and delivery of the Loan Instruments and Borrower covenants and agrees that:

 (a) Borrower is bound by the instruments above described and the agreements herein and therein set forth and the Loan Instruments each of which is valid and enforceable in accordance with its terms, and Borrower has no set-offs, defenses, claims or counterclaims under or against any of the Loan Instruments or against the sums due and owing pursuant to the Loan Instruments, this Agreement, the Promissory Notes, or against the Lender;

 (b) That wherever mentioned in the Loan Instruments, Promissory Note shall be amended to include the Renewal Promissory Note of even date herewith;

 3. Borrower hereby represents and warrants to Lender that:

 (a) Borrower is the owner of the Property;

 (b) The Mortgage, as modified and amended constitutes a valid first mortgage lien upon the Property and a valid security interest in the Property prior and superior to the claims or security interest or any other person to secure the payment to Lender of the sums advanced or loaned to Borrower plus interest, and all extensions, modification, amendments and consolidations thereto, and any costs or fees which may be incurred by Lender in collecting or enforcing the Loan Instrument, the Promissory Notes, or this Agreement;

 (c) The execution and delivery of this Agreement contemplated as well as the fulfillment or compliance with the terms of the Loan Instruments and this Agreement and the Promissory Notes are (i) within the power of the undersigned Borrower to execute and deliver; (ii) all conditions precedent to their execution and delivery required to be performed by Borrower have been performed or have occurred; (iii) will not result in a breach of any of the terms or provisions of, or constitute a default under, any contract, agreement, obligation, indenture, mortgage, deed of

trust or other instrument to which the Borrower is now a party or by which it is bound, or to which the Property is subject; (iv) there are no actions, suits or proceedings pending or, to the knowledge of Borrower, threatened against the Borrower or the Property in any court or before any federal, state, municipal or other governmental agency; (v) the Mortgagor is not in default with respect to any order of any court or any proceeding of any governmental agency; (vi) the Mortgagor is not in default in the payment of principal or interest on any indebtedness of Mortgagor for monies, including without limitation any other mortgage, lien or tax encumbering the Property, whether superior or inferior to the lien of the Mortgage held by Lender; (vii) all taxes which are due and payable by Borrower or which are or with the passage of time could create a lien on the Property have been paid in full.

4. **Outstanding Principal Indebtedness.** Borrower hereby acknowledges and agrees that as of this date $2,000,000.00 in principal is outstanding under the Note.

5. In consideration of the execution and delivery of this Agreement, Borrower and Mortgagee hereby agree that the Promissory Note which was originally executed as of January 6, 2022, is hereby substituted with the Renewal Promissory Note which is being executed of even date herewith.

6. **Representations and Warranties.** The Borrower hereby represents and warrants to Lender and agrees as follows:

(a) There are no suits, actions or proceedings pending (nor, to the knowledge of Borrower, are there any actions, suits or proceedings threatened) against the Borrower or the property encumbered by the Mortgage, as amended hereinabove (collectively, the "Premises"), which have not been disclosed to Mortgagee;

(b) To Mortgagor's actual knowledge, there are no mechanics' liens, judgment liens, mortgages, encumbrances or other liens or claims against the Premises other than those evidenced by the Loan Documents or listed in the title commitment delivered to Mortgagee, and there are no unpaid bills or claims outstanding for labor or materials incident to the construction, repair, renovating, excavating or improving of the Premises other than bills or claims that will be paid in the ordinary course of business on or before the due date thereof;

(c) To Mortgagor's actual knowledge and except as disclosed in any environmental report delivered to Mortgagee, there are no hazardous substances, the presence of which is limited, regulated or prohibited by any Federal, state or local governmental authority or agency having jurisdiction over the Premises, or which are otherwise known to pose a hazard to health or safety of occupants of the Premises, located on, in or under the Premises, and the Premises are now and at all times hereafter will continue to be in full compliance with all Federal, state and local laws pertaining to the public health, safety and the protection of the environment;

(d) All representations and warranties made by Borrower in or in connection with the Loan Documents are hereby reaffirmed as of the date of execution of this Agreement; and

(e) No default currently exists under any of the Loan Documents, as modified hereby, or under any other document executed in connection with any of the indebtedness secured by the Mortgage, as modified hereby (all of the foregoing are collectively called the "Loan Documentation"), and no event currently exists which, with the lapse of time, the giving of notice, or both, would become an default under the Loan Documentation.

The Borrower acknowledges and agrees that the Lender has relied on each of the foregoing representations and warranties in entering into this Agreement.

7. **Costs and Expenses.** Borrower shall promptly pay all fees, costs, expenses and disbursements of Lender incurred in connection with the preparation, execution, recordation, delivery and performance of this Agreement, including, without limitation, all title search fees, title insurance premiums, recording costs, fees and disbursements of Lender's counsel, tax service fees, appraisal fees, fees of environmental consultants, and flood certification fees. The Borrower hereby agrees to indemnify the Lender from and against any documentary stamp taxes or intangible taxes (or penalties or interest for non-payment thereof) due in connection with this Agreement, the Renewal Note, or any other document executed in connection herewith.

