**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:23-cv-24903-CMA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

RISHI KAPOOR, *et al.*,

        Defendants.
_____/

**UNOPPOSED MOTION TO EXTEND ASSET FREEZE
AND TO SCHEDULE SHOW CAUSE HEARING**

Plaintiff Securities and Exchange Commission (the "Commission") files it Unopposed Motion to Extend Asset Freeze and to Schedule Show Cause Hearing (the "Motion"), and states:

**PROCEDURAL BACKGROUND**

1. On December 27, 2023, the Commission filed its Emergency *Ex Parte* Motion for Asset Freeze and Other Relief Against Defendant Rishi Kapoor and Memorandum of Law (the "Asset Freeze Motion") (ECF No. 6).

2. On December 27, 2023, the Court entered a Sealed Order granting the Asset Freeze Motion, freezing Kapoor's assets and granting other relief (the "Asset Freeze") (ECF No. 10).

3. After obtaining the Asset Freeze, the Commission notified Kapoor of its intention to request a hearing pursuant to Fed. R. Civ. P. 65(b)(2) to allow Kapoor to show cause, if any, why the Asset Freeze should not remain in place for the pendency of the action.

4. Kapoor indicated that he intends to move the Court to dissolve the Asset Freeze pursuant to Fed. R. Civ. P. 65(b)(4) but has advised the SEC that he believes evidence necessary to support his motion is in the possession of the Receiver and, therefore, he needs additional time.

5.     Accordingly, Kapoor has agreed to waive his right to an expedited hearing pursuant to Fed. R. Civ. P. 65(b)(2) and has agreed to the Asset Freeze remaining in place until further order of the Court provided he is entitled to a hearing within 30 days, with the right to seek an additional extension of time if necessary.

## MEMORANDUM OF LAW

Section 21(d)(1) of the Exchange Act allows courts to enter "a temporary restraining order or a permanent injunction" against "any person … engaged or … about to engage in acts or practices constituting a violation" of the securities laws. 15 U.S.C. § 78u(d)(1). The Sarbanes-Oxley Act of 2002 amended Section 21(d) of the Exchange Act to also allow any federal court to grant "any equitable relief that may be appropriate or necessary." 15 U.S.C. § 78u(d)(5). A district court may exercise its full range of equitable powers, including an asset freeze, to preserve sufficient funds for the payment of a disgorgement award. *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Co.*, 51 F.3d 982, 987 (11th Cir. 1995). Freezing assets is a well-accepted equitable remedy employed to "preserve the status quo" and is proper in actions arising under the Securities Act. *SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734-35 (11th Cir. 2005), citing with approval, *U.S. v. Oncology Assoc., et al.*, 198 F.3d 489, 494-99 (4th Cir. 1999); *Levi Strauss*, 51 F.3d at 987 (a request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze).

Kapoor has agreed to waive his right to an expedited hearing pursuant to Fed. R. Civ. P. 65(b)(2) provided the Court schedule a hearing within 30 days to allow Kapoor time to gather the evidence necessary to support his forthcoming motion to dissolve the Asset Freeze pursuant to Fed. R. Civ. P. 65(b)(4). Accordingly, pursuant to its equitable powers and to preserve the status

quo, the Court should extend the Asset Freeze until further order of this Court and schedule a hearing within 30 days of this Motion to allow Kapoor to show cause, if any, why the Asset Freeze should not remain in place for the pendency of the action, with Kapoor having the right to extend the hearing date for a reasonable period of time if necessary.

WHEREFORE, the Commission respectfully requests that the Court enter an Order extending the Asset Freeze until further order of this Court and scheduling a hearing within 30 days of this Motion to allow Kapoor to show cause, if any, why the Asset Freeze should not remain in place for the pendency of the action, with Kapoor having the right to extend the hearing date for a reasonable period of time.

### LOCAL RULE 7.1(a)(3) CERTIFICATION OF PRE-FILING CONFERENCE

The Commission has conferred with counsel for Defendant Rishi Kapoor and counsel for the Receiver, who have no objection to the Motion.

Dated:  January 31, 2024          Respectfully submitted,

By: *Russell R. O'Brien*
Russell R. O'Brien, Esq.
Trial Counsel
Fla. Bar No.  084542
Direct Dial: (305) 982-6341
Email:  obrienru@sec.gov

**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154
**Attorney for Plaintiff Securities and Exchange Commission**