UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  23-cv-24903-CMA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

vs.

RISHI KAPOOR, LOCATION VENTURES, LLC, URBIN, LLC, PATRIOTS UNITED, LLC, LOCATION PROPERTIES, LLC, LOCATION DEVELOPMENT, LLC, LOCATION CAPITAL, LLC, LOCATION VENTURES RESOURCES, LLC, LOCATION EQUITY HOLDINGS, LLC, LOCATION GP SPONSOR, LLC, 515 VALENCIA SPONSOR, LLC, LV MONTANA SPONSOR, LLC, URBIN FOUNDERS GROUP, LLC, URBIN CG SPONSOR, LLC, 515 VALENCIA PARTNERS, LLC, LV MONTANA PHASE I, LLC, STEWART GROVE 1, LLC, STEWART GROVE 2, LLC, LOCATION ZAMORA PARENT, LLC, URBIN CORAL GABLES PARTNERS, LLC, URBIN COCONUT GROVE PARTNERS, LLC, URBIN MIAMI BEACH PARTNERS, LLC and URBIN MIAMI BEACH II PHASE 1, LLC,

        Defendants.

_____/

## DEFENDANTS RISHI KAPOOR'S AMENDED AFFIRMATIVE DEFENSES

Defendant, RISHI KAPOOR, by and through undersigned counsel, and pursuant to SEC's Unopposed Motion to Strike Defendants' Affirmative Defenses [DE 70] and Order granting the

Motion [DE 71], files his Amended Affirmative Defenses to Plaintiff, SECURITIES AND EXCHANGE COMMISSION'S Complaint [DE 14-1] and states:

## AMENDED AFFIRMATIVE DEFENSE

As and for his amended affirmative defense, Defendant, KAPOOR, would allege that, to the extent put at issue by the Commission, any alleged false or misleading statements referenced in the Complaint were based on information supplied by other sources, which information the Commission believed to be true. Thus, Defendant lacked the necessary intent, including a lack of willfulness, fraud, malice, or reckless disregard.

As a more factual basis for this defense, Defendant would allege that the SEC allegations in the Complaint were based on statements by a disgruntled former employee and two grasping Russian investors. While the SEC tried to verify the false claims by utilizing a forensic accountant, that accountant did not understand the dynamics of the formation of the Location Ventures ("LV") entities and the method of operations, and thus reached incorrect conclusions upon which the SEC relied.

The Complaint claims that Defendant, RISHI KAPOOR ("Rishi"), paid $10,000 per month in LV funds to employ a private chef on his boat and in his home. The accountants verified that $10,000 a month was paid by LV to the Ariete Hospitality Group ("AHG"). Thus, the SEC assumed that these claims were true. They are not true. In fact, AHG is a well-respected company that developed the current concepts for, designed, and/or operates a number of restaurants in Miami-Dade County. These restaurants include: the Michelin starred Ariete, the Michelin starred Chug's Diner, Eve, The Oyster Room, The Taurus, The Scape Goat, P.I.G., Inc., The Gibson Room, The Allocation Room, E Vecino, Laurel Brasserie and Scoop Records.

Rishi, on behalf of LV, hired AHG as consultants for $10,000 per month to develop the concepts and to design the 12+ restaurants to be located in the various LV projects. While AHG did occasionally cater dinners for investors, the "private chef" myth was a prevarication created to discredit Rishi.

The SEC was advised that Defendant, PATRIOTS UNITED, LLC, ("Patriots United") owned by Rishi, his family, and DJ Motha, did not invest $13 million in LV as they claimed. The SEC's accountants looked at the books of LV and did not see $13 million in cash come into LV at the 2020 roll-up of the individual projects into LV. However, between 2015 and the roll-up in 2020 the principals of Patriots United invested over $11.3 Million by checks and wire transfers into various projects that were then rolled-up into LV. The balance of the $13 Million was composed of undervalued General Partners' ("GP") interests in the various projects that would have earned Rishi and Morta over $5 million.

The SEC claimed that Rishi received $4.6 Million more compensation than that to which he was entitled. They reach this conclusion by asserting that the LV Operating Agreement limited Rishi's salary to between $350,000 and $400,000 per year. The SEC ignores the fact that each separate project was a Limited Liability Company ("LLC") and each of those LLC's had their own operating agreements ("Project OA's") with their own members (investors). The Project OA's provided for certain fees of between 1% and 4% to be paid for loan guarantees, site acquisitions, and raising investor funds. Using the loan guarantees as an example, Rishi, primarily, and occasionally DJ Motha, were the only loan guarantors. If Rishi guaranteed a $20 Million loan, he was entitled to a $400,000 fee. The purpose of the fees was to provide the guarantor with funds from which he could pay the lender a part of the loan amount if LV defaulted.

The Complaint alleges that there were many improper transfers between LV and the projects, many of which had some different investors. The SEC accountants verified a number of such transfers. If, for example, there was no LLC yet formed, there was no bank account yet opened, but funds were sought from investors to ascertain if the concept could be funded. If an investor committed to invest, for example, $5 Million in the project, LV would take a check or wire to Location Capital and park the investment there. Once the land was identified, an LLC was formed and a bank account was opened so those investment funds would be properly transferred from LV to the particular project.

Dated:  February 26, 2024.                    Respectfully submitted,

**SHAHADY & WURTENBERGER, P.A.**

*/s/Fred A. Schwartz*
Fred A. Schwartz, Esq.
Florida Bar No. 360538
200 E. Palmetto Park Road, Suite 103
Boca Raton, FL 33432
Direct: 561-910-3064
Cellular: 561-504-8534
fschwartz@swlawyers.law

John J. Shahady, Esq.
JShahady@swlawyers.law
Florida Bar No. 998990
7900 Peters Road, Suite B-200
Fort Lauderdale, FL 33324
(954) 376-5958

**RASKIN & RASKIN, P.A.**

Jane Serene Raskin
jraskin@raskinlaw.com
Florida Bar No. 848689
2525 Ponce De Leon Blvd.
Suite 300
Coral Gables, FL.  33134
***Attorneys for Defendant Kapoor***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served by electronic eservice through CM/ECF on all counsel and parties of record this 26th day of February, 2024.

**SHAHADY & WURTENBERGER, P.A.**

*/s/Fred A. Schwartz*
Fred A. Schwartz, Esq.