UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-ALTONAGA/Reid

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

**RISHI KAPOOR**; *et al.*,

    Defendants.
_____/

**RECEIVER'S MOTION FOR APPROVAL OF SETTLEMENT AND
AUTHORITY TO CONSENT TO FORECLOSURE JUDGMENT**

Bernice C. Lee, as Receiver ("Receiver") over the companies listed herein (each a "Receivership Company" and collectively, the "Receivership Companies") [1] in this action, seeks the entry of an Order approving a settlement and for authority to consent to foreclosure judgment as described below, and states:

**INTRODUCTION**

Urbin Coral Gables Partners, LLC ("CG Partners") is a Receivership Company that is the authorized member and 100% owner of CG Office SPE, LLC ("CG Office SPE"). CG Office SPE owns an office building on Alhambra Circle in Coral Gables, Florida (the "Property"). In November 2023, secured lender 299 Alhambra, LLC (the "Lender") filed a complaint seeking to

---

[1] The "Receivership Companies" or "Receivership Defendants" include: Location Ventures, LLC, URBIN, LLC, Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

1

foreclose its mortgage on the Property, and on December 22, 2023, filed a motion for summary final judgment. The case was stayed upon the entry of the Receivership Order on January 12, 2024.

Prior to the receiver's appointment, and after listing the Property for over six months, CG Office SPE entered into a sale contract for $14.5 million in November 2023. The buyer terminated the sale contract during the due diligence period in January 2024. The pre-receivership listing broker advised the Receiver that it believes the current value is less than $14 million. The Lender provided the Receiver with an estoppel letter as of February 16, 2024 indicating it is owed in excess of $13,788,497.22, with a per diem interest accrual of $7,833.33

Through this Motion, the Receiver seeks approval of a settlement with the Lender under which the Lender will provide a $100,000 payment to the receivership estate, CG Office SPE will consent to the entry of a consent final judgment, and the Receiver will have sixty (60) days to administer the Receivership Companies' personal property within the Property, as described below. The Receiver believes the proposed settlement is fair and reasonable, and in the best interest of the receivership estate.

## FACTUAL BACKGROUND

### I. The Receivership Order

1. On December 27, 2023, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief against Rishi Kapoor ("Kapoor") and the Receivership Companies [ECF No. 14-1] alleging that Kapoor used the Receivership Companies to operate a real estate scheme in violation of the anti-fraud provisions of the federal securities law raising approximately $93 million from more than 50 investors from January 2018 through March 2023.

2. On January 5, 2024, the SEC filed an Expedited Motion for Appointment of Receiver, Asset Freeze, and Other Related Relief Against the Company Defendants and Memorandum of

Law (the "Receiver Motion") [ECF No. 16] seeking the appointment of a receiver to *inter alia* administer the Receivership Companies' assets.

3. On January 12, 2024, the Court entered an Order granting the Receiver Motion (the "Receivership Order") [ECF No. 28], which appointed Bernice C. Lee as receiver "for the estate of the Receivership Defendants, including any of [their] divisions, subsidiaries, affiliates, successors, and assigns; and any fictitious business entities or business names created or used by the Receivership Defendants, their divisions, subsidiaries, affiliates, successors, and assigns." Receiver. Order ¶ 2.

4. The Receivership Order authorizes the Receiver to transfer or otherwise dispose of Receivership Property,[2] other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property. *See* ¶ 31.

5. The Receiver is further authorized to sell real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property, and is authorized to sell, and transfer clear title to, all real property in the Receivership Estate, pursuant to such procedures as may be required by the Court and additional authority such as 28 U.S.C. sections 2001 and 2004. *See* ¶ 32.

6. The Receivership Order further grants the Receiver all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of the Receivership Companies under applicable state and federal laws, and by any governing charters, by-laws, articles, and/or agreements, in addition to all powers and authority of

---

[2] Capitalized terms not defined herein shall have the definitions provided for in the Receivership Order.

3

a receiver at equity and under other applicable law. *See* ¶ 4.

