UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24903-CMA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

RISHI KAPOOR, etc., et al,

        Defendants.
_____/

**DEFENDANT RISHI KAPOOR'S MOTION TO STAY STATE COURT PROCEEDINGS AND PERMIT SALE OF ASSET SUBJECT TO ASSET FREEZE**

Defendant Rishi Kapoor ("Mr. Kapoor"), through undersigned counsel, files this Motion to Stay State Court Proceedings and Permit Sale of Asset Subject to Asset Freeze and in support hereof states:

1. On December 27, 2023, the Court issued an order freezing Mr. Kapoor's assets and granting other requested relief (the "Asset Freeze") [ECF 10]. Pursuant to the Asset Freeze, Mr. Kapoor is restrained from "directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing any assets or property, including, but not limited to, cash …" In addition, any "person or entity holding any such funds or other assets, in the name of, for the benefit of … Kapoor, shall hold and retain within its control and prohibit the withdrawal, removal … or other disposal of any such funds …"

2. Kapoor and his wife, Jennie Frank Kapoor, as tenants by the entireties, own one hundred percent of the membership interests in Kapoor LLC, a Florida limited liability company, which in turn owns one hundred percent of the membership interests in 7233 Los Pinos, LLC, a Florida limited liability company. 7233 Los Pinos, LLC owns real property located at 7233 Los

Pinos Blvd., Coral Gables, FL 33143, consisting of the home where Mr. Kapoor and his wife reside (the "Property"). Thus, Mr. Kapoor believes that the Property is an asset owned in part by Mr. Kapoor and is subject to the Asset Freeze.

3. The Property is the subject of a mortgage foreclosure action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2023-023102-CA-01, *Los Pinos Acquisition, LLC v. 7233 Los Pinos, LLC, Rishi K. Kapoor, etc., et al.* (the "Foreclosure Action"). The Foreclosure Action currently is being defended by Julie Feigeles, Esq., of Shahady & Wurtenberger, P.A.

4. On January 10, 2024, in the Foreclosure Action, Mr. Kapoor filed a Motion to Stay Proceedings and for Extension of Time to respond to the foreclosure complaint ("Motion to Stay") pending further rulings of this Court, as Mr. Kapoor believes that the Property is governed by the Asset Freeze. A copy of the Motion to Stay is attached hereto as **Exhibit A**. At the time of filing the Motion to Stay, the Order Appointing Receiver had not yet been entered by this Court, and Mr. Kapoor was uncertain as to whether the Property also would be considered Receivership property. Accordingly, he represented in the Motion to Stay that the Foreclosure Action may be considered an Ancillary Proceeding that would be stayed.

5. The Plaintiff in the Foreclosure Action objects to any stay of the proceedings, argues that the Property is not Receivership Property and not subject to this Court's Orders, and has filed a Motion to Appoint a Receiver (other than Receiver Lee) and a Motion for an Order to Show Cause why a final judgment of foreclosure should not be entered.

6. To the knowledge of Mr. Kapoor and undersigned counsel, as of the filing of this motion, neither Plaintiff Securities and Exchange Commission (the "Commission") nor the Receiver has taken the position that the Property or the equity therein is Receivership Property,

whether in whole or in part. The Receiver has not sought to stay the Foreclosure Action as an Ancillary Proceeding to the Receivership, nor has she otherwise taken action to interfere with the mortgage lender's proposed foreclosure of the Property. However, the Receiver's counsel has informed Mr. Kapoor's counsel that the Receiver is amenable to a private sale of the Property only if the sales process is reasonably anticipated to yield equity above the debt and if there is an agreement by the owner that the equity in the Property will be contributed to the receivership estate or to the Commission in satisfaction of anticipated restitution / disgorgement obligations.

7.  As explained above, the ultimate owner of the equity in the Property is Kapoor LLC, owned one hundred percent by Mr. and Mrs. Kapoor as tenants by the entirety. Accordingly, in the absence of a determination that the Property is Receivership Property, unless Mr. and Mrs. Kapoor were to transfer all or part of their undivided interest in the shares of Kapoor LLC to a third party—whether to the Receiver, the Commission or to Mr. Kapoor or Mrs. Kapoor individually—that undivided interest would not be subject to claw back by the Receiver nor would it be subject to disgorgement by the Commission. *See, In re Romanogli*, 631 B.R. 807 (Bankr. S.D. Fla. 2021). Moreover, even if Mr. and Mrs. Kapoor, as tenants by the entirety, were to transfer fifty percent of the shares of Kapoor LLC to Mr. Kapoor individually, Mrs. Kapoor—who is neither named as a defendant in this case nor suggested to be otherwise involved in the allegations giving rise to this Court's appointment of the Receiver—would, as a matter of law and equity, retain her fifty percent of the shares of Kapoor LLC. And, those shares would not be subject to claw back by the Receiver nor to disgorgement by the Commission.

