UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24903-CMA

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

v.

RISHI KAPOOR, etc., et al,

               Defendants.

_____/

# <u>EXHIBIT A</u>

Kapoor's Motion to Stay

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:  2023-023102-CA-09

LOS PINOS ACQUISITION, LLC,
a Florida limited liability company,

      Plaintiff,

vs.

7233 LOS PINOS, LLC, a Florida limited
liability company; RISHI K. KAPOOR, an
individual; JENNIE E. FRANK, an individual;
KAPOOR LLC, a Florida limited liability
company; AM STUDIO DESIGN, LLC,
a Florida limited liability company;
ARRAS CORP. D/B/A ARRAS AIR
CONDITIONING, a Florida corporation;
THE PISO PROJECT LLC, a Florida
limited liability company; and, UNKNOWN
TENANTS IN POSSESSION NOS. 1 - 5,

      Defendants.
_____/

## DEFENDANTS' MOTION TO STAY PROCEEDINGS,
## AND FOR EXTENSION OF TIME

     Defendants Rishi K. Kapoor ("Kapoor"), Jennie E. Frank, 7233 Los Pinos, LLC, and

Kapoor LLC (collectively, the "Kapoor Defendants"), move for the entry of an order temporarily

staying these proceedings pending the outcome of an asset freeze order entered December 27, 2023

in the United States District Court for the Southern District of Florida, and for an extension of time

to respond to the Complaint, and as grounds therefor state:

     1.     This is a mortgage foreclosure action on a home owned by 7233 Los Pinos, LLC.

Kapoor LLC is the authorized member of 7233 Los Pinos, LLC. Kapoor LLC is owned by Kapoor

and his wife, Jennie E. Frank.

2.      On December 27, 2023, the Securities and Exchange Commission ("SEC") filed a lawsuit against Kapoor and others in the United States District Court for the Southern District of Florida, *Securities and Exchange Commission v. Rishi Kapoor, et al,* Case No. 23-24903-CV-Altonaga (the "SEC lawsuit"). On the same date, the District Court issued a Sealed Order, freezing the assets of Kapoor (the "Asset Freeze Order").  The Asset Freeze Order was unsealed on January 2, 2024. A copy of the Asset Freeze Order is attached hereto as Exhibit A.

3.      Pursuant to the Asset Freeze Order, Kapoor is restrained from "directly or indirectly,  transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing any assets or property, including, but not limited to, cash…" *See* Exhibit A. In addition, any "person or entity holding any such funds or other assets, in the name of, for the benefit of,… Kapoor, shall hold and retain within its control and prohibit the withdrawal, removal, … or other disposal of any such funds…" *Id.*

4.      On January 5, 2024, in the SEC lawsuit, the SEC submitted a proposed Order Granting Plaintiff Securities and Exchange Commission's Expedited Motion for Appointment of Receiver, Asset Freeze, and Other Relief Against the Company Defendants (the "Receivership Order"), a copy of which is attached as Exhibit B. It is anticipated that the Receivership Order will be entered shortly by the federal court.

The Receivership Order provides:

**VIII.  Stay of Litigation**

26.     As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the

Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

27.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

28.      All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

Receivership Order at 12.

5.     This action may be considered an Ancillary Proceeding under the Receivership Order. It also is anticipated that the federal court will issue a separate order staying proceedings against Kapoor, individually.

6.     Until the Asset Freeze Order expires, or the District Court extends or vacates the Order, it is unknown whether or how Kapoor, his wife, and his entities, will be able to pay for their defense and otherwise proceed in this matter. Moreover, the entry of any judgment against Kapoor's assets would be a violation of the Asset Freeze Order.

WHEREFORE, based on the Asset Freeze Order and the proposed Receivership Order, the Kapoor Defendants move for the entry of an order temporarily staying these proceedings pending the District Court's entry of additional orders, and for an extension of time to respond to the Complaint for twenty (20) days after such stay is lifted.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 10th day of January, 2024 a copy of the foregoing was served through the ePortal to all counsel of record.

SHAHADY & WURTENBERGER. P.A.

