UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24903-CMA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

RISHI KAPOOR, etc., et al,

        Defendants.
_____/

# **EXHIBIT B**

Listing Agreement

## Exclusive Right of Sale Listing Agreement

1. This Exclusive Right of Sale Listing Agreement ("Agreement") is between
2\* _____ 7233 LOS PINOS, LLC _____ ("**Seller**")
3\* and _____ BOSCHETTI REALTY GROUP _____ ("**Broker**").

4  **1. Authority to Sell Property:** **Seller** gives **Broker** the EXCLUSIVE RIGHT TO SELL the real and personal
5     property (collectively "Property") described below, at the price and terms described below, beginning
6\*   __February 16, 2024__ and terminating at 11:59 p.m. on __February 16, 2025__ ("Termination Date"). Upon
7     full execution of a contract for sale and purchase of the Property, all rights and obligations of this Agreement will
8     automatically extend through the date of the actual closing of the sales contract. **Seller** and **Broker** acknowledge
9     that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race,
10    color, religion, sex, handicap, familial status, national origin, or any other factor protected by federal, state, or local
11    law. **Seller** certifies and represents that she/he/it is legally entitled to convey the Property and all improvements.

12 **2. Description of Property:**
13\*   (a) **Street Address:** 7233 LOS PINOS BLVD, CORAL GABLES, FL 33143
14
15\*        Legal Description: COCOPLUM SEC 1 PB 99-39 LOT 5 BLK 9 LOT SIZE 17641 SQ FT
16\*        ☐ See Attachment
17\*   (b) **Personal Property, including appliances:** _____
18\*        ☐ See Attachment
19    (c) **Occupancy:**
20\*        Property ☐ is  ☒ is not currently occupied by a tenant. If occupied, the lease term expires _____.

21 **3. Price and Terms:** The property is offered for sale on the following terms or on other terms acceptable to **Seller**:
22\*   (a) **Price:** $8,495,000.00
23\*   (b) **Financing Terms:** ☒ Cash  ☒ Conventional  ☐ VA  ☐ FHA  ☐ Other (specify) _____
24\*        ☐ **Seller** Financing: **Seller** will hold a purchase money mortgage in the amount of $_____
25\*        with the following terms: _____
26\*        ☐ Assumption of Existing Mortgage: Buyer may assume existing mortgage for $_____ plus
27\*        an assumption fee of $_____. The mortgage is for a term of _____ years beginning in
28\*        _____, at an interest rate of _____% ☐ fixed  ☐ variable (describe) _____.
29\*        Lender approval of assumption ☐ is required  ☐ is not required  ☐ unknown. **Notices to Seller:** (1) You may
30           remain liable for an assumed mortgage for a number of years after the Property is sold. Check with your
31           lender to determine the extent of your liability. **Seller** will ensure that all mortgage payments and required
32           escrow deposits are current at the time of closing and will convey the escrow deposit to the buyer at closing.
33           (2) Extensive regulations affect **Seller** financed transactions. It is beyond the scope of a real estate licensee's
34           authority to determine whether the terms of your **Seller** financing agreement comply with all applicable laws
35           or whether you must be registered and/or licensed as a loan originator before offering **Seller** financing. You
36           are advised to consult with a legal or mortgage professional to make this determination.
37\*   (c) **Seller Expenses:** **Seller** will pay mortgage discount or other closing costs not to exceed _____% of the
38        purchase price and any other expenses **Seller** agrees to pay in connection with a transaction.

39 **4. Broker Obligations:** **Broker** agrees to make diligent and continued efforts to sell the Property in accordance with
40    this Agreement until a sales contract is pending on the Property.

