UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24903-JB

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

RISHI KAPOOR, et al.,

       Defendants.

_____/

## NON-PARTY DANIEL J. MOTHA'S MOTION QUASH SUBPOENA

Pursuant to Rule 45(d)(3), Non-Party Daniel J. Motha ("Motha") moves to quash the subpoena served on him by Plaintiff Securities and Exchange Commission (the "SEC") and seeks an award for attorneys' fees and costs associated with bringing the instant motion.

## I.    INTRODUCTION

According to the Complaint filed by the SEC, this case relates to misrepresentations and omissions to investors by Defendant Rishi Kapoor and entities controlled by or associated with him. Motha is not a party to this action and he has not been indemnified by the company, Location Ventures. The Complaint does not even allege that Motha was involved in or witness to Defendants' purported scheme. Indeed, the Complaint itself makes no reference to Motha that would establish his relevance to the claims at issue in this matter. Nevertheless, the SEC served a subpoena on Motha (again, a non-party) that seeks the production of a massive amount of information, 8 years of communications—emails, texts and every other form of verbal or written communication—between Motha and *ten* individuals (including Defendant Rishi Kapoor and Receiver Alan Fine), as well as 8 years of Motha's personal tax returns.

During the meet and confers that preceded this motion, the SEC made no showing of relevancy or necessity that would justify this wholesale fishing expedition through Motha's communications and confidential tax records. Accordingly, the subpoena must be quashed and an award of reasonable attorneys' fees and costs must be granted pursuant to Fed. R. Civ. Pro 45(d)(1).

## II.   **<u>BACKGROUND</u>**

### A.   <u>The Subpoena</u>

On or about June 28, 2023, the SEC served a subpoena on Motha seeking a significant and burdensome amount of discovery. *See* Ex. A. After producing some documents pursuant to the subpoena, Motha, due to a number of factors, invoked his Fifth Amendment account of production privilege in correspondence with the SEC on May 3, 2024. The SEC did not contest the Fifth Amendment objection.

However, to circumvent the Fifth Amendment, on June 10, 2024, the SEC served Motha with an Amended Subpoena Attachment. *See* Ex. B. The Amended Subpoena called for "[a]ll communications" between Motha and Defendant Rishi Kapoor, Receiver Alan Fine, and 13 other individuals, as well as federal and state tax returns for 2016 through 2023. The Amended Subpoena did not limit the subject matter of the communications to ensure that those produced were reasonably calculated to lead to the discovery of admissible evidence. Nor did the Amended Subpoena include any time limitation. Instead, the SEC requested *all* communications, regardless of relevance or time, including those that the SEC could (and must) obtain from Defendant Kapoor and/or the Receiver.  The cost of complying with the Amended Subpoena, which requested an enormous amount of ESI, could be significant, and all that cost would have to be borne by Motha himself, who is not currently employed.

2

Following a meet and confer on June 26 and 27, 2024, during which Motha's counsel raised the foregoing concerns, the SEC further amended the subpoena. *See* Ex. C. In doing so, the SEC withdrew the request for communications between Motha and five other nonparties (limiting their demand to "only" ten counter-parties). Further, the SEC agreed, in their June 27th email, to: (1) limit the scope of time to communications between January 1, 2016 and the date of the filing of the Complaint (*i.e.,* December 23, 2023) and, (2) withdraw its request for emails sent to and from dmotha@location.ventures (Motha's work email account), but *only* if Motha agreed to produce all the other requested documents. Notably, the @location.ventures emails are already within the Receiver's possession.   The remaining portions of the Amended Subpoena, including its definitions and instructions, were left unchanged.

As part of the meet and confer process, the SEC indicated that Motha should "file any motion to quash on or before July 10 to avoid an argument as to the timeliness of such motion." *Id.* Accordingly, this motion is timely.

## III.    <u>LEGAL STANDARD</u>

Rule 45 of the Federal Rules of Civil Procedure requires that a party serving a subpoena "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." *See* Fed. R. Civ. P. 45(d)(1).  Accordingly, "[o]n timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Further, Rule 45 is clear that courts "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id*. 45(d)(2)(B)(ii).

