UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-24903-CIV-JB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.,

    Defendants.

_____/

**CREDITOR LOS PINOS ACQUISITION, LLC'S RESPONSE TO DEFENDANT RISHI KAPOOR'S MOTION TO EXTEND FORECLOSURE STAY PERIOD ON 7233 LOS PINOS BOULEVARD -AND- CROSS-MOTION FOR ATTORNEYS' FEES**

Creditor, Los Pinos Acquisition, LLC ("Lender"), hereby files this, its response to *Defendant Rishis Kapoor's Motion to Extend Foreclosure Stay Period on 7233 Los Pinos Boulevard* [DE 217] ("Motion to Extend Stay" or the "Motion") and cross-moves for an award of attorneys' fees based upon Defendant's failure to comply with Local Rule 7.1

**I.   INTRODUCTION AND ADOPTION OF RECEIVER'S RESPONSE [DE 227].**

Bernice C. Lee, as Receiver over the Receiver Companies ("Receiver"), sets forth in her response [DE 227] five (5) reasons why the Motion to Stay must be denied, as well as the relevant procedural background. So as to avoid burdening this Court with unnecessary and redundant briefing, Lender adopts and incorporates herein all arguments raised by the Receiver in her response [DE 227]. For ease of reference, and in furtherance of consistency, Lender shall adopt and utilize herein those definitions employed by the Receiver in her response.

As explained in the ensuing sections, Lender supplements the record in this litigation with additional information in order to put before this Court relevant information that may be utilized

in oral argument. Lender further asserts *two additional* arguments justifying denial of the Motion to Stay:

- *One*, this Court lacks subject matter jurisdiction to relieve Mr. Kapoor and Los Pinos from the settlement agreement reached in the Bankruptcy Case, as that settlement agreement was reduced to a final order entered by the bankruptcy court. The relief sought in the Motion to Extend Stay constitutes an impermissible, judicial rewriting of the settlement agreement for which can only occur in the bankruptcy court which did not retain jurisdiction.

- *Two*, a stay is not necessary for Los Pinos to sell the Property, as a mortgagor possesses the statutory right of redemption prescribed by Florida Statute § 45.031 up to the issuance of the certificate of sale. There is no pending foreclosure judgment or sale and, thus, R. Kapoor is not prohibited from selling the Property.

Lender further seeks an award of attorneys' fees against Mr. Kapoor's based upon his willful and wholesale violation of Local Rule 7.1(a)(3).

## II.   SUPPLEMENT OF RECORD TO REFUTE MR. KAPOOR'S LATEST GRIFT.

On March 25, 2024, Los Pinos, filed a voluntary Chapter 11 bankruptcy petition, initiating the Bankruptcy Case. Both Lender and Receiver sought dismissal or abstention in the bankruptcy proceedings. There is no legitimate dispute that Mr. Kapoor's filing of Bankruptcy Case was a violation of the Asset Freeze Order. Nor is there any legitimate dispute that this violation has harmed the Receivership Estate. The harm is continuing in nature. As of the date of the filing of this response, Lender estimates the harm to be in excess of $1,000,000.

To the extent this Court believes a more detailed review of the record in the Bankruptcy Case is helpful, Lender attaches the following documents as Exhibits to this Response:

**[TABLE APPEARS ON NEXT PAGE]**

| DOCUMENT | EXHIBIT |
|---|---|
| Lender's Motion to Dismiss Bankruptcy as a "Bad Faith" Filing, Etc. dated April 16, 2024 [BR. DE 24] | A |
| Receiver's Motion to Dismiss Bankruptcy or Abstain dated April 17, 2024 [BR. DE 27] | B |
| Transcript of 341 Meeting of Creditors dated April 30, 2024 | C |
| Hearing Transcript of Settlement Read Into the Record B.R. ECF # 24, 31, 36, 40, 66, 70 dated May 22, 2024. | D |
| Property Appraisal | E |

(Exhibits A through D are the "Supplemented Record.")

Lender places the Supplemental Record into this Case for purposes of refuting any false or misleading information characterization by Mr. Kapoor of what precisely transpired in the Bankruptcy Case. Succinctly stated, there is no "who done it" mystery as to why the Property has not sold. The Motion to Extend Stay inferentially suggests that Mr. Kapoor and his attorneys did not know the stay expired in summer or that it is "rainy" in the summertime, as they argue this is why the stay is necessary. Indeed, Mr. Kapoor's argument lacks candor as must as it is devoid from reality. The Property has not sold because Mr. Kapoor has inappropriately overpriced the Property.

### III. ADDITIONAL ARGUMENTS JUSTIFYING DENIAL OF MOTION.

#### A. This Court Lacks Subject Matter Jurisdiction to Extend the Stay.

The Motion to Extend Stay is an impermissible attack on a bankruptcy settlement agreement <u>reduced to a non-appealed final order</u>. This Court lacks subject matter jurisdiction to alter the terms of the settlement agreement and, instead, is solely limited to enforcing the order.

Receiver, Lender, Los Pinos (Debtor) and Mr. Kapoor (individually and on behalf of Los Pinos and its owner, Kapoor LLC) reached a settlement agreement (the "Settlement Agreement") in the Bankruptcy Case.  The terms of the Settlement Agreement were read into the record and incorporated into the Bankruptcy Case through entry of the *Order Dismissing Case with Prejudice* ("Bankr. Dismissal Order").  *See* Bankr. Case at DE 97 (stating ". . . At hearing [the Parties]…announced a resolution which has now been incorporated into an *Agreed Order Granting in Part Rishi Kapoor's Motion to Stay State Court Proceedings*….").

