UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24903-JB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.

    Defendants.

_____/

**DEFENDANT RISHI KAPOOR'S RESPONSE TO NON-PARTIES' AMENDED URGENT NOTICE OF OBJECTION TO RECEIVER'S EXPEDITED MOTION TO APPROVE SALE OF MIAMI BEACH PROPERTY FREE AND CLEAR AND RELATED SETTLEMENT AGREEMENT & MOTION TO POSTPONE RULING OF SAID MOTION & REQUEST FOR TIME TO FILE MORE FORMAL MOTIONS AND/OR SUPPLEMENTAL BRIEF ON ARGUMENTS PRESENTED**

COMES NOW the Defendant Rishi Kapoor ("Kapoor")), by and through his undersigned attorneys, in Response to the instant motion, and states as follows:

1. Kapoor does not oppose the instant Motion but believes that he must correct a number of factual misstatements contained in this Motion before they become part of the "urban legend" (no pun intended) of this case. Some of these incorrect statements have already appeared in a Miami Herald article, which was published with no attempt being made to verify the facts with Kapoor or his counsel. The failure to dispute these facts when they initially appear can possibly hurt Kapoor in any future proceeding.

2. Regarding Section I titled "Introduction" and the reference to the movants as "Defrauded Victims," Kapoor maintains that the Urbin companies and Location Ventures (the

"Companies") defrauded no one. The collapse of the Companies was caused by the greed and threats of a select few Location Ventures investors and employees, including a death threat against Kapoor. Kapoor deeply empathizes with the buyers, who are customers for whom Kapoor was passionate about building. Kapoor and his family have also lost millions of dollars, and Kapoor is also losing his family's home (among other substantial economic and professional losses), and shares their feelings of devastation. Kapoor did not meet with nor communicate with any buyer directly and made no false nor fraudulent promises as a part of any promotion.

3. As to Section II (b) and (c), the Companies did not promise a guaranteed Return on Investment ("ROI"). That assertion is categorically false. Like other lease agreements, the Companies contracted for a lease to then leaseback and sub-lease units for rent with the aim to make a profit off the spread.

4. As to Section II (d), the assertion of a promised "buy-back" is also false. There was a right of first refusal for the Companies to buy-back a unit **IF** the owner decided to sell, with a formula for calculating the purchase price. If the Companies declined the buy-back option, the owner could sell to the open market. At no point was there a promise to buy-back the unit.

5. As to Section II (e), the Companies did not make these promises and representations that all deposit payments made would be solely used toward the construction of these Movants' units at Urbin Miami Beach. Kapoor acknowledges that the Companies were under a duty to use the funds toward "development activity" – both construction and other development-related activity that supported the operations of the project.

6.  As to the final paragraph under section II, this was not presented as an "investment opportunity"– this was a purchase and sale of a condo unit with a leaseback managed through a reputable real estate broker like other condo sales. To call it an investment opportunity is a complete mischaracterization.

7.  Further, at no point was there any direction to target any community – let alone "Latin Americans" as a community.  The Companies' sales brokers leveraged their local, national and international networks to find buyers.  There was no order to try and identify a vulnerable community and defraud them.

8.  As to Section III, in past responses Kapoor has complained that the Receiver's fire sale methods of disposing of valuable properties hurt innocent lenders, investors and buyers, and shareholders such as Kapoor and his family.  Kapoor believes that the Receiver has completely fumbled this sale in a variety of ways: First, by declining to run a competitive sales process; second, by asking for an auction yet never openly promoting nor holding it; and third, by letting the entitlements and permits lapse, against the advice of professionals.  Kapoor agrees with a valuation between $25 million – 30 million as a residential property.

9.  Finally, Kapoor agrees with the Movants' analysis as to why the lender is not entitled to the additional millions of dollars of interest which he is seeking.

WHEREFORE, Kapoor requests that the Court hold an evidentiary hearing as to the above allegations.

DATED: September 21, 2024

**SHAHADY & WURTENBERGER, P.A.**

*/s/ Fred A. Schwartz*
Fred A. Schwartz, Esq.
fschwartz@swlawyers.law
Florida Bar No. 360538
200 East Palmetto Park Road, Suite 103
Boca Raton, FL 33432
Direct: (561) 910-3064

**RASKIN & RASKIN, P.A.**

Jane Serene Raskin
jraskin@raskinlaw.com
Florida Bar No. 848689
2525 Ponce De Leon Blvd., Suite 300
Coral Gables, FL  33134
*Attorneys for Defendant Kapoor*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 31, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                      By: */s/ Fred A. Schwartz*
                                              Fred A. Schwartz