**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-24903-CIV-JB**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

RISHI KAPOOR, et al.,

      Defendants.

_____/

**RECEIVER'S MOTION TO APPROVE SALE**
**OF COMMODORE PROPERTIES FREE AND CLEAR**
**OF LIENS, ENCUMBRANCES AND INTERESTS**

      Bernice C. Lee, as Receiver ("Receiver") over the companies listed herein (each a "Receivership Company" and collectively, the "Receivership Companies") [1] in this action, through this Motion (the "Motion") seeks the entry of an Order approving the sale of fee simple and leasehold interests described herein, free and clear of all liens, claims and encumbrances, and granting related relief. In support, the Receiver states:

**INTRODUCTION**

      Urbin Coconut Grove Partners, LLC ("Urbin Coconut Grove Partners") is a Receivership Company and the sole owner and manager of: (1) Urbin Commodore Residential SPE, LLC, (2) Urbin Commodore Residential II SPE, LLC, (3) Urbin Commodore SPE, LLC, and (4) Urbin

---

[1] The "Receivership Companies" include: Location Ventures, LLC, URBIN, LLC, Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

1

Commodore Restaurant SPE, LLC (the "Commodore Companies"). These companies own an assemblage of fee simple and leasehold interests in Coconut Grove, described in greater detail below.

On September 9, 2024, the Receiver received a contract to purchase the estate's fee simple and leasehold interests for $28,200,000 plus additional amounts up to $150,000 in the event the Closing occurs in or before February 2025 (the "Sale Contract"). The estate's fee simple and leasehold interests are subject to mortgages and liens, including but not limited to those asserted by the Martin I. Halpern Revocable Trust, The Halpern Family Trust, a Florida Statutory Trust, and HFT Commodore LLC (together, the "Halpern Trusts"), and subcontractors and other claimants. No foreclosure action has been filed involving the properties.

Through the Motion, the Receiver seeks the entry of an order approving the sale to Coconut Grove Commodore Development Ventures, LLC (the "Buyer") free and clear of all liens, claims, and encumbrances through the closing date, on an as-is, where-is basis, without representations or warranties from the Receiver, with all such liens, encumbrances and interests attaching to the net sale proceeds with the same priority, extent and validity as they had prior to the receivership. As described below, the Receiver believes that proceeding with the sale described herein is in the best interest of the receivership estate, and the purchase price is reasonable given the circumstances.

## FACTUAL BACKGROUND

### I. The Receivership Order

1. On December 27, 2023, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief against Rishi Kapoor ("Kapoor") and the Receivership Companies [DE 14-1] alleging that Kapoor used the Receivership Companies to operate a real estate scheme in violation of the anti-fraud provisions of the federal securities law raising approximately $93

million from more than 50 investors from January 2018 through March 2023.

2.      On January 5, 2024, the SEC filed an Expedited Motion for Appointment of Receiver, Asset Freeze, and Other Related Relief Against the Company Defendants and Memorandum of Law (the "Receiver Motion") [DE 16] seeking the appointment of a receiver to *inter alia* administer the Receivership Companies' assets.

3.      On January 12, 2024, the Court entered an Order granting the Receiver Motion (the "Receivership Order") [DE 28], which appointed Bernice C. Lee as receiver "for the estate of the Receivership Companies, including any of [their] divisions, subsidiaries, affiliates, successors, and assigns; and any fictitious business entities or business names created or used by the Receivership Companies, their divisions, subsidiaries, affiliates, successors, and assigns."  Receiver. Order ¶ 2.

4.      The Receivership Order defines "Receivership Property" and "Receivership Estate" as including "all property interests . . . of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly." *See* ¶ 7.A.

5.      The Receivership Order authorizes the Receiver to transfer or otherwise dispose of Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property. *See* ¶ 31.

6.      The Receiver is further authorized to sell real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property, and is authorized to sell, and transfer clear title to, all real property in the Receivership Estate pursuant to such procedures as may be required by the Court and additional authority such as 28 U.S.C. sections 2001 and 2004. *See* ¶ 32-33.

7.      The Receivership Order further grants the Receiver all powers, authorities, rights and privileges possessed by the officers, directors, managers, and general and limited parties of the Receivership Companies under applicable state and federal law, and by any governing charters, by-laws, articles, and/or agreements, in addition to all powers and authority of a receiver at equity and under other applicable law. *See* ¶ 4.

## II.      The Order Approving Section 2001(b) Stipulation

8.      On January 23, 2024, the SEC, Receiver and Kapoor entered into the Stipulation Waiving Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with Real Property Sale Motions (the "Section 2001(a) Stipulation") [DE 48]. On January 24, 2024, the Court entered an Order approving the parties' stipulation and explicitly stated that "[t]he Receiver is excused from compliance with 28 U.S.C. section 2001 in connection with the sale of real property in this case." (the "Section 2001(a) Order") [DE 51].

9.      With respect to the Halpern Trusts, the Court has already concluded that the parties' stipulation was filed after the Halpern Trusts appeared in this case, and "[d]espite receiving notice, the Halpern Trusts did not seek to file an objection to the Stipulation or otherwise dispute the Section 2001 Order." [DE 185, p.11-12] Accordingly, compliance with Section 2001(b) is not required in connection with the proposed sale.

## III.      The Commodore Properties

10.      The Commodore Companies own the following fee simple title and leasehold interests:

a.  Fee simple title (the "Fee Interests") to the following real estate (the "Fee Real Estate"):

   i.  Fee simple title to the condominium or retail units located at 3162 Commodore Plaza, Miami, Florida 33133; which units are owned by Urbin Commodore Residential SPE, LLC, and legally described on Exhibit A1 attached to the Sale Contract; and

4

       ii. Fee simple title to the real property located at 3170 Commodore Plaza, Miami, Florida 33133; which is owned by Urbin Commodore Residential II SPE, LLC, legally described on Exhibit A2 attached to the Sale Contract;

b. Leasehold interests (the "Leasehold Interests") to the following leasehold estates (the "Leasehold Estate") (the real property covered by the Leasehold Estate and the Fee Real Estate is hereinafter collectively referred to as the "Real Estate"):

       i. Leasehold interest under that certain lease agreement dated December 31, 2019 by and between Dharma Studio Inc., as Landlord and Grouper Financial Inc., as Tenant for the leased premises located at 3166 Commodore Plaza, Miami, FL 33133, legally described on Exhibit A3 attached to the Sale Contract, as amended by Amendment to Commercial Real Property Lease dated April 1, 2020, as memorialized in that certain Memorandum of ground lease dated May 7, 2020 recorded in OR Book 31982, at Page 556, as assigned to Urbin Commodore Residential II SPE, LLC, as Tenant by virtue of assignment of lease dated January 31, 2022, as further memorialized in Amended Memorandum of Ground Lease dated January 31, 2022, recorded February 3, 2022 in OR Book 32999, at Page 4887, and as affected by Memorandum of Agreement dated January 31, 2022, recorded February 3, 2022 in OR Book 32999, at Page 4889 of the Public Records of Miami-Dade County, Florida (the "3166 Ground Lease");

       ii. Leasehold interest under that certain ground lease agreement dated September 28, 2018, by and between TB 3138 Commodore Investments LLC, as Landlord and Urbin Commodore SPE, LLC, as Tenant for the leased premises located at 3138 Commodore Plaza, Miami, FL 33133, legally described on Exhibit A4 attached to the Sale Contract as memorialized in that certain Memorandum of Ground Lease dated September 28, 2018, recorded in OR Book 31162, at Page 4299 of the Public Records of Miami-Dade County, Florida (the "3138 Ground Lease");

       iii. Leasehold interest under that certain ground lease agreement dated June 28, 2019, by and between TB 3120 Commodore Investments LLC, as Landlord and Urbin Commodore Restaurant SPE, LLC, as Tenant for the leased premises located at 3120 Commodore Plaza, Miami, FL 33133, legally described on Exhibit A5 attached to the Sale Contract as memorialized in that certain Memorandum of Ground Lease dated June 28, 2019, recorded in OR Book 31510, at Page 489 of the Public Records of Miami-Dade County, Florida (the "3120 Ground Lease") (the foregoing Leasehold Interests set forth in (i) - (iii) above, collectively, the "Ground Leases"); and

       iv. Lessor's interest under that certain Building and Rooftop Lease Agreement dated October 11, 2020 by and between Commodore Plaza Parking L.C., as Landlord and Verizon Wireless Personal Communications LP dba Verizon Wireless, as Tenant for

the Rooftop Space and Antenna Space (as therein defined) located at 3138 Commodore Plaza, Miami, FL  33133, as evidenced by Memorandum of Building and Rooftop Lease Agreement dated October 11, 2010 recorded in OR Book 27452, at Page 4447 of the Public Records of Miami-Dade County, Florida, as amended by First Amendment to Building and Rooftop Lease Agreement dated September 26, 2014, as evidenced by Amended Memorandum of Building and Rooftop Lease Agreement dated September 26, 2010 recorded in OR Book 29333, at Page 4849, as affected by SNDA dated October 18, 2010, recorded in OR Book 27467, at Page 4998 of the Public Records of Miami-Dade County, Florida (the "Verizon Lease").

