UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-24903-CIV-JB

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

v.

RISHI KAPOOR, et al.,

   Defendants.

_____/

**EXPEDITED MOTION BY MEMBERS OF
URBIN COCONUT GROVE PARTNERS, LLC, FOR
RELIEF FROM STAY OF ANCILLARY LITIGATION AND/OR FOR
PARTIAL VACATION, MODIFICATION, OR CLARIFICATION OF ORDER
APPOINTING RECEIVER AND IF NECESSARY TO INTERVENE**

NOW COME CWL-CH, LLC ("CWL-CH"), ASJAIA, LLC ("ASJAIA"), and VIEDEN GROVE OZ, LLC ("VIEDEN GROVE OZ") (collectively, "Interested Persons"), as holders of the claims that are evidenced by the Notices of Lis Pendens (as defined below) and as members of Defendant Urbin Coconut Grove Partners, LLC ("UCGPLLC"), and pursuant to Rule 60(b), Fed.R.Civ.P., move on an expedited basis for Relief from this Court's Order Granting Plaintiff Securities and Exchange Commission's Expedited Motion for Appointment of Receiver, Asset Freeze, and Other Relief Against the Company Defendants [D.E. 28, hereafter the "Receivership Order"], and, if necessary, move to intervene and state as follows:

**INTRODUCTION**

The Interested Persons are innocent victims of the fraud that was perpetrated by Defendant Kapoor. Before the Securities and Exchanges Commission filed its Complaint in the present litigation, the Interested Persons were prosecuting their claims against Defendants



Kapoor and Urbin LLC in state court. *See CWL-CH LLC, et al. vs. Kapoor, et al.*, Miami-Dade Circuit Court Case No. 2022-024051-CA-01 (hereafter, the "State Court Case"). During that litigation, on October 5, 2023, the Interested Persons filed certain Notices of Lis Pendens in the Public Records of Miami-Dade County (the "Commodore NLPs"). Now, per the terms of Florida Statutes, §48.23, certain persons may argue that the Commodore NLPs would become ineffective after October 4, 2024. Nevertheless, because of the stay imposed in the Receivership Order, the Interested Persons are precluded from seeking an extension in the State Court Case. For the reasons stated below, the Interested Persons respectfully request that this Court grant the relief that is requested in this motion.

## BRIEF SUMMARY OF RELEVANT PROCEDURAL HISTORY:

**A. State Court Proceedings**.

1. Defendant UCGPLLC is a single purpose Florida limited liability company that was formed for the purposes of developing real property in Miami Dade County.

2. Effective January 1, 2022, in accordance with Florida Statutes, each of the Interested Persons executed an Operating Agreement (the "UCGP-OA") with Defendant UCGPLLC and Defendant Urbin LLC ("ULLC"). Defendant Kapoor signed the Operating Agreement on behalf of those entities. In addition, Marty Halpern, as a Trustee of an unspecified entity or trust, also signed the Operating Agreement and became a member of UCGPLLC.[1] The Interested Persons are Class B Members of UCGPLLC.

---

[1] From Exhibit A to the UCGPLLC Operating Agreement, it appears that the "Halpern Family Trust" was assigned a 4.67 % Membership interest in UCGPLLC and recognized as having made a $500,000 capital contribution to that entity.

3. In May 2022, Defendant UCGPLLC and/or related entities borrowed $16 Million from entities affiliated with Marty Halpern.[2] Further, at that time ULLC caused Defendant UCGPLLC to record a mortgage on certain of its properties.[3]

4. On December 19, 2022, the Interested Persons filed a two-count Complaint in Miami-Dade Circuit Case No. 2022-024051-CA-01 (the "State Court Case"). *See* State Court Case, Docket Entry No. 2. Therein, the present Defendants Kapoor and Defendant ULLC were named as defendants in the State Court Case.

5. In the State Court Case, among other things, the Interested Persons complained that Defendants Kapoor and ULLC violated the UCGP-OA when they purportedly caused UCGPLLC to borrow certain funds. More particularly, the Interested Persons complained that ULLC violated to UCGP-OA in May 2022 when ULLC caused UCGPLLC to borrow $16 Million from the Halpern Revocable Trust. *See* State Court Case, Docket Entry No. 2, ¶ 18.

6. On October 5, 2023, the Interested Persons caused five (5) Notices of Lis Pendens to be recorded in the Public Records of Miami-Dade County (the "Commodore NLPs"). *See* Exhibits 1-1 to 1-5; *see also* State Court Case, Docket Entries No. 45, 46, 47, 48, and 49. The Commodore NLPs constitute public notice that the Interested Persons claim that certain properties described therein ("Commodore Properties") are the subject matter of the State Court Case. The Commodore Properties that are listed in the Commodore NLPs are included among the properties that are the subject of the Receiver's Motion for Sale.

