UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-24903-JB

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

RISHI KAPOOR, *et al.*

                Defendants.
_____/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENT**

Plaintiff Securities and Exchange Commission ("Commission" or "SEC") files its Unopposed Motion for Entry of Consent Judgment (the "Motion"), and requests that the Court enter the proposed Judgment submitted herewith, and states:

**I. INTRODUCTION**

The Commission and Defendant Rishi Kapoor ("Kapoor") have reached a settlement as to liability, and Kapoor, without admitting or denying the allegations in the complaint, has consented to the entry of the proposed Judgment granting the Commission's request for permanent injunctive relief and barring Kapoor, for a period of five years, from serving as an officer or director of any company that has a class of securities registered with the Commission pursuant to Section 12 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]. The Court's entry of the proposed Judgment will resolve issues of liability and provide for entry of non-monetary relief against Kapoor. If entered by the Court, the Commission's only remaining issues in this case would be the Commission's claims for disgorgement with prejudgment interest and civil penalties against

Kapoor which, pursuant to the terms of the proposed Judgment, would be determined by the Court upon the Commission's motion.

## II. PROCEDURAL BACKGROUND

On December 27, 2023, the Commission filed an emergency action against Kapoor, Location Ventures, LLC ("LV"), URBIN, LLC ("URBIN"), and its subsidiaries and affiliated companies[1] (collectively, the "Defendants") for their operation of a real estate investment scheme in violation of the anti-fraud provisions of the federal securities laws.[2]

On December 27, 2023, the Commission filed its Emergency *Ex Parte* Motion for Asset Freeze and Other Relief Against Defendant Rishi Kapoor and Memorandum of Law (the "Asset Freeze Motion") (ECF No. 6). On the same day, the Court entered an Order granting the Asset Freeze Motion (the "Asset Freeze Order") (ECF No. 10).[3] Kapoor initially intended to challenge

---

[1] LV and URBIN's subsidiaries and affiliated entities named as defendants in the Complaint are Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC. Patriots United, LLC, was also named as a defendant in Complaint. These entities, together with LV and URBIN, are collectively referred to as the "Company Defendants."

[2] The Complaint alleges Kapoor, LV, and URBIN violated Section 17(a)(2) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(2)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule l0b-5(b) [7 C.F.R. § 240.10b-5(b)]; Kapoor and the Company Defendants violated Section 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (3)], and Section 10(b) of the Exchange Act and Exchange Act Rules 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)]; and that Kapoor also, directly and indirectly, violated Exchange Act Section 10(b) and Rule 10b-5 thereunder as a control person of the Company Defendants under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)].

[3] On December 27, 2023, the Court entered, among other relief, an order freezing Kapoor's assets. Subsequently, the Supreme Court issued *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024), which involved preliminary injunctive relief sought by a different government agency, and the Court applied a four-part test for temporary and preliminary injunctions. On July 9, 2024, the Third Circuit in *SEC v. Chappell*, 107 F.4th 114 (3d Cir. 2024), applied the *Starbucks* test to

2

the Asset Freeze Order as part of an evidentiary show cause hearing but has agreed to the Asset Freeze Order remaining in place for the pendency of the case or until further order of the Court.

The Commission and Kapoor have now reached a settlement in this case. Attached hereto as **Exhibit 1** is the executed Consent of Rishi Kapoor to Judgment of Permanent Injunction and Other Relief ("Consent"). The Consent sets forth the terms of Kapoor's settlement with the Commission. Attached hereto as **Exhibit 2** is the proposed Judgment to which Kapoor has agreed. The Consent includes Kapoor's consent to entry of the Judgment. The proposed Judgment against Kapoor includes injunctive relief permanently enjoining Kapoor from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; and Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] by, directly or indirectly, controlling any person who violates Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

In addition, the proposed Judgment prohibits Kapoor, for a period of five years, from serving as an officer or director of any company that has a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

---

enforcement actions brought by the SEC. That test requires a plaintiff to demonstrate the following factors to obtain a temporary or preliminary injunction: (1) a likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) that the balance of equities tips in the plaintiff's favor; and (4) that the injunction sought is in the public interest. *Starbucks*, 144 S. Ct. at 1576. In the present case, the evidence in the record supporting the SEC's request for an asset freeze and other emergency relief satisfies the *Starbucks* factors. Moreover, Kapoor has consented to the continuation of the asset freeze during the pendency of this action or until further order of this Court. The parties have agreed to file a separate motion extending the Asset Freeze Order until further order of the Court.

Finally, the proposed Judgment orders that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty.

### III.   MEMORANDUM OF LAW

#### A. Permanent Injunctive Relief

The proposed Judgment complies with Federal Rule of Civil Procedure 65(d), which provides that "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts sought to be restrained or required." See Fed. R. Civ. P. 65(d). "This specificity requirement is necessary to protect those who are enjoined by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction or restraining order." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200 (11th Cir. 1999) (internal quotations omitted).

