# EXHIBIT 5

CFN: 20220440750 BOOK 33216 PAGE 1237
DATE:06/01/2022  09:32:22 AM
MTG DOC 2,467.50
INTANGIBLE 1,410.00
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Prepared by and return to:

Rob Hyman, Esq.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida
33301
954-780-8250

---

## AMENDED AND RESTATED MORTGAGE

THIS MORTGAGE AMENDS, RESTATES, AND RENEWS THAT CERTAIN MORTGAGE DEED AND SECURITY AGREEMENT RECORDED OCTOBER 1, 2018 IN OFFICIAL RECORDS BOOK 31163, PAGE 474, WHICH MORTGAGE WAS MODIFIED BY THAT CERTAIN MORTGAGE AND LOAN DOCUMENT MODIFICATION AND SPREADER AGREEMENT RECORDED JULY 5, 2019 IN OFFICIAL RECORDS BOOK 31510, PAGE 494 (COLLECTIVELY, THE "EXISTING MORTGAGE"). THE EXISTING MORTGAGE WAS ASSIGNED TO THE MORTGAGEE DEFINED HEREIN BY VIRTUE OF THAT CERTAIN ASSIGNMENT OF MORTGAGE RECORDED CONCURRENTLY HEREWITH. THE EXISTING MORTGAGE SECURES A LOAN IN THE AGGREGATE AMOUNT OF $9,345,000 FOR WHICH DOCUMENTARY STAMPS AND INTANGIBLE TAXES IN THE AMOUNT OF $32,707.50 AND INTANGIBLE TAXES IN THE AMOUNT OF $18,690.00 WERE PAID AND EVIDENCE OF PAYMENT IS SET FORTH ON THE EXISTING MORTGAGE. THE OUTSTANDING PRINCIPAL BALANCE OF THE EXISTING MORTGAGE IS $8,795,000.00. ACCORDINGLY, DOCUMENTARY STAMP TAXES IN THE AMOUNT OF $2,467.50 AND INTANGIBLE TAXES IN THE AMOUNT OF $1,410.00 ARE BEING PAID IN CONNECTION HEREWITH IN ACCORDANCE WITH SECTION 201.09(1) AND 199.143(1), F.S. AND RULE 12B-4.052 (10) & (12)(B), F.A.C.

[*intentionally blank*]

CFN: 20220440750 BOOK 33216 PAGE 1238

This Amended and Restated Mortgage is made this 27th day of May 2022 by and between Urbin Commodore SPE, LLC, a Florida limited liability company, whose principal office is located at 299 Alhambra Circle, Suite 510, Coral Gables, Florida 33134, and Urbin Commodore Restaurant SPE, LLC, a Florida limited liability company, whose principal office is located at 299 Alhambra Circle, Suite 510, Coral Gables, Florida 33134, collectively hereinafter called the "Mortgagor", and The Halpern Family Trust, a Florida statutory trust ("HFT"), and the Martin I. Halpern Revocable Trust ("MIJRT"), a Florida statutory trust, whose addresses are c/o Rob Hyman, 110 SE 6th Street, Suite 1700, Fort Lauderdale, Florida 33301, hereinafter collectively the MIJRT and the HFT are the "Mortgagee":

The terms "Mortgagor" and "Mortgagee" shall include heirs, personal representative, successors, legal representatives and assigns, and shall denote the singular and/or the plural, and the masculine and/or the feminine and natural and/or artificial persons, whenever and wherever the context so admits or requires. All decisions of the Mortgagee must be made unanimously by HFT and MIJRT. HFT has advanced 75% of the Loan and MIJRT has advanced 25% of the Loan.

Mortgagor, for and in consideration of the aggregate sum named in the Promissory Note, a copy of which his attached hereto and made a part of hereof, the receipt of which is hereby acknowledged, does grant, bargain and sell to the said Mortgagee, his successors and assigns, in fee simple, the following described land, situate, lying and being in Miami-Dade County, Florida to-wit:

**See Exhibit "A"**

hereinafter the "Mortgaged Property."

THIS MORTGAGE MAY NOT BE ASSUMED EXCEPT WITH MORTGAGEE'S PRIOR WRITTEN CONSENT (WHICH SHALL NOT BE UNREASONABLY WITHELD) AND UPON THE SALE, TRANSFER, LEASE OPTION TO PURCHASE, AGREEMENT FOR DEED OR TRANSFER IN ANY OTHER MANNER THE NOTE SECURED HEREBY BECOMES DUE AND PAYABLE IN FULL.

And said Mortgagor does hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever.

