UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-24903-CIV-BECERRA

SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.,

    Defendant.
_____/

**TB 3138 COMMODORE INVESTMENTS, LLC'S AND
TB 3120 COMMODORE INVESTMENTS, LLC'S LIMITED RESPONSE TO
RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH
THE HALPERN PARTIES RELATING TO THE COMMODORE PROPERTIES
AND DISTRIBUTION OF SALE PROCEEDS AND BACK-UP SALE CONTRACT**

## **TABLE OF CONTENTS**

                                                                            **Page**

FACTUAL BACKGROUND ............................................................................................... 1

ANALYSIS ............................................................................................................................ 4

CONCLUSION ...................................................................................................................... 6

CERTIFICATE OF SERVICE .............................................................................................. 6

i

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

#13323978

Non-parties TB 3138 Commodore Investments, LLC ("TB 3138") and TB 3120 Commodore Investments, LLC ("TB 3120") (together, "Movants" or "3138/3120 Ground Lessors") file their limited response ("Limited Response") to the Receiver's Motion to Approve Settlement Agreement With The Halpern Parties Relating to The Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract [ECF 310] ("Motion to Approve Halpern Settlement"). In support of their Limited Response, the 3138/3120 Ground Lessors state as follows[1]:

## FACTUAL BACKGROUND

1. In her Motion to Approve Halpern Settlement filed on December 3, 2024, the Receiver seeks entry of an order approving a settlement between the Receiver, on the one hand, and Martin I Halpern Revocable Trust, the Halpern Family Trusts, Martin I. Halpern, individually, and as Trustee of the Halpern Trusts, HFT Commodore, LLC, and their successors and assigns (collectively, the "Halpern Parties"), on the other hand. Included as Exhibit 6 to the Motion to Approve Halpern Settlement is a settlement agreement ("Settlement Agreement") signed by the Halpern Parties and for which the Receiver seeks Court approval.

2. The Settlement Agreement notes the Halpern Parties hold recorded mortgages for several loans relating to the Commodore Properties[2] and addresses a number of aspects of the Receiver's intended sale of the Commodore Properties, the proposed disbursement of certain sale proceeds, and contemplates the Receiver entering into a back-up sale contract with the

---

[1] Unless otherwise defined herein, all defined terms have the same meaning as set forth in the Receiver's Motion to Approve Halpern Settlement or in the Settlement Agreement.

[2] Included among these property interests are leasehold interests in the real properties located at 3138 Commodore Plaza and 3120 Commodore Plaza, Miami, FL 33133 that are owned by the

1

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200
#13323978

Halpern Parties in the event the pending sale transaction with the Buyer does not close. *See* Halpern Motion to Approve Halpern Settlement at Exhibit 6, 1-3 [ECF 310-6].

3. Also included among the various provisions contained in the Settlement Agreement is the Halpern Parties' agreement "to make lease payments for the Commodore Properties as protective Rental Advances through closing on the First Sale Contract; provided that, if an appeal of the order approving the sale of the Commodore Properties under the First Sale contract is timely filed, the Halpern Parties can cease making the lease payments until such time as the Receiver prevails on the appeal." *Id.* at 2, ¶ 3 (titled, "Ground Lease Payments").

4. If, however, the First Sale Contract does not close and the Receiver moves forward with a sale to the Halpern Buyer, the Halpern Parties have agreed they "will make all lease payments for the Commodore Properties *during the time the Receiver is seeking approval of the Halpern Back-Up Sale Contract with the Halpern Buyer*, and once approved, *until the time for closing of the Halpern Back-Up Sale Contract has expired*." *Id.* at 4, ¶ 5D (Emphasis supplied).

5. Included among the exhibits to the Motion to Approve Halpern Settlement is a proposed order granting the motion. The proposed order, however, does not contain a provision identifying a date certain when the Halpern Parties are to commence making monthly lease payments to the 3138/3120 Ground Lessors for the rent that has accrued since September 2024 and all payments that will accrue thereafter during the period of the First Sale Contract or Halpern Back-Up Sale Contract, whichever the case may be. Because the Receiver has not yet

---

3138/3120 Ground Lessors (with TB 3138 Commodore Investments, LLC owning one property, and TB 3120 Commodore Investments LLC owning the other property).

2

filed a motion seeking approval of the "Halpern Back-Up Sale Contract," there is no certainty when the Halpern Parties are to commence making rent payments to the 3138/3120 Ground Lessors. It is unclear why a motion to approve the Halpern Back-Up Contract has not yet been filed with the Court. As such, and without a provision identifying a date certain when rent payments are to be made, the Halpern Parties' obligation to make the rent payments appears to be illusory.

6. As represented to the Court at the recent hearing on December 6, 2024 ("December 6 Hearing"), the 3138/3120 Ground Lessors and the Receiver are actively working together to identify appropriate language to be included in a proposed order that would provide for the granting of the Receiver's Commodore Sale Motion [ECF 238] and the denial, *without prejudice*, of the 3138/3120 Ground Lessors Objection and Response in Opposition to Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests and Motion for Stay Relief or, in the Alternative, for Modification of Stay Order ("Objection and Motion for Stay Relief") filed on October 7, 2024 [ECF 245].

7. The 3138/3120 Ground Lessors want to ensure, in light of the Halpern Parties' agreement with the Receiver to, *inter alia*, pay all accrued rent since September 2024, and all accruing rent thereafter up through the sale of the Commodore Properties, whether the sale be to the Buyer or the Halpern Buyer, all proposed orders that relate to the sale of the Commodore Properties contain a date certain for the Halpern Parties to commence making such lease payments—*with payment commencing by no later than January 10, 2025*—which is four days after the hearing scheduled on Monday, January 6, 2025.

