UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-JB

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,
v.

RISHI KAPOOR, et al.,

    Defendants.
_____/

**RECEIVER'S STATUS REPORT FOR JANUARY 6, 2025 HEARING[1]**

Bernice C. Lee, the Receiver (the "Receiver") appointed by the Court's Order [DE 28] ("Receivership Order") entered on January 12, 2024, submits her Status Report pursuant to the Order [DE 257] entered on October 9, 2024, and hereby provides the Court with: (i) an update on pending and remaining properties that remain to be sold and the efforts made to effectuate a sale, and (ii) a schedule of pending motions, responses and objections, related documents and status. The Receiver has and continues to pursue resolution of the matters set forth herein and provides this report to advise the Court of the current unresolved issues.

I. **Remaining Properties**

    1. **Commodore Properties**

Urbin Coconut Grove Partners, LLC is the 100% owner and/or manager of four entities that own real property and/or leasehold rights in properties located on Commodore Plaza in Coconut Grove, Miami: (a) Urbin Commodore Residential SPE, LLC owns 29 condominium or

---

[1] On December 17, 2025, the Court entered an Order cancelling the previously scheduled January 8, 2025 status conference given the motion hearing currently set for January 6, 2025 [DE 319].

1

retail units in a building located at 3162 Commodore Plaza, Miami, FL 33133, (b) Urbin Commodore Residential II SPE, LLC owns a parcel, folio no. 01-4121-047-0060, with an address of 3170 Commodore Plaza, Miami, FL 33133, and is the lessee under a ground lease with Dharma Studio, Inc. for real property located at 3166 Commodore Plaza, Miami, FL 33133, folio no. 01-4121-047-0070, (c) Urbin Commodore SPE, LLC is a lessee under a ground lease with TB 3138 Commodore Investments, LLC for real property located at 3138 Commodore Plaza, Miami, FL 33133, folio no. 01-4121-047-0130, and (d) Urbin Commodore Restaurant SPE, LLC is the lessee under a ground lease with TB 3138 Commodore Investments, LLC for real property located at 3120 Commodore Plaza, Miami, FL 33133, folio no. 01-4121-047-0120.

i. **The Commodore Sale Motion and Remaining Objections and Disputes**

On September 24, 2024, the Receiver filed the Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests (the "Commodore Sale Motion") [DE 238] seeking to approve a $28.2 million dollar sale to Coconut Grove Commodore Development Ventures, LLC (the "First Sale Contract"). The Receiver filed a Motion to Seal Appraisals for the Commodore Properties on November 26, 2024 [DE 306], the Court granted the motion on November 29, 2024 [DE 308], and the Receiver on December 2, 204 submitted to the Court under seal the appraisals performed by Walter Duke + Partners for the Commodore Properties [DE 309].

On October 15, 2024, CWL-CH, LLC, ASJAIA, LLC and Vieden Grove Oz, LLC ("CG Investors"), equity investors in Urbin Coconut Grove Partners, LLC, filed an objection [DE 265] and motion for stay relief to pursue a state court action [DE 244]. On October 22, 2024, the Receiver filed an omnibus reply to objections to the Commodore Sale Motion, including the CG

2

Investors' objection [DE 279], and on October 25, 2024, the Receiver filed her responses in opposition to the CG Investors' stay relief motion [DE 282].

On October 11, 2024, the Receiver provided the CG Investors with a draft confidentiality and non-disclosure agreement to be executed to receive access to the Receiver's appraisals. The CG Investors did not provide their comments until November 21, 2024. On November 25, 2024, the Receiver executed the agreement and provided the CG Investors copies of the appraisals pursuant to that agreement. On December 2, 2024, the CG Investors requested the Receiver provide the documents relied upon by Walter Duke + Partners, and on December 3, 2024, the Receiver provided the requested documents. On November 22, 2024, the Receiver provided the CG Investors an access agreement for the Commodore Properties. Nearly a month later, on December 18, 2024, the CG Investors provided the Receiver with access agreements signed by Ted Allen, MAI and J. Michael Phillips, MAI. On December 20, 2024, the Receiver facilitated access to the Commodore Properties for the CG Investors' appraiser. As of the time of filing this status report, the CG Investors have not provided a copy of their appraisals to the Receiver.

