UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-JB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.,

    Defendants.
_____/

## RECEIVER'S MOTION FOR AUTHORIZATION OF EMPLOYMENT OF INTEGRA REALTY RESOURCES AS REAL ESTATE APPRAISER FOR THE COMMODORE PROPERTIES

Bernice C. Lee, as Receiver ("Receiver") over the companies[1] listed herein (collectively, the "Receivership Companies") in this action, applies for authorization and approval of the employment of Charles E. Badell, MAI and Integra Realty Resources (together, "Integra Realty") as a real estate appraiser for the Receiver with respect to certain properties in Coconut Grove, Florida, and states:

### BACKGROUND

1. On December 27, 2023, the Securities and Exchange Commission ("SEC") filed an Emergency *Ex Parte* Motion for Asset Freeze and Other Relief [DE 6] under seal commencing this proceeding against Rishi Kapoor and the Receivership Companies, to ensure that a

---

[1] The Receivership Companies include: Location Ventures, LL, URBIN, LLC, Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

disgorgement award can be satisfied and to prevent further dissipation of investor funds and potentially other assets out of the Court's reach.

2. On January 12, 2024, the Court entered an Order [DE 28] ("Receivership Order") appointing Ms. Lee as Receiver over the Receivership Companies. Pursuant to the Receivership Order, the Receiver is directed *inter alia* to take exclusive control and possession of all assets of whatever kind and wherever situated of the Receivership Companies; is authorized to exercise the powers previously possessed by the officers, directors, managers, trustees and agents of the Receivership Companies; has the power and duty to use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Companies; to take into custody, control and possession all Receivership Property and records relevant thereto; to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Companies; and to investigate the manner in which the financial and business affairs of the Receivership Companies were conducted.

3. Among other things, paragraph 31 of the Receivership Order authorizes the Receiver to transfer or otherwise dispose of Receivership Property,[2] other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

4. Pursuant to Paragraph 7.F of the Receivership Order, the Receiver is authorized to "engage and employ persons in her discretion to assist her in carrying out her duties and

---

[2] Capitalized terms not defined herein shall have the definitions provided for in the Receivership Order.

2

responsibilities, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers[.]"

5. Pursuant to Paragraph 51 of the Receivership Order, the Receiver, subject to obtaining Court approval of quarterly fee applications, is authorized to solicit persons and entities ("Retained Personnel") to assist in carrying out the duties and responsibilities described in the Order. Pursuant to Paragraph 52 of the Receivership Order, and subject to prior approval by the Court, Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission," as applicable.

## THE COMMODORE PROPERTIES AND RELATED SALE AND SETTLEMENT AGREEMENT

6. Urbin Coconut Grove Partners, LLC is a Receivership Company and the sole owner and manager of: (i) Urbin Commodore Residential SPE, LLC, (ii) Urbin Commodore Residential II SPE, LLC, (iii) Urbin Commodore SPE, LLC, and (iv) Urbin Commodore Restaurant SPE, LLC (the "Commodore Companies"), which own the following assemblage of fee simple and leasehold interests in Coconut Grove (the "Commodore Properties"):

   i. Fee simple title to 29 condominium or retail units located at 3162 Commodore Plaza, Miami, Florida 33133 that are owned by Urbin Commodore Residential SPE, LLC;

   ii. Fee simple title to the real property located at 3170 Commodore Plaza, Miami, Florida 33133 owned by Urbin Commodore Residential II SPE, LLC;

   iii. Leasehold interest under that certain lease agreement dated December 31, 2019 by and between Dharma Studio Inc., as Landlord and Grouper Financial Inc., as Tenant for the leased premises located at 3166 Commodore Plaza,

        Miami, FL 33133, as amended by Amendment to Commercial Real Property Lease dated April 1, 2020, as memorialized in that certain Memorandum of ground lease dated May 7, 2020 recorded in OR Book 31982, at Page 556, as assigned to Urbin Commodore Residential II SPE, LLC, as Tenant by virtue of assignment of lease dated January 31, 2022, as further memorialized in Amended Memorandum of Ground Lease dated January 31, 2022, recorded February 3, 2022 in OR Book 32999, at Page 4887, and as affected by Memorandum of Agreement dated January 31, 2022, recorded February 3, 2022 in OR Book 32999, at Page 4889 of the Public Records of Miami-Dade County, Florida;

