UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-JB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.,

    Defendants.
_____/

## RECEIVER'S FOURTH INTERIM REPORT

Bernice C. Lee, the Receiver (the "Receiver") appointed by the Court's Order [DE 28] ("Receivership Order") entered on January 12, 2024, submits her Fourth Interim Report for the period of October 1, 2024 through December 31, 2024 (the "Reporting Period").

**I. Receiver's General Activities and Efforts in the Fourth Quarter**

    **A. Operations of the Receiver with Respect to the Properties**

This receivership involves twenty-two entities named as defendants[1] (collectively, the "Receivership Defendants"), over twenty subsidiaries and related entities, and seven active real estate projects. The Receiver is assessing all assets of the receivership estate on a project-by-project basis to determine the best path forward for each property and its ability to produce a recovery or reduction of claims for the receivership estate.

---

1 The Receivership Defendants are: Location Ventures, LLC, URBIN, LLC, Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

During the Reporting Period, the focus of the Receiver's efforts has been on: (i) closing on the sale of the Villa Valencia Unit 1104 property, (ii) prosecuting a motion to sell the Miami Beach property, including preparing a reply and related affidavits in support of the motion and conducting extensive meetings with certain unit depositors who raised objections to the sale motion, which resulted in the withdrawal of objections and entry of an order approving the sale without opposition, (iii) with respect to the Commodore properties, prosecuting a motion to approve sale including preparing an omnibus reply in support of the motion, negotiating a settlement agreement with the Martin I. Halpern Revocable Trust, the Halpern Family Trust (together the "Halpern Trusts"), Martin I. Halpern, individually and as Trustee of the Halpern Trusts, HFT Commodore LLC, and their successors and assigns (collectively, the "Halpern Parties") relating to the Commodore properties and prosecuting a motion to approve such settlement agreement including preparing replies in support of the motion, and addressing various objections to the proposed sale of the Commodore properties, (iv) preparing responses, seeking to resolve, and arguing in opposition to motions for stay relief filed by CW-CH, LLC, Asjaia, LLC and Vieden Grove Oz, LLC (the "CG Investors") and 3138 Commodore Investments, LLC and TB 3120 Commodore Investments, LLC (the "Commodore Ground Lessors"), (v) addressing the appeal of the sale order for the Stewart Grove property, (vi) negotiating a settlement agreement with the lender for the Los Pinos property, (vii) assessing the potential disposition of the Villa Valencia Units 1301, 1201 and 1202 including settlement negotiations with the lender, and parties who entered into pre-receivership sale contracts with the seller, and (viii) addressing pending litigation and creditor and investor inquiries and investigating potential litigation claims.

A summary of the real estate properties and the Receiver and professionals' efforts during the Reporting Period is provided below:

<u>Stewart Grove Property</u>: Stewart Grove 1, LLC owns a luxury single family home constructed on real property located across two parcels: 3620 Stewart Avenue, Miami, Florida 33133 (folio no. 01-4128-051-0010), and 3610 Stewart Avenue, Miami, Florida 33133 (folio no. 01-4128-051-0020). On June 17, 2024, the Court entered an Order approving the Receiver's proposed $17.5 million sale, and settlement agreement with the first position lender that provided for a reduced payment and carveout from its lien for the benefit of the receivership estate (the "Stewart Grove Sale Order") [DE 185]. The sale closed on July 29, 2024. The escrow agent disbursed $14,084,835.19 to the lender for the lender payment, and $3,238,475.34 to the receivership estate. Of the $3,238,475.34: (i) $797,412.36 is the carveout from the lender's first position lien for the benefit of the receivership estate, (ii) $2,341,062.98 is for the Stewart Lien Claim Fund to pay other valid lien claims against the Stewart Property, and (iii) $100,000 is for the lender fee reserve that was disbursed as follows: $79,088.16 to the lender for reasonable attorney's fees and costs incurred after April 26, 2024 for the Stewart Property, and the excess funds were split 50/50 with $10,455.92 to lender and $10,455.92 to the Stewart Lien Claim Fund.

