UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cv-24903-CIV-JB/Torres

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR; *et al.*,

    Defendants.

_____/

**AGREED ORDER DENYING WITHOUT PREJUDICE**
**GROUND LESSORS' STAY RELIEF MOTION**

**THIS CAUSE** came before the Court upon the Motion for Stay Relief ("Stay Relief Motion"), ECF No. [245],[1] filed by TB 3138 Commodore Investments, LLC and TB 3120 Commodore Investments, LLC ("3138/3120 Ground Lessors"). By separate Order, this Court has entered an Order granting the Receiver, Bernice C. Lee's Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract (the "Halpern Settlement Motion"). ECF No. [310]. The Halpern Settlement Motion, *inter alia*, provides for a settlement by which the Halpern Parties have agreed to make the monthly base rent payments due to the 3138/3120 Ground Lessors, subject

---

[1] ECF No. 245 included both an objection to the Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests ("Commodore Sale Motion") and the Stay Relief Motion. The Court is deferring consideration of the Commodore Sale Motion to the next status conference. This Order addresses the Stay Relief Motion portion of the Ground Lessors' filing.

1

to the terms set forth therein, and in the Order approving same. Accordingly, the Receiver and Ground Lessors have agreed that the Stay Relief Motion may be denied without prejudice, subject to renewal as set forth herein.

Finding that good cause exists, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The 3138/3120 Ground Lessors' Motion for Stay Relief, ECF No. [245], is **DENIED WITHOUT PREJUDICE**. For avoidance of doubt, the Court's granting of the Halpern Settlement Motion, ECF No. [310], and entry of the Order approving it shall not, in any way, constitute, or be deemed to constitute, a legal or equitable impediment, whether framed as res judicata, collateral estoppel, or as any other legal or equitable prohibition, to the right of the 3138/3120 Ground Lessors to renew and re-notice their motion seeking stay relief and request the Court to conduct an expedited hearing on their motion for stay relief if all accrued and accruing rent due and owing under the 3138/3120 Ground Leases is not paid up through the closing of the sale of the Commodore Properties. Nothing in this Order, or in the order approving the Halpern Settlement Motion, shall be deemed to modify or alter the provisions of the 3138/3120 Ground Leases, and the mere payment of rent due and owing, as set forth in the Halpern Settlement Motion, does not absolve issues of default interest thereon, or any other outstanding amounts or other defaults.

2. If the Halpern Parties fail to pay the accrued rent due and owing since September 2024 and the monthly installments thereafter of the Annual Ground Rent due within the time required by the 3138/3120 Ground Leases up through closing on either the sale contract signed by Coconut Grove Commodore Development Ventures, LLC ("Buyer") on September 6, 2024 or the Halpern Back-Up Sale Contract (as defined in the Halpern Settlement Motion), and the Buyer or the Receiver do not cure such failure within fifteen (15) days of being advised in writing by the 3138/3120 Ground Lessors of such payment failure, the 3138/3120 Ground Lessors shall be entitled to re-notice and renew their motion for stay relief, set forth in ECF No. 245, based on the unpaid ground lease payments, and request an expedited hearing on their motion.

3. Nothing in this Order, or the order approving the Halpern Settlement Motion, shall preclude the 3138/3120 Ground Lessors from re-noticing their motion for stay relief and requesting an expedited hearing in the event of changed circumstances that the 3138/3120 Ground Lessors believe constitute a good faith basis to re-notice their motion for stay relief and seek an expedited hearing on their motion.

**DONE AND ORDERED** in Miami, Florida this 29th day of January, 2025.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**