UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-JB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

RISHI KAPOOR, et al.,

    Defendants.
_____/

**RECEIVER'S REPLY IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AGREEMENT WITH LOS PINOS ACQUISITION LLC REGARDING LOS PINOS PROPERTY AND TO MODIFY AGREED ORDER REGARDING MOTION TO STAY**

Bernice C. Lee, as Receiver ("**Receiver**") over the Receivership Companies, submits this reply in support of her Motion to Approve Settlement Agreement with Los Pinos Acquisition LLC Regarding Los Pinos Property and to Modify Agreed Order Regarding Motion to Stay ("**Los Pinos Settlement Motion**") [ECF 325], and in reply to the Response filed by Rishi Kapoor [ECF 329].[1]

Mr. Kapoor asserts that the Court should approve the settlement between the Receiver and the Lender on the Los Pinos Property "with two provisos": (1) the $225,000 that the Lender has agreed, through the settlement, to pay *the Receiver* to allow the Lender to proceed with a foreclosure sale and relinquish any claims against the Los Pinos Property should be held in escrow so Mr. Kapoor may make a claim to it; and (2) the $150,000 already paid by the Lender in exchange for the Receiver declining to exercise her option to extend the Foreclosure Stay Period, pursuant to the Agreed Order [DE 175] previously entered by the Court, should likewise be placed in escrow.

---

[1] Capitalized terms not otherwise defined have the meanings given in the Los Pinos Settlement Motion.

1

As explained in the Los Pinos Settlement Motion, the Agreed Order memorialized and enforced an agreement among the Receiver, Lender, Mr. Kapoor, LPLLC (the owner of the Los Pinos Property), and LPLLC's owner Kapoor LLC, by which (a) LPLLC would dismiss the bankruptcy case it filed, (b) LPLLC would be given the 90-day Foreclosure Stay Period within which to sell the Los Pinos Property, (c) LPLLC would receive a credit against the Lender's default interest accrual if it procured a contract within the Foreclosure Stay Period, and (d) if the property were to be sold, the net proceeds would be escrowed with Receiver's counsel pending this Court's determination of entitlement. The Foreclosure Stay Period could be extended at the Receiver's election, but there would no longer be an interest credit; and if the Receiver elected not to extend the Foreclosure Stay Period, the Lender agreed to pay *to the Receiver* an amount equal to the interest credit.

LPLLC did not procure a contract within the Foreclosure Stay Period, the Receiver did not elect to extend the Foreclosure Stay Period, and the Lender accordingly paid the Receiver $150,000 pursuant to the settlement embodied in the Agreed Order. The Lender has gone forward with its foreclosure action, has obtained an Agreed Final Judgment of Foreclosure for $7,053,558.12 (which continues to accrue interest pending sale), and has a foreclosure sale scheduled for February 10, 2025.

Mr. Kapoor's request that the Court require escrowing of the $150,000 the Lender paid to the Receiver pursuant to the Agreed Order, so that Mr. Kapoor may assert some claim to it, is plainly inconsistent with the Agreed Order and the settlement memorialized by it. If LPLLC had procured a contract to sell the Los Pinos Property within the Foreclosure Stay Period, then the interest credit would have been applied to the indebtedness upon a sale of the property, and Mr. Kapoor, to the extent of his ultimate ownership interest in the Los Pinos Property, would have received the benefit of it. But LPLLC did not timely obtain any sale contract, and so that

opportunity was lost. Nothing in the Agreed Order provides for the Lender's payment *to the Receiver* to be escrowed or be subject to any claim by Mr. Kapoor.

The Agreed Order embodies a settlement agreement, which is a contract, which cannot be unilaterally modified simply because one party no longer likes the deal they struck. *See Kuhne v. Fla. Dept. of Corrections*, 745 F.3d 1091, 1096 (11th Cir. 2014) (one party to an agreement cannot, without the other party's consent, unilaterally modify the agreement); *Odom v. Celebrity Cruises, Inc.*, No. 10-23086-CIV, 2011 WL 10636151 (S.D. Fla. Feb. 23, 2011) (a party cannot modify a contract unilaterally), citing *St. Joe Corp. v. McIver*, 875 So.2d 375 (Fla. 2004). Mr. Kapoor's request is an impermissible attempt to renegotiate and rewrite the Agreed Order, after he failed to do his part by getting the Los Pinos Property sold during the Foreclosure Stay Period.[2]

By the same token, the Lender's agreement to pay the Receiver pursuant to the settlement described in the Los Pinos Settlement Motion does not provide any basis for that payment to be subject to a claim by Mr. Kapoor. The Lender has agreed to pay the Receiver in exchange for the Receiver's relinquishment of any objections to the Lender's completion of a foreclosure sale of the Los Pinos Property and any claims to the proceeds of a sale. The Lender's agreement to pay *the Receiver* does not support any entitlement of *Mr. Kapoor* to those proceeds. Nor does he have the right to insist on the opportunity to make such a claim and thereby attempt to rewrite the agreement between the Lender and Receiver. The standard for approval of a settlement is whether it is fair, adequate and within the range of reasonableness. *Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, 18-CV-61991, 2018 WL 8050527, at *2 (S.D. Fla., 2018); *Sec. & Exch. Comm'n v. Quiros*, No. 16-CV-21301, 2016 WL 9254719, at *2 (S.D. Fla. Oct. 18, 2016). The standard is not whether

---

[2] In contrast, the modifications to the Agreed Order requested by the Receiver in the Los Pinos Settlement Motion refer only to the relinquishment of certain rights held by the Receiver in exchange for the settlement payment.

a non-party to the agreement thinks there ought to be something in it for them as well.

Finally, Mr. Kapoor expresses concern with a potential deficiency claim under a loan guarantee as a result of the Lender's payments to the Receiver. But the Agreed Order is clear that it does not alter any claims, rights or interests of any of the settling parties (including Mr. Kapoor) with regard to the Los Pinos Property or its proceeds, or any defenses thereto. [ECF 175 at ¶14]. If the Lender attempts to include the payments as part of a deficiency claim, and if Mr. Kapoor objects to the inclusion of those amounts in the debt, that objection is preserved – but that should not prevent the Receiver from realizing the benefit of the settlement she reached with the Lender.

This is now the second time that Mr. Kapoor has attempted to unilaterally rewrite a settlement and this Court's Agreed Order. The first was when Mr. Kapoor sought to unilaterally extend the Foreclosure Stay Period after the Receiver elected not to exercise the authority given *exclusively* to her under the Agreed Order. [ECF 217]. The Court summarily rejected that effort. [ECF 254]. It should do the same here.

    Respectfully submitted,

    **KOZYAK TROPIN & THROCKMORTON, LLP**
    2525 Ponce de Leon Boulevard, 9th Floor
    Coral Gables, Florida 33134
    Tel: (305) 372-1800
    Fax: (305) 372-3508
    Email: dlr@kttlaw.com

    By:   /s/ *David L. Rosendorf*
           David L. Rosendorf
           Florida Bar No. 996823

    *Counsel for Bernice C. Lee, Receiver*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this 31st day of January, 2025 via CM/ECF upon all counsel of record.

By: /s/ *David L. Rosendorf*
David L. Rosendorf