**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-24903-CIV-JB**

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

RISHI KAPOOR, et al.,

     Defendants.

_____/

**<u>RECEIVER'S FIFTH INTERIM REPORT</u>**

Bernice C. Lee, the Receiver (the "Receiver") appointed by the Court's Order [DE 28] ("Receivership Order") entered on January 12, 2024, submits her Fifth Interim Report for the period of January 1, 2025 through March 31, 2025 (the "Reporting Period").

**I.**    **Receiver's General Activities and Efforts in the Fifth Quarter**

    **A.**    **Operations of the Receiver with Respect to the Properties**

This receivership involves twenty-two entities named as defendants[1] (collectively, the "Receivership Defendants"), over twenty subsidiaries and related entities, and seven active real estate projects. The Receiver is assessing all assets of the receivership estate on a project-by-project basis to determine the best path forward for each property and its ability to produce a recovery or reduction of claims for the receivership estate.

---

[1] The Receivership Defendants are: Location Ventures, LLC; URBIN, LLC; Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

During the Reporting Period, the focus of the Receiver's efforts has been on:

i.      closing on the sale of the Miami Beach property and addressing post-closing matters;

ii.     with respect to the Commodore properties: (1) finalizing a settlement agreement with the Martin I. Halpern Revocable Trust, the Halpern Family Trust (together the "Halpern Trusts"), Martin I. Halpern, individually and as Trustee of the Halpern Trusts, HFT Commodore LLC, and their successors and assigns (collectively, the "Halpern Parties"), (2) obtaining the entry of an Order approving the Halpern Parties settlement agreement, (3) preparing a response to the motion for reconsideration filed by CW-CH, LLC, Asjaia, LLC and Vieden Grove Oz, LLC (the "CG Investors"), (4) drafting a back-up sale contract for the Halpern Parties, (5) continuing to discuss language for the proposed order on the first motion to approve sale with the buyer and 3138 Commodore Investments, LLC and TB 3120 Commodore Investments, LLC (the "Commodore Ground Lessors"), (6) contacting numerous potential appraisers regarding engagement for the Commodore properties, (7) discussing payment of expenses with Halpern parties and buyer under first sale contract, (8) preparing two motions to additional appraisers, (9) preparing replies for responses filed by the CG Investors opposing the motions to employ, and (10) preparing a motion to approve publication notice;

iii.    with respect to the Villa Valencia units, assessing the potential disposition of units 1301, 1201 and 1202, preparing a motion to approve the distribution of net sale proceeds from the sale of unit 1104, and continuing settlement negotiations with the lender and parties who entered into pre-receivership sale contracts with the seller;

iv.    finalizing a settlement agreement with the lender for the Los Pinos property and preparing the motion to approve and reply in support of the motion;

v.     negotiating a settlement agreement with the Halpern parties regarding the disbursement of sale proceeds from the Stewart Grove property sale and dismissal of the related appeal and preparing the related motion to approve and proposed order;

vi.    attending to document production and document request items;

vii.   attending to 2004 tax return items, annual reports and other filings;

viii.  addressing bond claims relating to Miami Beach property and Villa Valencia;

ix.    addressing pending litigation and creditor and investor inquiries and updating the Receiver's website; and

x.     investigating potential third party litigation claims.

A summary of the real estate properties and the Receiver and professionals' efforts during the Reporting Period is provided below:

Miami Beach Property: Urbin Miami Beach Owner, LLC, a wholly owned subsidiary of Urbin Miami Beach Mezzanine, LLC, owned two adjacent parcels located in Miami Beach: 1260 Washington Avenue consisting of primarily vacant land, folio no. 02-4203-009-0040, and 1234 Washington Avenue with a gutted office building, folio no. 02-4203-009-0050.

On November 7, 2024, the Court entered the Order Granting Receiver's Expedited Motion to Approve Sale of the Miami Beach Property Free and Clear [DE 293, 220], which approved the Receiver's proposed $17.5 million sale contract with no diligence period and minimal contingencies and related settlement agreement with the first position lender. The Receiver was able to resolve all objections raised by certain unit purchasers who entered into purchase agreements and provided deposits prior to the receivership [*see* DE 223, 230, 237, 242, 246 and 281; Receiver's Reply at DE 264].

