## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 23-cv-24903-CIV-JB

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

RISHI KAPOOR; *et al.*,

      Defendants.

_____/

### ORDER GRANTING RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH THE HALPERN PARTIES AND DISTRIBUTION OF STEWART PROPERTY LIEN CLAIM FUND

**THIS CAUSE** came before the Court upon the Receiver, Bernice C. Lee's Motion to Approve Settlement Agreement with the Halpern Parties and Distribution of the Stewart Property Lien Claim Fund (the "Motion"). ECF No. [348].   A copy of the proposed settlement agreement is attached to the Motion.  ECF No. [348-1].  No response or objection to the Motion has been filed, and the time to do so has passed. The Court has carefully considered the Motion, the proposed settlement agreement, as well as the pertinent portions of the record and the relevant legal authorities. For the reasons explained more fully below, the Motion, ECF No. [348], is **GRANTED**.

### I.    BACKGROUND

On December 27, 2023, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief against Rishi Kapoor ("Kapoor") and the Receivership Companies alleging that Kapoor used the Receivership Companies to operate a real estate scheme in violation of the anti-fraud provisions of the federal

securities law raising approximately $93 million from more than 50 investors from January 2018 through March 2023. *See generally* Complaint, ECF No. [14-1]. On January 12, 2024, the Court entered an Order appointing Bernice C. Lee as receiver "for the estate of the Receivership Companies, including any of [their] divisions, subsidiaries, affiliates, successors, and assigns; and any fictitious business entities or business names created or used by the Receivership Companies, their divisions, subsidiaries, affiliates, successors, and assigns." ("Receivership Order"). ECF No. [28] at ¶ 2.

The Receivership Order authorizes the Receiver to sell real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property. *Id*. at ¶ 32. The Receivership Order further provides that "[u]pon further Order of the Court, pursuant to such procedures as may be required by the Court and additional authority such as 28 U.S.C. sections 2001 and 2004, the Receiver is authorized to sell, and transfer clear title to, all real property in the Receivership Estate." *Id*. at ¶ 33.

On January 24, 2024, the Court entered an Order approving the parties' Stipulation Waiving Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with Real Property Sale Motion. ECF No. [51]. The Order provides that "[t]he Receiver is excused from compliance with 28 U.S.C. section 2001 in connection with the sale of real property in this case." ECF No. [51].

On May 2, 2024, the Receiver filed an Expedited Motion to Approve Sale Free

and Clear and Related Settlement Agreement and Lien Claims Process (the "Sale Motion") seeking approval of: (a) a $17.5 million free and clear sale of a luxury single family home located on Stewart Avenue in Coconut Grove, Florida (the "Stewart Property") owned by Stewart Grove 1, LLC; (b) a related settlement with the first position lender that provided for a reduced payment to the lender and carveout from its lien for the benefit of the receivership estate; (c) the Receiver separately accounting for the remaining net sale proceeds after payment of the first position lender, carveout and closing costs, and funding a lender fee reserve (the "Lien Claim Fund"); and (d) a lien claims process. The Martin I. Halpern Revocable Trust and the Halpern Family Trust (together the "Halpern Trusts") objected, the Receiver filed her reply, and the parties filed supplemental briefs in accordance with the Court's order. ECF Nos. [153, 157, 163, 164]. The Court held hearings on the Sale Motion on May 20, 2024, and June 3, 2024.

On June 17, 2024, the Court entered an Order Granting In Part Receiver's Motion to Approve Sale Free and Clear and Related Settlement Agreement and Claims Process ("Sale Order") approving: (a) the proposed sale and sale contract in the Sale Motion; (b) the proposed settlement agreement with the first position lender; (c) the Receiver establishing the Lien Claim Fund with the net sale proceeds; and (d) a lien claim submission process under which holders of liens may (but were not required) to complete and submit a proof of lien claim. ECF No. [185]. The Sale Order provided that the Receiver will file an appropriate motion with the Court to approve the proposed distribution of the funds in the Lien Claim Fund. *Id*. at ¶ 13.

The Receiver has advised the Court that on July 29, 2024, the sale closed, and the escrow agent disbursed $14,084,835.19 to the first position lender for the lender payment, and $3,238,475.34 to the receivership estate, which was disbursed as follows: (a) $797,412.36 as the carveout for the benefit of the receivership estate; (b) $2,341,062.98 for the Lien Claim Fund; and (c) $100,000 for the lender fee reserve that was disbursed as follows in accordance with the settlement: $79,088.16 and $10,455.92 to the lender, and $10,455.92 to the Lien Claim Fund. ECF No. [348] at ¶ 14. The Lien Claim Fund has a balance of $2,351,518.90. *Id.*

After the sale closed, on August 12, 2024, the Halpern Trusts filed a Notice of Appeal of the Sale Order. ECF No. [198].

The Halpern Family Trust recorded a mortgage on January 31, 2023, against the Stewart Property to secure repayment of a $4,000,000 promissory note and funded in the same month. ECF No. [348] at ¶ 20-22. It also submitted a proof of lien claim to the Receiver asserting a $5,357,033 lien claim against the Lien Claim Fund. *Id.* at ¶ 19. A number of additional claimants recorded liens against the Stewart Property, and a few submitted a proof of lien claim to the Receiver. *Id.* at ¶ 23.

