UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-JB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.,

    Defendants.
_____/

## RECEIVER'S SEVENTH INTERIM REPORT

Bernice C. Lee, the Receiver (the "Receiver") appointed by the Court's Order [DE 28] ("Receivership Order") entered on January 12, 2024, submits her Seventh Interim Report for the period of July 1, 2025 through September 30, 2025 (the "Reporting Period").

**I.   Receiver's General Activities and Efforts in the Reporting Period**

   **A.   Operations of the Receiver with Respect to the Properties**

This receivership involves twenty-two entities named as defendants[1] (collectively, the "Receivership Defendants"), over twenty subsidiaries and related entities, and several real estate projects. The Receiver has been assessing all assets of the receivership estate on a project-by-project basis to determine the best path forward for each property and its ability to produce a recovery or reduction of claims for the receivership estate.

---

[1] The Receivership Defendants are: Location Ventures, LLC; URBIN, LLC; Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

1

During the Reporting Period, the focus of the Receiver's efforts has been on:

i. with respect to the Commodore properties: (a) drafting and finalizing the back-up sale contract with the Martin I. Halpern Revocable Trust, the Halpern Family Trust (together the "Halpern Trusts"), Martin I. Halpern, individually and as Trustee of the Halpern Trusts, HFT Commodore LLC, and their successors and assigns (collectively, the "Halpern Parties") and the buyer entity LDHC Holdings, LLC (the "Halpern Buyer"), and communicating with counsel to accomplish same and obtain the signature page, (b) obtaining the second and third set of appraisals from two appraisals, seeking Court approval to file the appraisals under seal and filing the appraisals under seal, (c) publishing notice of the sale and filing notices regarding same with the Court, (d) drafting the motion to approve the back-up sale contract with the Halpern Buyer and proposed order, (e) drafting status reports, (f) communicating with various parties relating to the Commodore properties, including Verizon, the buyer under the first sale contract, lien claimants, 3138 Commodore Investments, LLC and TB 3120 Commodore Investments, LLC (the "Commodore Ground Lessors"), the condominium association, and the insurance claim adjuster, and (g) conducting multiple site visits;

ii. with respect to the Villa Valencia units: (a) attending an in-person meeting with Mironest GC, LLC ("Mironest"), and engaging in further settlement discussions and review of arguments raised by Mironest, (b) obtaining entry of Order approving the Receiver's employment of a broker for Unit 1201 and ability to expand employment for Unit 1301, (c) addressing various items for Unit 1201, including the listing agreement, information relating to the unit and association, and cleaning and preparing the unit for photographs, and (d) discussing public works and permit items with the City of Coral Gables, certain service providers and other parties;

iii. with respect to the Stewart Grove property, obtaining the dismissal of the appeal of the sale order and related foreclosure case and discussing same with counsel for the purchaser and first position lender, and attending to the settlement payment under the settlement with the second position lender;

iv. with respect to the Montana property, discussing marketing, interested parties, offers and other issues with the broker, reviewing draft sale contracts provided by interested parties and attending to various inquiries from interested parties, and preparing a draft addendum;

v. with respect to the Miami Beach property, drafting a motion to approve a bond claims process and related settlement with the surety, proposed order and claim form, and discussing same with the surety and Division of Florida Condominiums, Timeshares, and Mobile Homes, Department of Business and Professional Regulation (the "Division"), obtaining Court approval of the proposed bond claims process and settlement, and providing notice of the bond claims process to bond claimants;

      vi.    addressing pending litigation, and creditor and investor inquiries, and updating the Receiver's website; and

      vii.    investigating potential third party litigation claims.

A summary of the real estate properties and the Receiver and professionals' efforts during the Reporting Period is provided below:

<u>Commodore Properties</u>: Urbin Coconut Grove Partners, LLC is the owner of the following four entities that own real property and/or leasehold rights in properties located on Commodore Plaza in Coconut Grove, Miami: (a) Urbin Commodore Residential SPE, LLC owns 29 condominium or retail units in a building located at 3162 Commodore Plaza, Miami, FL 33133, (b) Urbin Commodore Residential II SPE, LLC owns real property with an address of 3170 Commodore Plaza, Miami, FL 33133, and is the lessee under a ground lease with Dharma Studio, Inc. for real property located at 3166 Commodore Plaza, Miami, FL 33133, (c) Urbin Commodore SPE, LLC is a lessee under a ground lease with TB 3138 Commodore Investments, LLC for real property located at 3138 Commodore Plaza, Miami, FL 33133, and (d) Urbin Commodore Restaurant SPE, LLC is a lessee under a ground lease with TB 3138 Commodore Investments, LLC for real property located at 3120 Commodore Plaza, Miami, FL 33133.