8. **Release of Claims.** Borrower hereby acknowledges, confirms and agrees that as of this Agreement, Borrower has no defenses, rights of set-off, claims or counterclaims to the Borrower's obligations under the Loan Documentation, and Borrower hereby releases, remises, acquits, satisfies and forever discharges Lender and its affiliates (including, without limitation, parent corporations and subsidiaries) and their respective shareholders, directors, employees, officers, agents, attorneys, insurers, reinsurers, sureties, successors and assigns (collectively, the "Released Parties") from any and all actions, causes of actions, suits, debts, costs, attorneys' fees, obligations, liabilities, promises, damages, matters, claims and demands whatsoever (whether at law, in equity or under federal, state or foreign statute) which the Borrower ever had, now has or hereafter may have against the Released Parties for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world through and including the date of this Agreement, including, without limitation, any of the foregoing which directly or indirectly arise out of or in any manner in connection with the Loan Documentation, the loans made pursuant thereto, or the Premises.

9. **Governing Law; Construction.** This Agreement shall be construed, interpreted, enforced and governed by and in accordance with the laws of the State of Florida and laws of the United States, as applicable. Time is of the essence with the respect to all provisions of this Agreement. Whenever used, the singular number shall include the plural, the plural shall include the singular, and the use of any gender shall include all others. Use of the words "herein", "hereof", "hereunder", and any other words of similar import refer to this Agreement as a whole and not to any particular section or sub-section of this Agreement unless otherwise specifically noted. The headings of the sections and subsections of this Agreement are for convenience of reference only and shall not be considered a part hereof nor hall they be deemed to limit or otherwise affect any of the terms or provisions of this Agreement.

10. **Entire Agreement.** This Agreement, contain the entire agreement between the parties, concerning the modification of the Loan Documents and supersede any prior discussions or documents relating thereto. No promise, representation or warranty not contained herein has been made by Lender to induce Borrower to execute this Agreement.

11. **Binding Upon Successors and Assigns.** This Agreement shall inure to the benefit of, and shall be binding upon, the parties hereto and their respective successors and assigns; provided, however, that the Mortgage and other Loan Documents contain prohibitions on the sale, conveyance, transfer, or encumbrance of the Premises or interests in the Borrower and nothing contained herein shall modify or alter such prohibitions.

12. Lender and Borrower hereby knowingly, voluntarily and intentionally waive the right either may have to trial by jury in respect of any litigation based hereon, or arising out of, under or in connection with this agreement or any agreement contemplated to be executed in conjunction herewith, or any course of conduct, course of dealing, statements (whether verbal or written) or actions of either party. This provisions is material inducement for the payee entering into this Agreement.

13.     Wherever applicable the Loan Instruments are hereby modified to read that the maturity date of this loan is January 6, 2024.

IN WITNESS WHEREOF, the Mortgagor and Mortgagee have hereunto set their hands and seals by and through, where applicable, their duly authorized officers the day and year first above written.

Signed, sealed and delivered  
in the presence of:

MORTGAGOR/BORROWER:

Print Name: Raymond Gonzalez

URBIN CG RESI SPE LLC, a Florida Limited Liability Company

By: URBIN CORAL GABLES PARTNERS, LLC, a Florida Limited Liability Company, Its Sole Member and Manager

Print Name: Rawan Abuljebain

By: URBIN CG SPONSOR, LLC, a Florida Limited Liability Company, Its Manager

By: _____  
RISHI KAPOOR, Authorized Representative

STATE OF FLORIDA        )  
COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me by means of [✓] physical presence or [ ] online notarization, this 14 day of April, 2023, by RISHI KAPOOR, as Authorized Signatory of URBIN CG SPONSOR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, the Manager of URBIN CORAL GABLES PARTNERS, LLC, A FLORIDA LIMITED LIABILITY COMPANY, the Sole Member and Manager of URBIN CG RESI SPE LLC, a Florida Limited Liability Company, on behalf of the Company, who is personally known to me or who has produced _____, as identification.

My Commission Expires:

NOTARY PUBLIC, STATE OF FLORIDA



Raymond Gonzalez  
Comm. # HH 116723  
Expires: Apr. 13, 2025  
Bonded Thru Aaron Notary

| | |
|---|---|
| Signed, Sealed and Delivered<br>in Presence of: | 2EE LLC, A FLORIDA LIMITED LIABILITY COMPANY |
| *Patricia Averhoff* | By: *[signature]* |
| Patricia Averhoff<br>Printed Name | ROBERT GUTLOHN, Manager |
| *[signature]* | |
| Manuel A. Ramirez<br>Printed Name | |

STATE OF FLORIDA       )
                       )SS:
COUNTY OF MIAMI-DADE   )

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization, on this __14__ day of April, 2023, by Robert Gutlohn, as Manager of 2EE LLC, a Florida Limited Liability Company, on behalf of the Company, (who is personally known to me) or has produced _____ as identification and who did not take an oath.

My Commission Expires:

*[signature]*
Notary Public, State of Florida
(Name typed, printed or stamped)
(Title or Rank)
(Serial number, if any)

PATRICIA AVERHOFF
MY COMMISSION # HH 096855
EXPIRES: February 24, 2025
Bonded Thru Notary Public Underwriters

Page 6 of 6