**II.     The Property, Mortgages, and Foreclosure Action**

7.     CG Partners is a Receivership Company. Florida's Division of Corporation's webpage indicates that CG Partners is the authorized member of CG Office SPE. A copy of the 2023 Annual Report is attached hereto as **Exhibit A**. The Receiver located the Operating Agreement of CG Office SPE dated May 14, 2018, which indicates that CG Partners is its sole member and 100% owner. A copy of the Operating Agreement is attached hereto as **Exhibit B**.

8.     In June 2018, CG Office SPE acquired the Property, with folio no. 03-4108-006-2200, from Coral Gables Financial Center, Inc. ("Coral Gables Financial") for $12,500,000. In order to acquire the Property, CG Office SPE granted a purchase money mortgage in favor of Coral Gables Financial for $3,432,960.36 and assumed the mortgage and debt obligations Coral Gables Financial owed to the Carmen Rebozo Foundation, Inc. (the "Foundation") for promissory notes in the amount of $3,200,000, $1,434,335.73, $250,000, $250,000 and $200,000.

9.     In October 2019, BGI Financial, LLC ("BGI Financial") took assignment of the mortgages held by, and indebtedness owed to, Coral Gables Financial and the Foundation, and CG Office SPE granted BGI Financial an amended mortgage to secure the principal sum of $12,000,000.

10.    In October 2022, BGI Financial assigned its mortgage and related indebtedness to The Halpern Family Trust ("HFT"). On November 28, 2022, HFT filed a Release and Satisfaction of Mortgage stating that it received full payment of all indebtedness.

11.    On November 30, 2022, CG Office SPE granted two mortgages (the "Mortgages") to Korth Direct Mortgage Inc. ("Korth") to secure repayment of two promissory notes for $11,000,000 and $750,000 (together, the "Notes"). Copies of the Mortgages and Notes are attached

to the Lender's foreclosure complaint attached hereto as **Exhibit C**, as Exhibits A, B, E and F.

12. On December 9, 2022, Korth assigned the Mortgages and Notes to KDM Funding I LLC ("KDM Funding"). A copy of the assignment is attached to the Complaint attached hereto as **Exhibit C**, as Exhibit C.

13. On October 20, 2023, KDM Funding assigned the Mortgages and Notes to the Lender. A copy of the assignment is attached to the Complaint attached hereto as **Exhibit C**, as Exhibit D.

14. On November 7, 2023, the Lender filed a complaint against CG Office SPE and other parties in state court thereby initiating Case No. 2023-026121-CA 01 (the "Foreclosure Case"), asserting claims for foreclosure of the Mortgages, breach of the Notes, assignment of rents, and breach of a guaranty executed by Rishi Kapoor. A copy of the Complaint is attached hereto as Exhibit C.

15. The Complaint alleges that CG Office SPE defaulted under the Notes by failing to make the July 2023 payments or any payments due after. *See Compl*. ¶¶ 9, 19.

16. On December 18, 2023, CG Office SPE filed its Answer to Complaint admitting it defaulted under the Notes by failing to make the July 2023 payments or any payments due after. *See* Answer ¶¶ 9, 19. A copy of the answer is attached hereto as **Exhibit D**.

17. On December 22, 2023, the Lender filed a motion seeking summary final judgment of foreclosure, and stated that the total amount owed under the Notes as of December 22, 2023 was $12,182,428.66 and $843,736.41. A copy of the motion is attached hereto as **Exhibit E**.

18. The Lender has provided an updated payoff indicating $13,788,497.22 due as of February 16, 2024, with interest accruing at a per diem of $7,833.33 (the "Payoff"). A copy of the Payoff is attached hereto as **Exhibit F**.