8.  In summary, the Receiver has asserted no ownership interest in the Property yet seeks to restrict both Mr. and Mrs. Kapoor's ability to reclaim their undivided interest in the Property's equity. Meanwhile, the Commission's potential interest in the Property's equity via

disgorgement is limited to any *reachable* equity interest belonging to *Mr. Kapoor*; and any such interest would best be served by a private sale maximizing a return of equity to Kapoor LLC, owned by the Kapoors as tenants by the entirety. This would, at minimum, allow for the possibility that the Kapoors' equity would be available for settlement purposes if they chose to transfer all or part of it to the Commission and/or the Receiver.

9. 7233 Los Pinos, LLC has entered into an agreement to list the Property for sale with Boschetti Real Estate Group ("Boschetti), a Florida licensed realtor and the Property's listing agent when it was purchased by 7233 Los Pinos, LLC. The listing agreement is attached as **Exhibit B**. Jennie Frank Kapoor, who is a Florida-licensed real estate sales agent now associated with Boschetti, is the listing associate and, pursuant to her agreement with Boschetti, is entitled to a portion of the commission on a sale. The total commission per the agreement is the standard six (6) percent. Jennie Frank Kapoor, based upon her agreement with Boschetti, would receive one-half of the selling broker's share of the commission, *i.e.*,1.5 percent. The listing price of the Property is $8.495 million, suggesting an approximate $3 million in equity in the Property over and above the mortgage debt. The Receiver does not object to the Listing Agreement with Boschetti; however, she objects to Jennie Frank Kapoor acting as the listing associate and participating in the commission on the sale.

10. A private sale of the Property would result in greater proceeds than what will result from a forced foreclosure sale and would benefit all potentially interested parties. In addition, the appointment of another receiver, as suggested by the Plaintiff in the Foreclosure Action, would deplete the equity in the Property to the disadvantage of all potentially interested parties. Finally, there is no basis to deprive Jennie Frank Kapoor from participating financially or otherwise in the sale of the Property. To the contrary, as a co-guarantor (along with Mr. Kapoor) of the mortgage

loan on the Property, as the current resident of the Property, and as a licensed agent, she is uniquely qualified and motivated to advocate for a sale beneficial to all potential interests. Depriving her of the ability to earn a living, particularly in the face of the freeze on all of her husband's assets, serves no purpose and is unjustifiably punitive.

11. The Motion to Stay is set for hearing before Judge Pedro P. Echarte on March 8, 2024. Although all parties seek a quick sale, the Plaintiff Mortgagee in the Foreclosure Action benefits from the stay as it is earning 25% default interest.

12. WHEREFORE, Defendant Rishi Kapoor requests the entry of an Order:

   a. Finding that the Property and any monetary benefit Defendant Kapoor would personally receive from the sale of the Property are subject to the Asset Freeze;

   b. Permitting 7233 Los Pinos, LLC to list the Property for sale with Boschetti Real Estate Group pursuant to the Listing Agreement attached as Exhibit B, subject to Court approval of a final offer to purchase the Property;

   c. Permitting Jennie Frank Kapoor to serve as the listing associate on the sale of the Property and to receive a commission on a sale pursuant to her agreement with Boschetti; and

   d. Staying the Foreclosure Action for a period of time not to exceed six months, in order to permit 7233 Los Pinos, LLC to list and sell the Property subject to the Court's approval of a final offer to purchase.

**Local Rule 7.1(a)(3) Certification of Pre-Filing Conference**

Counsel for Mr. Kapoor has conferred with counsel for the Commission, the Receiver and her counsel, and the Plaintiff in the Foreclosure Action, who has entered its appearance in this case. Both the SEC and the Receiver oppose this Motion. The Plaintiff in the foreclosure action is

in active negotiations with Mr. Kapoor which may result in an agreement to stay the foreclosure sale for a period of time.

Respectfully submitted,

**SHAHADY & WURTENBERGER, P.A.**

*/s/ Fred A. Schwartz*
Fred A. Schwartz, Esq.
fschwartz@swlawyers.law
Florida Bar No. 360538
200 East Palmetto Park Road, Suite 103
Boca Raton, FL 33432
Direct: (561) 910-3064

John J. Shahady, Esq.
JShahady@swlawyers.law
Florida Bar No. 998990
7900 Peters Road, Suite B-200
Fort Lauderdale, FL 33324
(954) 376-5958

**RASKIN & RASKIN, P.A.**

Jane Serene Raskin
jraskin@raskinlaw.com
Florida Bar No. 848689
2525 Ponce De Leon Blvd., Suite 300
Coral Gables, FL 33134

*Attorneys for Defendant Kapoor*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Fred A. Schwartz*
    Fred A. Schwartz