/s/ Julie Feigeles
Julie Feigeles, Esq.
Florida Bar No.: 353604
7900 Peters Road, Ste. B-200
Fort Lauderdale, FL 33324
Tel: (954) 376-5961
feigeles@swlawyers.law

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-24903-CV-ALTONAGA

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

**RISHI KAPOOR**, *et al*.,

      Defendants.

_____/

### <u>SEALED ORDER</u>

THIS CAUSE came before the Court upon Plaintiff, Securities and Exchange Commission's Emergency *Ex Parte* Motion for Asset Freeze and Other Relief Against Defendant Rishi Kapoor and Memorandum of Law [ECF No. 6], which seeks the following orders:

1.     an order freezing the assets of Defendant Rishi Kapoor ("Kapoor");

2.     an order requiring a sworn accounting by Kapoor; and

3.     an order prohibiting the destruction of documents by Kapoor.

The Court has considered the Complaint, the Motion, and the declarations and exhibits submitted in support of this Motion. The Court finds the Commission has made a sufficient and proper showing in support of the relief granted herein by presenting a *prima facie* case showing a reasonable approximation of the likely disgorgement award against Kapoor, which exceeds the amount of assets to be frozen. Accordingly, the Court finds good cause to believe that, unless it imposes an asset freeze, Kapoor could dissipate, conceal, or transfer from the jurisdiction of this Court assets that are likely subject to an order of disgorgement.

Accordingly, the Motion is **GRANTED**. The Court hereby orders the following:

# EXHIBIT A

CASE NO. 23-24903-CV-ALTONAGA

**I.**

## ORDER FREEZING ASSETS

**IT IS ORDERED** that

A.      Kapoor and his directors, officers, agents, servants, employees, attorneys, depositories, banks, insurance companies, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing any assets or property, including, but not limited to, cash, free credit balances, fully paid for securities, crypto assets, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit owned by, controlled by, or in the possession of Kapoor; and

B.      Any financial or brokerage institution, or other person or entity holding any such funds or other assets, in the name of, for the benefit of, or under the control of Kapoor, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known accounts:

| Financial Institution | Name of Account | Account Number |
|---|---|---|
| Bank of America | Rishi Kapoor | X3191 |
| Bank of America | Rishi Kapoor | X0440 |
| JPMorgan Chase Bank | Rishi Kapoor and Jennie Frank | X0006 |
| Ally Bank | Rishi Kapoor | X5554 |
| Ally Bank | Rishi Kapoor | X8655 |

## II.

## SWORN ACCOUNTINGS

**IT IS FURTHER ORDERED** that within fifteen (15) days of the issuance of this Order, Kapoor shall:

A.      make a sworn accounting to the Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares, or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received, directly or indirectly, by any of the Company Defendants[1];

B.      make a sworn accounting to the Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Kapoor or the Company Defendants, jointly or individually, or for his or their direct or indirect beneficial interest, or over which he maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

C.      provide the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts, and deposits of any kind and wherever situation) in which Kapoor and/or the Company Defendants, whether solely or jointly, directly or indirectly (including through a corporation, partnership,

---

[1] The Company Defendants include: Location Ventures, LLC; URBIN, LLC, Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

## III.

## **RECORDS PRESERVATION**

**IT IS FURTHER ORDERED** that Kapoor, his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of the Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of the Court.

## IV.

## **OTHER RELIEF**

**IT IS FURTHER ORDERED** that this Order shall not apply to a receiver appointed by this Court over any of the Company Defendants for the purposes of marshaling and preserving any and all assets of the Company Defendants, and those assets of the Company Defendants that: (i) are attributable to funds derived from investors or clients of the Company Defendants; (ii) are held in constructive trust for the Company Defendants; (iii) were fraudulently transferred by the Company Defendants; and/or (iv) may otherwise be includable under such receivership as assets of the Company Defendants. In addition, this Order does not apply to property of an entity that has filed for bankruptcy and is not a Defendant.

**V.**

**RETENTION OF JURISDICTION**

      **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this matter, Kapoor, and the Company Defendants in order to implement and carry out the terms of all orders and decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court and will order other relief that the Court deems appropriate under the circumstances.