41 **5. Multiple Listing Service:** Placing the Property in a multiple listing service (the "MLS") is beneficial to **Seller**
42    because the Property will be exposed to a large number of potential buyers. As a MLS participant, **Broker** is
43    obligated to enter the Property into the MLS within one (1) business day of marketing the Property to the public
44    (see Paragraph 6(a)) or as necessary to comply with local MLS rule(s). This listing will be published accordingly in
45    the MLS unless **Seller** directs **Broker** otherwise in writing. (See paragraph 6(b)(i)). **Seller** authorizes **Broker** to
46    report to the MLS this listing information and price, terms, and financing information on any resulting sale for use
47    by authorized Board / Association members and MLS participants and subscribers unless **Seller** directs **Broker**
48    otherwise in writing.

6. **Broker Authority: Seller** authorizes **Broker** to:
   (a) Market the Property to the Public (unless limited in Paragraph 6(b)(i) below):
       (i) Public marketing includes, but is not limited to, flyers, yard signs, digital marketing on public facing websites, brokerage website displays (i.e. IDX or VOW), email blasts, multi-brokerage listing sharing networks and applications available to the general public.
       (ii) **Public marketing also includes marketing the Property to real estate agents outside Broker's office.**
       (iii) Place appropriate transaction signs on the Property, except if Paragraph 6(b)(i) is checked below.
       (iv) Use **Seller's** name in connection with marketing or advertising the Property.
       ☐ Display the Property on the Internet except the street address.
   (b) Not Publicly Market to the Public/Seller Opt-Out:
       (i) ☐ **Seller** does not authorize **Broker** to display the Property on the MLS.
       (ii) **Seller** understands and acknowledges that if **Seller** checks option 6(b)(i), a For Sale sign will not be placed upon the Property and
       (iii) **Seller** understands and acknowledges that if **Seller** checks option 6(b)(i), **Broker** will be limited to marketing the Property only to agents within **Broker's** office.
       _____ /_____  **Initials of Seller**
   (c) Obtain information relating to the present mortgage(s) on the Property.
   (d) Provide objective comparative market analysis information to potential buyers.
   (e) (**Check if applicable**) ☐ Use a lock box system to show and access the Property. A lock box does not ensure the Property's security. **Seller** is advised to secure or remove valuables. **Seller** agrees that the lock box is for **Seller's** benefit and releases **Broker**, persons working through **Broker**, and **Broker's** local Realtor Board / Association from all liability and responsibility in connection with any damage or loss that occurs.
       ☐ Withhold verbal offers.  ☐ Withhold all offers once **Seller** accepts a sales contract for the Property.
   (f) Act as a single agent of **Seller**.
   (g) **Virtual Office Websites:**  Some real estate brokerages offer real estate brokerage services online. These websites are referred to as Virtual Office Websites ("VOWs"). An automated estimate of market value or reviews and comments about a property may be displayed in conjunction with a property on some VOWs. Anyone who registers on a VOW may gain access to such automated valuations or comments and reviews about any property displayed on a VOW. Unless limited below, a VOW may display automated valuations or comments and reviews about this Property.
       ☐ **Seller** does not authorize an automated estimate of the market value of the listing (or a hyperlink to such estimate) to be displayed in immediate conjunction with the listing of this Property.
       ☐ **Seller** does not authorize third parties to write comments or reviews about the listing of the Property (or display a hyperlink to such comments or reviews) in immediate conjunction with the listing of this Property.

7. **Seller Obligations:**  In consideration of **Broker's** obligations, **Seller** agrees to:
   (a) Cooperate with **Broker** in carrying out the purpose of this Agreement, including referring immediately to **Broker** all inquiries regarding the Property's transfer, whether by purchase or any other means of transfer.
   (b) Recognize **Broker** may be subject to additional MLS obligations and potential penalties for failure to comply with them.
   (c) Provide **Broker** with keys to the Property and make the Property available for **Broker** to show during reasonable times.
   (d) Inform **Broker** before leasing, mortgaging, or otherwise encumbering the Property.
   (e) Indemnify **Broker** and hold **Broker** harmless from losses, damages, costs, and expenses of any nature, including attorney's fees, and from liability to any person, that **Broker** incurs because of (1) **Seller's** negligence, representations, misrepresentations, actions, or inactions; (2) the use of a lock box; (3) the existence of undisclosed material facts about the Property; or (4) a court or arbitration decision that a broker who was not compensated in connection with a transaction is entitled to compensation from **Broker**. This clause will survive **Broker's** performance and the transfer of title.
   (f) Perform any act reasonably necessary to comply with FIRPTA (Section 1445 of the Internal Revenue Code).
   (g) Make all legally required disclosures, including all facts that materially affect the Property's value and are not readily observable or known by the buyer. **Seller** certifies and represents that **Seller** knows of no such material facts (local government building code violations, unobservable defects, etc.) other than the following:
       _____
       **Seller** will immediately inform **Broker** of any material facts that arise after signing this Agreement.
   (h) Consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting requirements, and other specialized advice.