3

In determining whether a Rule 45 subpoena is proper, courts have held that the "scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hurtado v. Balerno Int'l Ltd., No. 17-62200-CIV, 2019 WL 8160703, at *1 (S.D. Fla. Jan. 10, 2019).* "[W]hile the scope of relevant discovery is broad, it is not without limits. A district court has discretion to limit discovery of relevant material upon a determination the sought discovery is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit." *Gates v. Travelers Commercial Ins. Co.*, No. 3:12-CV-349-J-32TEM, 2012 WL 6186415, at *2 (M.D. Fla. Dec. 12, 2012). Federal courts must balance the interest of the party requesting the production against the subpoena recipient's interest in keeping that information confidential. *See Farnsworth v. Proctor & Gamble Co*., 758 F.2d 1545, 1547 (11th Cir.1985).

Moreover, non-party status is an important factor considered by courts in weighing the burdens imposed in providing the requested discovery. *See Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003); *see also* Rule 45(d)(2)(B)(ii). "The somewhat limited case law concerning non-party production of discovery materials reveals there is a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by the request and the particularity with which the documents are described against the burden imposed on the person ordered to produce the desired information." *Schaaf v. SmithKline Beecham Corp*., 06-CV-120-J-25TEM, 2006 WL 2246146 (M.D. Fla. Aug. 4, 2006); *see also Klay v. All Defendants*, 425 F. 3d 977, 984 (11th Cir. 2005) ("In ruling on a motion to compel, the court must protect nonparties from 'significant expense.'"); *Cusumano v. Microsoft Corp*., 162 F.3d 708, 717

(1st Cir.1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in Rule 45 inquiry).

IV.    **ARGUMENT**

      A.    Requests 1(a) Through 1(j) Must be Quashed Because They Subject Motha to an Undue Burden.

Requests 1(a) through 1(j) seek "[a]ll communications" between Motha and ten individuals, including Defendant Kapoor and Receiver Fine, for the period of January 1, 2016 through December 23, 2023, except for emails sent to and from dmotha@location.ventures (which are already within Receiver Fine's possession). On its face, these requests subject Motha to an undue burden and must be quashed.

"With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request." *D'Aprile v. Unum Life Ins. Co. of Am.*, No. 2:09-CV-270-FTM36SPC, 2010 WL 3043220, at *2 (M.D. Fla. July 30, 2010). Each of the foregoing factors weighs in favor of quashing the subpoena.

*First*, the Subpoena seeks the production of "all communications" between Motha and ten individuals, including Defendant Kapoor and the Receiver. Requests 1(a) through 1(j) do not include a subject matter limitation, and thus necessarily seek irrelevant communications that are not reasonably calculated to lead to the discovery of admissible evidence. *See Schaaf*, 2006 WL 2246146 at *2 (quashing Rule 45 subpoena to nonparty where the "subpoena fails to describe the documents sought with any particularity and requires an individual, who is not a party to the lawsuit, to search both his personal and business records and to produce every company generated document of his employer that is in his possession, custody or control, for a ten year period.").

*Second*, the SEC cannot set forth a "need" for the communications requested. The Receiver, as an example, has access to all the work emails of Location Ventures. And presumably Mr. Kapoor, the defendant and a party to the case, has access to all his communications with Motha. The SEC can (and must) make a request for those communications from parties to the case before seeking to force a nonparty to bear the burden of such a production. *See New Hampshire Indem. Co. Inc. v. Reid*, No. 3:05-CV-1280-J-12, 2006 WL 1760624, at *1 (M.D. Fla. June 23, 2006) ("[I]f Defendants can obtain the information, or substantially similar information, from one of its own clients or another party, then it should attempt to obtain such information from those sources before filing a motion asking to compel a nonparty to produce discovery").

*Third*, the SEC cannot justify the unfettered breadth of the requests for communications. Request 1(a) through 1(j) seek communication by any means, including email, text, chat, or otherwise, over a massive 8-year period, without a subject-matter limitation. The over-breadth of the requests is evident on its face. The overbreadth is all the more egregious given the significant expense that Motha would be forced to incur in order to obtain, review, and produce the requested communications, which must first be collated in an electronic database, then sifted through and checked for any privileged communications. *See Klay*, 425 F. 3d at 984 ("In ruling on a motion to compel, the court must protect nonparties from 'significant expense.'").

Based on the foregoing, and in light of Motha's status as a non-party, Requests 1(a) through 1(j) must be quashed.