Here, Bankr. Dismissal Order constitutes a final order from the Bankruptcy Case and, thus, this Court's modification jurisdiction is limited solely to hearing appeals from final judgments, orders, and decrees of the Bankruptcy Case  *See Smith v. Slott*, 683 F. Supp. 3d 1331 (S.D. Fla. 2023).  Although the Agreed Order disposes of the Motion to Stay filed in this case, this Court does not possess subject matter jurisdiction because the terms of the Agreed Order constitute the Settlement Agreement reached and ratified in the Bankruptcy Case by the bankruptcy court.  Its submission to this Court simply constituted a ministerial task called for under Bankr. Dismissal Order.  Stated differently, the Agreed Order's submission and entry by this Court in this case constitutes a ministerial task required under Settlement Agreement in the Bankruptcy Case whereas the substantive terms of the Settlement Agreement fall solely within the jurisdiction of the bankruptcy court.  This Court's jurisdiction is limited only to enforcing the Agreed Order which outlines the settlement reached, not modifying or rewriting the agreement itself. *See generally, In re Optical Techs., Inc.*, 425 F.3d 1294 (11th Cir. 2005); and, *Smith*, 683 F. Supp. 3d 1331 (both discussing limited jurisdiction of a district court or appeals court regarding a bankruptcy order).

Even if this Court were to assume jurisdiction exists, this Court cannot grant the relief sought, as such an action would constitute an impermissible judicial rewriting of the Settlement

Agreement itself. Such a decree constitutes reversable error. *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1534 (11th Cir. 1994) ("It is well settled that a court cannot rewrite the terms of a contract in an attempt to make otherwise valid contract terms more reasonable for a party or to fix an apparent improvident bargain."); *Travelers Indem. Co. of Connecticut v. Richard Mckenzie & Sons, Inc.*, 10 F.4th 1255, 1264 (11th Cir. 2021) ("We 'may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.'"); *Capital One v. M/Y VOYAGER*, 09-20960-CIV, 2009 WL 4782127, at *5 (S.D. Fla. Dec. 7, 2009) ("[I]t is a basic principle of contract law that 'judicial equitable notions cannot override unambiguous contractual rights.'"); *United States v. City of Fort Pierce*, 08-14309-CIV, 2011 WL 13174650, at *2 (S.D. Fla. July 11, 2011) ("When interpreting the language of a consent decree, the '[l]ong standing precedent evinces a strong public policy against judicial rewriting of consent decrees.'").

### B. Los Pinos Maintains a Right of Redemption Until a Certificate of Sale Is Issued.

Mr. Kapoor's Motion to Extend Stay to "sell" the Property ignores the basic fact that the Property may *still* be sold during the pendency of the foreclosure litigation. This is a mortgagor possess a statutory right of redemption until issuance of certificate of title. *See* § 45.031, Fla. Stat. Ann.. *Echeverry v. Deutsche Bank Nat'l Tr. Co.*, 230 So. 3d 40, 41 (Fla. 4th DCA 2017); *In re Jaar*, 186 B.R. 148, 155 (Bankr. M.D. Fla. 1995). Thus, R. Kapoor's stay is unnecessary, as there is no foreclosure sale pending. Had Mr. Kapoor's counsel conferred with either Lender or Receiver's counsel, either or both could have informed counsel of such elementary foreclosure law.

### IV. REQUEST FOR ATTORNEYS' FEES.

In addition to summarily denying the Motion to Extend Stay for failure to comply with Local Rule 7.1, Lender requests an award of attorneys' fees for the necessity of filing a response.

Local Rule 7.1 expressly requires an incorporated "memorandum of law" and a certificate of conferral memorializing a pre-filing conferral or attempt to confer. *Id.* at S.D. Fla. L.R. 7.1(a)(1) (unless exempted, "[e]very motion when filed and served shall incorporate a memorandum of law citing supporting authorities…"; and §§ 7.1(a)(3) (requiring pre-filing conferrals and a certificate next to the movant's counsel's signature block certifying the specifics of the conferral and, if no conferral took place, the reasonable efforts taken by movant's counsel). Failure to comply with Local Rule 7.1 is grounds for the Court to ". . .grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorneys' fee." *Id.* at ¶¶ 7.1(a)(3).

The record demonstrates that movant and his counsel have violated these provisions of Local Rule 7.1 in wholesale fashion. There is no incorporated memorandum of law. Indeed, there is not a ***single*** legal authority cited in the Motion, let alone one that supports the extraordinary relief requested. Nor is there the required certificate of conferral. The only mention of conferral is set forth at paragraph 4 of the Motion which states that "[c]ounsel for Kapoor has previously conferred with opposing parties regarding extending the stay period and has been turned down." See Mot., DE 217 at p. 2, ¶ 4. This statement is false as it pertains to Lender and its Counsel.

## **CONCLUSION**

Lender request the Court deny the Motion and grant its request for an award of attorneys' fees.

Respectfully submitted,

*/s/ Jason R. Alderman, Esq.*
Florida Bar No. 0172375
Jason R. Alderman
The Alderman Law Firm
9999 NE 2nd Ave, Suite 211
Miami Shores, Fl 33138
jalderman@thealdermanlawfirm.com
*Counsel for Creditor*
*Los Pinos Acquisition, LLC*

## CERTIFICATE OF SERVICE

I HEREBY certified that, on September 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Jason R. Alderman*
Jason R. Alderman