11.     The "Commodore Properties" that are the subject of the Sale Contract consist of: the Fee Interests and Leasehold Interests in the Real Estate, along with the Commodore Companies' interests, if any, in: the appurtenances, rights, easements, rights-of-way, tenements, and hereditaments incident thereto; all improvements, furniture and fixtures located on the Real Estate (collectively, the "Improvements"), the Verizon Lease, that certain month to month lease with ILC Advisors, LLC for Suite 3A in 3162 Commodore Plaza, Coconut Grove, FL, and  all guaranties, warranties, agreements related to the workmanship and/or materials furnished to and/or installed in the Improvements, and all site plans, building plans, governmental permits, development rights, certificates, licenses, consents, and approvals for the Real Estate, if any.

12.     The Commodore Properties are a complex assemblage of interests with many complications and challenges. With respect to the Fee Real Estate, the City of Miami's Unsafe Structure Panel issued an order on May 19, 2023 determining that 3170 Commodore Plaza is in violation of the building code and is required to submit a recertification report to address whether the structure is safe for occupation by tenants or residence. A copy of the order is attached hereto as **Exhibit 1**. The residential condominium units at 3162 Commodore Plaza occupy the fourth through sixth floors, which have been gutted. Construction ceased in the summer of 2023, presumably due to nonpayment. Plywood is used to cover the window openings, and flooring and tiles have been removed. The Commodore Companies do not have funds to address the

6

certification issues for 3170 Commodore Plaza. Nor are there funds for the construction, condominium association and maintenance expenses for the 3162 Commodore Plaza units.

13.     With respect to the Leasehold Estates, the Ground Leases require monthly or quarterly lease payments, real estate tax payments, and other maintenance and expenses. While the Halpern Trusts have made the lease payments, there is no agreement in place for continued payment. The 2023 real estate taxes have not been paid, and the county has sold the tax certificates. Further, the City of Miami's Unsafe Structure Panel issued an order on July 28, 2023 determining that 3138 Commodore Plaza needed to be repaired within sixty days, and if not, the structure shall be demolished. A copy of the order is attached hereto as **Exhibit 2**. The building has not been repaired and has already been partially demolished. Under the Verizon Lease, Verizon has its cellular equipment on the partially demolished structure. The equipment needs to be moved or suspended, and the demolition of the building needs to be completed. The City of Miami has also issued a code violation notice for graffiti on 3138[2] Commodore Plaza, and failure to register a vacant or abandoned structure for 3168 and 3170 Commodore Plaza. The Commodore Companies do not have sufficient funds to pay for real estate taxes, lease payments, demolition costs, or other expenses relating to the Leasehold Estates.

14.     On March 22, 2024, the Court entered an Order Granting Receiver's Motion for Authorization to Employ Real Estate Appraiser [DE 111], which authorized the Receiver to employ Walter B. Duke, III and Walter Duke + Partners, Inc. as an appraiser for the Fee Simple and Leasehold Interests. The appraiser provided the Receiver with appraisal reports with final opinions of the market value "as is" as of March 27, 2024 for the residential units and eight

---

[2] The notice is directed to "3168 Commodore Plaza" but presumably is intended to refer to 3166 Commodore Plaza.

commercial units located at 3162 Commodore Plaza, the leasehold interest in 3166 Commodore

Plaza, the fee simple interest in 3170 Commodore Plaza, and the leasehold interest for 3120 – 3138

Commodore Plaza. The appraisals have a total market value substantially lower than the purchase

price by several million dollars.[3]

### IV.    The Halpern Trusts and Lien Claimants

15.    The Halpern Trusts have recorded mortgages for several loans relating to the

Commodore Properties:

a.   For Urbin Commodore Residential SPE, LLC (fee simple owner of the
condominium or retail units at 3162 Commodore Plaza), on June 1, 2022 they
recorded an amended and restated mortgage for a $3.025 million loan, and on March
14, 2023 recorded a mortgage for a $7 million loan (the "Common Mortgage");

b.   For Urbin Commodore Residential II SPE, LLC (fee simple owner of 3170
Commodore Plaza, and tenant for 3166 Commodore Plaza), on June 1, 2022 they
recorded a mortgage for a $2.4 million loan, and on March 14, 2023 recorded the
Common Mortgage; and

c.   For Urbin Commodore SPE, LLC (lessee under a ground lease for 3138 Commodore
Plaza), and Urbin Commodore Restaurant SPE, LLC (lessee under a ground lease
for 3120 Commodore Plaza), on February 21, 2023 they recorded a notice of future
advance and mortgage modification agreement dated February 14, 2023 for a future
advance loan of $5 million in addition to the original loan of $9.5 million for a total
loan of $14.5, and on March 14, 2023 recorded the Common Mortgage.

16.    The Halpern Trusts did not initiate a foreclosure action. The movement of funds

from the Halpern Trusts is not straightforward. Funds were often provided to a law firm as escrow

agent who disbursed funds from its account to various entities. For example, on February 14, 2023,

the law firm released $2,437,629.94 with the memo note "loan proceeds on Marty upsize at

location commodore" but wired the funds to Location Capital, LLC. On February 15, 2023,

---

[3] There is a substantial disparity between the valuation of the fee simple interests versus the
leasehold interests because of the ongoing payment and other obligations associated with the
ground leases.

Location Capital, LLC transferred the same amount ($2,437,629.94) to Urbin Coconut Grove Partners LLC, Urbin Coconut Grove Partners LLC transferred $2,437,629.94 to Urbin LLC, and Urbin LLC transferred $2,437,629.94 to Location Capital, LLC. The Receiver is continuing to investigate both the use of the funds, and the Halpern Parties' knowledge or inquiry regarding the use of the funds.

17.     The above-referenced mortgages, and additional financing statements, liens and *lis pendens* recorded by claimants who are likely material and service subcontractors, against the Commodore Properties, are listed as follows:

   a.   Mortgage in the original principal sum of $6,150,000, executed by Urbin Commodore Residential SPE, LLC in favor of Pensam Logistics Partners CF5-III, LLC, recorded September 18, 2019 in Book 31611, Page 1572; Mortgage Modification and Spreader Agreement recorded in Book 31877, Page 2388; Mortgage Modification Agreement recorded in Book 32422, Page 4222; Mortgage Modification Agreement recorded in Book 32633, Page 1442; Amended and Restated Mortgage recorded in Book 33216, Page 1224, and now held by The Halpern Family Trust, a Florida Statutory Trust, and Martin I. Halpern Revocable Trust by virtue of that certain assignment recorded in Book 33216, Page 1219, as affected by Subordination of Mortgage recorded in Book 33650, Page 504;

   b.   Assignment of Rents and Leases from Urbin Commodore Residential SPE, LLC, a Florida limited liability company to Pensam Logistics Partners CF5-III, LLC, a Florida limited liability company recorded September 18, 2019, in Book 31611, Page 1600; Modification of Assignment of Leases and Rents recorded in Book 31877, Page 2399, and Book 32422, Page 4216, and Book 32633, Page 1452;

   c.   Financing Statement recorded in Book 31611, Page 1610; as amended by Book 31877, Page 2406 for secured party Pensam Logistics Partners CF5-III, LLC;

   d.   Mortgage in the original principal sum of $7,000,000, executed by Urbin Commodore SPE, LLC, *et al* in favor of 2EE LLC, a Florida limited liability company, recorded March 14, 2023 in Book 33622, Page 197, and now held by HFT Commodore LLC by virtue of that certain assignment recorded in Book 34052, Page 1003;

   e.   Assignment of Rents and Leases from Urbin Commodore SPE, LLC, a

Florida limited liability company, et al to 2EE LLC, a Florida limited liability company recorded March 14, 2023, in Book 33622, Page 236, and now held by HFT Commodore LLC by virtue of that certain assignment recorded in Book 34052, Page 1003;

f.     Financing Statement recorded in Book 33622, Page 248 for secured party 2EE LLC, and now held by HFT Commodore LLC by virtue of that certain assignment recorded in Book 34052, Page 1003;

g.     Mortgage in the original principal sum of $2,400,000, executed by Urbin Commodore Residential II SPE, LLC in favor of The Halpern Family Trust, a Florida Statutory Trust, and Martin I. Halpern Revocable Trust, recorded June 1, 2022 in Book 33216, Page 1208, as affected by Subordination Agreement recorded in Book 33650, Page 504;

h.     Mortgage in the original principal sum of $6,000,000, executed by Urbin Commodore SPE, LLC in favor of PBVMF21, LLC, a Florida limited liability company, recorded October 1, 2018 in Book 31163, Page 474; Mortgage and Loan Document Modification and Spreader Agreement recorded in Book 31510, Page 494; Amended and Restated Mortgage recorded in Book 33216, Page 1237, and now held by The Halpern Family Trust, a Florida Statutory Trust, and The Martin I. Halpern Revocable Trust, a Florida Statutory Trust by virtue of that certain assignment recorded in Book 33216, Page 1235; Notice of Future Advance and Mortgage Modification Agreement recorded in Book 33587, Page 4505;