---

[2] Those entities include the Halpern Family Trust and the Martin I. Halpern Revocable Trust. On information and belief, 2EE, LLC, is also affiliated with the Halpern interests.
[3] Additional details regarding these and other significant transactions are detailed in the Interested Persons' Motion for Leave to File the First Amended Complaint, which is by this reference incorporated herein. *See* D.E. 58 in Docket of State Court Case. The affect properties are defined below as the "Commodore Properties".



7. On December 4, 2023, Defendant ULLC filed a motion to dissolve the Commodore NLPs. *See* State Court Case, Docket Entry No. 57.

8. On December 26, 2023, the Interested Persons filed their Motion for Leave to File their First Amended Complaint in the State Court Case (hereafter the "First Amended Complaint"). *See* State Court Case, Docket Entry No. 58.

9. On January 17, 2024, Counsel for ULLC filed a Notice of Filing Receivership Order in the State Court Case. *See* State Court Case, Docket Entry No. 62.

10. On July 10, 2024, the State Court issued its Order of Dismissal without Prejudice. *See* State Court Case, Docket Entry No. 66. Therein, that Court stated as follows: "This Court reserves jurisdiction to vacate this Order should the issues in this [c]ase not get completely resolved through the receivership process and a request to vacate is filed."

**B. Proceedings in the Present Case**

11. On December 27, 2023, Plaintiff Securities & Exchanges Commission filed the Complaint in the present action.

12. On January 12, 2024, this Court entered the Receivership Order [D.E. 28]. Section VIII of that order (the "Stay Provision") includes a broadly worded stay provision. *See* ¶ 26. That section includes the following (arguably one-sided) paragraph:

> 28.  All Ancillary Proceedings are stayed in their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action until further order of this Court. Further, as to a cause of action accrued or accruing ***in favor*** *of the Receivership Defendants against a third person or party*, any applicable statute of limitations is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

(Emphasis added.)

13. On September 24, 2024, the Receiver filed her Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests [D.E. 283, hereafter the "Receiver's Commodore Sale Motion"].

14. Contemporaneously, the Interested Persons will file their Objection to the Receiver's Commodore Sale Motion. Briefly, the Interested Persons object to the sale because the terms as proposed by the Receiver would severely prejudice their efforts to effectuate the recovery that they seek in the State Court Case. Moreover, the terms that the Receiver proposes would allow certain fabricated liens to be transferred to the "Net Sale Proceeds," while preventing the State Court from adjudicating the validity of those liens. Further, the Receiver's motion fails to conform to the requirements set forth in 28 U.S.C. § 2001, and the Interested Persons have not joined in a waiver of those requirements.

15. Per Local Rule 7.1(d)(2), the expedited relief that is requested in this motion is needed is for (a) the present motion to be filed on or before October 4, 2024, expiration date, and (b) the courts to enter a *nunc pro tunc* order reflecting that the Commodore NPLs remain in effect from the date of filing through to the date of the conclusion of the related litigation. For that reason, this Court's order granting this motion is requested on or before ten (10) days from the date hereof, so that the Interested Persons may file a timely motion in the State Court Case. Such an order will allow the Interested Person to show that they diligently pursued their rights as required by *Fla. W. Realty Partners, LLC v. MDG Lake Trafford, LLC*, 975 So. 2d 479, 480 (Fla. 2d DCA 2007).

**DISCUSSION OF POINTS AND AUTHORITIES:**

A. *Rule 60(b) allows the Interested Persons to Seek Relief from the Receivership Order's Stay Provisions.*

The Eleventh Circuit has ruled that Rule 60(b)(6) allows a non-party to seek relief from an order under certain circumstances. Thus:

> A non-party has standing to challenge a judgment on certain grounds if his "rights [are] directly compromised by the final judgment." *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987); *see also Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1052 (2d Cir. 1982) (holding a non-party must be "sufficiently connected and identified with the . . . suit to entitle [him] to standing to invoke Rule 60(b)(6)")[.]

*Stoppa v. Bal Harbour Vill.*, 385 F. App'x 932, 934 (11th Cir. 2010). Similarly, in *Kem Mfg. Corp. v. Wilder,* 817 F.2d 1517, 1520 (11th Cir. 1987), the court observed that Rule 60(b) applies to "those individuals who were in a position tantamount to that of a party or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment." Thus, as is further explained below, Rule 60(b) allows the Interested Persons to seek relief from the stay provisions in the Receivership Order.

Here, concerning the Receivership Order's stay, the legal rights of the Interested Persons are intimately bound up with those of the named defendants, especially Defendants Kapoor, UCGPLLC, and ULLC. The facts that that lead to this conclusion are clearly stated in their proposed First Amended Complaint in the State Court Case. Simply put, the Interested Persons cannot prosecute their claims against the defendants, or protect their rights as to the Commodore Properties, because the stay purports to prevent the State Court Case from going forward.