The proposed Judgment also conforms with Eleventh Circuit law, which requires that judgments for injunctive relief describe in reasonable detail the acts or conduct sought to be restrained. *SEC v. Goble*, 682 F.3d 934, 951-52 (11th Cir. 2012); *see also SEC v. Graham*, 823 F.3d 1357, 1362 n.2 (11th Cir. 2016) (noting that the court has repeatedly said "in the context of SEC enforcement actions and otherwise, 'obey-the-law' injunctions are unenforceable."). The Eleventh Circuit held in *Goble* that because some "obey-the-law" injunctions lack specificity, they "deprive defendants of procedural safeguards that would ordinarily accompany a future charge of a violation of the securities laws." *Goble*, 682 F.3d at 949. The court questioned whether an

injunction that merely repeats the language of Section 10(b) and Rule 10b-5 of the Exchange Act would survive judicial scrutiny. *Id*. at 951. The court expressed concern that given the wide range of conduct covered by Section 10(b) and Rule 10b-5 of the Exchange Act, and the large amount of case law interpreting those provisions, simply reciting the language of the statute and rule in an injunction fails to provide the detail needed to "inform the defendant of precisely what conduct is forbidden." *Id*.

However, *Goble* acknowledged that an obey the law injunction based on a statutory provision that states specifically what is required to comply with it could satisfy Fed. R. Civ. P. 65(d)(1). Applying this principle, the Court indicated that an injunction against violations of Exchange Act Sections 15(c)(3) and 17(a), and Exchange Act Rules 15c3-3 and 17a-3 may be permissible because the rules "specifically describe the acts required of the person enjoined." *Id*. at 952. Thus, under *Goble*, "a broad, but properly drafted injunction, which largely uses the statutory or regulatory language may satisfy the specificity requirement of Rule 65(d) so long as it clearly lets the defendant know what he is ordered to do or not." *Id*. at 952.

Accordingly, district courts in this Circuit have entered injunctions consistent with *Goble* that incorporate the actual language of the relevant statute or rule *and also* specifically describe the acts required of the person enjoined. *See, e.g., SEC v. Natural Diamonds Invst. Co., et al*, No. 19- cv-80633-RLR (S.D. Fla., Oct. 18, 2023) (final judgments of permanent injunction and other relief against the individual defendants that included specific language identifying prohibited conduct); *SEC v. Fettner*, No. 9:19-cv-80613-RLR (S.D. Fla. May 30, 2019) (same); *SEC v. Schneider*, No. 9:17-cv-81142-RLR (S.D. Fla. Apr. 5, 2019) (same).

Here, the Commission has filed a proposed Judgment that includes permanent injunctions that "largely use" the language of Section 10(b) and Rule 10b-5 of the Exchange Act, 17(a) of the

5

Securities Act, and Section 20(a) of the Exchange Act, but that also, and critically, pursuant to *Goble*, specifically describes the enjoined conduct. Incorporated at the end of each subsection of the anti-fraud provisions alleged, the proposed Judgment includes the following descriptive language:

> by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:
>
> (A) any investment strategy or investment in securities,
>
> (B) the prospects for success of any product or company,
>
> (C) the use of investor funds,
>
> (D) compensation to any person,
>
> (E) Defendant's qualifications to advise investors; or
>
> (F) the misappropriation of investor funds or investment proceeds.

See Ex. 2.

Thus, in addition to tracking the requisite statutory language, the injunctive language includes specific prohibitions which are directly tied to the allegations in the complaint and properly put Kapoor on notice of the conduct which is prohibited. Thus, the proposed Judgment ordering injunctive relief against Kapoor is consistent with *Goble* and the permanent injunctions previously entered by courts in this district and, through the Consent filed herewith, Kapoor has explicitly consented to the permanent injunction language.

### B. <u>Additional Relief</u>

As additional relief, Kapoor has consented to the entry of an officer and director bar pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the

Exchange Act [15 U.S.C. § 78u(d)(2)], prohibiting Kapoor, for a period of five years, from acting as an officer or director of any issuer whose securities are registered with the Commission pursuant to Section 12 of the Exchange Act or which is required to file reports with the Commission pursuant to Section 15(d) of the Exchange Act. Kapoor also consents to the issues of disgorgement and civil penalties being determined by the Court upon later motion of the Commission.

WHEREFORE, the Commission respectfully requests that this Court grant the Motion and enter the proposed Judgment attached hereto.

### LOCAL RULE 7.1(a)(3) CERTIFICATION OF PRE-FILING CONFERENCE

The Commission has conferred with counsel for Kapoor and the Receiver, who do not object to the relief requested in the Motion.

Dated: November 13, 2024          Respectfully submitted,

By:   ***Russell R. O'Brien***
      Russell R. O'Brien, Esq.
      Trial Counsel
      Florida Bar No.: 084542
      Telephone: (305) 982-6341
      Email: obrienru@sec.gov

      Attorney for Plaintiff
      **Securities and Exchange Commission**
      801 Brickell Avenue, Suite 1950
      Miami, Florida 33131
      Telephone: (305) 982-6300
      Facsimile: (305) 536-4154