Provided always, that Mortgagor, as consideration for Mortgagee issuing the Loan, its successors or assigns, shall pay unto the said Mortgagee, its successors or assigns, that certain Amended and Restated Promissory Note (the "Promissory Note") of even date executed by Borrower and secured by Mortgagor, in the principal amount of $9,500,000.00, and Mortgagor shall perform, comply with and abide by each and every stipulation, agreement, condition and covenant of said Mortgage, and shall duly pay all taxes, all insurance premiums reasonably required, all costs and expenses including reasonable attorney's fees that Mortgagee may incur in connecting money secured by this Mortgage, and also in enforcing this Mortgage by suit or otherwise, then this Mortgage and the estate hereby created shall cease and be null and void.

Mortgagor hereby covenants and agrees:

2

1. **Payment Obligations:** To secure pay of the principal and interest and other sums of money payable by virtue of said Promissory Note and this Mortgage, or either, promptly on the days respectively the same severally come due.

2. **Insurance:** Mortgagor will maintain all insurance policies that in Mortgagor's best judgment will insure the security of the Mortgaged Property. In the event any sum of money becomes payable under such policy, Mortgagee, its legal representative or assigns, shall have the option to receive and apply the same on account of the indebtedness hereby secured or to permit Mortgagor to receive and use it or any part thereof for repair or replacement, without hereby waiving or impairing any equity, lien or right under or by virtue of this mortgage. In the event of loss Mortgagor shall give immediate notice to Mortgagee.

3. **Preservation of Mortgaged Property:** Mortgagor shall not permit, commit or suffer any waste, impairment or deterioration of the Mortgaged Property, or any part thereof. In the event Mortgagee deems in its sole discretion that the Mortgaged Property is subject to waste, impairment, or deterioration, Mortgagee may take actions consistent with preserving the Mortgaged Property. Any such action shall not be deemed a waiver or Mortgagee's rights to enforce this Mortgage and/or to declare a Default of the Mortgage and/or loan documents.

4. **Discharge of Liens:** Mortgagor shall not permit another lien or mortgage to be placed ahead of this mortgage. Mortgagor shall take all necessary actions to remove any such superior lien from the Mortgaged Property. Mortgagee, at its sole option, may take all necessary actions to remove such liens from the Mortgaged Property. Any funds expended by Mortgagee in removing said liens will be considered an advance of funds to Mortgagor. Mortgagor will be required to repay any such advance within ten (10) days written notice by Mortgagee. Failure to repay such an advance after notice will constitute an Event of Default.

5. **Real Estate Taxes:** Mortgagor shall provide proof of payment of annual real estate taxes by March 15, for the preceding year's taxes. Failure of Mortgagor to pay the taxes by such date shall constitute an event of default. Mortgagee may, at its sole option, pay the taxes and the full amount of such payment by Mortgagee shall be added to the principal balance owed on the mortgage and shall accrue interest at the maximum rate allowable by law.

6. **Appointment of Receiver:** The Mortgagee may, at any time pending a suit upon this mortgage, apply to the court having jurisdiction thereof for the appointment of a receiver, and such court shall forthwith appoint a receiver, and such receiver shall have all the broad and effective functions and powers in anywise entrusted by a court to a receiver, and such appointment shall be made by such court as an admitted equity and a matter of absolute right to said Mortgagee. The rents, profits, income, issues, and revenues shall be applied by such receiver according to the lien of this mortgage.

7. **Event of Default:** If any of the sums of money due and owing to Mortgagee under the terms of the Promissory Note and this Mortgage, including but not limited to any advance made by Mortgagee for the payment of insurance or taxes, or an advance to preserve the Mortgaged Property and/or to remove a lien or other encumbrance, are not paid within 5 days after same become due and payable, or 10 days for repayment of any advance made by Mortgagee after notice,

or if each of the stipulations, and agreements, conditions and covenants of the Promissory Note and this Mortgage, or either, are not fully performed or complied with, including by not limited to the timely payment of real estate taxes and/or the securing and maintaining insurance, said failure of performance by the Mortgagor will constitute an Event of Default of the loan. Thereafter, the aggregate sum owed on the Promissory Note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives, or assigns.

8. **Remedies of Mortgagee:** Upon an Event of Default by Mortgagor, Mortgagee shall be entitled to pursue all remedies in law and in equity, including but not limited to accelerating the outstanding indebtedness, filing suit in a court of law seeking damages for breach of the Promissory Note or any of the Loan Documents as described in the Note and this Mortgage, and at the election of Mortgagee, filing a foreclosure action against all real and personal property secured by this mortgage. Mortgagee may recover all reasonable attorney's fees and costs in any suit, action, or proceeding through and including any appeals or bankruptcy proceedings from Mortgagor. Mortgagor acknowledges that this Mortgage is a material inducement for Mortgagee to issue the Loan to Borrower and accepts this material inducement as sufficient consideration to give Mortgagee this Mortgage. Mortgagor waives any claim that Mortgagor did not receive sufficient consideration from Mortgagee in exchange for this Mortgage.