8. Additionally, because the Settlement Agreement with the Halpern Parties states they may choose to cease making rent payments "if an appeal of the order approving the sale of

3

the Commodore Properties under the First Sale Contract is timely filed," the 3138/3120 Ground Lessors do not want to be deemed to have consented to any cessation of rental payments by virtue of such language in the Settlement Agreement and, accordingly, it is essential for all proposed sale-related orders to expressly preserve the 3138/3120 Ground Lessors' right to re-notice and renew their motion for stay relief, as was discussed with the Court and the Receiver's counsel during the December 6 Hearing.

## ANALYSIS

9. As made clear in their Objection and Motion for Stay Relief [ECF 245] and Reply [ECF 285], the 3138/3120 Ground Lessors identified federal case law that has recognized for more than 100 hundred years the equitable principle that fiduciaries, whether they be receivers, conservators or trustees, have an obligation to pay a property owner rent for the period of time from the fiduciary's appointment up through the date on which she declines to assume the lease of the insolvent entity that is under her control. *See* Objection and Motion for Stay Relief at 16-18 and Reply at 8-9.

10. Here, the Receiver and the Halpern Parties have reached an agreement (subject to the Court's approval) by which the Halpern Parties are recognizing an obligation to make the required rent payments to the 3138/3120 Ground Lessors *pendente lite*.[3]

11. As noted earlier, the 3138/3120 Ground Lessors and the Receiver are actively engaged in efforts to identify acceptable language to be included in a proposed order pertaining to the sale to the Buyer that would, among other provisions, provide for a date certain by which

---

[3] The 3138/3120 Ground Lessors incorporate by their Objection and Motion for Stay Relief [ECF 245] and Reply [ECF 285]. Of course, the Halpern Parties' mere payment of such rent due and owing will not absolve issues of default interest thereon, or any other outstanding amounts or other defaults.

4

the Halpern Parties would commence making the rent payments, and protect the 3138/3120 Ground Lessors' rights to renew and renotice their motion for stay relief if there is a default in the payment of rent *pendente lite* and such default is not cured by the Receiver or Buyer.

12. In this regard, the 3138 Ground Lessors believe a proposed order relating to the Receiver's Motion to Approve Halpern Settlement should include language that provides as follows[4]:

> The Halpern Parties have agreed to pay the unpaid monthly installment payments due under the 3138/3120 Ground Leases since September 2024 by the earlier of: (i) the date on which the Receiver files a motion seeking approval of the Halpern Back-Up Sale Contract with the Halpern Buyer; or (ii) Friday, January 10, 2025, and thereafter the Halpern Parties shall continue to timely make the monthly installment payments due under the 3138/3120 Ground Leases: (A) through closing on the Sale Contract; provided that, if an appeal of the order approving the sale of the Commodore Properties under the Sale Contract is timely filed, the Halpern Parties can choose to cease making lease payments until such time as the Receiver prevails on the appeal; or (B) upon approval of the Halpern Back-Up Sale Contract, up through closing of such contract or the time for closing has expired, and
>
> Notwithstanding the Halpern Parties' ability to choose not to make rent payments under the 3138/3120 Ground Leases during the time in which an appeal is pending, as set forth above, if they fail to pay the accrued rent due and owing since September 2024 and the monthly installments thereafter of the Annual Ground Rent due within the time required by the 3138/3120 Ground Leases up through closing on either the Sale Contract or the Halpern Back-Up Sale Contract, and the Buyer or the Receiver do not

---

[4] The 3138/3120 Ground Lessors believe additional language should be included in a proposed order relating to the Receiver's Commodore Sale Motion and the 3138/3120 Ground Lessors' Objection and Motion for Stay Relief, and their counsel has provided that language to the Receiver and her counsel. Because of the deadline for the 3138/3120 Ground Lessors to file a response to the Receiver's Motion to Approve Halpern Settlement, they are filing this response in an abundance of caution, notwithstanding their belief that they will reach an agreement with the Receiver regarding the language that must be included in all pertinent orders relating to the pending sale-related motions.

5

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200
#13323978

cure such failure within fifteen (15) days of being advised in writing by the 3138/3120 Ground Lessors of such payment failure, the 3138/3120 Ground Lessors shall be entitled to renotice and renew their motion for stay relief, set forth in ECF 245, based on the unpaid ground lease payments, and request an expedited hearing on their motion.

## CONCLUSION

For the reasons stated above, the 3138/3120 Ground Lessors object to the proposed order appended as Exhibit 6 to the Motion to Approve Halpern Settlement [ECF 310], and respectfully request that the provisions set forth in Paragraph 12 above be included in any order granting the motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

        STEARNS WEAVER MILLER WEISSLER
        ALHADEFF & SITTERSON, P.A.

        By: /s/  *Mark. D. Solov*
            DREW M. DILLWORTH, FL Bar 167835
            MARK D. SOLOV, FL Bar 511676
            ALEJANDRO D. RODRIGUEZ, FL Bar 124493
            Email:  ddillworth@stearnsweaver.com
            Email:  msolov@stearnsweaver.com
            Email:  arodriguez@stearnsweaver.com
            Secondary:  mfigueras@stearnsweaver.com
            150 West Flagler Street, Suite 2200
            Miami, Florida 33130
            Telephone:  305-789-3200

6

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200
#13323978