On October 17, 2024, Grouper Financial, Inc. filed a limited response [DE 270]. Also, the City of Miami raised an informal objection via email correspondence with the Receiver. The Receiver's October 22, 2024 omnibus reply [DE 279] advised that Grouper Financial, Inc.'s limited response and the City of Miami's informal objection were resolved with the inclusion of certain language in the proposed order. The Receiver filed an updated proposed order with redlines showing the changes from the proposed order attached as Exhibit 4 to the Commodore Sale Motion (the "Updated Proposed Order") as Exhibit A attached to the Receiver's Status Report [DE 288] filed on October 30, 2024.

3

TB 3138 Commodore Investments, LLC and TB 3120 Commodore Investments, LLC ("Ground Lessors") filed a motion for stay relief to terminate two ground leases that is also titled as a response in opposition to the Commodore Sale Motion [DE 245]. In addition to the Receiver's October 22, 2024 omnibus reply [DE 279], on October 25, 2024, the Receiver filed her response in opposition to the Ground Lessors' stay relief motion [DE 280]. After, the Receiver reached a settlement agreement with the Halpern Parties that resolved many of the issues raised by the Ground Lessors (discussed in the next section).

While the Receiver has been attempting to reach a consensual resolution of all issues raised by the Ground Lessors, the following two issues remain disputed between the Ground Lessors and Buyer:

First, the Ground Lessors have requested the end of paragraph 8 of the Updated Proposed Order be changed from:

> . . . that Buyer acknowledges and agrees that it is accepting the Commodore Properties "as is, where is, with all faults," including without limitation any and all defaults or other unperformed obligations of the Commodore Companies under the Leasehold Interests arising prior to the Effective Date of the Sale Contract.
>
> to
>
> . . . that Buyer acknowledges and agrees that it is accepting the Commodore Properties "as is, where is, with all faults," including without limitation any and all defaults or other unperformed obligations of the Commodore Companies under the Leasehold Interests arising prior to *and up through the date of the Closing of the sale*.

(emphasis added). The Buyer will agree to the Ground Lessors' proposed change; provided that, the Ground Lessors agree to identify all defaults prior to closing, and that any defaults not identified will be deemed waived. The Ground Lessors seek to qualify the waiver to only include defaults that are known by the Ground Lessors, and specifically the "actual knowledge of K. Taylor

4

White, without any duty of inquiry or investigation and without imputed or constructive knowledge of any kind." The Buyer has not agreed to the qualifying language.

Second, the Ground Lessors have proposed the following language to add to paragraph 9 of the Updated Proposed Order:

> The Receiver is not required under the Sale Contract to obtain any approval or consent by any person to transfer the Commodore Properties, provided, however, that the foregoing shall not affect, reform, amend or serve as any waiver of the provisions of Section 19.1 of each Ground Lease. As set forth in Paragraph 7.A of the Sale Contract, the sale contemplated in the Sale Contract does not absolve, cure or remedy any existing defaults or potential liabilities under the 3138/3120 Ground Leases related to the Leasehold Interests, and will not be free and clear of any claims, liens, and encumbrances against the Real Estate related to the Leasehold Interests that are owned by the 3138/3120 Ground Lessors, and any leasehold defaults or obligations shall remain the responsibility of the Buyer upon acquisition of the Leasehold Interests (including obtaining consents from the landlords (i.e., the 3138/3120 Ground Lessors) and addressing any obligations of Seller or liabilities and defaults that may exist under the 3138/3120 Ground Leases related to the Leasehold Interests. The 3138/3120 Ground Lessors have not consented to the Buyer's assumption of the 3138/3120 Ground Leases. Nothing in this Order shall be deemed to modify or alter the provisions of the 3138/3120 Ground Leases, and the mere payment of rent due and owing does not absolve issues of default interest thereon, or any other outstanding amounts or other defaults.

The Buyer has not agreed to the additional language.[2]

---

[2] Section 19.1 of each Ground Lease provides in part that the Ground Lessors' consent "shall not be unreasonably withheld, conditioned or delayed" and further states that the Ground Lessors' reasonable right to consent "shall be limited to a good faith and reasonable determination whether (i) the proposed grantee/assignee is an experience owner or operator of commercial real estate, (ii) its controlling principals are devoid of felony convictions in the ten (10) years preceding the proposed transaction, (iii) its controlling principals, and any of their affiliates, have not been subject to any bankruptcy, insolvency, reorganization or similar action or proceeding in the ten (10) years preceding the proposed transaction, (iv) the controlling principals, and any of their affiliates, having never been in violation of any laws relating to terrorism, money laundering or the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Action of 2001, Public Law 107-56 and Executive Order No. 13224 (Blocking Property and Prohibiting Transactions with Persons Who Commit, Threaten to Commit, or Support Terrorism), as subsequently annexed or amended, and (v) the controlling principals satisfying any then in place 'know your customer' requirements of Lessor's Mortgagee."