   iv.   Leasehold interest under that certain ground lease agreement dated September 28, 2018, by and between TB 3138 Commodore Investments LLC, as Landlord and Urbin Commodore SPE, LLC, as Tenant for the leased premises located at 3138 Commodore Plaza, Miami, FL 33133, as memorialized in that certain Memorandum of Ground Lease dated September 28, 2018, recorded in OR Book 31162, at Page 4299 of the Public Records of Miami-Dade County, Florida (the "3138 Ground Lease"); and

   v.   Leasehold interest under that certain ground lease agreement dated June 28, 2019, by and between TB 3120 Commodore Investments LLC, as Landlord and Urbin Commodore Restaurant SPE, LLC, as Tenant for the leased premises located at 3120 Commodore Plaza, Miami, FL 33133, as memorialized in that certain Memorandum of Ground Lease dated June 28, 2019, recorded in OR Book 31510, at Page 489 of the Public Records of Miami-Dade County, Florida.

7. On September 24, 2024, the Receiver filed the Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests (the "Commodore Sale Motion") [DE 238]. CW-CH, LLC, Asjaia, LLC and Vieden Grove Oz, LLC (the "GC Investors") filed a response opposing the sale.

8. On December 3, 2024, the Receiver filed the Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract (the "Halpern Settlement Motion") [DE 310]. Under the settlement, *inter alia*, an entity affiliated with Martin I. Halpern Revocable Trust, the Halpern

4

Family Trust, Martin I. Halpern, individually and as Trustee of the Halpern Trusts, HFT Commodore LLC, and their successors and assigns (collectively, the "Halpern Parties") will enter into a back-up sale contract for the Commodore Properties. During the January 6, 2025 hearing, the Court granted the Halpern Settlement Motion.

9. Through this Motion, the Receiver seeks to employ Integra Realty to provide an appraisal of the Commodore Companies' fee simple and leasehold interests in the Commodore Properties. Subject to the Court's approval, Integra Realty has agreed to provide appraisal reports that estimate the value of such ownership and leasehold interests in the Commodore Properties.

10. Charles E. Badell, MAI is a Florida state certified general real estate appraiser (RZ 3182) who has been actively engaged in real estate valuation and consulting since 1999. He is a Managing Director of Integra Realty Miami/Palm Beach. His experience and education in valuation disciplines include fee simple, leased fee, leased hold property rights, commercial, multifamily, retail, and office.

11. Integra Realty has agreed to perform all services for a flat fee of $18,500 (the "Fee"), which includes all associated expenses, with $18,500 to be provided as a retainer, and the Fee paid after the completion of all appraisal services. The Halpern Parties have agreed to provide funds to the Receivership Estate to pay the Fee upon entry of an Order granting this Motion. In the event Integra Realty provides litigation support, an hourly rate would apply, and approval of the hourly rate will be subject to Court approval.

12. Integra Realty understands that the Receiver's authority to pay the Fee is subject to approval of the Court, and any disputes relating to the engagement will be subject to the jurisdiction of the Court that appointed the Receiver.

13. As set forth in the Appraiser's Affidavit attached hereto as **Exhibit A**, Integra Realty is disinterested and has represented to the Receiver that it and its related parties: (a) are not investors in, or creditors of, the Receivership Companies, or their subsidiaries or affiliates, (b) have never been a director, officer, manager, member, investor, employee or agent of the Receivership Companies, or their subsidiaries or affiliates, and (c) have no direct or indirect relationship to, connection with, or interest in, the Receivership Companies, their subsidiaries or affiliates, or Rishi Kapoor.

**WHEREFORE**, the Receiver respectfully requests that this Court enter an order substantially in the same form as the proposed order attached hereto as **Exhibit B**: (a) approving the Receiver's employment of Integra Realty as an appraiser with respect to the Commodore Properties, (b) providing that the Halpern Parties will provide funds to the Receivership Estate to pay the Fee upon entry of an Order granting this Motion, (c) authorizing the Receiver to provide Integra Realty a retainer of $18,500 and for the Fee to be paid upon completion of all appraisal services, and (d) granting such other such relief as the Court deems just and appropriate.

### CERTIFICATION OF CONFERENCE WITH COUNSEL

Counsel for the SEC and counsel for defendant Rishi Kapoor have informed undersigned counsel that they no opposition to the relief requested herein.

*[signature block on following page]*

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
Email: dlr@kttlaw.com

By: /s/ *David L. Rosendorf*
    David L. Rosendorf
    Florida Bar No. 996823

*Counsel for Bernice C. Lee, Receiver*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record this 27th day of January, 2025.

By: /s/ *David L. Rosendorf*
    David L. Rosendorf

7