On August 12, 2024, the Halpern Trusts filed a notice of appeal of the Stewart Grove Sale Order. During the Application Period, the Receiver and her counsel spent a substantial amount of time preparing a motion to dismiss the appeal along with related affidavits, drafting the Receiver's response brief, and engaging in settlement discussions with the Halpern Trusts. Following the Reporting Period, the Receiver and the Halpern Trust reached a settlement agreement, and on January 16, 2025, filed a joint motion to hold appeal in abeyance pending documentation and this Court's approval of the settlement agreement. As that motion remained pending without ruling on January 27, 2025, the date the Receiver's brief was due, the Receiver filed her Response Brief. The Receiver has circulated the draft settlement agreement with the Halpern Parties, and intends

3

to file a motion to approve distribution of the Stewart Lien Claim Fund and proposed settlement agreement with the Halpern Trusts.

<u>Villa Valencia Condos</u>: 515 Valencia SPE, LLC, a wholly owned subsidiary of 515 Valencia Partners, LLC, owns four condominium units in a condominium building located at 515 Valencia Ave., Coral Gables, Florida 33134: (i) Unit 1301, folio no. 03-4117-096-0120, (ii) Unit 1104, folio no. 03-4117-096-0390, (iii) Unit 1202, folio no. 03-4117-096-0110, and (iv) Unit 1201, folio 03-4117-096-0230.

During the Reporting Period, the Receiver spent a meaningful amount of time addressing the pending sale and closing of Unit 1104. On August 29, 2024, the Court entered the Order Granting Receiver's Expedited Motion to Approve Sale of Valencia Unit 1104 Property Free and Clear [DE 216]. On November 1, 2024, the Receiver closed on the sale, and received the $3,960,000 sale price, the $50,000 additional purchase fee, and $1,591.91 to reimburse the receivership estate for electrical bills paid by the estate while the sale contract was pending. The receivership estate paid: $31,595.93 for pro-rated real estate taxes for January 1, 2024 through November 1, 2024, $5.67 for other taxes, $12,475 for owner's title insurance, $23,896.50 for recording fees, and $1,385 for lien letters and lien and title searches. The sale price and additional purchase fee totaled $4,010,000, and the seller paid $69,358.10 at closing. The net sale proceeds are $3,940,641.90.

Unit 1301 is a penthouse unit that occupies the entire thirteenth floor and is unfinished with no interior walls. The Receiver has hired Josephine Wang, CIPS, and the firm of Brown Harris Stevens (the "Valencia Broker"), as the broker to assist with the marketing and sale of this unit. On July 3, 2024, the Court entered an Order approving the Receiver's request to hire a broker for Unit 1301 [DE 189]. The Valencia Broker listed Unit 1301 for sale at $10,185,000 in September

2024. The Receiver and her counsel have had multiple meetings with the broker regarding Unit 1301 and reducing the list price, and on December 5, 2024, the Receiver approved reducing the list price to $8,500,000. Unit 1201 and Unit 1202 are two units spread across the twelfth floor. Both are unfinished with no interior walls. During the Reporting Period, the Receiver continues to have discussions with the purchasers under pre-receivership sale contracts for Units 1201 and 1202, including with respect to potential resolutions that include an "as is where is" sale of the units, and has begun to have settlement discussions with the junior lender.

Further, during the Reporting Period, the Receiver and her counsel have also attended to multiple meetings, calls and e-mail communications with creditors, the City of Coral Gables, the condominium association and its counsel, and other parties regarding issues relating to the building and the temporary certificate of occupancy. The Receiver continues to follow-up with AT&T regarding scheduling the work to relocate wires on poles on Hernando Street to underground under an agreement entered into in August 2024 with the approval of the City of Coral Gables. During the Reporting Period, the City released funds from a bond to pay AT&T for the amount due under the agreement.