During the Reporting Period, the Receiver handled various pre-closing matters including the closing statement and disbursement of funds to various parties. The sale closed on January 7, 2025, and on January 8, 2025, the Receiver filed a Notice of Closing [DE 324]. The Receiver and her counsel spent a meaningful amount of time providing bills and documents to the buyer and attending City hearings to prevent certain fines related to code violation notices.

Commodore Properties: Urbin Coconut Grove Partners, LLC is the owner of the following four entities that own real property and/or leasehold rights in properties located on Commodore Plaza in Coconut Grove, Miami: (i) Urbin Commodore Residential SPE, LLC owns 29 condominium or retail units in a building located at 3162 Commodore Plaza, Miami, FL 33133; (ii) Urbin Commodore Residential II SPE, LLC owns real property with an address of 3170

Commodore Plaza, Miami, FL 33133, and is the lessee under a ground lease with Dharma Studio, Inc. for real property located at 3166 Commodore Plaza, Miami, FL 33133; (iii) Urbin Commodore SPE, LLC is a lessee under a ground lease with TB 3138 Commodore Investments, LLC for real property located at 3138 Commodore Plaza, Miami, FL 33133; and (iv) Urbin Commodore Restaurant SPE, LLC is a lessee under a ground lease with TB 3138 Commodore Investments, LLC for real property located at 3120 Commodore Plaza, Miami, FL 33133.

On September 24, 2024, the Receiver filed the Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests (the "Commodore Sale Motion") [DE 238] seeking to approve a $28.2 million dollar sale. The CG Investors, who are equity investors in Urbin Coconut Grove Partners, LLC, filed an objection [DE 265], and a motion for stay relief to pursue a state court action [DE 244]. The Commodore Ground Lessors filed a motion for stay relief to terminate two ground leases and opposition to the Commodore Sale Motion [DE 245]. On October 17, 2024, Grouper Financial, Inc. filed a limited response [DE 270]. Also, the City of Miami raised an informal objection via email correspondence with the Receiver. During the last reporting period, the Receiver negotiated a settlement agreement with the Halpern Parties, the first position lender for the Commodore properties, that addresses the distribution of the sale proceeds in the event the sale set forth in the Commodore Sale Motion closes, provides that a party affiliated with the Halpern Parties will be the back-up buyer, provides that the Halpern Parties will make lease payments for the Commodore ground leases, and resolves substantially all objections raised by, and the motion for stay relief filed by, the Ground Lessors.

During the Reporting Period, the Receiver and her counsel spent an extensive amount of time obtaining the Order Granting Receiver's Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and

Back-Up Sale Contract (the "Commodore Settlement Order") [DE 333, 310] and Agreed Order Denying Without Prejudice Ground Lessors' Stay Relief Motion [DE 335], both of which the Court entered on January 30, 2025. The Receiver has also prepared the back-up sale contract for the Halpern affiliate, and addressed all comments raised by the Halpern affiliate. The Receiver seeks to obtain two additional sets of appraisals before filing the motion to approve back-up sale contract. The Receiver's motions to employ appraisers are discussed below.

On March 6, 2025, the CG Investors filed a Motion for Reconsideration of the Commodore Settlement Order. The Receiver and her counsel spent a meaningful amount of time preparing a response [DE 354].

In order to resolve the CG Investors' objection based on the Receiver having one set of appraisals, after spending a considerable amount of time contacting multiple potential appraisers and discussing payment of the appraisal expenses with the buyer for the Commodore Sale Motion and the Halpern Parties, the Receiver filed the: (i) Motion for Authorization of Employment of Integra Realty Resources as Real Estate Appraiser for the Commodore Properties [328] which states in part that the Halpern Parties will provide funds to the Receivership Estate to pay the appraisal expense; and (ii) Motion for Authorization of Employment of Aucamp, Dellenback & Whitney as Real Estate Appraiser for the Commodore Properties [DE 330]. Oddly, the CG Investors filed objections to the motions [DE 343], and the Receiver spent a meaningful amount of time preparing her reply [DE 346].