On February 24, 2025, the Receiver filed the Motion seeking approval of (a) a settlement agreement with the Halpern Trusts, Martin I. Halpern, individually and as Trustee of the Halpern Trusts, and their successors and assigns  (collectively, the "Halpern Parties") relating to the Stewart Property and Lien Claim Fund (the "Settlement Agreement"); and (b) the proposed disbursement of the Lien Claim Fund, which is part of the Settlement Agreement. *Id.* All interested parties known to the

Receiver have received notice of the Motion. *Id.* at ¶ 22.

The Receiver argues that the proposed settlement with the Halpern Parties constitutes a fair resolution with respect to the disputes raised relating to the Stewart Property sale and Lien Claim Fund, is adequate and reasonable, and is well within the range of reasonableness. *Id* at 10–13. The settlement provides that all claims and indebtedness asserted by the Halpern Parties relating to the Stewart Property and related liens will be satisfied by the Halpern Family Trust having a first priority claim against the Stewart Lien Claim Fund and receiving the lender payment in the amount of $2,271,518.90, and the right to assert an unsecured deficiency claim of up to $2,500,000, which claim will be subject to the Receiver's review and objection, and further Court order. *Id.* at 10–11. The proposed settlement also provides $80,000.00 for the benefit of the Receivership estate through a carveout agreed to by the Halpern Parties. *Id.* at 12.

The Halpern Family Trust recorded its mortgage on January 31, 2023, before the claims of lien recorded by a majority of the lien claimants. *Id.* at 11. All other remaining claims of lien recorded against the Stewart Property have been released or expired. *Id.*

The principal amount of the Halpern Parties' loan asserted against the Lien Claim Fund is $4,000,000, and the total amount asserted in their proof of lien claim is $5,357,033, which includes certain interest and attorney's fees. *Id.* at ¶ 19. The Halpern Parties agree to receive $2,271,518.90, which is only 57% of the principal funded and 42% of the amount asserted in the proof of lien claim form, and the right

to file an unsecured deficiency claim of $2,500,000 that will be subject to the Receiver's review and objection, and further Court order. *Id*. at 10–12. The Halpern Parties have also agreed to a $80,000.00 carveout for the benefit of the receivership estate, and dismissal with prejudice of their appeal of the Sale Order.

## II.   ANALYSIS

"The district court has broad powers and wide discretion to determine relief in an equity receivership." *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted). "This discretion derives from the inherent powers of an equity court to fashion relief." *Id*. "A district court reviews settlements proposed by receivers for fairness, reasonableness, and adequacy." *SEC & Exch. Comm'n v. 1 Glob. Cap. LLC*, 2018 WL 8050527, at *2 (S.D. Fla. Dec. 27, 2018); *see Sterling v. Stewart*, 158 F.3d 1199, 1201 (11th Cir. 1998) (approving settlement because receiver acted in good faith and conducted adequate investigation and settlement was fair); *SEC & Exch. Comm'n v. Quiros*, 2016 WL 9254719, at *2 (S.D. Fla. Oct. 18, 2016) (approving settlement as fair, adequate and reasonable, and well within the range of reasonableness). "Determining fairness is left to the sound discretion of the district court." *1 Glob. Cap. LLC*, 2018 WL 8050527, at *2 (citing *Sterling*, 1158 F. 3d at 1202).

The Receiver has shown that the proposed settlement agreement with the Halpern Parties, which includes the distribution of Lien Claim Fund, constitutes a fair resolution with respect to the disputes relating to the Stewart Property and Lien Claim Fund, is adequate and reasonable, and is well within the range of reasonableness. The $2,271,518.90 lender payment provides a 57% recovery based on

the $4,000,000 funded, and 42% recovery based on the $5,357,033 asserted in the proof of lien claim form. The Halpern Parties have also agreed to cap any unsecured deficiency claim at $2,500,000, which is $585,514.10 less than the amount asserted in the proof of lien claim form (after deducting the $2,271,518.90 lender payment), and any deficiency claim will be subject to the Receiver's review and objection, and further Court order. All claims of liens against the Stewart Property were recorded after the Halpern Family Trust recorded its mortgage on January 31, 2023, released or expired. The Halpern Parties are also agreeing to an $80,000.00 carveout from the Lien Claim Fund for the benefit of the receivership estate, and dismissal with prejudice of their appeal of the Sale Order.

## III.  CONCLUSION

For the foregoing reasons, and finding that good cause exists, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Receiver's Motion ECF No. [348] is **GRANTED**.

2.  All interested parties listed in the service list for the Motion, and any other interested parties that have otherwise received notice of the Motion, have had the opportunity to object to the relief granted by this Order and, to the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated herein or in the record, all such objections are hereby overruled.

3.  The settlement agreement between the Receiver and the Halpern

Parties attached as Exhibit 1 to the Motion, ECF No. [348-1], is **APPROVED**.

4.      The Receiver's proposed distribution of the net sale proceeds from the Lien Claim Fund is **APPROVED**.

5.      The Receiver is authorized to, pursuant to the terms of the settlement agreement, disburse the $2,271,518.90 lender payment to the Halpern Parties, and the $80,000.00 carveout to the Receivership estate for the benefit of the Receivership estate. The carveout funds will be free and clear of any liens, claims, interests and encumbrances, and will constitute an unencumbered asset of the receivership estate, with any disbursement subject to the terms of the Receivership Order and future Court orders.

**DONE AND ORDERED** in Miami, Florida this 1st day of May, 2025.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**