On September 24, 2024, the Receiver filed the Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests (the "Commodore Sale Motion") [DE 238] seeking to approve a $28.2 million dollar sale to Coconut Grove Commodore Development Ventures, LLC. On September 3, 2025, the Court entered an Order [DE 450] requiring the Receiver to file a status report regarding the motion. On September 10, 2025, the Receiver filed her Status Report for the Commodore Sale Motion [DE 455]. A detailed summary of the procedural history, objections and related filings for motion is provided therein. The same day, the Court entered an Order [DE 456] providing that the Court's consideration of

3

the motion is stayed until the Court receives notice that the Receiver's updated proposed order is ripe for consideration, and the Receiver has filed a motion to approve the back-up sale contract with the Halpern Buyer.

Following the Reporting Period, the buyer terminated the sale contract, and on October 15, 2025, the Receiver filed her Second Status Report for the Commodore Sale Motion and Notice of Termination [DE 464], which included the Receiver's request that the Court enter an order denying the Commodore Sale Motion as moot and a proposed order for the Court's consideration as Exhibit A.

During the Reporting Period, the Receiver spent a substantial amount of time finalizing the back-up sale contract with the Halpern Buyer, and drafting the motion to approve the back-up sale contract and proposed order. On September 30, 2025, the Halpern Buyer provided the Receiver with the signature page for the back-up sale contract. The same day, the Receiver filed the Receiver's Motion to Approve Back-Up Contract for Sale of Commodore Properties Free and Clear of Liens, Claims and Encumbrances [DE 460]. After the Reporting Period, on October 14, 2025, TB 3138 Commodore Investments, LLC and TB 3120 Commodore Investments, LLC (the "Ground Lessors"), filed a Notice of Limited Objection to Receiver's Updated Proposed Order [ECF 455-1] and Receiver's Motion to Approve Back-Up Contract for Sale of Commodore Properties Free and Clear of Liens, Claims, and Encumbrances [ECF 461], and CWL-CH, LLC, ASJAIA, LLC, and Vieden Grove OZ, LLC filed an Opposition to Receiver's Motion to Approve Back-Up Contract for Sale of Commodore Properties Free and Clear of Liens, Claims, and Encumbrances filed on October 14, 2025 [DE 462]. On October 21, 2025, the Receiver filed her omnibus reply [DE 465]. With respect to the Ground Lessors' response, the Receiver has reviewed language proposed by the Ground Lessors with respect to the proposed order on the Commodore

Back-Up Contract Motion, and has proposed certain modifications to the language in the proposed order to address the Ground Lessors' concerns. On October 20, 2025, the Ground Lessors advised that the modified language is acceptable. The same day, the Receiver circulated the proposed changes with counsel for the Halpern Buyer, and followed up on October 23, 2025 and October 28, 2025. The Receiver will continue to follow up with the Halpern Buyer and provide the Court with additional notice as to the status of the proposed order.

In addition to the foregoing, during the Reporting Period, the Receiver spent a meaningful amount of time: (i) obtaining the second and third set of appraisals from two appraisals, drafting motions to file the appraisals under seal [DE 444, 445], obtaining orders granting the motions [DE 451, 452] and submitting the appraisals to the Court under seal; (ii) publishing notice of the $28.2 million dollar sale of the Commodore properties in the Miami Herald and South Florida Sun Sentinel on September 10, 2025, and the South Florida Business Journal on September 12, 2025, (iii) preparing notices of filing regarding the publication notice and advising that the Receiver has not received a bona fide offer which guarantees at least a 10% increase over the price referenced in the notice [DE 458, 459]. The Receiver and her counsel have also spent considerable time communicating with various parties relating to the Commodore properties, including Verizon, the buyer under the first sale contract, lien claimants, the Ground Lessors, the condominium association and the insurance claim adjuster, and conducting multiple site visits.

<u>Villa Valencia Condos</u>: 515 Valencia SPE, LLC, a wholly owned subsidiary of 515 Valencia Partners, LLC, owns Units 1201, 1202 and 1301 in a condominium building located at 515 Valencia Ave., Coral Gables, Florida 33134. The units are unfinished with no interior walls. The Receiver previously sold Unit 1104, and on May 22, 2025, disbursed $3,940,691.90 in sale proceeds to the senior lender as permitted under the Court's order [DE 425].