### III. The Prior Listing Agreement and Sale Contract

19. On June 6, 2023, CG Office SPE entered into an Exclusive Sales Listing Agreement with CBRE, Inc. (the "CBRE") to list the Property for sale at $22 million. A copy of the listing agreement is attached hereto as **Exhibit G**. It provides for a 2% to 3% commission, provided the sale is not to five specific individuals (in which case the commission would be 0.5% to 1.25% depending on the date of the contract). On September 7, 2023, CBRE and CG Office SPE agreed to reduce the listing price to $18.9 million. A copy of the addendum is attached hereto as **Exhibit H**. On September 12, 2023, the parties agreed to further reduce the list price to $15.9 million. A copy of the addendum is attached hereto as **Exhibit I**.

20. On November 1, 2023, CG Office SPE entered into a sale contract to sell the Property for $14.5 million. On January 16, 2024, the buyer issued a termination notice during the due diligence period, and prior counsel for CG Office SPE returned the earnest money.

21. CBRE has advised the Receiver that since June 2023, it procured over a dozen offers mostly ranging from $10 million to $13 million, and ultimately CG Office SPE accepted the above-mentioned offer for $14.5 million. CBRE further advised the Receiver that it believes the current property value is less than $14 million.

22. Immediately upon her appointment, the Receiver and her counsel began their review of the issues surrounding the Property, including its debt structure and value, and engaged in settlement negotiations with counsel for the Lender.

23. As set forth in the Lender's Affidavit attached hereto as **Exhibit J**, the Lender represents that the Lender and its related parties: (a) are not investors in the Receivership Companies, or their subsidiaries or affiliates, (b) have never been a director, officer, manager, member, investor, employee or agent of the Receivership Companies, or their subsidiaries or

affiliates, and (c) except with respect to the lending relationship for the Notes and Mortgages, have no direct or indirect relationship to, connection with, or interest in, the Receivership Companies, their subsidiaries or affiliates, or Rishi Kapoor.

24. In order to fully and finally resolve their disputes, avoid litigation, expense and delay, and settle all claims and causes of action relating to the Property, the parties have reached the compromise and settlement set forth below, which is subject to the Court's approval and the entry of an order substantially in the same form as the proposed order attached hereto as **Exhibit K** (the "Approval Order").

## SETTLEMENT AGREEMENT

25. In consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and without admitting any wrongdoing or liability, the Receiver and Lender stipulate and agree as follows:

   a) The Receiver, as the Receiver over CG Partners, which is the authorized member and 100% owner of CG Office SPE, agrees to the entry of the consent judgment substantially in the same form as the consent judgment attached hereto as **Exhibit L** (the "Consent Judgment") in the Foreclosure Case. At least one day before the hearing in the Foreclosure Case during which the Lender will request entry of the Consent Judgment, the Lender will provide the Receiver with update amounts for rents received. As part of the Consent Judgment, the Lender is permitted to update its total payoff figure to include any additional interest, costs, protective advances (including default interest accrual on any such protective advances), fees, or other expenses accruing after February 16, 2024 and to the extent authorized under, and consistent with, the loan documents, and to seek taxation of same from the court presiding over the Foreclosure Case.

b) Within seven days from the date the Approval Order is entered by the Court, the Lender shall provide the Receiver a settlement payment in the amount of $100,000 via wire instructions to be provided by the Receiver.

c) The Lender warrants and represents that: (i) all amounts set forth in, and invoice attached to, the Payoff are accurate, and (ii) all statements in the Lender's Affidavit are accurate.

d) The Receiver has sixty (60) days from the date of the later of: (i) the entry of the Approval Order and (ii) the entry of the Order Granting Receiver's Motion to Approve Employment of Auctioneer and Auction Sale of Personal Property, to sell and otherwise administer the personal property in the offices and space used by the Receivership Companies, which consist of the ground floor, and offices 319, 401, 406, 510, 512, and 519 – 521, and during that time, the Receiver will attempt to consolidate the personal property in the offices on floors 3 through 5 so some offices may be marketed and leased to a new tenant.