      **DONE AND ORDERED** in Miami, Florida, this 27th day of December, 2023.

                                   *Cecilia M. Altonaga*
                                **CECILIA M. ALTONAGA**
                                **CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-24903-CMA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

RISHI KAPOOR;
LOCATION VENTURES, LLC;
URBIN, LLC;
PATRIOTS UNITED, LLC;
LOCATION PROPERTIES, LLC;
LOCATION DEVELOPMENT, LLC;
LOCATION CAPITAL, LLC;
LOCATION VENTURES RESOURCES, LLC;
LOCATION EQUITY HOLDINGS, LLC;
LOCATION GP SPONSOR, LLC;
515 VALENCIA SPONSOR, LLC;
LV MONTANA SPONSOR, LLC;
URBIN FOUNDERS GROUP, LLC;
URBIN CG SPONSOR, LLC;
515 VALENCIA PARTNERS, LLC;
LV MONTANA PHASE I, LLC;
STEWART GROVE 1, LLC;
STEWART GROVE 2, LLC;
LOCATION ZAMORA PARENT, LLC;
URBIN CORAL GABLES PARTNERS, LLC;
URBIN COCONUT GROVE PARTNERS, LLC;
URBIN MIAMI BEACH PARTNERS, LLC; and
URBIN MIAMI BEACH II PHASE 1, LLC,

        Defendants,

_____/

## ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S EXPEDITED MOTION FOR APPOINTMENT OF RECEIVER, ASSET FREEZE, AND OTHER RELIEF AGAINST THE COMPANY DEFENDANTS

**WHEREAS** Plaintiff Securities and Exchange Commission has filed a Motion for

# EXHIBIT B

Appointment of Receiver, Asset Freeze, and Other Relief Against the Company Defendants,[1] seeking (a) the appointment of a receiver over the Company Defendants, with full and exclusive power, duty, and authority to: administer and manage the business affairs, funds, assets, causes in action, and any other property of the Company Defendants; marshal and safeguard all of its assets; and take whatever actions are necessary for the protection of the investors; (b) an asset freeze against the Company Defendants; (c) an Order requiring sworn accountings by the Company Defendants; and (d) an Order prohibiting the destruction of records by the Company Defendants;

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets the Company Defendants ("Receivership Assets") that: (a) are attributable to funds derived from investors or clients of the Company Defendants; (b) are held in constructive trust for the Company Defendants; (c) were fraudulently transferred by the Company Defendants; and/or (d) may otherwise be includable as assets of the estates of the Company Defendants (collectively, the "Recoverable Assets");

**WHEREAS** the Court also finds that the Commission has made a sufficient and proper showing in support of the relief granted herein by presenting a *prima facie* case showing a

---

[1] The Company Defendants include: Location Ventures, LLC ("LV"), URBIN, LLC ("URBIN"), Patriots United, LLC ("Patriots United"); Location Properties, LLC ("L. Properties"); Location Development, LLC ("L. Development"); Location Capital, LLC ("L. Capital"); Location Ventures Resources, LLC ("L. Resources"); Location Equity Holdings, LLC ("L. Holdings"); Location GP Sponsor, LLC ("L. GP Sponsor"); 515 Valencia Sponsor, LLC ("515 Valencia Sponsor"); LV Montana Sponsor, LLC ("LV Montana Sponsor"); URBIN Founders Group, LLC ("URBIN Founders"); URBIN CG Sponsor, LLC ("URBIN CG Sponsor"); 515 Valencia Partners, LLC ("515 Valencia"); LV Montana Phase I, LLC ("LV Montana"); Stewart Grove 1, LLC ("Stewart Grove 1"); Stewart Grove 2, LLC ("Stewart Grove 2"); Location Zamora Parent, LLC ("L. Zamora Parent"); URBIN Coral Gables Partners, LLC ("URBIN Gables"); URBIN Coconut Grove Partners, LLC ("URBIN Grove"); URBIN Miami Beach Partners, LLC ("URBIN Miami Beach"); and URBIN Miami Beach II Phase 1, LLC ("URBIN Miami Beach II").

reasonable approximation of the likely disgorgement award against the Company Defendants, which exceeds the amount of assets to be frozen, and therefore finds good cause to believe that, unless it imposes an asset freeze, the Company Defendants could dissipate, conceal, or transfer from the jurisdiction of this Court assets that are likely subject to an order of disgorgement;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Company Defendants (the "Receivership Defendants").