8. **Compensation:** **Seller** will compensate **Broker** as specified below for procuring a buyer who is ready, willing, and able to purchase the Property or any interest in the Property on the terms of this Agreement or on any other terms acceptable to **Seller**. **Seller** will pay **Broker** as follows (plus applicable sales tax):

   (a) _____6__% of the total purchase price plus $_____ OR $_____, no later than the date of closing specified in the sales contract. However, closing is not a prerequisite for **Broker's** fee being earned.

   (b) _____ ($ or %) of the consideration paid for an option, at the time an option is created. If the option is exercised, **Seller** will pay **Broker** the Paragraph 8(a) fee, less the amount **Broker** received under this subparagraph.

   (c) _____ ($ or %) of gross lease value as a leasing fee, on the date **Seller** enters into a lease or agreement to lease, whichever is earlier. This fee is not due if the Property is or becomes the subject of a contract granting an exclusive right to lease the Property.

   (d) **Broker's** fee is due in the following circumstances: (1) If any interest in the Property is transferred, whether by sale, lease, exchange, governmental action, bankruptcy, or any other means of transfer, regardless of whether the buyer is secured by **Seller**, **Broker**, or any other person. (2) If **Seller** refuses or fails to sign an offer at the price and terms stated in this Agreement, defaults on an executed sales contract, or agrees with a buyer to cancel an executed sales contract. (3) If, within _____ days after Termination Date ("Protection Period"), **Seller** transfers or contracts to transfer the Property or any interest in the Property to any prospects with whom **Seller**, **Broker**, or any real estate licensee communicated regarding the Property before Termination Date. However, no fee will be due **Broker** if the Property is relisted after Termination Date and sold through another broker.

   (e) **Retained Deposits:** As consideration for **Broker's** services, **Broker** is entitled to receive _____% (50% if left blank) of all deposits that **Seller** retains as liquidated damages for a buyer's default in a transaction, not to exceed the Paragraph 8(a) fee.

9. **Cooperation with and Compensation to Other Brokers: Notice to Seller:** The buyer's broker, even if compensated by **Seller** or **Broker**, may represent the interests of the buyer. **Broker's** office policy is to cooperate with all other brokers except when not in **Seller's** best interest and to offer compensation in the amount of ☒ _____3__% of the purchase price or $_____ to a single agent for the buyer; ☒ _____3__% of the purchase price or $_____ to a transaction broker for the buyer; and ☐ _____% of the purchase price or $_____ to a broker who has no brokerage relationship with the buyer. ☐ None of the above. (If this is checked, the Property cannot be placed in the MLS.)

10. **Brokerage Relationship:**

<strong>SINGLE AGENT NOTICE</strong>

**FLORIDA LAW REQUIRES THAT REAL ESTATE LICENSEES OPERATING AS SINGLE AGENTS DISCLOSE TO BUYERS AND SELLERS THEIR DUTIES.**

As a single agent, _____BOSCHETTI REALTY GROUP_____ and its associates owe to you the following duties:

1. Dealing honestly and fairly;
2. Loyalty;
3. Confidentiality;
4. Obedience;
5. Full Disclosure;
6. Accounting for all funds;
7. Skill, care, and diligence in the transaction;
8. Presenting all offers and counteroffers in a timely manner, unless a party has previously directed the licensee otherwise in writing; and
9. Disclosing all known facts that materially affect the value of residential real property and are not readily observable.