B.     <u>Request 2 Must Be Quashed Because It Requires Disclosure of Personal Tax Returns that are Neither Relevant Nor Necessary To *SEC v. Kapoor*.</u>

Request 2 seeks Motha's federal and state income tax returns for tax years 2016 through 2023. However, federal law provides a taxpayer with a right to the privacy of his tax returns. *See*

26 U.S.C. § 6103.[1] Production of tax-related information, therefore, "should not ordinarily be required unless a high burden is met." *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CFV-GOLD, 2003-1 USTC P 50, 319, 2001 WL 34079319, *2 (S. D. Fla. Nov. 1, 2001). Indeed, "[a]lthough tax returns are not privileged, there is a public policy against their disclosure unless (1) it clearly appears that they are relevant to the subject matter of the action, and (2) a compelling need is shown because the information contained therein is not otherwise available." *Id.; see also, Hayden v. Urvan*, No. 21-CV-82051, 2022 WL 3024818, at *6 (S.D. Fla. July 27, 2022) (denying disclosure of tax returns where Court did not find them "relevant and proportional to the needs of this case"); *Roseman v. Sports and Recreation*, 165 F. R. D. 108, 112-13 (M. D. Fla. 1996) (denying disclosure of tax returns where information found not to be relevant to issues in litigation).

As set forth above, Motha is not named in the Complaint as a party or even a relevant witness. The SEC has provided no justification for seeking Motha's personal tax returns. Nor can it. Motha's tax returns are not clearly relevant to this matter. And even if they did contain some information that might be relevant, the SEC has not (and cannot) establish that Motha's tax returns are the only source from which such information can be gleaned. Accordingly, this Court must quash Request 2.

---

[1] Florida state law provides comparable protections. The Florida Constitution specifically recognizes a constitutional right of privacy, which encompasses the right to financial privacy. E.g., Fla. Const. Art. I, § 23; Mogul v. Mogul, 730 So. 2d 1287, 1290 (Fla. 5th DCA 1999). Florida law requires the trial court to conduct an in camera review of the requested tax returns to determine whether the need for the information overrides the privacy rights of the tax filer. E.g., Ross v. Fly Me To The Moon, LLC, 818 So. 2d 681, 682 (Fla. 4th DCA 2002); Voytish v. Ozyez, 695 So. 2d 1301, 1302 (Fla. 4th DCA 1997).

C.      Non-Party Motha is Entitled to an Award of Attorneys' Fees

Rule 45(d)(1) provides:

> A party or attorney responsible for issuing and serving a subpoena
> must take reasonable steps to avoid imposing undue burden or
> expense on a person subject to the subpoena. The court for the
> district where compliance is required must enforce this duty and
> impose an appropriate sanction—which may include lost earnings
> and reasonable attorney's fees—on a party or attorney who fails to
> comply.

Fed. R. Civ. P. 45(d)(1).

As set forth above, on its face, this subpoena imposes undue burden and expense on Motha.

Motha has explained all these issue to the SEC, but the SEC has refused to withdraw or

appropriately tailor the subpoena.  The SEC's refusal to withdraw or amend the subpoena to

comply with Rule 45 forced Motha to bring the instant motion. Accordingly, Motha is entitled to

an award of all reasonable attorneys' fees and costs incurred as a result of the non-compliant

subpoena.

**V.      CONCLUSION**

For the reasons set forth above, the subpoena must be quashed and an award of attorneys'

fees and costs entered for Motha.

*** 

**CERTIFICATE OF PRE-FILING CONFERENCE**

In accordance with Local Rule 7.1(a)(3), the undersigned counsel certify that, on June 26,

2024 by phone and on June 27, 2024 by email, counsel for Motha conferred with all parties or

nonparties who may be affected by the relief sought in this motion in a good faith effort to resolve

the issues raised herein, but the parties were unable to reach a resolution.

Dated: July 10, 2024                          Respectfully submitted,

                                              **DYNAMIS LLP**

                                              */s/ Constantine P. Economides*
                                              Constantine P. Economides (FBN. 118177)
                                              Eric S. Rosen (*pro hac vice* to be filed)
                                              1111 Brickell Ave., 10th Fl.
                                              Miami, FL 33131
                                                 Tel: (305) 985-2959
                                              Email: ceconomides@dynamisllp.com

                                              *Counsel for Non-Party Daniel J. Motha*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 10th day of July, 2024. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

*/s/ Constantine P. Economides*
Constantine P. Economides (FBN. 118177)