i.     Assignment of Rents and Leases from Urbin Commodore SPE, LLC, a Florida limited liability company to PBVMF21, LLC, a Florida limited liability company recorded October 1, 2018, in Book 31163, Page 501, Corrected in Book 31165, Page 901;

j.     Financing Statement recorded in Book 31163, Page 507 for secured party PBVMF 21 LLC;

k.     Claim of Lien in favor of Arras Air Conditioning, recorded in Book 33787, Page 233;

l.     Claim of Lien in favor of John Abell Corporation, recorded in Book 33819, Page 671;

m.     Claim of Lien in favor of Custom Air Ventilation and Heating of South Florida LLC d/b/a CAVH of South Florida, recorded in Book 33821, Page 4867;

n.     Claim of Lien in favor of Bond Plumbing Supply Inc., recorded in Book 33842, Page 2523;

o.    Claim of Lien in favor of Banner Supply Co., recorded in Book 33900, Page 2535;

p.    Notice of Lis Pendens recorded in Book 33916, Page 2661 relating to Case No. 2022-024051-CA-01, styled CWL-CH, LLC, a Florida limited liability company; ASJAIA, LLC, a Florida limited liability company and Vieden Grove OZ, LLC, a Florida limited liability company v. Urbin, LLC, a Florida limited liability company and Rishi Kapoor;

q.    Claim of Lien in favor of Paramount Finishes, LLC, recorded in Book 33776, Page 3920;

r.    Claim of Lien in favor of Foundation Building Materials, LLC, recorded in Book 33779, Page 4243;

s.    Claim of Lien in favor of Paredes Architects, Inc., recorded in Book 33781, Page 429;

t.    Claim of Lien in favor of Winmar Construction, Inc., recorded in Book 33783, Page 2927;

u.    Claim of Lien in favor of Winmar Construction, Inc., recorded in Book 33787, Page 1997;

v.    Claim of Lien in favor of Pronto Waste Service Inc., recorded in Book 33799, Page 4708;

w.    Claim of Lien in favor of AM Studio Design, LLC, recorded in Book 33808, Page 2787;

x.    Claim of Lien in favor of Metropolitan Plumbing, Inc., recorded in Book 33812, Page 1905;

y.    Notice of Lis Pendens recorded in Book 33816, Page 3155 relating to Case No. 2023-020110-CA-01, styled Paramount Finishes, LLC v. Urbin Commodore Residential SPE, LLC;

z.    Claim of Lien in favor of Next Plumbing Supply, Inc., recorded in Book 33825, Page 453;

aa.   Claim of Lien in favor of Integrated Cooling Solutions, LLC, recorded in Book 33953, Page 1621;

bb.   Notice of Lis Pendens recorded in Book 33980, Page 2642 relating to Case No. 2023-170967-CC-25, styled Banner Supply Co. v. Urbin Commodore

Residential SPE, LLC;

cc.   Notice of Lis Pendens recorded in Book 34088, Page 1998 relating to Case No. 2024-002376-CA-01, styled Foundation Building Materials, LLC, et al v. Urbin Commodore Residential SPE, LLC, a Florida limited liability company;

dd.   Claim of Lien in favor of Parades Architects, Inc., recorded in Book 33781, Page 443;

ee.   Claim of Lien in favor of Graef-USA Inc., recorded in Book 33850, Page 4608;

ff.   Notice of Lis Pendens recorded in Book 33916, Pages 2671, 2680, 2618, 2581 relating to Case No. 2022-024051-CA-01, styled CWL-CH, LLC, a Florida limited liability company, et al, v. Urbin LLC, a Florida limited liability company and Rishi Kapoor;

gg.   Claim of Lien in favor of Graef-USA, Inc., recorded in Book 33850, Page 4607; and

hh.   All liens and assessments asserted by the Commodore Centre Condominium Association, Inc., and all maintenance assessments, special assessments, late fees, and other amounts that may be asserted by Commodore Centre Condominium Association, Inc., as a lien or a claim.

18.   The Receiver seeks to sell the Commodore Properties to the Buyer, free and clear of all liens, claims, and encumbrances through the closing date, with all such liens attaching to the net sale proceeds with the same priority, extent and validity as they had prior to the receivership, and seeks authority to pay at closing the real estate taxes for the Fee Real Estate, and the seller's fees and costs specified in the Sale Contract, including, but not limited to, prorated taxes, 50% of documentary stamp tax and surtax, and 50% of the escrow agent's fee, and reimbursement of the Rental Advances described in Paragraph 23. In the interest of clarity, the Lis Pendens note in Paragraphs 17(p), 17(y)and 17(ff) shall be dissolved as to the Commodore Properties.

19.   The Receiver will separately account for the remaining net sale proceeds after closing (the "Net Sale Proceeds"), and will file an appropriate pleading to seek allocation and

disbursement of the Net Sale Proceeds at a later date with notice to be provided to all lien claimants known to the Receiver who may object to the proposed distribution and be heard by the Court. Disbursement of the Net Sale Proceeds will be subject to Court approval, and the Receiver reserves the right to seek to surcharge through an appropriate pleading.

V.      **The Proposed Sale Contract and Notice**

20.      Shortly after upon her appointment, the Receiver and her counsel began their review of the issues surrounding the Commodore Properties, including debt structure and value, and engaged in discussions with the Halpern Parties and interested parties to discuss the potential sale of the Commodore Properties, contingencies and related issues.

21.      On September 9, 2024, the Buyer provided the Receiver the signed Sale Contract with a purchase price of $28,200,000 plus additional amounts up to $150,000 in the event the Closing occurs in or before February 2025. A copy of the Sale Contract is attached hereto as **Exhibit 3**. The Sale Contract was the highest offer received, and exceeds the total appraised "as is" market value by several million dollars. While a summary of certain terms are as follows, parties should review the Sale Contract in its entirety:

a.      Buyer shall pay to Seller at Closing (as hereinafter defined) the sum of $28,200,000.00 plus the following amount: $150,000 in the event the Closing occurs in 2024, $100,000 in the event the Closing occurs in January 2025, and $50,000 in the event the Closing occurs in February 2025 (the "Purchase Price"). The Purchase Price will be payable as follows:

A.      A deposit in the amount of $500,000.00 (the "Initial Deposit") will be due and payable to First American Title Insurance Company ("Title Company"), 2121 Ponce De Leon Blvd., Suite 710, Coral Gables, FL  33134; Attn: Yessie A. Gonzalez, Commercial Escrow Manager; Tel:  305.908.6253; Email: YEGonzalez@FirstAm.com, as escrow agent ("Escrow Agent"), within three (3) Business Days from the date the Receiver files the Sale Motion and delivers a copy of same to Buyer.

B.      An additional deposit in the sum of $2,500,000.00 (the "Additional Deposit") (the Initial Deposit together with the Additional Deposit, collectively the

13

"Deposit") will be due and payable to Escrow Agent by the later of: (i) three (3) Business Days after expiration of the Inspection Period (as hereinafter defined); or (ii) if an appeal of the Sale Order is filed within sixty (60) days from the entry of the Sale Order, within five (5) Business Days from the entry of an order affirming the approval of the sale or dismissing the appeal and notification thereof by Seller to Buyer. Seller shall inform Buyer of the status of any appeal as requested by Buyer from time to time.

C. Under Section 6(B) hereof, Buyer has the right to release a portion of the Deposit (a/k/a the Inspection Extension Fee), which amount shall be deemed consideration to extend the Inspection Period. If Buyer exercises this right, the Inspection Extension Fee shall be immediately released to the Receivership Estate without further direction from either party. Once the Inspection Extension Fee is paid such amount shall no longer be considered part of the Deposit and shall not be returned to Buyer unless a Seller's Default as set forth in Section 18B herein exists under this Agreement. For purposes of this Agreement, the terms "unearned Deposit" or "remaining unearned Deposit" shall refer to the Deposit minus the Inspection Extension Fee.

D. The Purchase Price, less any portion of the Deposit held by Escrow Agent in cash, plus or minus prorations and other adjustments as provided for hereinafter, shall be paid by Buyer before 5:00 P.M. (local time in Miami-Dade County) on the Closing Date (as hereinafter defined). As used herein, the term "paid by Buyer," shall mean payment by electronic wire transfer of immediately available federal funds. Such funds shall be deemed to be "paid by Buyer" at such point in time when the Title Company is in receipt of funds.