This Court addressed a similar set of circumstances in *Leal v. Bimini Dev. of Vill. West Corp.*, 2018 U.S. Dist. LEXIS 220941 (S.D. FL, Magistrate J. Torres). In that case, a non-party mortgagee (Benitez) moved to vacate, modify, or clarify Magistrate Torres' order appointing a receiver to handle the affairs of two companies. Before the receivership action began, Benitez initiated a state court foreclosure proceeding and recorded a *lis pendens* as to those companies' property. Ultimately, the court granted Benitez's motion and modified the receivership orders.



B. *Equitable Principles allow the Interested Persons to Seek Relief from the Receivership Order's Stay Provisions.*

As in the *Leal* case, the present Receivership Order is an equitable decree that purports to bind the Interested Persons by preventing them from continuing the litigation in the Ancillary Litigation. Moreover, the Receivership Order purportedly allows the Receiver to take control of the Commodore Properties in which the Interested Persons have asserted their interests. Thus, the Interested Persons are entitled to appear in this action for the limited purposes of seeking relief from the stay and of challenging or seeking modification of the Receivership Order without the need for leave to intervene. *Leal*, 2018 U.S. Dist. LEXIS 220941, at *8 n.8; *see also United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998) ("[N]on-parties who are bound by a court's equitable decrees have a right to move to have the order dissolved"), *accord AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1310 n.10 (11th Cir. 2004); *United States v. Board of School Commrs. of City of Indianapolis*, 128 F.3d 507, 511 (7th Cir. 1997) ("[A]ny person bound and significantly constrained by an equitable decree may present evidence to show that the decree should be lifted even if the primary wrongdoer is someone else. Any other rule would give more rights to an adjudicated wrongdoer than to an innocent person forced to bear many of the costs of the wrongdoing; we cannot see what sense that would make. There is no doubt that the constraints that the decree places on IPS's autonomy give it standing to challenge the decree."); *Matter of Hendrix*, 986 F.2d 195, 197 (7th Cir. 1993) ("Although the Pages never filed a claim or an appearance in the bankruptcy proceeding, as persons bound by the injunction that issued automatically upon the discharge of the listed debts they have standing to ask the bankruptcy court to lift it."); Order, *FTC v. Global Mktg. Grp.*, Case No. 06-cv-2272 (M.D. Fla. Apr. 5, 2007) (ECF No. 74) (granting affected third party's motion to modify an injunction over a Receiver's objection without motion for intervention).



  *C. If necessary, the Interested Persons to have Standing to Seek Relief from the Receivership Order's Stay Provisions.*

  To the extent formal intervention is necessary, the Interested Persons satisfy the requirements under Rule 24(a) for intervention as of right. The four requirements for intervention as of right are: (1) the motion to intervene must be timely; (2) the party seeking to intervene must claim an interest related to the subject matter of the action; (3) the party seeking to intervene must be so situated that the disposition of this action threatens to impair or impede the party's ability to protect that interest; and (4) the existing parties must not be adequate representatives of the movant's interest. Fed. R. Civ. P. 24(a).

  The Interested Persons meet these requirements. First, this motion is timely. Less than two weeks ago, the Receiver filed her motion to sell the Commodore Properties. At that time, she served the Interested Persons with copies of the Motion for Sale. Second, as noted above, the Interested Persons have recorded their lis pendens as to the Commodore Properties that are the subject of the Receiver's proposed sale. Third, to the extent the Receivership Order allows the Receiver to take any action with respect to the Commodore Properties, the order impairs or impedes the Interested Person's interests in those properties. Finally, although the defendants' interests are intimately bound up with those of the Interested Persons, the existing parties are not adequate representatives of the movants' interests. Defendants did not file an opposition to the Receiver's Sale Motion. Further, the existing Defendants' actions demonstrate their complete lack of concern for the Class B members' equity in the Commodore Properties. Similarly, the Receiver and the SEC are most interested in bringing this matter to a quick conclusion; because the Receivership Estate lacks working capital, they are not inclined to take steps that maximize the Receivership Estate to benefit equity holders. Clearly, these parties are not adequate representatives of the Interested persons' interests.

Finally, even if the Interested Persons were required to intervene and did not meet the requirements for intervention as of right, they should still be granted permissive intervention under Rule 24(b). As discussed below, the Interested Persons have defenses to the Receiver's Motion. *See* Fed. R. Civ.P., Rule 24(b)(1)(B) (allowing permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact"). For example, the Interested Persons have standing under 28 U.S.C. § 2001 to insist that the Receiver strictly adheres to the procedures for conducting a private judicial sale. Therefore, at a minimum, the Interested Persons are entitled to permissive intervention for the purpose of challenging or seeking a modification (or clarification) of the Receivership Order.