9. **Assignment of Rents and Leases:** Mortgagor hereby assigns all right, title and interest of Mortgage in and to all rents, royalties, issues, profits, revenues, income and other benefits of and from all or any part of the Mortgaged Property or any business conducted thereon by Mortgagor, without limitation, and all rights of Mortgagor to collect and receive the same to Mortgagee, provide, however, that permission is hereby given by Mortgagee to Mortgagor, so long as no Event of Default shall have occurred and be continuing, to collect and use such rents, royalties, issues, profits, revenues, income and other benefits as they become due and payable, but not in advance thereof, which permission shall terminate immediately without notice to Mortgagor upon the occurrence of, and during the continuance of, any Event of Default. Mortgagor further covenants that all rents and other income actually received by Mortgagor in respect of the Mortgaged Property, including, without limitation, expense reimbursements from tenants, business or rental interruption insurance, but excluding casualty insurance proceeds and condemnation proceeds, shall be used first to pay debt service and other amounts as coming due under the Loan Documents, then for operating expenses associated with the Mortgaged Property, and then, provided no Event of Default shall exist, for general operating purposes of Mortgagor.

10. **Security Agreement:** Mortgagor hereby grants to Mortgagee a secured interest in all equipment, improvements, fixtures and any other personal property and fixtures located on the Mortgaged Property. This Mortgage shall act as a security agreement and fixture filing for the purpose of creating and perfecting a security interest in all such personal property and fixtures. In addition to all rights and remedies specified in this Mortgage, Mortgagee shall have all the rights and remedies of a secured party under the Florida Uniform Commercial Code, as amended (the "UCC") and other applicable law.

11. **Mortgagee's Right to Preserve its Lien Rights:** Mortgagee is hereby irrevocably authorized, at Mortgagee's option, to institute and maintain any and all suits and proceedings as Mortgagee may deem advisable to prevent any impairment of the Mortgaged Property or the

security of this Mortgage by any unlawful acts or omissions; to prevent the occurrence or continuance of any violation of this Mortgage or any of the Loan Documents; to foreclose this Mortgage after the occurrence of an event of default; to preserve and protect its interest in the Mortgaged Property; to restrain the enforcement of or compliance with any legislation or other governmental enactment, rule or order that may be unconstitutional or invalid, if the enforcement of or compliance with such legislation, enactment, rule or order might impair the Mortgaged Property or the security of this Mortgage or be prejudicial to Mortgagee's interest.

12. **Choice of Law:** This Mortgage and the Note hereby secured shall be construed and enforced according to the laws of the State of Florida.

13. **Transfer of Title:** The principal sum secured hereby, along with any interest to be paid in accordance with the terms of the Note secured hereby, shall immediately become due and payable without notice, if a transfer of title to the premises by sale or otherwise is made without Mortgagee's written consent, while this mortgage remains a lien thereon, at the option of Mortgagee, his successors, legal representatives, or assigns.

14. **Waiver of Jury Trial:** MORTGAGOR HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY RELATING TO THIS MORTGAGE, THTE NOTE, THE LOAN DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY WHETHER BASED ON CONTRACT, EQUITY, TORT OR ANY OTHER THEORY.

15. **Submission to Jurisdiction.** Mortgagor hereby irrevocably and unconditionally: (i) agrees that any legal action, suit or proceeding arising out of or relating to this Mortgage may be brought in the state court of Miami-Dade County, Florida; and (ii) submits to the exclusive jurisdiction of any such court in any such action, suit or proceeding. Final judgment against Borrower in any action, suit or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment.

16. **Waiver of Conditions:** All conditions to any agreement or obligation of Mortgagee under this Mortgage or any of the other Loan Documents are solely for the benefit of Mortgagee. Any or all such conditions may be waived or modified at any time or times by Mortgagee. No such waiver or modification in any particular instance shall affect Mortgagee's discretion in dealing with any such condition in any other instance.

17. **Future Advances:** This Mortgage is given to secure not only existing indebtedness, but also future advances, whether such advances are obligatory or are to be made at the option of Mortgagee, or otherwise, as are made within twenty (20) years from the date hereof, to the same extent as if such future advances are made on the date of the execution of this Mortgage. The total amount of indebtedness that may be so secured may decrease to a zero amount from time to time, or may increase from time to time, but the total unpaid balance so secured at one time shall not exceed $25,000,000, plus interest thereon, and any disbursements made for the payment of taxes, levies, insurance, or other advances made to protect the priority of the lien granted hereby or the condition of the Mortgaged Property.