5

The Ground Lessors have also taken issue with the timing of the lease payments under the proposed settlement with the Halpern Parties, which is discussed in the next section. In the event the Court approves the proposed settlement and grants the Commodore Sale Motion, the Receiver would not oppose the inclusion of the following language in the proposed order on the Ground Lessors' objection to the Commodore Sale Motion and their stay relief motion, which should address the Ground Lessors' concerns:

> The 3138/3120 Ground Lessors' Objection and Response in Opposition to Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests and Motion for Stay Relief or, in the Alternative, for Modification of Stay Order filed on October 7, 2024 [ECF No. 245], is denied without prejudice. For avoidance of doubt, the Court's granting of the Receiver's Motion [ECF 238] and entry of the Order approving it shall not, in any way, constitute, or be deemed to constitute, a legal or equitable impediment, whether framed as res judicata, collateral estoppel, or as any other legal or equitable prohibition, to the right of the 3138/3120 Ground Lessors to renew and re-notice their motion seeking stay relief and request the Court to conduct an expedited hearing on their motion for stay relief if all accrued and accruing rent due and owing under the 3138/3120 Ground Leases is not paid up through the closing of the sale of the Commodore Properties.
>
> If the Halpern Parties fail to pay the accrued rent due and owing since September 2024 and the monthly installments thereafter of the Annual Ground Rent due within the time required by the 3138/3120 Ground Leases up through closing on either the Sale Contract or the Halpern Back-Up Sale Contract, and the Buyer or the Receiver do not cure such failure within fifteen (15) days of being advised in writing by the 3138/3120 Ground Lessors of such payment failure, the 3138/3120 Ground Lessors shall be entitled to re-notice and renew their motion for stay relief, set forth in ECF No. 245, based on the unpaid ground lease payments, and request an expedited hearing on their motion.

    ii. **Halpern Settlement Motion**

On December 3, 2024, the Receiver filed the Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract (the "Halpern Settlement Motion") [DE 310]. On December 17, 2025, the CG Investors filed a Response to the Halpern Settlement Motion [DE 315], and the Ground Lessors filed a Limited Response to the Halpern Settlement Motion [DE 316]. The Court extended

6

the Receiver's deadline to file her replies to the foregoing responses to December 31, 2024 [DE 318]. On December 31, 2024, the Receiver filed her Reply to GC Investors' Response to Motion to Approve Settlement with Halpern Parties [DE 320], and Reply to Ground Lessors' Response to Motion to Approve Settlement with Halpern Parties [DE 321].

The Receiver attempted to reach a consensual resolution of the issues raised by the Ground Lessors. As discussed in retail in her reply, the Halpern Parties have agreed that they will commence making ground lease payments (including payment of accrued rent since September 2024, and January 2025 and future rents) on the later of (a) January 10, 2025; or (b) upon approval of the Halpern Settlement Motion, and the Order on the Halpern Settlement Motion may so provide. The Halpern Parties have further agreed they will commence making monthly payments starting with the January 2025 rent even if the Court has not yet entered an order, pending approval of the Halpern Settlement Motion. As of the time of filing this status report, the Ground Lessors have not advised if the additional terms agreed to by the Halpern Parties resolve their limited response.

2. **Villa Valencia Units**

The Receivership Estate has four units in a condominium building located at 515 Valencia Ave., Coral Gables, Florida 33134, which are owned by 515 Valencia SPE, LLC, a wholly owned subsidiary of 515 Valencia Partners, LLC: (a) Unit 1301, folio no. 03-4117-096-0120, (b) Unit 1104, folio no. 03-4117-096-0390, (c) Unit 1202, folio no. 03-4117-096-0110, and (d) Unit 1201, folio 03-4117-096-0230.