<u>Miami Beach Property</u>: Urbin Miami Beach Owner, LLC, a wholly owned subsidiary of Urbin Miami Beach Mezzanine, LLC, owns two adjacent parcels located in Miami Beach: 1260 Washington Avenue consisting of primarily vacant land, folio no. 02-4203-009-0040, and 1234 Washington Avenue with a gutted office building, folio no. 02-4203-009-0050.

On September 10, 2024, the Receiver filed the Receiver's Expedited Motion to Approve Sale of Miami Beach Property Free and Clear and Related Settlement Agreement [DE 220], which sought approval of a $17.5 million sale contract with no diligence period and minimal contingencies and a related settlement agreement with the first position lender. Certain parties who

entered into purchase agreements and provided deposits prior to the receivership raised objections to the sale [see DE 223, 230, 237, 242 and 246].

During the Reporting Period, the Receiver and her counsel spent a substantial amount of time preparing a reply [DE 264] which included affidavits from Lamar Fisher, the Receiver's broker, and the Receiver in support of the proposed sale, obtaining a letter from the City of Miami Beach confirming that the buyer would not be responsible for amounts owed on the City's statements, attending to multiple code violation notices from the City of Miami Beach (such as graffiti removal, campaign signs removal and fence issues) and attending code enforcement hearings, and engaging in multiple communications and an extensive conference call with certain movants who raised objections. As a result, the movants withdrew their objections [DE 281], and the joining parties decided to not proceed with any objections. On November 7, 2024, the Court entered the Order Granting Receiver's Expedited Motion to Approve Sale of the Miami Beach Property Free and Clear [DE 293]. The sale closed on January 7, 2025.

Commodore Properties: Urbin Coconut Grove Partners, LLC is the owner of the following four entities that own real property and/or leasehold rights in properties located on Commodore Plaza in Coconut Grove, Miami (the "Commodore Companies"): (i) Urbin Commodore Residential SPE, LLC owns 29 condominium or retail units in a building located at 3162 Commodore Plaza, Miami, FL 33133, (ii) Urbin Commodore Residential II SPE, LLC owns real property with an address of 3170 Commodore Plaza, Miami, FL 33133, and is the leasee under a ground lease with Dharma Studio, Inc. for real property located at 3166 Commodore Plaza, Miami, FL 33133, (iii) Urbin Commodore SPE, LLC is a lessee under a ground lease with TB 3138 Commodore Investments, LLC for real property located at 3138 Commodore Plaza, Miami, FL 33133, and (iv) Urbin Commodore Restaurant SPE, LLC is a lessee under a ground lease with TB

3138 Commodore Investments, LLC for real property located at 3120 Commodore Plaza, Miami, FL 33133.

On September 24, 2024, the Receiver filed the Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests (the "Commodore Sale Motion") [DE 238] seeking to approve a $28.2 million dollar sale with the disbursement of net sale proceeds to be addressed in a later pleading. The CG Investors, who are equity investors in Urbin Coconut Grove Partners, LLC, filed an objection [DE 265], and a motion for stay relief to pursue a state court action [DE 244]. The Commodore Ground Lessors filed a motion for stay relief to terminate two ground leases and opposition to the Commodore Sale Motion [DE 245]. On October 17, 2024, Grouper Financial, Inc. filed a limited response [DE 270]. Also, the City of Miami raised an informal objection via email correspondence with the Receiver.

During the Reporting Period, the Receiver and her counsel spent an extensive amount of time addressing and attempting to resolve various issues raised by certain parties, resolving the objections raised by Grouper Financial, Inc. and the City of Miami, preparing an omnibus reply [DE 279], preparing responses in opposition to the CG Investors' and Commodore Ground Lessors' stay relief motions [DE 280, 282], negotiating a settlement agreement with the Halpern Parties relating to the Commodore properties that *inter alia* addresses the disposition of the net sale proceeds from the closing of the sale under the Commodore Sale Motion, provides for a back-up sale to a party affiliated with the Halpern Parties and provides that the Halpern Parties will make lease payments for the Commodore ground leases, and prosecuting a motion to approve the settlement agreement.