In order to resolve the CG Investors' objection as it relates to publication notice, the Receiver has obtained quotes to publish notice of the Commodore Sale Motion, and on March 11, 2025, filed the Receiver's Motion to Approve Publication Notice Regarding Sale of Commodore

Properties [DE 358]. The CG Investors advised the Receiver that they would oppose the motion; however, after the Receiver filed the motion, the CG Investors did not file an objection.

Villa Valencia Condos: 515 Valencia SPE, LLC, a wholly owned subsidiary of 515 Valencia Partners, LLC, owns Units 1201, 1202 and 1301 in a condominium building located at 515 Valencia Ave., Coral Gables, Florida 33134. Unit 1301 is a penthouse unit that occupies the entire thirteenth floor and is unfinished with no interior walls. Units 1201 and 1202 occupy the entire twelfth floor and are unfinished with no interior walls. The Receiver hired Josephine Wang, CIPS, and the firm of Brown Harris Stevens as the broker to assist with the marketing and sale of this unit [DE 189]. The broker initially listed Unit 1301 for sale at $10,185,000 in September 2024. In consultation with the broker, the Receiver approved reducing the list price to $8,500,000 on December 5, 2024, and to $7,350,000 on March 18, 2025.

On March 24, 2025, the Receiver filed the Motion to Approve Disbursement of Valencia Lien Claim Fund Proceeds from Sale of Unit 1104 [DE 364], which seeks to disburse the net sale proceeds from the sale of Unit 1104 to the first position lender to substantially reduce its claim and potential interest the lender may claim.

During the Reporting Period, the Receiver spent a significant amount of time analyzing various transactions and documents, including those related to the lenders and pre-receivership purchasers and engaging in settlement discussions and preparing and reviewing settlement proposals with the Halpern Parties, the second position lender, and the pre-receivership purchasers. The Receiver and her counsel have also attended to multiple meetings, calls and e-mail communications with creditors, the City of Coral Gables, the condominium association, and other parties regarding issues relating to the building. The Receiver continues to follow-up with AT&T regarding relocating the overhead wires and undergrounding the cable on Hernando Street as the

6

City released funds from a bond to pay AT&T during the last reporting period. In February 2025, AT&T advised that the conduit work was almost complete, and once completed, it will start undergrounding the cable to remove the overhead lines.

<u>Stewart Grove Property</u>: On June 17, 2024, the Court entered an Order approving the Receiver's proposed $17.5 million sale of a luxury single family home constructed on two parcels with the address of 3620 and 3610 Stewart Avenue, Miami, Florida owned by Stewart Grove 1, LLC, and settlement agreement with the first position lender that provided for a reduced payment and carveout from its lien for the benefit of the receivership estate (the "Stewart Grove Sale Order") [DE 185]. The sale closed on July 29, 2024. After the payment of amounts permitted in the Stewart Grove Sale Order, including $797,412.36 as a carveout for the receivership estate, net proceeds in the amount of $2,351,518.90 are held by the Receiver in the Stewart Lien Claim Fund.

On August 12, 2024, the Halpern Trusts filed a notice of appeal of the Stewart Grove Sale Order. During the Reporting Period, the Receiver and her counsel have spent a substantial amount of time drafting the Receiver's response brief, engaging in settlement discussions with the Halpern Parties, and preparing a settlement agreement and approval motion and proposed order.

On February 24, 2025, the Receiver filed a Motion to Approve Settlement Agreement with the Halpern Parties and Distribution of the Stewart Property Lien Claim Fund [DE 348] which provides for the distribution of the $2,351,518.90 in the Stewart Lien Claim Fund to the Halpern Family Trust less an $80,000 carveout to the receivership estate, and dismissal of the appeal of the Stewart Grove Sale Order. No objection was filed to the motion.