On July 1, 2025, the Receiver and her counsel attended an in-person meeting with Mironest for over three hours and after, provided Mironest with access to Unit 1202. After, the Receiver and Mironest reached an interim agreement with respect to the Receiver's Motion for Authorization to Employ Real Estate Broker for Villa Valencia Condominium Units [DE 430] seeking to employ a broker for the units. On July 3, 2025, the Receiver filed a notice advising that the motion may be granted in part with respect to Unit 1201 and Unit 1301, provided a revised redlined proposed order for the Court's consideration, and advised that Mironest does not object to the relief provided in the revised proposed order [DE 437]. On July 22, 2025, the Court entered the Order Granting in Part and Denying in Part the Receiver's Motion for Authorization to Employ Real Estate Broker for Villa Valencia Condominium Units [DE 438], which approved the Receiver's employment of the broker for Unit 1201 and provided the Receiver with authority to expand the engagement to include Unit 1301.

During the Reporting Period, the Receiver has spent a meaningful amount of time engaging in further settlement discussions with Mironest and reviewing arguments raised by Mironest. The Receiver has also spent a considerable amount of time reviewing the listing agreement for Unit 1201, obtaining information regarding Unit 1201, including from the condominium association, attending to having the unit cleaned and prepared for photographs.

The Receiver has also attended to multiple meetings, calls and e-mail communications with creditors, the City of Coral Gables, service providers regarding public works items, the condominium association, and other parties regarding issues relating to the building. AT&T has completed its work to place the conduits and underground the cables. The Receiver has continued to follow up with Florida Power and Light to schedule its work to underground its cables.

Stewart Grove Property: On June 17, 2024, the Court entered an Order approving the Receiver's proposed $17.5 million sale of a luxury single family home constructed on two parcels with the address of 3620 and 3610 Stewart Avenue, Miami, Florida owned by Stewart Grove 1, LLC, and settlement agreement with the first position lender that provided for a reduced payment and carveout from its lien for the benefit of the receivership estate. The sale closed on July 29, 2024. After the payment of amounts permitted under the sale order, including $797,412.36 as a carveout for the receivership estate, the net proceeds in the Stewart Lien Claim Fund totaled $2,351,518.90.  On August 12, 2024, the Halpern Trusts filed a notice of appeal of the sale order. After, the Halpern Trusts and Receiver reached a settlement agreement, and on May 1, 2025, the Court entered an order approving the settlement agreement [DE 415].

During the Reporting Period, in accordance with the approval order, the Receiver disbursed the funds in the Stewart Property Lien Claim Fund as follows: $2,271,518.90 to the Halpern Family Trust, and $80,000 to the receivership estate as a carveout agreed to by the Halpern Parties. Also, the Eleventh Circuit Court of Appeals entered the Order of Dismissal of the appeal of the sale order [DE 436]. The Receiver has had multiple calls and e-mail correspondence with the buyers of the Stewart Grove Property to discuss the status of dismissal of the appeal and related foreclosure case.

Montana Property: 7240 US Highway 2 SPE, LLC, a wholly owned subsidiary of LV Montana Phase I, LLC, owns real property consisting of 12.37 acres and residential structure with an address of 7240 US Highway 2 E, Columbia Falls, Montana 59912 (folio no. 07-4186-15-2-09-30-0000). On May 21, 2024, the Court approved the Receiver's request to employ a broker [DE 160]. During the Reporting Period, the Receiver and her counsel spent a considerable amount of time reviewing proposed sale terms and contracts provided by interested parties, attending to

7

various inquiries from interested parties regarding the property and receivership process, preparing a draft addendum, and discussing the foregoing with the broker. On May 23, 2024, the Receiver signed a listing agreement to list the property for $899,000. In consultation with the broker, the Receiver lowered the list price to $825,000 on August 9, 2024, $775,000 on October 24, 2024, $749,000 on April 2, 2025, $725,000 on June 18, 2025, and $715,000 on October 7, 2025. There is no mortgage on this property.

### B. Additional Operations of the Receiver

With respect to claims administration and objections, during the Reporting Period, the Receiver spent a considerable amount of time drafting and finalizing the Receiver's Motion to Approve Stipulation with Surety and Bond Claims Process for Miami Beach Property [DE 440], proposed order and bond claim form. On August 20, 2025, the Court entered the Order Granting Receiver's Motion to Approve Stipulation with Surety and Bond Claims Process for Miami Beach Property [DE 447]. Under the settlement with the surety, the surety agreed to tender an amount of up to $1,750,000 to the Receiver in bond proceeds for the Receiver to disburse to allowed bond claims as approved by the Court. In addition, the Receiver and her professionals spent a meaningful amount of time providing notice of the motion, order, bond claim form and bond claims bar date to potential claimants, and addressing various inquiries.