e) The Lender will not file a claim in, or seek a distribution from, the receivership estate, and agrees to waive any such claim. However, the Lender reserves the right to file a claim for deficiency judgment against Rishi Kapoor (and not the Receivership Companies), based on his breach of guaranty, if the foreclosure sale proceeds of the Property are insufficient to satisfy Lender's Consent Judgment. The Lender further reserves the right to pursue claims against individuals who may be associated with the Receivership Companies for any viable causes of action available to Lender under applicable law, including, but not limited to, actions for improperly depositing checks from tenants issued to the Lender.

f) The Lender has provided a list of all known lienholders, who are listed in the below certificate of service and will receive notice of the Motion. Lender reserves the right to run an updated title search (gap search), to determine if there are any additional lienholders

requiring notice of these proceedings or to be named in the foreclosure action. Lender further reserves the right to prosecute the Foreclosure Case as it deems appropriate in its sole and exclusive discretion, including, but not limited to, dismissing any defendants (i.e., tenants or unknown tenants), or funding protective advances for the protection of the Property (including, but not limited to, advances of Property insurance, taxes, or advances to the state court receiver, Orlando Abella, for the maintenance and preservation of the Property), to the extent authorized under, and consistent with, the loan documents. Any such authorized advances or costs incurred by Lender during the pendency of the foreclosure shall be added to the sums due under the Consent Judgment, and Lender may charge interest on such advances as provided for in Lender's loan documents. Receiver acknowledges that all funds currently held in Lender's lockbox pursuant to Lender's loan documents and the state court receivership order previously entered (currently $302,575.62), are collateral of Lender and may be applied to indebtedness owed to Lender.

g) In the event the sale of the Property at a foreclosure or other sale yields an amount in excess of the amounts owed to the Lender as set forth in the Consent Judgment, Receiver shall retain the right to petition the state court for any such surplus and Lender shall not dispute the Receiver's entitlement to such surplus.

26. Through the Motion, the Receiver seeks the entry of the Approval Order approving the settlement described above, and for authority to consent to the entry of the Consent Judgment in the Foreclosure Case.

## MEMORANDUM OF LAW

"The district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted). "This

discretion derives from the inherent powers of an equity court to fashion relief." *Id*. "A district court reviews settlements proposed by receivers for fairness, reasonableness, and adequacy." *Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, No. 18-CV-61991, 2018 WL 8050527, at *2 (S.D. Fla. Dec. 27, 2018); *see Sterling v. Stewart*, 158 F.3d 1199, 1201 (11th Cir. 1998) (approving settlement because managing receiver acted in good faith and conducted adequate investigation and settlement was fair); *Sec. & Exch. Comm'n v. Quiros*, No. 16-CV-21301, 2016 WL 9254719, at *2 (S.D. Fla. Oct. 18, 2016) (approving settlement as fair, adequate and reasonable, and well within the range of reasonableness). "Determining fairness is left to the sound discretion of the district court." *Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, 2018 WL 8050527, at *2 (citing *Sterling*, 1158 F. 3d at 1202).

The proposed settlement is well within the range of reasonableness. The Payoff indicates that the Lender is owed in excess of $13.75 million, and that by the end of March the debt will exceed $14.1 million. The Property was listed for sale for over six months prior to the appointment of the Receiver, during which time the list price was reduced from $22 million to $15.9 million. CRBE procured over a dozen offers mostly ranging from $10 million to $13 million, and the sale contract CG Office SPE entered into on November 1, 2023 was for $14.5 million. The buyer, however, terminated the sale contract, and after, CBRE advised the Receiver that it believes the property value is less than $14 million. Assuming *arguendo* an offer was made to purchase the Property for $14 million, a hypothetical 3% broker's commission could reduce the net proceeds by $420,000 to $13.58 million, and documentary stamp taxes would further reduce the net proceeds, which would not cover the payoff amount. The Receiver believes that the proposed settlement constitutes a fair resolution with respect to the administration of the Property and potential liability given applicable claims, defenses, and risks. The Receiver was able to reach an

agreement that will provide the receivership estate a recovery of $100,000 and a reasonable amount of time to administer the personal property in the Property, and limit the claims against the receivership estate.