2. Until further Order of this Court, Andrés Rivera is hereby appointed to serve without bond as receiver (the "Receiver") for the estate of the Receivership Defendants, including any of its divisions, subsidiaries, affiliates, successors, assigns, and any fictitious business entities or business names created or used by these entities, or any of them.

**I. <u>Asset Freeze</u>**

3. Except as otherwise specified herein, all Receivership Assets and Recoverable Assets are frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of or withdrawing such assets. This freeze shall include, but is not limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms, and mutual funds, including, but not limited to, the following presently known accounts:

3

| Financial Institution | Name of Account | Account Number |
|---|---|---|
| Bank of America | 515 Valencia Partners, LLC | X2161 |
| Bank of America | Location Capital, LLC | X8410 |
| Bank of America | Location Development, LLC | X5835 |
| Bank of America | Location Properties, LLC | X8258 |
| Bank of America | Stewart Grove 1, LLC | X2744 |
| Bank of America | URBIN Coconut Grove Partners, LLC | X3302 |
| Bank of America | URBIN Coral Gables Partners, LLC | X3014 |
| Bank of America | URBIN Miami Beach Partners, LLC | X5493 |
| Bank of America | URBIN, LLC | X3263 |
| First Citizens Bank | 515 Valencia Partners, LLC | X7583 |
| First Citizens Bank | URBIN Coconut Grove Partners, LLC | X0033 |
| First Citizens Bank | URBIN Coral Gables Partners, LLC | X6536 |
| First Citizens Bank | URBIN, LLC | X6544 |
| Professional Bank | URBIN Coral Gables Partners, LLC | X 1346 |
| Woodforest National Bank | 515 Valencia Partners, LLC | X1377 |
| Woodforest National Bank | 515 Valencia Partners, LLC | X1583 |
| Woodforest National Bank | Location Capital, LLC | X1450 |
| Woodforest National Bank | Location Development, LLC | X1393 |
| Woodforest National Bank | Location Properties, LLC | X1385 |
| Woodforest National Bank | Location Ventures Resources, LLC | X1459 |
| Woodforest National Bank | Stewart Grove 1, LLC | X6319 |
| Woodforest National Bank | URBIN Coconut Grove Partners, LLC | X0725 |
| Woodforest National Bank | URBIN Commodore Residential II SPE, LLC | X2879 |
| Woodforest National Bank | URBIN Miami Beach Partners, LLC | X1236 |
| Woodforest National Bank | URBIN, LLC | X6400 |

## II.    **General Powers and Duties of Receiver**

4.    The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of the Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, and Fed. R. Civ. P. 66.

5.    The trustees, directors, officers, managers, employees, investment advisors,

accountants, attorneys, and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors, and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Defendants and shall pursue and preserve all of its claims.

6.      No person holding or claiming any position of any sort with the Receivership Defendants shall possess any authority to act by or on behalf of the Receivership Defendants.

7.      Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

A.      To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, has a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.      To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

C.      To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

D.      To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.      To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Defendants;

5

F.    To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

G.    To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.    The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.    To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.    To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates;

K.    Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

L.    To expand the receivership to include other entities, as permitted by law; and

M.    To take such other action as may be approved by this Court.

## III.   <u>Access to Information</u>

8.    The Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

9.     The Receivership Defendants and the Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers, and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

10.     The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations. As such, it must respond promptly and truthfully to all requests for information and documents from the Receiver.

## IV.     Access to Books, Records, and Accounts

11.     The Receiver is authorized to take immediate possession of all assets, bank accounts, or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Defendants. All persons and entities having control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

12.     The Receivership Defendants, as well as its agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile or electronic mail transmission, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents, and/or employees.

13.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile or electronic mail transmission, or otherwise shall:

A.      Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

B.      Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.      Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.      Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

## V.    **Access to Real and Personal Property**

14.     The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendants, wherever located, including, but not limited to, electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media, or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

15.     The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located, including, but not limited to, all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service,

facsimile or electronic mail transmission, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing, or erasing anything on such premises.