_____   2/16/2024
Signature                                 Date

_____   _____
Signature                                 Date

157   **11. Conditional Termination:** At **Seller's** request, **Broker** may agree to conditionally terminate this Agreement. If
158         **Broker** agrees to conditional termination, **Seller** must sign a withdrawal agreement, reimburse **Broker** for all direct
159*        expenses incurred in marketing the Property, and pay a cancellation fee of $_____ plus
160         applicable sales tax. **Broker** may void the conditional termination, and **Seller** will pay the fee stated in Paragraph
161         8(a) less the cancellation fee if **Seller** transfers or contracts to transfer the Property or any interest in the Property
162         during the time period from the date of conditional termination to Termination Date and Protection Period, if
163         applicable.

164   **12. Dispute Resolution:** This Agreement will be construed under Florida law. All controversies, claims, and other
165         matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be
166         settled by first attempting mediation under the rules of the American Arbitration Association or other mediator
167         agreed upon by the parties. If litigation arises out of this Agreement, the prevailing party will be entitled to recover
168         reasonable attorney's fees and costs, unless the parties agree that disputes will be settled by arbitration as follows:
169*        **Arbitration:** By initialing in the space provided, **Seller** (____) (____), Sales Associate (____), and **Broker** (____)
170         agree that disputes not resolved by mediation will be settled by neutral binding arbitration in the county in which
171         the Property is located in accordance with the rules of the American Arbitration Association or other arbitrator
172         agreed upon by the parties. Each party to any arbitration (or litigation to enforce the arbitration provision of this
173         Agreement or an arbitration award) will pay its own fees, costs, and expenses, including attorney's fees, and will
174         equally split the arbitrator's fees and administrative fees of arbitration.

175   **13. Miscellaneous:** This Agreement is binding on **Seller's** and **Broker's** heirs, personal representatives,
176         administrators, successors, and assigns. **Broker** may assign this Agreement to another listing office. This
177         Agreement is the entire agreement between **Seller** and **Broker**. No prior or present agreements or representations
178         will be binding on **Seller** or **Broker** unless included in this Agreement. Electronic signatures are acceptable and
179         will be binding. Signatures, initials, and modifications communicated by facsimile will be considered as originals.
180         The term "buyer" as used in this Agreement includes buyers, tenants, exchangors, optionees, and other categories
181         of potential or actual transferees.

182*  **14. Additional Terms:** _____
183   _____
184   _____
185   _____
186   _____

187*  **Seller's Signature:** _[signature]_____   Date: __02.16.24__
188*  Home Telephone: _____  Work Telephone: _____  Facsimile: _____
189*  Address: __7233 Los Pinos Blvd, Coral Gables, FL, 33143_____
190*  Email Address: _____
191*  **Seller's Signature:** _Jennis Fran_____   Date: __02.16.24__
192*  Home Telephone: _____  Work Telephone: _____  Facsimile: _____
193*  Address: _____
194*  Email Address: __7233 Los Pinos Blvd, Coral Gables, FL, 33143_____
195*  **Authorized Sales Associate or Broker:** _____[MB]_____   Date: __2/16/2024__
196*  Brokerage Firm Name: ____BOSCHETTI REALTY GROUP_____  Telephone: _____
197*  Address: _____5701 Sunset Dr, Suite #128, South Miami, FL 33143_____

198*  | Copy returned to **Seller** on _____ by ☐ email ☐ facsimile ☐ mail ☐ personal delivery. |

Florida REALTORS® makes no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its Code of Ethics. The copyright laws of United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized forms.

Seller _[signatures]_ (____) and Broker/Sales Associate (__MB__) (____) acknowledge receipt of a copy of this page, which is Page 4 of 4.

ERS-17sa   Rev 5/2020                                                                                  ©2020 Florida Realtors®

Serial#: 031313-800170-8115986

Form Simplicity