E. This is an "all cash" transaction not contingent on financing.

b. Buyer shall have from Buyer's Effective Date until forty-five (45) days from the Sale Order Date (the "Inspection Period") for Buyer and Buyer's representatives, agents, and designees to enter upon the Commodore Properties (provided that such access is subject to the terms of the Ground Leases and approval of the landlord as required), at Buyer's sole cost and expense, at reasonable times during normal business hours for the purpose of conducting such non-destructive and non-invasive physical inspections (including but not limited to surveys and architectural, engineering, geotechnical, and environmental inspections) or Phase I environmental site assessment of the Commodore Properties (collectively, "Inspections") as Buyer, in its sole but reasonable discretion deems appropriate. Buyer may extend ("Inspection Extension Option") the Inspection Period for one (1) additional fifteen (15) day period, by providing Seller with written notice prior to expiration of the initial Inspection Period; provided, however, the sum of $100,000.00 ("Inspection Extension Fee") shall be immediately released to the Receivership Estate, from the funds being held as Deposit, without further direction from either Party hereto. Buyer agrees that the Inspection Extension Fee shall be deemed fully earned by the Seller and Receivership Estate and non-refundable to

Buyer in all instances unless a Seller's Default exists as set forth in Section 18B herein; provided however, the Inspection Extension Fee shall nonetheless be credited to Buyer at Closing.  Prior to performing its Inspections, (i) Buyer must give Seller not less than forty-eight (48) hours' prior written notice, which notice may be satisfied by email, of any such inspection or test; (ii) Seller reserves the right to have a representative present at all inspections; and (iii) with respect to any intrusive inspection or test (i.e., core sampling), Seller's prior written consent shall be required, which consent shall not be unreasonably withheld.

c.  Buyer acknowledges and agrees that Seller is selling and conveying the Commodore Properties subject to this Agreement and shall convey only such title and interests in the Commodore Properties as Seller actually possesses, without representations or warranties of any kind whatsoever. The Closing under this Agreement and the obligations of Seller under this Agreement are expressly conditioned upon and subject to the entry of the Sale Order, in a form reasonably acceptable to Buyer and Seller, authorizing and directing Seller to convey the Commodore Properties to Buyer. The transfers and assignments under the Sale Order shall be free and clear of all liens, claims, and encumbrances that are specifically addressed in the Sale Order, but otherwise "AS-IS, WHERE-IS," subject to all faults and conditions present as of the date hereof and without representations or warranties of any type being given by the Receiver and Receiver Affiliates.  In particular, the transfers and assignments under the Sale Order shall be free and clear of any claims, liens, and encumbrances against the Commodore Properties. For the avoidance of doubt, the sale contemplated in this Agreement does not absolve, cure or remedy any existing defaults or potential liabilities under the leases related to the Leasehold Interests, and will not be free and clear of any claims, liens, and encumbrances against the Real Estate related to the Leasehold Interests that are owned by the landlords. The Buyer acknowledges and agrees that any leasehold defaults or obligations shall remain the responsibility of the Buyer upon acquisition of the Leasehold Interests (including obtaining consents from the landlords and addressing any obligations of Seller or liabilities and defaults that may exist under the leases related to the Leasehold Interests). The Seller makes no representations or warranties regarding the status of the Leasehold Interests and related leases, and the Buyer accepts them "AS-IS, WHERE-IS."  Prorated taxes on the Fee Interests and closing costs as set forth herein shall be paid at Closing from the sale proceeds, as permitted under the Sale Order, with all Closing proceeds to be held by the Receiver, subject to disbursement upon further order(s) and direction of the court presiding over the SEC Litigation (the "Court"). Notwithstanding anything herein to the contrary, this Agreement shall be terminated if the Court denies approval of this Agreement as requested in the Sale Motion. In such event, the remaining unearned Deposit shall be promptly refunded to the Buyer following the Court's order denying such relief, unless a Buyer's Default exists as set forth in Section 18A herein. Upon refund of the remaining unearned Deposit, this Agreement shall be terminated, and neither Party shall have any further obligations under this Agreement, except for those obligations expressly stated to survive termination.

d.  Buyer and Seller each represents to the other that it has not dealt with any party acting as a broker or sales agent in connection with the transactions described in this Agreement.  Other than any broker specifically engaged by Seller under a written agreement with the Receiver, Seller shall not be responsible for any broker's commission. Seller shall indemnify and hold the Buyer harmless from the claims of any broker or finder claiming a commission through the Seller provided there is a written agreement with the Receiver.  Buyer shall indemnify and hold the Seller harmless from the claims of any other broker or finder claiming a commission through the Buyer.  The provisions of this Section shall survive the Closing and any termination of this Agreement.

e.  Unless otherwise agreed to by the Seller and Buyer in writing, the consummation of the transactions contemplated by this Agreement (the "Closing") shall occur twenty-five (25) days after the expiration of the Inspection Period; provided that if an appeal of the Sale Order was filed within sixty (60) days from the entry of the Sale Order and is then pending, Closing shall occur ten (10) Business Days from the entry of an order affirming the sale or dismissing the appeal and notice thereof being given by Seller to Buyer (the "Closing Date"); time being of the essence.  If an appeal of the Sale Order is filed within sixty (60) days from the entry of the Sale Order, and no order affirming the sale or dismissing the appeal is entered within one hundred and eighty (180) days from the entry of the Sale Order (the "Appeal Termination Date"), or by the extended Appeal Termination Date (as hereinafter set forth), the Seller may terminate this Agreement by providing written notice to the Buyer.  In such event, the remaining unearned Deposit shall be refunded to the Buyer, unless a Buyer's Default exists as set forth in Section 18A herein. Upon refund of the remaining unearned Deposit, this Agreement shall be terminated, and neither Party shall have any further obligations under this Agreement, except for those obligations expressly stated to survive termination.

f.  The Buyer may extend the Appeal Termination Date for up to an additional one hundred eighty (180) days by providing written notice to the Seller and paying the following extension fees ("Extension Fees") prior to the then expiring Appeal Termination Date: (i) $100,000.00 for an initial extension of ninety (90) days, and (ii) $30,000.00 for each subsequent thirty (30) day period.  Buyer agrees that the Extension Fees shall be deemed fully earned by the Seller and Receivership Estate and non-refundable to Buyer in all instances unless a Seller's Default exists as set forth in Section 18B herein.  The Extension Fees shall be paid to the Receivership Estate via wire instructions provided by the Receiver.  If an appellate court reverses the Sale Order, unless a Buyer's Default exists as set forth in Section 18A herein, the remaining unearned Deposit shall be returned to the Buyer.  Upon refund of the remaining unearned Deposit, this Agreement shall be terminated, and neither Party shall have any further obligations under this Agreement, except for those obligations expressly stated to survive termination.  The Buyer may request in writing an extension of the Appeal Termination Date. The Seller agrees to consider such requests in good faith but is not obligated to grant an extension. Any extension

must be mutually agreed upon in writing by both Parties and may include additional terms as reasonably necessary.

g.     The Closing shall be held at the office of the Title Company and shall be handled as a "mail away closing" with all of the necessary documents and funds delivered into escrow with the Escrow Agent pending Closing. The Title Company will disburse all funds in accordance with the Settlement Statement signed by the Buyer and Seller and will provide to the Seller and Buyer written confirmation of such disbursements with a federal tracking number and, following such disbursement of funds at Closing, may disburse all documents held in escrow by the Escrow Agent in accordance with this Agreement.

h.     Buyer understands and acknowledges that there are various claims and expenses associated with the Commodore Properties and Ground Leases, including but not limited to:  Real estate taxes for the Real Estate; General liability insurance; Maintenance costs; Violations issued by the City of Miami; Monthly lease payments under the Ground Leases; and other related amounts (collectively, "Claims and Expenses").  Buyer also understands that third parties may seek to intervene in the SEC Litigation to obtain relief related to the Commodore Properties, such as lifting the stay to foreclose their interests or terminating a ground lease.  If the Court grants relief to a third party that prevents the Seller from closing the sale of the Commodore Properties as contemplated under this Agreement the Seller shall notify Buyer of such occurrence, whereupon this Agreement shall terminate, unless the parties agree otherwise.  In such event, unless a Buyer's Default exists as set forth in Section 18A herein, the remaining unearned Deposit shall be promptly returned to the Buyer.  Upon refund of the remaining unearned Deposit, this Agreement shall be terminated, and neither Party shall have any further obligations under this Agreement, except for those obligations expressly stated to survive termination.  Buyer shall have the right, but not the obligation, with Seller's prior written consent, to pay some or all of the Claims and Expenses before the Closing.  Any such payments will be made without recourse to the Receivership Estate, Seller, Receiver, or Receiver Affiliates, except that if the Buyer pays real estate taxes for the Fee Real Estate, or monthly lease payments under the Ground Leases due for the period prior to Closing, such payments shall be credited to the Buyer at Closing.