### D. This Court Must Allow the Interested Persons to Seek an Extension of the Commodore NLPs.

The Receivership Order's Stay Provisions arguably operate to prevent the Commodore NLPs from expiring. *But see Simpson v. Simpson,* 550 So. 2d 153, 154 (Fla. 5th DCA 1989) ("The *lis pendens* apparently is ineffectual now because the statutory one-year period passed without any court-ordered extension. *See* § 48.23(2), Fla. Stat. (1989). Thus there is no need for the lifting of the stay.") On the other hand, the Receivership Order might be construed to toll certain statutes of limitations. *See* ¶ 28. Nevertheless, it could also be argued that this paragraph only operates to extend the deadlines that would prevent the Receivership Defendants' filings. While such operation would be inequitable, the language of ¶ 28 of the Receivership Order's Stay Provision invites additional litigation.

In any event, Florida's *lis pendens* statute includes the following provision:

> (2)   A notice of lis pendens is not effectual for any purpose beyond 1 year from the commencement of the action and will expire at that time, unless the relief sought is disclosed by the pending pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time of expiration on reasonable notice and for good



cause. The court may impose such terms for the extension of time as justice requires.

* * *

(4)  This section applies to all actions now or hereafter pending in any state or federal courts in this state, but the period of time specified in subsection (2) does not include the period of pendency of any action in an appellate court.

Fla. Stat. § 48.23. For several reasons, the Interested Persons would argue that §48.23(2) is not operable as to the Commodore NLP's.[4] In any event, but for the Receivership Order's Stay Provision, the Interested Persons would be entitled to file that Emergency Motion to Extend the Lis Pendens in the form attached hereto as Exhibit 6 (the "Proposed NLP Extension Motion"). By filing Proposed NLP Extension Motion, the Interested Persons eliminate any potential consequence from any argument that the Commodore NLPs became stale on October 5, 2024. Nevertheless, respect for this Court's orders prevents the Interested Persons from filing that motion in the State Court Case.

For the foregoing reason, the Interested Persons respectfully request that the Court grant them relief from the Receivership Order's Stay Provisions and allow the State Court to (a) extend the Commodore NLPs; (b) continue with adjudication of the claims presented in State Court Case; and (c) adjudicate all claims that could be presented in connection with the Interested Persons' First Amended Complaint or otherwise between the persons named therein.

---

[4] For example, the Interest Persons have asserted in the proposed First Amended Complaint that the Receivership Defendants fraudulently and impermissibly allowed mortgages to be recorded as to the Commodore Properties. This implies that the Interested Persons' claims are "founded on a duly recorded instrument or on a lien claimed" by the mortgagees of the Commodore Properties, at least in part.

Case 1:23-cv-24903-JB   Document 244   Entered on FLSD Docket 10/04/2024   Page 11 of 12

Interested Persons' Motion for Relief from Stay, etc.
Case No.: 23-24903-CIV-JB
Page 11 of 12

## CONCLUSION

**WHEREFORE**, CWL-CH, LLC, ASJAIA, LLC, and VIEDEN GROVE OZ, LLC, respectfully pray that the Court grant their Motion for Relief from Stay, etc., and grant the Interested Persons such further relief as is just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE
### PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), I certify that our office made several attempts to communicate with counsel for the Receiver and for the SEC before filing the present motion. Those attempts included multiple email messages on or before October 4th. On October 4th, after leaving a phone message with counsel for the Receiver's office, at about 2:07 PM, an attorney in our office was able to reach counsel for the SEC by telephone to discuss the motion. At that time, the SEC's counsel was not able to state a position regarding the motion because their office had not had an opportunity to discuss the proposed motion with counsel for the Receiver. By 3:50 PM, counsel for both the Receiver and the SEC had indicated in separate emails that neither had sufficient time to evaluate the motion or to confer. Accordingly, despite email exchanges on scheduling a conference, counsel for the Receiver, the SEC, and the Interested Persons have not conducted a three-way joint conference to discuss this motion.

*[Remainder of Page Left Blank Intentionally]*

Respectfully submitted,

**BARAKAT + BOSSA, PLLC**
*Attorneys for* CWL-CH, LLC, ASJAIA, LLC, and VIEDEN GROVE OZ, LLC
201 Alhambra Circle, Suite 1060 Coral Gables, Florida 33134
Tel (305) 444-3114
Fax (305) 444-3115

By: */s/ Brian Barakat*
**BRIAN BARAKAT**
Florida Bar Number 457220
barakat@b2b.legal
service@b2b.legal
cguzman@b2b.legal

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 4th, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Brian Barakat*
**BRIAN BARAKAT**