5

**IN WITNESS WHEREOF,** Mortgagor has caused this Mortgage to be executed as of the day and year first above written:

[*signatures on next page*]

IN WITNESS WHEREOF, the Mortgagor has duly executed this Mortgage the day and year first above written.

WITNESSES:

Name: _Jonathan Druyan_

Name: _Raymond Gonzalez_

URBIN COMMODORE
LLC, a Florida limited liability company

By: URBIN Coconut Grove Partners, LLC,
a Florida limited liability company,
its Manager

By: URBIN, LLC,
a Florida limited liability company,
its Manager

By: URBIN Founders Group, LLC,
a Florida limited liability company,
its Manager

By: _____
Name: Rishi Kapoor
Title: Manager

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization this 26 day of May 2022, by Rishi Kapoor, as Manager of URBIN Founders Group, LLC, a Florida limited liability company, the Manager of URBIN, LLC, a Florida limited liability company, the Manager of URBIN Coconut Grove Partners, LLC, a Florida limited liability company, the Manager of URBIN Commodore ~~Restaurant~~ SPE, LLC, a Florida limited liability company on behalf of the companies. Said person is personally known to me or has produced a valid driver's license as identification.

_____
Notary Public; State of Florida

Raymond Gonzalez
Comm. #HH116723
Expires: Apr. 13, 2025
Bonded Thru Aaron Notary

IN WITNESS WHEREOF, the Mortgagor has duly executed this Mortgage the day and year first above written.

WITNESSES:

Name: _Jonathan Daujat_

Name: _Raymond Gonzalez_

**URBIN COMMODORE RESTAURANT SPE, LLC**, a Florida limited liability company

By: URBIN Coconut Grove Partners, LLC,
    a Florida limited liability company,
    its Manager

By: URBIN, LLC,
    a Florida limited liability company,
    its Manager

By: URBIN Founders Group, LLC,
    a Florida limited liability company,
    its Manager

By: _____
    Name: Rishi Kapoor
    Title: Manager

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization this 26 day of May 2022, by Rishi Kapoor, as Manager of URBIN Founders Group, LLC, a Florida limited liability company, the Manager of URBIN, LLC, a Florida limited liability company, the Manager of URBIN Coconut Grove Partners, LLC, a Florida limited liability company, the Manager of URBIN Commodore Restaurant SPE, LLC, a Florida limited liability company on behalf of the companies. Said person is personally known to me or has produced a valid driver's license as identification.

_____
Notary Public; State of Florida

Raymond Gonzalez
Comm. # HH 116723
Expires: Apr. 13, 2025
Bonded Thru Aaron Notary

8

Exhibit "A"

Legal Description of the Premises

**Parcel 1:**

The improvements located on the following described land:

Lots 13, 14, 15, 27, 28 and 29, Block 1, Commodore Plaza, according to the plat thereof, as recorded in Plat Book 18, Page 25, of the Public Records of Miami-Dade County, Florida.

**Parcel 2:**

Lessee's interest in that certain Lease by and between TB 3138 Commodore Investments, LLC, a Florida limited liability company, Lessor, and Urbin Commodore SPE, LLC, a Florida limited liability company, Lessee, dated September 28, 2018, memorialized by that certain Memorandum of Lease, dated September 28, 2018, recorded October 1, 2018 in Official Records Book 31162, Page 4299, of the Public Records of Miami-Dade County, Florida.

Lots 13, 14, 15, 27, 28 and 29, Block 1, Commodore Plaza, according to the plat thereof, as recorded in Plat Book 18, Page 25, of the Public Records of Miami-Dade County, Florida, less and except and not including the improvements located thereof.

**Parcel 3:**

The Improvements located on the following described land:

Lots 12 and 30, Block 1, Irving J. Thomas Company's Subdivision in the Town of Coconut Grove, according to the map or plat thereof, as recorded in Plat Book 18, Page(s) 25, of the Public Records of Miami-Dade County, Florida.

**Parcel 4:**

Lessee's interest in that certain Ground Lease by and between TB 3120 Commodore Investments, LLC, a Florida limited liability company (Ground Lessor), and URBIN Commodore Restaurant SPE, LLC, a Florida limited liability company (Ground Lessee), dated June 28, 2019, and memorialized by that Memorandum of Ground Lease, dated June 28, 2019, recorded on July 5, 2019 in Official Records Book 31510, Page 513, of the Public Records of Miami - Dade County, Florida, in and to the following described land:

Lots 12 and 30, Block 1, Irving J. Thomas Company's Subdivision in the Town of Coconut Grove, according to the map or plat thereof, as recorded in Plat Book 18, Page(s) 25, of the Public Records of Miami-Dade County, Florida, Less and except, and not including the improvements located thereon.