The Receiver has sold Unit 1104 (a finished unit). On August 29, 2024, the Court entered the Order Granting Receiver's Expedited Motion to Approve Sale of Valencia Unit 1104 Property Free and Clear [DE 216] approving a sale contract for with a $3,960,000 purchase price plus an

additional fee of $50,000 for a total of $4,010,000 for Unit 1104 and private garage, with net sale proceeds to be held in the Valencia Lien Claim Fund with allocation and disbursement to be addressed by the Receiver in a subsequent pleading. The sale closed on November 1, 2024. The buyer paid: the $3,960,000 sale price, $50,000 additional purchase fee, and $1,591.91 to reimburse the receivership estate for electrical bills paid by the estate while the sale contract was pending. The receivership estate paid: $31,595.93 for pro-rated real estate taxes for January 1, 2024 through November 1, 2024, $5.67 for other taxes, $12,475 for owner's title insurance, $23,896.50 for recording fees, and $1,385 for lien letters and lien and title searches. The sale price and additional purchase fee totaled $4,010,000, and the seller paid $69,358.10 at closing. The Valencia Lien Claim Fund has a balance of $3,940,641.90. The Receiver previously engaged in settlement discussions regarding the disbursement of net proceeds with the first position lender, and more recently, has had settlement discussions with the junior lender. Any proposed distribution and/or settlement will be subject to the Court's approval.

Unit 1301 is a penthouse unit that occupies the entire thirteenth floor and is unfinished with no interior walls. The Receiver has hired Josephine Wang, CIPS, and the firm of Brown Harris Stevens (the "Valencia Broker"), as the broker to assist with the marketing and sale of this unit. On July 3, 2024, the Court entered an Order approving the Receiver's request to hire a broker for Unit 1301 [DE 189]. The Valencia Broker and Receiver finalized the listing agreement, and the Valencia Broker listed Unit 1301 for sale at $10,185,000 in September 2024. The Valencia Broker advised the Receiver that the list price should be lowered, and on December 5, 2024, the Receiver approved reducing the list price to $8,500,000 and signed a modification to listing agreement reflecting the reduction. The Valencia Broker has engaged in extensive marketing of Unit 1301, including: (a) placing the property on the Southeast Florida Multiple Listing Service, (b) using

AdWerx to target potential buyers on social media and through banner advertising, (c) using LuxVT resources for a digital marketing campaign which featured the property in some of the most highly trafficked websites, including WSJ.com, NYT.com, UniqueHomes.com, RobbReport, Juwaii.com, YouTube and many others, (d) creating a single property website to feature photos, (e) including the property and photos in the Valencia Broker's bi-weekly newsletter which is emailed to over 12,000 consumers, (f) highlighting the property in the Coral Gables Magazine (November and December issues targeting residents in Coral Gables via direct mail distribution in excess of 22,000 each issue), and (g) featuring the property on BrownHarrisStevens.com and BHSMiami.com.

Unit 1201 and Unit 1202 are two units spread across the twelfth floor. The Receiver and her counsel continue to have had multiple discussions with certain individuals who entered into pre-receivership sale contracts for Units 1201 and 1202, including with respect to potential resolutions that include an "as is where is" sale of the units. The Receiver has also facilitated access to the units for the foregoing individuals, and other interested parties. The Receiver and the Valencia Broker have continued to discuss expanding her employment to the sale of Units 1201 and 1201. One individual who entered into a pre-receivership sale contract has advised the Receiver that such party intends to object to such employment.

3. **Miami Beach Property**

The Receivership Estate includes two adjacent parcels located in Miami Beach at 1260 and 1234 Washington Avenue, which are owned by Urbin Miami Beach Owner, LLC, a wholly owned subsidiary of Urbin Miami Beach Mezzanine, LLC. The Receiver negotiated a $17.5 million sale contract with no diligence period and minimal contingencies. On September 10, 2024, the Receiver filed the Receiver's Expedited Motion to Approve Sale of Miami Beach Property Free and Clear

and Related Settlement Agreement [DE 220]. Certain parties who entered into purchase agreements and provided deposits prior to the receivership raised objections to the sale [*see* DE 223, 230, 237, 242 and 246], and the Receiver filed her reply [DE 264]. Following an extensive conference call with the Receiver and counsel, certain movants withdrew their objections [DE 281]. The joining parties decided to not proceed with any objections.

On November 7, 2024, the Court entered the Order Granting Receiver's Expedited Motion to Approve Sale of the Miami Beach Property Free and Clear [DE 293]. On December 26, 2024, the Receiver obtained a signed letter from the City of Miami Beach confirming that the amounts set forth in the updated city statements are not financial obligations of the buyer of the Miami Beach Property. Under the sale contract, the closing is to occur on or before January 7, 2025 provided no appeal has been filed within 60 days of the entry of the order. As of the filing of this Status Report, no appeal has been filed.