On December 3, 2024, the Receiver filed the Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds

and Back-Up Sale Contract (the "Halpern Settlement Motion") [DE 310]. On December 17, 2024, the CG Investors filed a Response to the Halpern Settlement Motion [DE 315], and the Ground Lessors filed a Limited Response to the Halpern Settlement Motion [DE 316]. On December 31, 2024, the Receiver filed her Reply to CG Investors' Response to Motion to Approve Settlement with Halpern Parties [DE 320], and Reply to Ground Lessors' Response to Motion to Approve Settlement with Halpern Parties [DE 321].

The Court set the foregoing pending Commodore matters for oral argument on January 6, 2025. After, the Court granted the Halpern Settlement Motion, and approved a proposed resolution for the Commodore Ground Lessors' stay relief motion. The Court advised that the Commodore Sale Motion would be carried to next status conference.

Montana Property: 7240 US Highway 2 SPE, LLC, a wholly owned subsidiary of LV Montana Phase I, LLC, owns real property consisting of 12.37 acres and residential structure with an address of 7240 US Highway 2 E, Columbia Falls, Montana 59912 (folio no. 07-4186-15-2-09-30-0000). On May 21, 2024, the Court approved the receiver's request to employ a broker [DE 160]. The Receiver has spent a meaningful amount of time attending to property maintenance items, considering the list price and broker's proposed reduction of same, conducting various discussions with the broker regarding interested parties, offers and the federal receivership sale process, and preparing a draft addendum for a sale contract.

Los Pinos Property: 7233 Los Pinos LLC ("7233 Los Pinos"), an entity Mr. Kapoor has stated that he and Jeannie Frank Kapoor own through an entity named Kapoor, LLC, owns the property located at 7233 Los Pinos Blvd in Coral Gables, Florida, which the Kapoors have used as their residence, and is subject to a foreclosure action. The property is subject to this Court's Asset Freeze Order and the Receiver has potential claims on behalf of the receivership estate

against the property. On June 3, 2024 [DE 175], following a bankruptcy filing by 7233 Los Pinos which was subsequently dismissed, the Court entered an Order approving an agreement [DE 175] under which the Receiver, Mr. Kapoor, 7233 Los Pinos and the lender agreed, inter alia, that: (i) 7233 Los Pinos can employ Boschetti Realty Group as a listing agent to sell the property, (ii) all terms of any proposed sale or offer would be shared with the lender, (iii) all net proceeds would be escrowed with the Receiver's counsel pending a determination of entitlement, (iv) there would be a 90-day foreclosure stay through September 5, 2024 and a 90-day credit of the difference between the default and non-default interest rate if 7233 Los Pinos entered into a sale agreement during the 90-day period, and (v) the Receiver could elect to extend the stay period for another 90 days or not extend, in which case the lender would pay the Receiver the difference between the default and non-default interest rate for a 90-day period.

No sale contract was presented by the September 5, 2024 deadline, and instead, Mr. Kapoor filed a motion to extend the foreclosure stay period [DE 217], the Receiver filed a response [DE 227], and on October 9, 2024, the Court entered an Order denying the motion [DE 254]. The Receiver declined to elect to extend the foreclosure stay period, and on October 18, 2024, the Receiver received $150,000 from the lender. Mr. Kapoor has vacated the Los Pinos Property. The lender resumed prosecution of the foreclosure action, and on December 11, 2024, the state court entered an agreed final judgment in favor of lender for $7,053,558.12, and scheduled a foreclosure sale for February 10, 2025.