<u>Los Pinos Property</u>: 7233 Los Pinos LLC ("7233 Los Pinos"), an entity Mr. Kapoor has stated that he and Jeannie Frank Kapoor own through an entity named Kapoor, LLC, owns the property located at 7233 Los Pinos Blvd in Coral Gables, Florida., which is subject to a foreclosure

action. On June 3, 2024 [DE 175], the Court entered an Order approving an agreement [DE 175] under which Mr. Kapoor, 7233 Los Pinos and the lender agreed, *inter alia*, that: (a) 7233 Los Pinos can employ Boschetti Realty Group as a listing agent to sell the property; (b) all terms of any proposed sale or offer would be shared with the lender; (c) all net proceeds would be escrowed with the Receiver's counsel pending a determination of entitlement; (d) there would be a 90-day foreclosure stay through September 5, 2025 and a 90-day credit of the amount between default and non-default interest rate if 7233 Los Pinos entered into a sale agreement during the 90-day period; and (e) the Receiver could elect to extend the stay period for another 90 days or not extend, in which case the lender would pay the Receiver the difference between the default and non-default interest rate for a 90-day period.

No sale contract was presented by the September 5, 2024 deadline, and instead, Mr. Kapoor filed a motion to extend time of foreclosure stay [DE 217], the Receiver filed a response [DE 227], and on October 9, 2024, the Court entered an Order denying the motion [DE 254]. The Receiver declined to elect to extend the foreclosure stay period, and on October 18, 2024, the Receiver received $150,000 from the lender. Mr. Kapoor has vacated the Los Pinos Property. The lender resumed prosecution of the foreclosure action, and on December 11, 2024, the state court entered an agreed final judgment in favor of lender for $7,053,558.12, and scheduled a foreclosure sale for February 10, 2025.  On February 13, 2025, the clerk of court filed a Certificate of Sale stating that on February 10, 2025, the property was offered for public sale, and the highest and best bid of $669,100 was submitted by the plaintiff to whom the property was sold.

During the Reporting Period, the Receiver and her counsel spent a meaningful amount of time negotiating a settlement agreement with the lender and drafting the approval motion, proposed order and reply.  On January 13, 2025, the Receiver filed a Motion to Approve Settlement

Agreement with Los Pinos Acquisition LLC Regarding Los Pinos Property and to Modify Agreed Order Regarding Motion to Stay [DE 325] under which, *inter alia*: (a) the lender will pay the Receiver $225,000 in satisfaction of all claims of the Receiver against the Los Pinos Property, and (b) the $50,000 carveout relating to the Miami Beach Property, which the lender's affiliate and lender originally agreed to have paid from the Los Pinos Property, as described in the Miami Beach Property Sale Order, will be paid from the Miami Beach Property sale proceeds. On January 28, 2025, Rishi Kapoor filed a Response to Receiver's Motion to Approve Los Pinos Settlement with Los Pinos Acquisition, LLC Regarding Los Pinos Property and Modify Agreed Order Regarding Motion to Stay (ECF 325) [DE 329]. On January 31, 2025, the Receiver filed her reply in support of the motion [DE 337]. In the following quarter, the lender filed an Expedited Unopposed Motion for Entry of Order on Receiver's Motion to Approve Los Pinos Settlement [DE 402], which will be discussed in the next report.

Montana Property: 7240 US Highway 2 SPE, LLC, a wholly owned subsidiary of LV Montana Phase I, LLC, owns real property consisting of 12.37 acres and residential structure with an address of 7240 US Highway 2 E, Columbia Falls, Montana 59912 (folio no. 07-4186-15-2-09-30-0000). On May 21, 2024, the Court approved the Receiver's request to employ a broker [DE 160]. The Receiver has spent a meaningful amount of time attending to the property, including the payment of real estate taxes, and discussions with the broker, including with respect to the broker's proposed reduction and interested parties. On May 23, 2024, the Receiver signed a listing agreement to list the property for $899,000. In consultation with the broker, the Receiver lowered the list price to $825,000 on August 9, 2024, $775,000 on October 24, 2024, and $749,000 on April 2, 2025. There is no mortgage on this property.