During the Reporting Period, the Receiver spent a substantial amount of time addressing case administration matters, including: providing updates for the Receiver's website which contains court documents and a section where investors and other claimants can include their contact information (https://kttlaw.com/lv/), monitoring over twenty-five Florida state and federal court proceedings filed prior to or after the Court entered the Receivership Order, attending to various inquiries and documents from creditors and third parties including lien claimants, unit

depositors, and condominium associations.

During the Reporting Period, the Receiver and her counsel have spent a meaningful amount of time reviewing documents and information relating to potential third-party claims and recoveries, and related factual and legal issues.

## II.     Pending Motions

As of the date of filing this Report, there are three pending motions:

1. Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests [DE 238] filed on September 24, 2024. *See also* Responses in Opposition [DEs 265, 270]; Reply in Support [DE 279]. On October 15, 2025, the Receiver filed her Second Status Report for the Commodore Sale Motion and Notice of Termination [DE 464], which included the Receiver's request that the Court enter an order denying the Commodore Sale Motion as moot and a proposed order for the Court's consideration as Exhibit A.

2. Receiver's Motion to Approve Back-Up Contract for Sale of Commodore Properties Free and Clear of Liens, Claims and Encumbrances [DE 460] filed on September 30, 2025. Two responses were filed on October 14, 2025: (a) the Ground Lessors a Notice of Limited Objection to Receiver's Updated Proposed Order [ECF 455-1] and Receiver's Motion to Approve Back-Up Contract for Sale of Commodore Properties Free and Clear of Liens, Claims, and Encumbrances [ECF 461], and CWL-CH, LLC, ASJAIA, LLC, and Vieden Grove OZ, LLC filed an Opposition to Receiver's Motion to Approve Back-Up Contract for Sale of Commodore Properties Free and Clear of Liens, Claims, and Encumbrances filed on October 14, 2025 [DE 462]. The Receiver filed her omnibus reply [DE 465] on October 21, 2025. On October 15, 2025, the Receiver filed a second status report that addressed this motion and the proposed order. The Receiver will provide additional notice and updates as to the status of the proposed order.

3. Motion of Commodore Centre Condominium Association, Inc. to Compel the Receiver to Pay Delinquent Condominium Maintenance Assessments Due to the Association, For Limited Relief from the Receivership Order and for Related Relief [DE 463] filed on October 14, 2025. The Receiver's deadline to file her response has been extended to November 4, 2025 [DE 467].

## III.    Additional Items for the Interim Report

### A.    Cash on Hand and Receipts and Disbursements

As of September 30, 2025, the Receivership Estate has unencumbered cash on hand in the

amount of $2,350,703.81. Additional details are provided in the Standardized Fund and Accounting Report attached as **Exhibit A**.

The total amount and nature of known accrued administrative expenses as of September 30, 2025, is $506,128.77, which consists of professional fees and expenses of the Receiver's professionals, as follows:

1. 20% holdback from the prior fee applications:

    a. First Fee Application for January 12, 2024 through March 31, 2024 [DE 137]
        i. Receiver Fees:                             $28,028.00
        ii. Kozyak, Tropin & Throckmorton Fees:       $31,980.00
        iii. Yip Associates Fees:                     $40,630.00
        iv. Day Pitney Fees:                          $ 2,529.70

    b. Second Fee Application for April 1, 2024 through June 30, 2024 [DE 201]
        i. Receiver Fees:                             $24,087.00
        ii. Kozyak, Tropin & Throckmorton Fees:       $42,777.00
        iii. Yip Associates Fees:                     $22,563.00
        iv. Day Pitney Fees:                          $ 9,198.00

    c. Third Fee Application for the Period of July 1, 2024 through September 30, 2024 [DE 299]
        i. Receiver Fees:                             $21,581.00
        ii. Kozyak, Tropin & Throckmorton Fees:       $33,485.00
        iii. Yip Associates Fees:                     $ 1,245.00
        iv. Day Pitney Fees:                          $ 6,908.00

    d. Fourth Fee Application for the Period of October 1, 2024 through December 31, 2024 [DE 345]
        i. Receiver Fees:                             $18,963.00
        ii. Kozyak, Tropin & Throckmorton Fees:       $32,844.00
        iii. Yip Associates Fees:                     $ 4,457.00
        iv. Day Pitney Fees:                          $ 2,351.00

    e. Fifth Fee Application for the Period of January 1, 2025 through March 31, 2025 [DE 418]
        i. Receiver Fees:                             $14,644.00
        ii. Kozyak, Tropin & Throckmorton Fees:       $20,136.00
        iii. Yip Associate Fees:                      $ 2,451.00
        iv. Day Pitney Fees:                          $ 2,232.00

    f. Sixth Fee Application for the Period of April 1, 2025 through June 30, 2025 [DE