Based on the foregoing, the Receiver respectfully requests approval of the settlement agreement, and authorization to consent to the entry of the Consent Judgment as the Receiver of CB Partners, the authorized member and 100% owner of CG Office SPE.

The Receiver does not believe that 28 U.S.C. § 2001(b), which provides procedures for the sale of realty under any order or decree of any court of the United States, applies to the proposed settlement and disposition of the Property. As a precaution, however, compliance is not necessary as the SEC, Receiver and Kapoor have entered into the Stipulation Waiving Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with Real Property Sale Motions on January 23, 2024 [ECF No. 48], and the Court entered an Order approving the parties' stipulation and excusing the Receiver from compliance with 28 U.S.C. section 2001 in connection with the sale of real property in this case. *See Huntington Nat'l Bank v. Big Sky Dev. Flint, LLC*, No. 10-10346, 2010 WL 3702361, at *7 (E.D. Mich. Sept. 16, 2010) (noting that the requirements of 28 U.S.C. § 2001 were waived as part of the receivership order to which the parties stipulated); *see also Sec. & Exch. Comm'n v. EB5 Asset Manager, LLC*, No. 15-62323-CIV, 2016 WL 7508252, at *2 (S.D. Fla. Mar. 25, 2016) (stating that "[w]hile the Court may not waive the mandatory requirements of § 2001(b), the parties may" and citing *Huntington Nat'l Bank v. Big Sky* for support).

WHEREFORE, the Receiver requests that the Court: (a) grant the Motion, (b) enter an order substantially in the same form as the Approval Order attached hereto as Exhibit K, and (c) grant such other such relief as the Court deems just and appropriate.

**CERTIFICATION OF CONFERENCE WITH COUNSEL**

Counsel for the SEC has informed the Receiver that the SEC has no objection to the relief requested herein. Counsel for defendant Rishi Kapoor informed the Receiver that he has the following objection to the relief requested herein: "We object to this sale and would like the opportunity to file a response. The price of $13.8M plus $100k is a significant bargain to these particular buyers. Although LV was negotiating a price of $19 - 20M a year ago that was when the building was almost fully occupied. The appraisals cited in your motion, although low, may be closer to accurate for most other buyers. However, TerraNova bought the note from LV's lender and are trying to acquire this property's title because they own 255 Alhambra next door, and they want to pursue an assembly for redevelopment. Thus, the property is even more valuable to TerraNova and we believe a better deal can be negotiated using that knowledge. Therefore, we believe you can strike a better bargain. We will withhold any objection if Rishi is fully released regarding any deficiencies as guarantor of the note. They should not object to a release in light of all of the advantages they are getting for their future project."

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

By: /s/ *Bernice C. Lee*
    Bernice C. Lee
    *Court-Appointed Receiver*
    Florida Bar No. 0073535
    Email: blee@kttlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record this 28th day of February, 2024, and via email and/or U.S. mail on the following lienholders and tenants based on information provided by the Lender.

**Via electronic email**

Daniels, Rodriguez, Berkeley, Daniels & Cruz, P.A. on behalf of Paredes Architects, Inc. jcruz@drbdc-law.com; SERVICE-JLC@drbdc-law.com; eligonzalez@drbdc-law.com

GCC Law Center, LLC on behalf of City of Coral Gables; info@gcclawcenter.com; gigi@gcclawcenter.com

FORS Legal on behalf of Express Travel of Miami, Inc. (Unknown Tenant #1) info@forslegal.com; jfors@forslegal.com

Julio A. de Armas P.A. on behalf of Defendant Arturo O. Herrera D.M.D. P.A. (Unknown Tenant #2) eservice@dearmaslawpa.com; Jdearmas@dearmaslawpa.com

Yelen Yelen & Simon, P.A. on behalf of Defendant Law Office of Michael J. Feldman, P.A. (Unknown Tenant #10) jyelen@yelen-yelen.com