16.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Defendants, or any other person acting or purporting to act on its behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

17.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

## VI.     **Notice to Third Parties**

18.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Defendants as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

19.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Defendants shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendants had received such

payment.

20.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with and/or serve this Order upon any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the Commission.

21.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Defendants shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of the Receivership Defendants, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Defendants. The Receivership Defendants shall not open a new mailbox or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

22.     Subject to payment for services provided, any entity furnishing water, electric,

10

telephone, sewage, garbage, or trash removal services to the Receivership Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VII.    Injunction Against Interference with Receiver

23.    The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile, electronic mail, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.    Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.    Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to concealing, destroying, or altering records or information;

C.    Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or the Receivership Defendants, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date) of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by the Receivership Defendants or which otherwise affects any Receivership Property; or,

D.    Interfere with or harass the Receiver or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

24.    The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

25.     The Receiver shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII.  **Stay of Litigation**

26.     As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

27.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

28.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX.  **Managing Assets**

29.     For the Receivership Estate, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

30.     The Receiver's deposit account shall be entitled in his name as receiver, together with a reference to Location Ventures, LLC.

31.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

32.     Subject to Paragraph 33 immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

33.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

34.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors,

investors, governmental and regulatory authorities, and others as appropriate.

35.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable.

## X.     **Investigate and Prosecute Claims**

36.     Subject to the requirement, in Section VIII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Property.

37.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

38.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by the Receivership Defendants.

39.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI.     Bankruptcy Filing

40.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants. If the Receivership Defendants are placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estate as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for the Receivership Defendants and may therefore file and manage a Chapter 11 petition.

41.     The provisions of Section VII above bar any person or entity, other than the Receiver, from placing the Receivership Defendants in bankruptcy proceedings.

## XII.     Liability of Receiver

42.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

43.     The Receiver and his agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good-faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good-faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them

except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

44.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

45.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIII.   **Recommendations and Reports**

46.     The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

47.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

48.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly

period covered and a second column for the entire duration of the receivership;

D.      A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.      A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.      A list of all known creditors with their addresses and the amounts of their claims;

G.      The status of Creditor Claims Proceedings after such proceedings have been commenced; and,

H.      The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

49.      On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV.    Fees, Expenses, and Accountings

50.      Subject to Paragraphs 52-58 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

51.      Subject to Paragraph 53 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel

without first obtaining an Order of the Court authorizing such engagement.

52. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

53. Beginning for the third quarter of 2023, and within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by Commission staff.

54. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

55. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

56. Each Quarterly Fee Application shall:

    A. Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

        B.      Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

57.     At the close of the Receivership, the Receiver shall submit a Final Accounting in a format to be provided by Commission staff, as well as the Receiver's final application for compensation and expense reimbursement.

## XV.   **Sworn Accounting**

58.     Within forty-five (45) days of the issuance of this Order, the Receivership Defendants shall:

        A.      make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Receivership Defendants, jointly or individually, or for their direct or indirect beneficial interest, or over which he or they maintain control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

        B.      provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts, and deposits of any kind and wherever situation) in which the Receivership Defendants, whether solely or jointly, directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

## XVI.   **Records Preservation**

59.     The Receivership Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures,

manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of the Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## XVII.  **Other Relief**

60.     This Order shall not apply to the Receiver appointed by this Court over Receivership Defendants for the purposes of marshaling and preserving any and all assets of the Receivership Defendants, and those assets of the Receivership Defendants: (a) are attributable to funds derived from investors or clients of the Receivership Defendants; (b) are held in constructive trust for the Receivership Defendants; (c) were fraudulently transferred the Receivership Defendants; and/or (d) may otherwise be includable under such receivership as assets of Receivership Defendants. In addition, this Order does not apply to property of an entity that has filed for bankruptcy and is not a Receivership Defendant.

## XVIII. **Retention of Jurisdiction**

61.     This Court shall retain jurisdiction over this matter, Defendants, and the Receivership Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Chambers in Miami, Florida this ____ day of January 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record