i.      From and after Buyer's Effective Date, unless otherwise ordered by the Court, the Receiver on behalf of Seller will not enter into, modify, or terminate any service contracts, leases, or other agreements that will bind the Commodore Properties (or any portion thereof) following the Closing without the prior consent of Buyer, which consent shall not be unreasonably withheld, conditioned, or delayed.  From and after the expiration of the Inspection Period, Buyer's consent shall not be unreasonably withheld, conditioned, or delayed. Buyer's consent shall not be required: (a) in cases where the Receiver on an emergency or exigent basis needs to preserve, maintain, and protect the Commodore Property, provided that Buyer is promptly notified of such occurrence and (b) in the event an action is approved or

ordered by the Court, including but not limited to upon the Receiver's motion, if Buyer's consent has otherwise been withheld.  Buyer understands that third parties may unilaterally terminate or modify contracts, leases, or other agreements that materially or adversely affect the Commodore Properties or any portion thereof or the use thereof. Seller agrees to promptly notify Buyer if Seller has knowledge of any such occurrence.

j.   Buyer shall be solely responsible for all costs related to its due diligence (inspection) of the Commodore Properties and shall pay all such costs so as to prevent any liens from attaching to the Commodore Properties.  Buyer shall also pay sales tax, the cost to update title, certified lien search fees, commission due to Buyer's Broker, if any, costs related to the Commodore Properties as disclosed on the lien searches, any special assessments that may be due the governing municipality and the premium for an owner's title insurance policy (Buyer has selected the agent issuing the title insurance policy as set forth in Section 17 below). Seller shall pay the cost to record any title curative documents and the cost to record any deed.  The parties shall be jointly responsible on a 50/50 basis to pay any documentary stamp tax and surtax due on the transfer. Buyer and Seller agree to cooperate in a 1031 Tax Deferred or Reverse Exchange, if applicable, so long as the costs associated with the 1031 Exchange are the responsibility of the requesting party and shall not create a financial responsibility on the non-requesting party. Each Party shall pay their respective attorneys' fees and costs.  Buyer and Seller shall split the costs of Escrow Agent 50% each.  Buyer acknowledges and agrees that any costs incurred as part of Buyer's due diligence, including but not limited to costs requested by the Title Company, shall be paid promptly by Buyer upon demand. This obligation shall survive the expiration of this Contract.

k.   The real estate taxes on the Fee Interests, personal property taxes on any tangible personal property, if any, rents (based on actual collected rents) and operating expenses, and other items typically prorated between sellers and buyers, if any, will be prorated through the day before Closing, unless otherwise addressed herein or in the Sale Order. If the amount of taxes for the current year cannot be ascertained, (i) if the valuation of the Property can be ascertained, then taxes for the year of Closing shall be prorated based on such valuation and the prior year's millage rates or (ii) if the valuation of the Property cannot be ascertained, then taxes for the year of Closing shall be prorated based on a valuation equal to the greater of the prior year's valuation or 75% of the Purchase Price, and the prior year's millage.  There shall be no re-proration following the Closing.  All other prorations (if any) shall be handled in a customary fashion for real estate closings in Miami-Dade County, Florida.

l.   Seller agrees that it shall not actively market the Commodore Properties for sale from the time of filing the Sale Motion until the time that the Court rules upon the Sale Motion, unless this Agreement is otherwise terminated sooner. Buyer understands that during this period and thereafter, Seller may nonetheless receive unsolicited proposals to purchase the Commodore Properties and would be

obligated to advise the Court and Buyer if it receives an offer that it determines to be higher and better than that which is the subject of this Agreement. In such event, (i) Seller shall inform Buyer in writing of the higher and better offer, together with a copy of the offer; (ii) Buyer shall have a right of first refusal ("ROFR") to match the terms of the higher and better offer, which must be exercised within fourteen (14) days of Seller providing Buyer with written notice thereof, in which event this Agreement shall be deemed modified to reflect the Purchase Price of such offer; and (iii) if Buyer does not exercise the ROFR and the Court enters an approving an order approving the higher and better offer and such sale closes, and provided Buyer is not otherwise in default of this Agreement, then Buyer shall be entitled to be compensated, solely from the net proceeds of the closing on such higher and better offer and without recourse to the Receivership Estate, Seller, Receiver or Receiver Affiliates, for its actual expenses incurred and substantiated in connection with the negotiation of this Agreement and due diligence in connection therewith, up to $100,000.00. Seller may also negotiate back-up contracts for the sale of the Commodore Properties or other agreements with regard to the disposition of the Commodore Properties, so long as such agreements are subject and subordinate to this Agreement so long as this Agreement is in full force and effect and Buyer is not in default hereunder.

22.     The Receiver submits it is in the best interest of the Receivership Estate to consummate the sale of the Commodore Properties under the Sale Contract. The sale will generate a significant amount of funds upon closing which will be available to reduce, if not fully satisfy, valid bona fide lien claims against the Commodore Properties.

23.     The Commodore Companies have not been making the monthly rental payments on the leased Commodore Properties located at 3166 Commodore Plaza, 3138 Commodore Plaza and 3120 Commodore Plaza since the Receivership Order was entered, and the Halpern Parties have been making protective advances to the landlords to avoid default since August 2023. To date, the Halpern Trusts have advanced $582,079.62 in protective rental payments on the Commodore Properties (the "Rental Advances"). The Receiver has agreed to reimburse the Rental Advances of $582,079.62, and requests discretion to reimburse any additional Rental Advances made by the Halpern Trusts through Closing, from the Closing proceeds.

24.     The Receiver further submits that to the best of her knowledge all interested parties

will receive notice of the Motion. As reflected in the service list below, the Receiver is providing notice of the Motion on: (a) various government agencies including the City of Miami's Unsafe Structure Panel, (b) all claimants holding liens, encumbrances and other interests listed in Schedule B, Part I of the title commitment for the Commodore Properties, (c) all parties who have pending litigation against the Commodore Companies, (d) all investors listed in the operating agreement for Urbin Coconut Grove Partners, LLC located by the Receiver in the Receivership Companies' records, (e) the condominium association for 3162 Commodore Plaza, (f) the landlords for the ground leases for 3166 Commodore Plaza, 3138 Commodore Plaza and 3120 Commodore Plaza, (g) Verizon Wireless Personal Communications LP dba Verizon Wireless as tenant under the Verizon Lease, (h) ILC Advisors, LLC as tenant under the month to month lease for Suite 3A in 3162 Commodore Plaza, (i) Scott Silver of Silver Law, P.A. and Grouper Financial Inc. who may claim to have certain interests relating to 3166 Commodore Plaza and 3162 Commodore Plaza, and (j) parties who may have provided deposits for units in the Commodore Properties. To the best of the Receiver's knowledge all interested parties have received notice of the Motion.

### MEMORANDUM OF LAW

"The district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted). "This discretion derives from the inherent powers of an equity court to fashion relief." *Id*. These powers include the authority to approve the sale of property of the Receivership Companies. Clark on Receivers § 482 (3d ed. 1992) (citing *First National Bank v. Shedd*, 121 U.S. 74, 87, 7 S.Ct. 807, 814, 30 L.Ed. 877 (1887) (A court of equity having custody and control of property has power to order a sale of the property in its discretion). "[A]ny action by a trial court in supervising an equity receivership is committed to his sound discretion and will not be disturbed unless there is a

clear showing of abuse." *S.E.C. v. Pension Fund of Am. L.C.*, 377 F. App'x 957, 961 (11th Cir. 2010) (quotations omitted).

"A court of equity under proper circumstances has power to order a receiver to sell property free and clear of all incumbrances, and to deny the mortgagee the right to foreclose his mortgage." *Miners' Bank of Wilkes-Barre v. Acker*, 66 F.2d 850, 853 (3d Cir. 1933); *see United States v. Brewer*, 2009 WL 1748504, at *5 (M.D. Fla. June 19, 2009) (approving private sale and concluding buyer "shall hold good and clear title to the Property as against the world, free and clear of all liens, encumbrances, claims and interests of any kind"); *Sec. & Exch. Comm'n v. Harbor City Capital Corp.*, No. 6:21-cv-694-CEM-DCI, 2023 WL 1105282 (M.D. Fla. Jan. 30, 2023) ("To be sure, 'it has long been recognized that under appropriate circumstances, a federal court presiding over a receivership may authorize the assets of the receivership to be sold free and clear of liens and related claims.'"), citing *Sec. & Exch. Comm'n v. Capital Cove Bancorp LLC*, No. SACV 15-980JLS, 2015 WL 9701154, *4 (C.D. Cal. Oct. 13, 2015); *Capital Cove*, 2015 WL 9701154, *4; *Pennant Mgmt., Inc. v. First Farmers Fin., LLC*, No. 14–CV–7581, 2015 WL 4511337, *4 (N.D.Ill. July 24, 2015) (quoting *Regions Bank v. Egyptian Concrete Co.*, No. 09–cv–1260, 2009 WL 4431133, at *7 (E.D. Mo. Dec. 1, 2009)); *see also Mellen v. Moline Malleable Iron Works*, 131 U.S. 352, 357 (1889) ("[T]he removal of alleged liens or incumbrances [sic] upon property, the closing up of affairs of insolvent corporations, and the administration and distribution of trust funds are subjects over which courts of equity have general jurisdiction.").