4. **Montana Property**

7240 US Highway 2 SPE, LLC, a wholly owned subsidiary of LV Montana Phase I, LLC, owns real property consisting of 12.37 acres and residential structure with an address of 7240 US Highway 2 E, Columbia Falls, Montana 59912 (folio no. 07-4186-15-2-09-30-0000). The property was purchased on February 3, 2022 for $799,000. There is no mortgage on the property. On May 21, 2024, the Court approved the receiver's request to employ a broker [DE 160]. On May 23, 2024, the Receiver signed a listing agreement to list the property for $899,000. In consultation with the broker, the Receiver lowered the list price to $825,000 on August 9, 2024, and lowered the list price to $775,000 on October 24, 2024. The broker has continued to show the property to multiple parties, and market the property. She has advised the Montana real estate market will be inactive during winter and become active again in March 2025.

### 5. Stewart Property and Pending Appeal

Stewart Grove 1, LLC owned a luxury single family home constructed on real property located across two parcels: 3620 and 3610 Stewart Avenue, Miami, Florida 33133. On June 17, 2024, the Court entered an Order approving the Receiver's proposed $17.5 million sale, and settlement agreement with the first position lender that provided for a reduced payment and carveout from its lien for the benefit of the receivership estate [DE 185]. The sale closed on July 29, 2024. The escrow agent disbursed $14,084,835.19 to the lender for the lender payment, and $3,238,475.34 to the receivership estate. Of the $3,238,475.34: (a) $797,412.36 was the carveout from the lender's first position lien for the benefit of the receivership estate, (b) $2,341,062.98 was for the Stewart Lien Claim Fund to pay other valid lien claims against the Stewart Property, and (c) $100,000 was for the lender fee reserve that was disbursed as follows in accordance with the settlement: $79,088.16 to the lender, $10,455.92 to the lender and $10,455.92 to the Stewart Lien Claim Fund. The Stewart Lien Claim Fund balance is $2,351,518.90.

On August 12, 2024, the Halpern Trusts filed a notice of appeal of the sale order, and on November 11, 2024 they filed their Brief of Appellant. On December 18, 2024, the Receiver filed the a Motion to Dismiss Appeal. The Halpern Trusts have filed a motion to extend their deadline to file a response to January 21, 2025, and the Receiver has filed a motion to extend her deadline to file her brief to January 27, 2025. The Receiver and the Halpern Trusts have been engaged in settlement discussions. Any resolution reached will be presented to the Court and subject to the Court's approval.

### 6. Minorca Parcel

Urbin CG RESI SPE LLC, a wholly owned subsidiary of Urbin Coral Gables Partners, LLC, owned a vacant lot on Minorca Avenue in Coral Gables, Florida, folio no. 03-4108-006-

1200. On January 20, 2024, the Court entered an Order granting the Receiver's Motion for Authority to Close on Pending Sale and to Approve Sale [DE 64, 58], which sought to approve a $800,000 sale contract of a vacant lot. The sale closed, and the receivership estate received the net proceeds on March 1, 2024.

### 7. 299 Alhambra Building

CG Office SPE, LLC, a wholly owned subsidiary of Urbin Coral Gables Partners, LLC, owned an office building located at 299 Alhambra Circle in Coral Gables, Florida. The Court entered an Order Granting Motion for Approval of Settlement and Authority to Consent to Foreclosure Judgment [DE 186]. On June 18, 2024, the receivership estate received the $100,000 settlement payment. On July 8, 2024, the state court entered a final consent summary judgment of foreclosure and enforcement of assignment of rents in favor of plaintiff with a total balance of $14,690,827.89. A public sale occurred on August 6, 2024. On August 9, 2024, the clerk of court entered a certificate of sale indicating that the plaintiff submitted the highest and best bid in the amount of $600,100 via a credit bid.

## II. Pending Matters

1. *[DE 238] Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests filed on September 24, 2024.*

    Objections/Responses Received:

    i. [DE 245] Ground Lessors' Objection and Response in Opposition to Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests and Motion for Stay Relief or, in the Alternative, for Modification of Stay Order filed on October 7, 2024.

    ii. [DE 265] GC Investors' Objection to Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests filed on October 15, 2024.

    iii.    [DE 270] Non-Party Grouper Financial, Inc.'s Limited Response to Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests filed on October 17, 2024.