During the Reporting Period, the Receiver and her counsel spent an extensive amount of time negotiating a settlement agreement with the lender under which the lender will pay the Receiver $225,000 in satisfaction of all claims of the Receiver against the Los Pinos Property. On January 13, 2025, the Receiver filed a Motion to Approve Settlement Agreement with Los Pinos

Acquisition LLC Regarding Los Pinos Property and to Modify Agreed Order Regarding Motion to Stay [DE 325].  On January 28, 2025, Mr. Kapoor filed a Response to Receiver's Motion to Approve Los Pinos Settlement with Los Pinos Acquisition, LLC Regarding Los Pinos Property and Modify Agreed Order Regarding Motion to Stay (ECF 325) [DE 329].

### B. Additional Operations of the Receiver

During the Reporting Period, the Receiver and her professionals have continued to identify and review bank accounts used for transactions involving the Receivership Companies and related entities, and obtaining records for such accounts and transactions through requests and subpoenas to third parties. The Receiver and her professionals are reviewing over 40,000 transactions occurring across more than 45 bank accounts, and purchaser deposits for the Miami Beach, Commodore and Villa Valencia properties, as well as other transactions engaged in by the Receivership Companies and potential recoveries in connection with those transactions. The Receiver is investigating all potential avenues of potential recovery, including substantial payments made to certain equity investors prior to the commencement of the SEC action, intercompany transfers, payments to or for the benefit of insiders, and other questionable transactions.

The Receiver and her counsel have also addressed numerous case and claims administration items, including:

i. Attending to various document exports and related ESI and privilege issues, and searching and reviewing documents relating to the Receivership Defendants and related entities to address requests from various parties,

ii. Attending to corporate filings and beneficial ownership information reports,

 iii. Updating the Receiver's website which contains court documents and a section where investors and other claimants can include their contact information (https://kttlaw.com/lv/),

 iv. Monitoring over twenty-five Florida state and federal court proceedings filed prior to or after the Court entered the Receivership Order, attending various city code violation hearings, and communicating with plaintiffs and other parties involved in the cases, and

 v. Attending to calls and emails with investors, lien claimants, unit purchasers, Villa Valencia condominium association and other claimants to discuss the SEC action, Receivership Order, potential claims process, and issues relating to particular properties.

**C.**   **Receiver's Pending Motions**

As of December 31, 2024, there are five motions filed by the Receiver that remain pending on the Court's docket: (i) Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests [DE 238] filed on September 24, 2024, (ii) Receiver's Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract [DE 310] filed on December 3, 2024, which the Court granted following oral argument on January 6, 2025, and for which the Receiver has submitted an updated proposed order, (iii) Receiver's Motion to Approve Settlement Agreement with Los Pinos Acquisition LLC Regarding Los Pinos Property and to Modify Agreed Order Regarding Motion to Stay [DE 325] filed on January 13, 2025, (iv) Receiver's Motion for Authorization of Employment of Integra Realty Resources as Real Estate Appraiser for the Commodore Properties [DE 328] filed on January 27, 2025, and (v) Receiver's

Motion for Authorization of Employment of Aucamp, Dellenback & Whitney as Real Estate Appraiser for the Commodore Properties [DE 330] filed on January 28, 2025. The Receiver has provided a summary of all pending matters, including motions filed after the Reporting Period, responses, objections and replies in the Receiver's Status Report for February 5, 2025 Hearing [DE 331].

      **D.**      **Cash on Hand, and Receipts and Disbursements**

As of December 31, 2024, the Receivership Estate has unencumbered cash on hand in the amount of $2,355,357.67, plus $2,351,518.90 in the Stewart Lien Claim Fund and $3,940,641.90 in net proceeds from the sale of Villa Valencia Unit 1104. Additional details are provided in the Standardized Fund and Accounting Report attached as **Exhibit A**.