**B.       Additional Operations of the Receiver**

During the Reporting Period, the Receiver and her professionals have continued to identify and review bank accounts used for transactions involving the Receivership Companies and related entities and obtain records for such accounts and transactions through requests and subpoenas to third parties. The Receiver and her professionals are reviewing over 40,000 transactions occurring across more than 45 bank accounts, and purchaser deposits for the Miami Beach, Commodore and Villa Valencia properties, as well as other transactions engaged in by the Receivership Companies, and investigating potential third party claims and recoveries.

In addition, the Receiver has spent a considerable amount of time: (a) addressing various inquiries from lien claimants, unit depositors and other creditors and investors regarding their claims, potential claims process, the SEC action, Receivership Order and issues relating to particular properties; (b) preparing a stipulation with a pre-receivership purchaser for a Villa Valencia unit and related surety and escrow agent with respect to the purchaser's initial 10% deposit bond claim, and filing the Receiver's Motion to Approve Stipulation with Gregory T. Martini, as Trustee of VV 1201 Trust Agreement, Goodkind & Florio, P.A. and Philadelphia Indemnity and Insurance Company [DE 356]; and (c) formulating an initial 10% bond claims process for the Miami Beach property, and drafting the related motion, proposed order and bond claim form. The Receiver has been engaged in discussions with the surety that provided the initial 10% bond for the Miami Beach property regarding such bond claims process and related documents, and is in the process of obtaining comments from the Florida Division of Florida Condominiums, Timeshares, and Mobile Homes, Department of Business and Professional Regulation.

The Receiver and her counsel have also addressed numerous case administration items, including:

i. Attending to the 2004 tax return for the receivership estate;

ii. Attending to various document exports and requests and ESI and privilege issues, document review for certain requests, and corporate filings and beneficial ownership information reports;

iii. Providing updates for the Receiver's website which contains court documents and a section where investors and other claimants can include their contact information (https://kttlaw.com/lv/);

iv. Monitoring over twenty-five Florida state and federal court proceedings filed prior to or after the Court entered the Receivership Order; and

v. Attending to various inquiries and documents from creditors and third parties including lien claimants, unit depositors, and the Villa Valencia building condominium association.

The Receiver has been mindful of structuring ESI document production protocols and use of platforms involving multiple third parties in a manner that minimizes expenses to the receivership estate. Thus far, the Receiver has been able to facilitate the production of a significant amount of data with e-discovery expenses totaling only $31,766.71 (*see* DE 137 ($0 in 1Q 2024), DE 201 ($0 in 2Q 2024), DE 299 ($7,850.39 in 3Q 2024), DE 345 ($3,568.24 in 4Q 2024), and $20,348.08 in this Reporting Period).

## II.    Pending Motions

As of the date of filing this Report, there are ten pending motions —eight filed by the Receiver and two by the CG Investors. Six of the motions are opposed, three are unopposed and one was recently filed and unopposed by the SEC and Rishi Kapoor, as detailed below:

1. Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests [DE 238] filed on September 24, 2024. *See also* Responses in Opposition [DEs 265, 270]; Reply in Support [DE 279].

2. CG Investors' Expedited Motion for Relief from Stay of Ancillary Litigation and/or

for Partial Vacation, Modification, or Clarification of Order Appointing Receiver and if Necessary to Intervene [DE 244] filed on October 4, 2024.  *See also* Responses in Opposition [DE 282, 283]; Reply in Support [DE 291].

3.   Receiver's Motion for Authorization of Employment of Integra Realty Resources as Real Estate Appraiser for the Commodore Properties [DE 328] filed on January 27, 2025.  *See also* Response in Opposition [DE 343]; Reply in Support [DE 346].