      441]
        v. Receiver Fees: $11,067.00
        vi. Kozyak, Tropin & Throckmorton Fees: $17,873.00
        vii. Yip Associate Fees: $ 2,094.00
        viii. Day Pitney Fees: $ 427.00

2. Seventh Fee Application for the Period of July 1, 2025 through September 30, 2025, which fee application will be filed with the Court and have not been approved:

    a. Receiver:    Fees: $51,590.00
                         Expenses: $0.00
                         Hours: 147.4
    b. Kozyak, Tropin & Throckmorton: Fees: $39,545.00
                         Expenses: $16,513.07
                         Hours: 143.2
    c. Yip Associates:    Fees: $ 295.00
                         Expenses: $0.00
                         Hours: 1.0
    d. Day Pitney    Fees: $3,635.00
                         Expenses: $0.00
                         Hours: 11.3

These amounts represent fees and expenses of the Receiver and her professionals which: (a) have been awarded by the Court and held back, and (b) with respect to the period of July 1, 2025 through September 30, 2025, will be filed with the Court and have not yet been approved.

    **B.**    **Schedule of Receipts of Disbursements**

A report of the Receiver's receipt and disbursements, on a quarterly and cumulative basis, is attached as Exhibit A.

    **C.**    **Receivership Property**

The receivership property consists of primarily the real properties discussed above which are owned directly by certain Receivership Defendants or by subsidiaries, potential third-party claims, and unencumbered cash on hand of $2,350,703.81.

    **D.**    **Liquidated and Unliquidated Claims held by the Receivership Estate**

The Receiver is in the process of investigating the potential liquidated and unliquidated

claims held by the Receivership Estate, and at this time, is not able to provide a valuation of such claims or the anticipated or proposed methods of enforcing such claims. The Receiver anticipates that numerous claims will be identified as the administration of the receivership estate progresses.

### E.     Known Creditors

Over 45 investors and creditors have input their contact information through the Receiver's website. In the interest of protecting the privacy of those investors and ensuring that the list of fraud victims does not become available to others who may use it for improper purposes, the Receiver does not recommend at this time that a list of the known creditors and investors and their addresses be publicly filed at this time.

### F.     Creditor Claims Proceedings

The initial 10% bond claims process for the Miami Beach Property has commenced. On August 20, 2025, the Court entered the Order Granting Receiver's Motion to Approve Stipulation with Surety and Bond Claims Process for Miami Beach Property [DE 447]. No other creditor claims proceedings have commenced.

### G.     Related SEC Action

The SEC has filed the following case against an individual involved with the Receivership Defendants:

> (a) *Securities and Exchange Commission v. Daniel J. Motha*, Case No. 25-cv-21892. On April 25, 2025, the SEC filed a complaint against Daniel J. Motha alleging violations of Sections 17(a)(1), (a)(2), and (a)(3) of the Securities Act; and Sections 10(b) and Rules 10b-5(a), 10b-5(b), and 10-5(c) of the Exchange Act; and seeking permanent injunctive relief, disgorgement, civil penalties, and an officer-and-director bar. The case is pending before U.S. District Court Judge Jacqueline Becerra. On August 13, 2025, Judge Becerra entered a Judgment as to Defendant Daniel J. Motha that provides Motha is permanently enjoined from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], Rule 10b-5 and Section 17(a) of the Securities Act, and that the Court will determine the amounts of disgorgement, civil penalty and other relief upon motion of the SEC.

### H. The Receiver's Recommendations for a Continuation or Discontinuation

The Receiver recommends the continuation of the receivership. There is a considerable amount of work to be done in administering the remaining real property, reviewing the Receivership Defendants and related entities' transactions, assessing the amounts due to investors and creditors, and pursuing recoveries on behalf of the victim investors.

Respectfully submitted,

By: /s/ *Bernice C. Lee*
Bernice C. Lee
*Receiver for the Receivership Entities*
KOZYAK TROPIN & THROCKMORTON, LLP
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800 / Fax: (305) 372-3508
Email: blee@kttlaw.com
Florida Bar No. 0073535

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the clerk of the Court using CM/ECF, and the foregoing document has been served via CM/ECF upon all counsel of record this 30th day of October, 2025.

By: /s/ *Bernice C. Lee*
Bernice C. Lee