FORS Legal on behalf of Defendant Caribros, LLC (Unknown Tenant #11) info@forslegal.com; jfors@forslegal.com

Richard I. Korman, P.A. on behalf of Defendant Infotechsoft, Inc. (Unknown Tenant #14) richard@richardikorman.com

The Dumbar Law Center on behalf of Defendant Ted B. Cunliffe, PHD, LLC (Unknown Tenant #18) Sahr@Dumbarlaw.com

The Dumbar Law Center on behalf of Defendant The Hansen Law Firm, P.A. (Suite #321) Sahr@Dumbarlaw.com

**Via U.S. mail\***

\* Copies of the motion and proposed order (Exhibit K) were served on the interested parties listed below by US Mail. Copies of Exhibits A to J and L are available upon request by contacting the Receiver's office, and will be available on the Receiver's website: https://kttlaw.com/lv/.

Unknown Tenant #15
n/k/a Sandra L. Brand DDS, P.A.
299 Alhambra Circle
Suite #301
Coral Gables, Fl 33134

Unknown Tenant #17
n/k/a Padgett Business Services
299 Alhambra Circle
Suite #307
Coral Gables, Fl 33134

Unknown Tenant #19
n/k/a Elemental Living
299 Alhambra Circle
Suite #315
Coral Gables, Fl 33134

Unknown Tenant #21
n/k/a Bay 13 Brewery & Kitchen a/k/a Melbourne Hospitality Group
299 Alhambra Circle
Suite #316
Coral Gables, Fl 33134

Unknown Tenant #26
n/k/a DTN, Inc.
299 Alhambra Circle
Suite #317
Coral Gables, Fl 33134

Unknown Tenant #28
n/k/a Jubidental Services Corp.
299 Alhambra Circle
Suite #202
Coral Gables, Fl 33134

Unknown Tenant #31
n/k/a Gables Exceptional Smiles
299 Alhambra Circle
Suite #207 & 208
Coral Gables, Fl 33134

Unknown Tenant #33
n/k/a Periodontology Implant Dentistry a/k/a Del Amo & Mellado
299 Alhambra Circle
Suite #211
Coral Gables, Fl 33134

Unknown Tenant #34
n/k/a Polyclinic Health Center
299 Alhambra Circle
Suite #210
Coral Gables, Fl 33134

Unknown Tenant #36
n/k/a Evelyn Lopez-Brignono, M.D. and Associates
299 Alhambra Circle
Suite #218
Coral Gables, Fl 33134

Unknown Tenant
n/k/a Mariamilagros Sardia, D.D.S
299 Alhambra Circle
Suite #205/206
Coral Gables, Fl 33134

Unknown Tenant
n/k/a Lift Vida Pilates & Gyrotonic
299 Alhambra Circle
Suite #219/222
Coral Gables, Fl 33134

Unknown Tenant
n/k/a Lage Construction, Inc.
299 Alhambra Circle
Suite #223
Coral Gables, Fl 33134

Unknown Tenant
n/k/a Miami Volume
299 Alhambra Circle
Suite #314
Coral Gables, Fl 33134

Unknown Tenant
n/k/a Civilized Nations
299 Alhambra Circle

Suite #318
Coral Gables, Fl 33134

Unknown Tenant
n/k/a Acupuncture & Chinese Medicine
299 Alhambra Circle
Suite #402
Coral Gables, Fl 33134

Unknown Tenant
n/k/a ARC Gables Consulting LLC
299 Alhambra Circle
Suite #404
Coral Gables, Fl 33134

Unknown Tenant
n/k/a ANFRA Business Solutions
299 Alhambra Circle
Suite #418
Coral Gables, Fl 33134

Unknown Tenant
n/k/a Interamerican Alliance
299 Alhambra Circle
Suite #402/503
Coral Gables, Fl 33134

Unknown Tenant
n/k/a Photo Xpeditions
299 Alhambra Circle
Suite #519
Coral Gables, Fl 33134

By: /s/ *Bernice C. Lee*
      Bernice C. Lee