One of the primary goals of a receivership is to provide a conduit through which assets can be administered for the benefit of the receivership estate and harmed investors. Allowing the Receiver to enter into the Sale Contract and sell the Commodore Properties free and clear will further the goals of the receivership. The Receiver proposes all liens, claims and encumbrances

asserted through the closing date against the Commodore Properties will attach to the Net Sale Proceeds, with the same priority, extent and validity as they had prior to the receivership. The Receiver has not authorized any work to be performed on the Commodore Properties since her appointment on January 12, 2024 that has not been paid, and does not anticipate any claimant will assert a valid lien for work performed after January 12, 2024. The Receivership Order enjoins creditors from enforcing or creating liens against property owned by the Receivership Companies. *See* Receiver. Order ¶ 23. Any post-receivership recording of a lien will violate this provision, and be objected to by the Receiver.

The Receiver further requests that the order provide that the "free and clear" sale shall constitute a legal, valid and effective transfer of the Commodore Properties to the Buyer upon closing, notwithstanding any requirement for approval or consent by any person (including, without limitation, any lender or lienor, any ground lessee, any condominium association, or any counterparty to any other contract or agreement with the Commodore Companies. The Receiver respectfully submits that such relief is commonly granted in analogous sales conducted in bankruptcy cases. *See, e.g.*, *In re HearUSA, Inc.*, No. 11-23341-EPK, 2011 WL 5037648, *5, 9 (Bankr. S.D. Fla. Oct. 18, 2011) (ordering that sale shall constitute a legal, valid and effective transfer, notwithstanding any requirement for approval or consent by any person); *In re Casa Casuarina, LLC*, No. 13-25645-LMI, 2010 WL 11813800, *8 (Bankr. S.D. Fla. Jan. 27, 2010) (same); *In re Decorator Industries, Inc.*, No. 11-37641-BKC-JKO, 2009 WL 10816746, *3 (Bankr. S.D. Fla. Jan. 28, 2009) (same).

As described above, the Receiver obtained appraisals of the Commodore Properties, with a total "as is" market value that is substantially lower than the purchase price. The proposed $28.2 million purchase price under the Sale Contract substantially exceeds the appraised value, and is

reasonable given the circumstances.[4] As described above, the Commodore Properties are a very complex assemblage of property interests subject to Ground Leases with various alleged defaults, Verizon cellular equipment on a partially demolished building that needs to be completely demolished, various code violations, and gutted condominium units. The Commodore Properties require substantial maintenance expenditures, such as property taxes and insurance premiums. The expeditious sale of the Commodore Properties will prevent deterioration and waste, avoid additional expenses, and maximize the value of the Commodore Properties, providing the opportunity to substantially reduce, if not fully satisfy, claims asserted against the Commodore Companies and maximize the value of their assets.

As noted above, pursuant to the Section 2001(a) Order, the Receiver "is excused from compliance with 28 U.S.C. section 2001 in connection with the sale of real property in this case." *See Huntington Nat'l Bank v. Big Sky Dev. Flint, LLC*, No. 10-10346, 2010 WL 3702361, at *7 (E.D. Mich. Sept. 16, 2010) (noting that the requirements of 28 U.S.C. § 2001 were waived as part of the receivership order to which the parties stipulated); *see also Sec. & Exch. Comm'n v. EB5 Asset Manager, LLC*, No. 15-62323-CIV, 2016 WL 7508252, at *2 (S.D. Fla. Mar. 25, 2016) (stating that "[w]hile the Court may not waive the mandatory requirements of § 2001(b), the parties may" and citing *Huntington Nat'l Bank v. Big Sky* for support).

The Receiver will separately account for the Net Sale Proceeds, and file an appropriate pleading to seek allocation and disbursement of the Net Sale Proceeds at a later date with notice to be provided to all lien claimants known to the Receiver who may object to the proposed distribution and be heard by the Court. Disbursement of the Net Sale Proceeds will be subject to

---

[4] The Receiver has not attached the appraisals to this Motion or referenced the total appraised value, other than to note it is millions of dollars less than the purchase price; the appraisals can be provided under seal or in camera should the Court request.

Court approval.

WHEREFORE, the Receiver respectfully requests the entry of an order substantially in the same form as the proposed order attached hereto as **Exhibit 4**: (a) approving the proposed sale, free and clear of any liens, claims or encumbrances, including those listed in Paragraph 17 herein, or that may be asserted on the Commodore Properties through the closing date, on an as-is, where-is basis, without representations or warranties from the Receiver, with all such liens transferred to and attach to the Net Sale Proceeds with the same priority, extent and validity as they had prior to the Receivership, (b) providing that after Closing, at the request of Buyer, any such lienholder shall execute a release of lien or file a termination statement, as applicable, with respect to the Commodore Properties in recordable form, (c) authorizing the Receiver to enter into the Sale Contract, and execute receiver's deed, title affidavit, assignment of lease and closing statements to consummate the sale of the Commodore Properties in accordance with the terms of the Sale Contract, (d) authorizing the Receiver to pay, at Closing from the Closing proceeds, real estate taxes for the Fee Real Estate, and the seller's fees and costs specified in the Sale Contract, including, but not limited to, prorated taxes, 50% of documentary stamp tax, surtax, and escrow agent fee, and the Rental Advances, including any additional Rental Advances made by the Halpern Trusts through Closing, and (e) granting such other and further relief as the Court deems just and proper.

## <u>CERTIFICATION OF CONFERENCE WITH COUNSEL</u>

Counsel for the SEC has informed undersigned counsel that it has no objection to the relief requested herein. Counsel for defendant Rishi Kapoor has informed undersigned counsel that Rishi Kapoor takes no position on the relief requested herein. Counsel for the Halpern Parties does not object to the relief requested herein, except that the Halpern Parties assert that the references to

"applicable law" in the proposed order should refer to "state law" (i.e., at pages 4, 5 and 13 of the proposed order). Counsel for a group of unit purchasers who is included in the service list below but who has not made an appearance in this case, has advised undersigned counsel that his clients object to any sale of the Commodore Properties that will not allow them to recoup all (if not a great sum) of their deposit funds. Other interested parties, such as landlords, may have a position on the relief sought in the motion and are included in the service list.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
Email: dlr@kttlaw.com

By: /s/ David L. Rosendorf
     David L. Rosendorf
     Florida Bar No. 996823

*Counsel for Bernice C. Lee, Receiver*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this 24th day of September, 2024 via CM/ECF upon all counsel of record and via email and/or U.S. mail on the following lienholders, tenants and interested parties listed in the Service List.

By: /s/ David L. Rosendorf
     David L. Rosendorf

## Service List

City of Miami
Attn: Elizabeth Hernandez, Division Chief
444 SW 2nd Ave Fl 9
Miami, FL 33130-1910
elhernandez@miamigov.com

Office of the City Attorney, Miami
Attn: Patricia M. Arias
444 SW 2nd Ave Ste 945
Miami, FL 33130-1910
parias@miamigov.com

City of Miami's Unsafe Structure Panel
Attn.: Miguel Martinez
444 SW 2nd Avenue
Miami, FL 33130
unsafestructures@miamigov.com

Gerardo Gomez
gerg11@miamidade.gov

City of Miami
Finance Department
444 SW 2nd Ave.
Miami, FL 33130

Miami-Dade County Tax Collector
200 N.W. 2nd Avenue
Miami, FL 33128

Miami-Dade County Property Appraiser
Stephen P. Clark Center
111 N.W. 1st Street, Suite 710
Miami, FL 33128-1984

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Florida Department of Revenue
PO Box 6668
Tallahassee, FL 32314-6668

Jim Zingale
Executive Director
Florida Dept. of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399

Florida Department of Revenue
Miami Service Center
3750 NW 87th Ave, Suite 300
Doral, FL 33178-2430

The Honorable Ashley Moody
Office of the Attorney General
The Capitol, PL 01
Tallahassee, FL 32399

The Honorable Markenzy Lapointe
United States Attorney
99 NE 4th Street
Miami, FL 33132

The Honorable Merrick B. Garland
United States Attorney General
Department of Justice, Room 4400
950 Pennsylvania Avenue N.W.
Washington, DC 20530-0001

Pensam Logistics Partners CF5-III, LLC
JMGS 1 Capital, LLC, as Registered Agent
777 Brickell Ave, Ste 1200
Miami, FL 33131

2EE LLC
Jonathan Hoffman, as Registered Agent
125 Ocean Drive, Suite 501
Miami Beach, FL 33139

2EE LLC
c/o Florida Mortgage Group, Inc.
2511 Anderson Road
Coral Gables, FL 33134

2EE LLC
3121 Commodore Plaza, Suite 303
Coconut Grove, FL 33133

HFT Commodore LLC
Rob Hyman, P.A., as Registered Agent
110 SE 6th Floor, 17th Floor
Fort Lauderdale, FL 33301

PBVMF 21, LLC
Pine Bay Ventures LLC, as Registered Agent
10101 South Dixie Highway
Pinecrest, FL 33156

Arras Air Conditioning
Raul Guerra, President
255 NE 69 Street, #B
Miami, FL 33138