  Related Documents:

    i.    Court docket entry on October 9, 2024 setting October 15, 2024 as the response deadline for the Commodore Sale Motion.

    ii.    [DE 279] Receiver's Omnibus Reply to Objections to Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests filed on October 22, 2024.

    iii.    [DE 288] Receiver's Status Report which includes as Exhibit A an updated proposed order with redlines showing the changes from the proposed order attached as Exhibit 4 to the sale motion.

    iv.    [DE 313] Order setting matter for oral argument on January 6, 2025. The matter was previously set for November 7, 2024, and reset to December 4, 2024 [DE 305].

  Status: The matter is fully briefed and the Court has set the matter for oral argument on January 6, 2025.

**2.**    ***[DE 244] CG Investors' Expedited Motion for Relief from Stay of Ancillary Litigation and/or for Partial Vacation, Modification, or Clarification of Order Appointing Receiver and if Necessary to Intervene filed on October 4, 2024.***

  Objections/Responses Received:

    i.    [DE 282] Receiver's Response in Opposition to CG Investors' Expedited Motion for Relief from Stay of Ancillary Litigation and/or for Partial Vacation, Modification, or Clarification of Order Appointing Receiver and if Necessary to Intervene filed on October 25, 2024.

  Related Documents:

    i.    [DE 283] Securities and Exchange Commission's Notice of Adoption of the Response filed by the Receiver filed on October 25, 2024.

    ii.    [DE 282] CG Investors' Reply in Response to Receiver's Response in Opposition to CG Investors' Expedited Motion for Relief from Stay of Ancillary Litigation and/or for Partial Vacation, Modification, or Clarification of Order Appointing Receiver and if Necessary to Intervene filed on October 29, 2024.

    iii.    [DE 313] Order setting matter for oral argument on January 6, 2025. The matter was previously set for November 7, 2024, and reset to December 4, 2024 [DE 305].

   Status: The Stay Relief Motion is fully briefed and the Court has set the matter for oral argument on January 6, 2025.

3. **[DE 245] Ground Lessors' Objection and Response in Opposition to Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests and Motion for Stay Relief or, in the Alternative, for Modification of Stay Order filed on October 7, 2024.**

   Objections/Responses Received:

   i.   [DE 280] Receiver's Response in Opposition to Ground Lessors' Motion for Stay Relief or, in the Alternative, for Modification of Stay Order filed October 22, 2024.

   Related Documents:

   i.   [DE 285] Ground Lessors' Reply to Receiver's Response in Opposition to Ground Lessors' Motion for Stay Relief or, in the Alternative, for Modification of Stay Order filed on October 29, 2024.

   ii.  [DE 313] Order setting matter for oral argument on January 6, 2025. The matter was previously set for November 7, 2024, and reset to December 4, 2024 [DE 305].

   Status: The matter is fully briefed and the Court has set the matter for oral argument on January 6, 2025.

4. **[DE 310] Receiver's Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract filed on December 3, 2024.**

   Objections/Responses Received:

   i.   [DE 315] CWL-CH, LLC, ASJAIA, LLC and Vieden Grove Oz, LLC's (the "CG Investors") Response to Receiver's Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract filed on December 17, 2024.

   ii.  [DE 316] TB 3138 Commodore Investments, LLC and TB 3120 Commodore Investments, LLC's ("Ground Lessors") Limited Response to Receiver's Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract filed on December 17, 2024.

   Related Documents:

   v.   [DE 313] Order setting matter for oral argument on January 6, 2025.

vi. [DE 318] Order extending Receiver's deadline to file replies to December 31, 2024.

vii. [DE 320] Receiver's Reply to GC Investors' Response to Motion to Approve Settlement with Halpern Parties.

viii. [DE 321] Receiver's Reply to Ground Lessors' Response to Motion to Approve Settlement with Halpern Parties.

Status: The Halpern Settlement Motion is fully briefed and ready for argument. The Court has set the matter for oral argument on January 6, 2025.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for Bernice C. Lee, Receiver*
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel:   (305) 372-1800
Fax:   (305) 372-3508

By:  /s/ *David L. Rosendorf*
         David L. Rosendorf
         dlr@kttlaw.com
         Florida Bar No. 996823

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the clerk of the Court using CM/ECF, and the foregoing document has been served via CM/ECF upon all counsel of record this 1st day of January, 2025.

By:  /s/ *David L. Rosendorf*
         David L. Rosendorf