The total amount and nature of known accrued administrative expenses as of December 31, 2024 is $577,446.75, which consists of professional fees and expenses of the Receiver's professionals, as follows:

1. 20% holdback from the prior fee applications:

    a. First Fee Application for January 12, 2024 through March 31, 2024 [DE 241]
       - a. Receiver Fees: $28,028.00
       - b. Kozyak, Tropin & Throckmorton Fees: $31,980.00
       - c. Yip Associates Fees: $40,630.00
       - d. Day Pitney Fees: $ 2,529.70

    b. Second Fee Application for April 1, 2024 through June 30, 2024 [DE 252]
       - i. Receiver Fees: $24,087.00
       - ii. Kozyak, Tropin & Throckmorton Fees: $42,777.00
       - iii. Yip Associates Fees: $22,563.00
       - iv. Day Pitney Fees: $ 9,198.00

    c. Third Fee Application for the Period of July 1, 2024 through September 30, 2024 [DE 311]
       - i. Receiver Fees: $21,581.00
       - ii. Kozyak, Tropin & Throckmorton Fees: $33,485.00
       - iii. Yip Associates Fees: $ 1,245.00
       - iv. Day Pitney Fees: $ 6,908.00

2. Fees and Expenses from the Fourth Fee Application for the Period of October 1, 2024 through December 31, 2024, which fee application will be filed with the Court by February 14, 2025 and have not been approved:

   a. Receiver:              Fees:       $94,815.00
                             Expenses:        $0.00
                             Hours:          270.90
   b. Kozyak, Tropin & Throckmorton:   Fees:       $164,220.00
                             Expenses:    $19,332.83
                             Hours:          559.60
   c. Yip Associates:        Fees:       $22,285.00
                             Expenses:        $0.00
                             Hours:           81.70
   d. Day Pitney             Fees:       $11,755.00
                             Expenses:       $27.22
                             Hours:           34.50

These amounts represent fees and expenses of the Receiver and her professionals which: (a) have been awarded by the Court and held back, and (b) with respect to the period of October 1, 2024 through December 31, 2024, will be filed with the Court and have not yet been approved.

E. **Schedule of Receipts of Disbursements**

A report of the Receiver's receipt and disbursements, on a quarterly and cumulative basis, is attached as Exhibit A.

F. **Receivership Property**

The receivership property consists of primarily the real properties discussed above which are owned directly by certain Receivership Defendants or by subsidiaries, potential third-party claims, and unencumbered cash on hand of $2,355,357.67, plus $2,351,518.90 in the Stewart Lien Claim Fund and $3,940,641.90 in net proceeds from the sale of Villa Valencia Unit 1104.

G. **Liquidated and Unliquidated Claims held by the Receivership Estate**

The Receiver is in the process of investigating the potential liquidated and unliquidated claims held by the Receivership Estate, and at this time, is not able to provide a valuation of such

claims or the anticipated or proposed methods of enforcing such claims. The Receiver anticipates that numerous claims will be identified as the administration of the receivership estate progresses.

### H. Known Creditors

Over 42 investors and creditors have input their contact information through the Receiver's website. In the interest of protecting the privacy of those investors and ensuring that the list of fraud victims does not become available to others who may use it for improper purposes, the Receiver does not recommend at this time that a list of the known creditors and investors and their addresses be publicly filed at this time.

### I. Creditor Claims Proceedings

No Creditor Claims Proceedings have been commenced.

### J. The Receiver's Recommendations for a Continuation or Discontinuation

The Receiver recommends the continuation of the receivership. There is a considerable amount of work to be done in administering the remaining real property, reconstructing the Receivership Defendants and related entities' financial operations and transactions, assessing the amounts due to investors and creditors, and pursuing recoveries on behalf of the victim investors.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for Bernice C. Lee, Receiver*
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel:   (305) 372-1800
Fax:   (305) 372-3508

By: /s/ *David L. Rosendorf*
    David L. Rosendorf
    dlr@kttlaw.com
    Florida Bar No. 996823

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the clerk of the Court using CM/ECF, and the foregoing document has been served via CM/ECF upon all counsel of record this 30th day of January, 2025.

By: /s/ *David L. Rosendorf*
David L. Rosendorf