4.   Receiver's Motion for Authorization of Employment of Aucamp, Dellenback & Whitney as Real Estate Appraiser for the Commodore Properties [DE 330] filed on January 28, 2025.  *See also* Response in Opposition [DE 343]; Reply in Support [DE 346].

5.   CG Investors' Motion for Reconsideration of Order Granting Receiver's Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties, Etc. [DE 344] filed on February 13, 2025.  *See also* Responses in Opposition [DEs 353, 354]; Reply in Support [DE 355].

6.   Receiver's Motion to Approve Settlement Agreement with the Halpern Parties and Distribution of the Stewart Property Lien Claim Fund [DE 348] filed on February 24, 2025. This motion is unopposed.

7.   Receiver's Motion to Approve Stipulation with Gregory T. Martini, as Trustee of VV 1201 Trust Agreement, Goodkind & Florio, P.A. and Philadelphia Indemnity and Insurance Company [DE 356] filed on March 7, 2025. This motion is unopposed.

8.   Receiver's Motion to Approve Publication Notice Regarding Sale of Commodore Properties [DE 358] filed on March 11, 2025. This motion is unopposed.

9.   Receiver's Motion to Approve Disbursement of Valencia Lien Claim Fund Proceeds from Sale of Unit 1104 [DE 364] filed on March 24, 2025.  *See also* Response in Opposition [DE 377], and Reply in Support [DE 407].

10.  Receiver's Motion to Resume Regular Status Conferences [DE 404] filed on April 25, 2025 and unopposed by the SEC and Rishi Kapoor.

Pursuant to the Court's Order on April 4, 2025 [DE 373], the Court will be entering a separate order resetting the status conference and oral argument that was scheduled for April 16, 2025. One week prior to the new date for the status conference and oral argument, the Receiver will file a status report with a summary of all pending motions, responses, objections and replies.

### III.    Additional Items for the Fifth Interim Report

### A.    Cash on Hand and Receipts and Disbursements

As of March 31, 2025, the Receivership Estate has unencumbered cash on hand in the amount of $2,226,778.18, plus $2,351,518.90 in the Stewart Lien Claim Fund and $3,940,691.90 in net proceeds from the sale of Villa Valencia Unit 1104. Additional details are provided in the Standardized Fund and Accounting Report attached as **Exhibit A**.

The total amount and nature of known accrued administrative expenses as of March 31, 2025, is $559,157.29, which consists of professional fees and expenses of the Receiver's professionals, as follows:

1.  20% holdback from the prior fee applications:

    a.  First Fee Application for January 12, 2024 through March 31, 2024 [DE 241]
  | | |
  |---|---|
  | a. Receiver Fees: | $28,028.00 |
  | b. Kozyak, Tropin & Throckmorton Fees: | $31,980.00 |
  | c. Yip Associates Fees: | $40,630.00 |
  | d. Day Pitney Fees: | $ 2,529.70 |

    b.  Second Fee Application for April 1, 2024 through June 30, 2024 [DE 252]
  | | |
  |---|---|
  | i.   Receiver Fees: | $24,087.00 |
  | ii.  Kozyak, Tropin & Throckmorton Fees: | $42,777.00 |
  | iii. Yip Associates Fees: | $22,563.00 |
  | iv.  Day Pitney Fees: | $ 9,198.00 |

    c.  Third Fee Application for the Period of July 1, 2024 through September 30, 2024 [DE 311]
  | | |
  |---|---|
  | i.   Receiver Fees: | $21,581.00 |
  | ii.  Kozyak, Tropin & Throckmorton Fees: | $33,485.00 |
  | iii. Yip Associates Fees: | $ 1,245.00 |
  | iv.  Day Pitney Fees: | $ 6,908.00 |

    d.  Fourth Fee Application for the Period of October 1, 2024 through December 31, 2024 [DE 345]
  | | |
  |---|---|
  | i.   Receiver Fees: | $18,963.00 |
  | ii.  Kozyak, Tropin & Throckmorton Fees: | $32,844.00 |
  | iii. Yip Associates Fees: | $ 4,457.00 |
  | iv.  Day Pitney Fees: | $ 2,351.00 |