Arras Corp.
Raul Guerra, as Registered Agent
255 NE 69 Street, #B
Miami, FL 33138

John Abell Corporation
John W. Abell, Jr., as Registered Agent
10500 SW 186 Street
Miami, FL 33157

John Abell Corporation
c/o Robert A. Bernstein, Esq./John Annesser, Esq.
2151 S. Le Jeune Rd., Mezzanine Floor
Coral Gables, FL 33134

Custom Air Ventilation and Heating of South Florida LLC d/b/a CAVH of South Florida
Carolyn Arote, as Registered Agent
12719 Gillard Road
Winter Garden, FL 34787

Custom Air Ventilation and Heating of South Florida LLC d/b/a CAVH of South Florida
Julianne Bondoni, Accounts Receivable
4906 Creekside Drive, #A
Clearwater, FL 33760

Bond Plumbing Supply Inc.
Jonathan W. Bond, President
 & Registered Agent
1250 NW 23rd Street
Miami, FL 33142

Banner Supply Co.
Peterson, Baldor & Maranges, PLLC,
 as counsel and Registered Agent
8000 SW 117 Avenue, Suite 206
Miami, FL 33183

Banner Supply Co.
Tracey Pendergraft, Director
7195 NW 30th Street
Miami, FL 33122

CWL-CH, LLC, ASJAIA, LLC
 and Vieden Grove OZ, LLC
c/o Jocelyne A. Macelloni, Esq.
Barakat + Bossa PLLC
2701 Ponce de Leon Blvd., Suite 202
Coral Gables, FL 33134

Paramount Finishes, LLC
Alayn J. Astiazarain, as Registered Agent
6555 Powerline Rd., Ste 311
Fort Lauderdale, FL 33309

Paramount Finishes, LLC
Alexander Barthet, Esq.
Samuel A. Korab, Esq.
200 South Biscayne Blvd., Suite 1650
Miami, FL 33131
alex@barthet.com; skorab@barthet.com

Foundation Building Materials, LLC
Universal Registered Agents, Inc.,
 as Registered Agent
1317 California Street
Tallahassee, FL 32304

Foundation Building Materials, LLC
Angela J. Espinal
1924 West Princeton Street
Orlando, FL 32804

Paredes Architects, Inc.
Francisco J Paredes, as Registered Agent
7700 SW 143rd St.
Palmetto Bay, FL 33158

Paredes Architects, Inc.
Francisco Paredes
12915 SW 132 St, Suite 3
Miami, FL 33186

Paredes Architects, Inc.
c/o Jorge L. Cruz, Esq./Matthew Koskinen, Esq.
4000 Ponce De Leon Blvd., Suite 800
Coral Gables, FL 33146

Winmar Construction, Inc.
Francisco Touron, III, as Registered Agent
2665 S. Bayshore Drive, Suite 300
Miami, FL 33133

Winmar Construction, Inc.
Luis A. Leon, President
5959 Blue Lagoon Drive, Suite 100
Miami, FL 33126

Pronto Waste Service Inc.
Roberto Arencibia, as Registered Agent
7000 NW 35th Ave.
Miami, FL 33147

AM Studio Design, LLC
Paula A. Correa, as Registered Agent
1200 NE 97th Street
Miami Shores, FL 33138

Metropolitan Plumbing, Inc.
Miguel Guiardinu, as Registered Agent
1020 East 14th Street
Hialeah, FL 33010

Next Plumbing Supply, Inc.
Matthew F Yon, as Registered Agent
2000 Glades Rd, Suite 110
Boca Raton, FL 33431

Next Plumbing Supply, Inc.
David Lopatin, President
710 S. Powerline Road, Suite A
Deerfield Beach, FL 33442

Integrated Cooling Solutions, LLC
Capitol Corporate Services, Inc.,
  as Registered Agent
515 East Park Avenue, 2nd Fl
Tallahassee, FL 32301

Integrated Cooling Solutions, LLC
Maximo Marrero, President
10405 NW 37th Terrace
Doral, FL 33178

Foundation Building Materials, LLC, et al.
c/o Barry Kalmanson, Esq.
500 North Maitland Ave., Suite 305
Maitland, FL 32751

Graef-USA Inc.
Scott Hinrichs, as Registered Agent
2300 Maitland Center Parkway, Suite 210
Maitland, FL 32751

Graef-USA Inc.
Nelson Ortiz, Authorized Representative
9400 S. Dadeland Blvd., Suite 601
Miami, FL 33156

Commodore Centre Condominium Association,
Inc.
AGE RE Services, LLC, as Registered Agent
3162 Commodore Plaza, Suite 3E
Coconut Grove, FL 33133

Bercow Radell Fernandez Larkin & Tapanes,
PLLC
c/o Haber Law LLP / Ariella Gutman, Esq.
Nicholas Lashbrook, Esq.
251 NW 23rd St.
Miami, FL 33127

Rafael Alfredo Chiriboga, Juan Pablo Guerrero
and Heidi Maria Guerrero
c/o Jay R. Tome, Esq.
6840 Griffin Road
Davie, FL 33314
jayrtome@tomelawfirm.com

Caisca Investments LLC, Apiluga Corp
Agostino Gino Matranga Gorriti and
Deparent LLC
c/o Jay R. Tome, Esq.
6840 Griffin Road
Davie, FL 33314
jayrtome@tomelawfirm.com

Apacho LLC, Ugljan, LLC, Hector Herrera,
Hector Fabian Herrera and Roma Group
Investment, LLC
c/o Jay R. Tome, Esq.
6840 Griffin Road
Davie, FL 33314
jayrtome@tomelawfirm.com

CJOZ, LLC
6840 SW 81 Terrace
Miami, FL 33143

CJOZ, LLC
United States Registered Agents, Inc.,
   as Registered Agent
9300 S. Dadeland Blvd., Suite 600
Miami, FL 33156

Thomas James Tharrington
308 Royal Plaza Drive
Ft. Lauderdale, FL 33301
Email: tjtharrington@yahoo.com

Global Sales and Marketing Services, LLC
1505 Sunset Drive
Coral Gables, FL 33143

Global Sales and Marketing Services, LLC
de la Vega Management Inc., Registered Agent
3250 Mary Street, Suite 520
Miami, FL 33133

CWL-CH LLC
Clifford W. Losh, as Registered Agent
2811 S. Bayshore Drive, #9B
Miami, FL 33133

Vieden Grove OZ LLC
5501 Hammock Drive
Coral Gables, FL 33156

Vieden Grove OZ LLC
Atrium Registered Agents, Inc.,
   as Registered Agent
8950 S.W. 74th Court, Suite 1901
Miami, FL 33156

ASJAIA LLC
Atrium Registered Agents, Inc.,
   as Registered Agent
8950 S.W. 74th Court, Suite 1901
Miami, FL 33156

AG | LAW
Attn: Alexis Gonzalez
3162 Commodore Plaza, Suite 3E
Coconut Grove, FL 33133
alexis@aglawpa.com

Sylvano Bignon
3162 Commodore Plaza Suite 1D
Coconut Grove, FL 33133
sylvano@icoconutgrove.com

Grant Savage
3162 Commodore Plaza
Miami, FL 33133
savage@silverbluffre.com

Commodore Centre Condominium
   Association, Inc.
3162 Commodore Plaza, Unit 1C
Miami, FL 33133

Amida Frey
12900 NE 4th Ave
North Miami, FL 33161-4653
amidafrey@hotmail.com
freyamida@gmail.com

Dharma Studio, Inc.
c/o Cynthia Wagner
3109 Grand Ave, #119
Miami, FL 33133

TB 3120 Commodore Investments, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

TB 3120 Commodore Investments, LLC
c/o Bayan Street Capital, LLC
Attn: Rudy Prio Touzet and K. Taylor White
80 SW 8th Street, Suite 2200
Miami, FL 33130
rtouzet@banyanstreet.com
twhite@banyanstreet.com

TB 3120 Commodore Investments, LLC
c/o Terra Group
Attn: David Martin
2665 S. Bayshore Drive, Suite 1020
Miami, FL 33133
David@terragroup.com

TB 3120 Commodore Investments, LLC
c/o Mark D. Solov, Esq.
Stearns Weaver Miller Weissler, et al.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
msolov@stearnsweaver.com

TB 3120 Commodore Investments, LLC
c/o Drew Dillworth, Esq.
Stearns Weaver Miller Weissler, et al.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
ddillworth@stearnsweaver.com

TB 3138 Commodore Investments, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

TB 3138 Commodore Investments, LLC
c/o Bayan Street Capital, LLC
Attn: Rudy Prio Touzet and K. Taylor White
80 SW 8th Street, Suite 2200
Miami, FL 33130
rtouzet@banyanstreet.com
twhite@banyanstreet.com

TB 3138 Commodore Investments, LLC
c/o Terra Group
Attn: David Martin
2665 S. Bayshore Drive, Suite 1020
Miami, FL 33133
David@terragroup.com