2.  Fifth Fee Application for the Period of January 1, 2025 through March 31, 2025, which fee application will be filed with the Court and have not been approved:

|   |   |   |   |
|---|---|---|---|
| a. | Receiver: | Fees: | $73,220.00 |
|   |   | Expenses: | $0.00 |
|   |   | Hours: | 209.2 |
| b. | Kozyak, Tropin & Throckmorton: | Fees: | $100,680.00 |
|   |   | Expenses: | $38,215.59 |
|   |   | Hours: | 367.8 |
| c. | Yip Associates: | Fees: | $12,255.00 |
|   |   | Expenses: | $0.00 |
|   |   | Hours: | 38.3 |
| d. | Day Pitney | Fees: | $11,160.00 |
|   |   | Expenses: | $0.00 |
|   |   | Hours: | 38.0 |

These amounts represent fees and expenses of the Receiver and her professionals which: (a) have been awarded by the Court and held back, and (b) with respect to the period of January 1, 2025 through March 31, 2025, will be filed with the Court and have not yet been approved.

**B.       Schedule of Receipts of Disbursements**

A report of the Receiver's receipt and disbursements, on a quarterly and cumulative basis, is attached as Exhibit A.

**C.       Receivership Property**

The receivership property consists of primarily the real properties discussed above which are owned directly by certain Receivership Defendants or by subsidiaries, potential third-party claims, and unencumbered cash on hand of $2,226,778.18, plus $2,351,518.90 in the Stewart Lien Claim Fund and $3,940,691.90 in net proceeds from the sale of Villa Valencia Unit 1104.

**D.       Liquidated and Unliquidated Claims held by the Receivership Estate**

The Receiver is in the process of investigating the potential liquidated and unliquidated claims held by the Receivership Estate, and at this time, is not able to provide a valuation of such claims or the anticipated or proposed methods of enforcing such claims. The Receiver anticipates

that numerous claims will be identified as the administration of the receivership estate progresses.

### E.      Known Creditors

Over 42 investors and creditors have input their contact information through the Receiver's website. In the interest of protecting the privacy of those investors and ensuring that the list of fraud victims does not become available to others who may use it for improper purposes, the Receiver does not recommend at this time that a list of the known creditors and investors and their addresses be publicly filed at this time.

### F.      Creditor Claims Proceedings

No Creditor Claims Proceedings have been commenced.

### G.      Related SEC Action

The SEC has filed the following case against an individual involved with the Receivership Defendants:

(a) *Securities and Exchange Commission v. Daniel J. Motha*, Case No. 25-cv-21892.  On April 25, 2025, the SEC filed a complaint against Daniel J. Motha alleging violations of Sections 17(a)(1), (a)(2), and (a)(3) of the Securities Act; and Sections 10(b) and Rules 10b-5(a), 10b-5(b), and 10-5(c) of the Exchange Act; and seeking permanent injunctive relief, disgorgement, civil penalties, and an officer-and-director bar. The case is pending before U.S. District Court Judge Jacqueline Becerra.

### H.      The Receiver's Recommendations for a Continuation or Discontinuation

The Receiver recommends the continuation of the receivership. There is a considerable amount of work to be done in administering the remaining real property, reconstructing the Receivership Defendants and related entities' financial operations and transactions, assessing the amounts due to investors and creditors, and pursuing recoveries on behalf of the victim investors.

*[signature on following page]*

Respectfully submitted,

By: /s/ *Bernice C. Lee*
Bernice C. Lee
*Receiver for the Receivership Entities*
KOZYAK TROPIN & THROCKMORTON, LLP
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800 / Fax: (305) 372-3508
Email: blee@kttlaw.com
Florida Bar No. 0073535

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the clerk

of the Court using CM/ECF, and the foregoing document has been served via CM/ECF upon all

counsel of record this 29th day of April, 2025.

By: /s/ *Bernice C. Lee*
Bernice C. Lee