TB 3138 Commodore Investments, LLC
c/o Mark D. Solov, Esq.
Stearns Weaver Miller Weissler, et al.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
msolov@stearnsweaver.com

TB 3138 Commodore Investments, LLC
c/o Drew Dillworth, Esq.
Stearns Weaver Miller Weissler, et al.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
ddillworth@stearnsweaver.com

Verizon Wireless Personal Communications LP
c/o CT Corporation System
1200 South Pine Island Rd
Plantation, FL 33324

Verizon Wireless Personal Communications L.P.
d/b/a Verizon Wireless
Attention: Network Real Estate
180 Washington Valley Road
Bedminster, NJ 07921

Verizon Wireless Personal Communications LP
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

Verizon Wireless Personal Communications LP
Attn: Mark Baesch, Principal Engineer
4700 Exchange Court, Suite 100
Boca Raton, FL 33431
mark.baesch2@verizonwireless.com

ILC Advisors LLC
c/o Luis E Colimodio
6800 SW 120 SR
Miami, FL 33156
lecolimodio@icc-associates.com

ICC Associates, Inc.
c/o Ian C Coutts
3030 SW 27 Ave.
Miami, FL 33133
iancoutts@icc-associates.com

Grouper Financial, Inc.
c/o Ashley Sodeman
2980 McFarlane Road, 2nd floor
Miami, FL 33133

Scott A. Silver
Silver Law, P.A.
2980 McFarlane Rd.
Miami, FL 33133
ssilver@silver.lawyer

Antonio R Tettamanzi
1050 NE 86th St.
Miami, FL 33138
a.r.t.764@icloud.com

MAA Real Estate, LLC
3176 Commodore Plaza
Miami, FL 33133

MAA Real Estate, LLC
c/o Antonio Tettamanzi
1050 NE 86th St.
Miami, FL 33138

Chicago Title Insurance Company
c/o David S. O'Quinn, Esq.
VP/Litigation Counsel
Fidelity National Law Group
100 W. Cypress Creek Rd., Ste 889
Fort Lauderdale, FL 33309-8103
David.oquinn@fnf.com

United Fire & Casualty Company
c/o Steven Kerbel
Etcheverry Harrison, LLP
150 S Pine Island Rd Ste 105
Plantation, FL 33324-2605
kerbel@etchlaw.com

United Fire & Casualty Company
c/o Gerard Kouri
5311 King Arthur Ave
Davie, FL 33331-3340
gmkouri@aol.com

United Fire & Casualty Company
Attn: Brian Daniels
118 Second Ave., SE
Cedar Rapids, IA 52401
bdaniels@unitedfiregroup.com

Diana Kampert
Bureau of Standards and Registration
Div. of Fla. Condo., Timeshares and Mobile
Homes, and Dept. of Business and Prof. Reg.
2601 Blair Stone Road
Tallahassee, FL 32399-1033
Diana.Kampert@myfloridalicense.com

Kenneth R. Florio
Goodkind & Florio, P.A.
12861 SW 68th Avenue
Pinecrest, FL 33156
kenneth@goodkindandflorio.com

31

Brian K. Goodkind
Goodkind & Florio, P.A.
4121 La Playa Blvd.
Miami, FL 33133
brian@goodkindandflorio.com

Andrew J. Rothman
Senior Claims Examiner
Stonebridge Claims Management, LLC
22297 Woodspring Drive
Boca Raton, FL 33428
arothman@stonebridgeclaims.com

Sarah Pfaff
Claims Specialist III
E&S Specialty Claim Division
P.O. Box 182452
Columbus, OH 43218
Pfaffs1@nationwide.com

Rafael Chiriboga
8045 NW 104 Ave, Unit 3
Doral, FL 33178
rafael.chiriboga@uital.ec

Vision Aeronautica, LLC
4951 NW 84th Ave
Doral, FL 33166

Juan Pablo Guerrero and Heidi Maria Guerrero
Barrio Aranjuez Antes Avenida Principal
Pasando una Cuadra la Avenida Oscar Alfaro
**BOLIVIA**
paul_phoenix@hotmail.com

Jordi Joan Astudillo Tarrason
15590 Casa H, La Barnechea
Santiago, **CHILE**
jastut2016@gmail.com

Mario Alberto Pereyra and Ana Maria Santiago
Manzana 35 Lote 1 Las Cigarras
Valle Escondido, Cordoba **ARGENTINA**
arqpereyamario@hotmail.com
anaassantiago1@gmail.com

Wolberg Group LLC
701 N. International Blvd., Suite 123-6406
Hidalgo, TX 78557
wolberg@drwolberg.com
martha@drwolberg.com

Caisca Investments LLC
4745 NW 84th Ct. #17
Doral, FL 33027
director@surtiabarrotes.com

Razan Wafai
5901 South Garfield
Burr Ridge, IL 60527
rwafai@sbcglobal.net

Deparent LLC
315 Harbor Drive
Key Biscayne, FL 33149
xandrabu@hotmail.com

Juan Manuel Garcia
Siete Cerros 23 Pozuelo
De Alarcon, Madrid, **SPAIN**
jmanuel.garcia@cepsa.com

Apiluga Corp - Luiza Garlatti
& Andres Pierotty Rodriguez
Carrera 11D Numero 123-41 Apto 607
Bogota, **COLOMBIA**
apiero62@hotmail.com
luisagar24@hotmail.com

Agostino Gino Matranga Gorriti
Carretera Mexico Toluca 2833
Torre A Dpto 201 Colonia Tex Lomas de Vista
Hermosa - Delegacion Cuajimalpa de Morelos
CP 05100 **MEXICO**
Matrangagino8@gmail.com

Paulina Sierra
Bosque de Ciclamoros 21 Col.
Bosques de las lomas CP 05120
Cuajimalpa de Morelos, CDMX **MEXICO**
pausrt@hotmail.com

Monica Manzione
8415 NW 116 Ave
Doral, FL 33178
elda@urbaint.miami

Jorge E. Grandos
3078 Bird Ave
Miami, FL 33133
pg.granados@gmail.com

Taliaa Manbor
95 Greene Street, Apt 4A
New York, NY 10012
taliamanbor@gmail.com

Andres Braun
95 Greene Street, Apt 4A
New York, NY 10012
aabraun@mac.com

Juan Sebastian Gaviria Garlatti &
Paola Maria Garlatti
js.gaviria271@uniandes.edu.com
garveber7@hotmail.com

Angel Mohamad
9600 NW 45th Lane
Doral, FL 33178
amohamad55@gmail.com

Ana Rosario Montoya Parilli
3170 Coral Way, Apt. 1015
Miami, FL 33145
anarosariom@gmail.com

Gabriel D'Amato
Av Dr Ricardo Balbin 3675
Buenos Aires **ARGENTINA**
gabriela211271@gmail.com

Jorge Otero
2391 Maple Ct
Pembroke Pines, FL 33026
jeotero@internet.com.uy

Marcela Clorinda Accini Andretta
Km 5.5 Via Q Saboronddon Urb La Cascada
Solar 2, Guayaquil, **ECUADOR**

German Carreno
3301 NE 5th Ave, Apt. 208
Miami, FL 33137
german82@gmail.com

AJT Holdings, LLC
3838 Tamiami Trail N. #416
Naples, FL 34103
maritagastaldello@gmail.com

Luis A. Guiterrez & Vanessa Gonzalez Davalos
Aires De Batan KM 7/12 Via A Samborondon
Etapa 3 Villa 49, Guayaquil, **ECUADOR**
luchogutierrez68@hotmail.com
vanessagonzalezd@msn.com

Damon Vespi, Esq.
361 Union Blvd.
Totowa, NJ 07512
dves99@gmail.com

Rafael Emerick Salas
1402 NW 138 Terr
Pembroke Pines, FL 33028
emericksalas@gmail.com

Amethyst Real Estate LLC-Leonardo Sebastiano
Olga Cossettini 1350 Apt 5A CP 1107
Buenos Aires **ARGENTINA**
leosebas74@gmail.com

Ximena Rangel Valenzuela
Col. Bosques de las lomas CP 05120
Cuajimalpa de Morelos, CDMX **MEXICO**
x_rangel@hotmail.com

Roma Group Investment, LLC
Estoril 750, Departamento 408, Las Condes
Santiago, **CHILE**
danielfaundez@gmail.com

Apacho LLC,
2330 Hollywod Blvd.
Hollywood, FL 33020
danieldelfino@gmail.com
geroginadelfino@yahoo.com

Sandra M. Restrepo
146 Scott St.
Daniel Island, SC 29492
sandramrestrepo@gmail.com

Ehla Asesora, LLC
Via A La Costa Km 12 1/2
Laguna Club Villa 118, Guayaquil, **ECUADOR**
hernan@ehla.ec

Reem Jandali and Majed Jandali
3255 Pleasant Lane
Mount Pleasant, WI 53405
mjandalmd@aol.com

Hector Herrera and Hector Fabian Herrera
Carrera 14 A # 10-27 Sur, Mosquera
Cundinamarca **COLOMBIA**
ingfabianh@gmail.com