**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 23-cv-24903-CIV-JB

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

RISHI KAPOOR; *et al.*,

       Defendants.

_____/

**ORDER GRANTING RECEIVER'S MOTION TO APPROVE BACK-UP**
**CONTRACT FOR SALE OF COMMODORE PROPERTIES FREE**
**AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

**THIS CAUSE** came before the Court upon the Receiver, Bernice C. Lee's Motion to Approve Back-Up Contract for Sale of Commodore Properties Free and Clear of Liens, Claims and Encumbrances (the "Motion"), which seeks approval of the back-up sale contract (the "Back-Up Contract") for the Commodore Properties to LDHC Holdings, LLC or its assignee as permitted under the Back-Up Contract (the "Buyer"). ECF No. [460]. The Court has carefully considered the Motion and the accompanying exhibits, as well as all objections, arguments of all counsel, pertinent portions of the record and the relevant legal authorities. For the reasons explained more fully below, the Motion is **GRANTED**.

## I.    BACKGROUND

On December 27, 2023, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief against Rishi Kapoor ("Kapoor") and the Receivership Companies alleging that Kapoor used the Receivership Companies to operate a real estate scheme in violation of the anti-fraud provisions of the federal securities law raising approximately $93 million from

1

more than 50 investors from January 2018 through March 2023. *See generally* Complaint, ECF No. [14-1]. On January 12, 2024, the Court entered an Order appointing Bernice C. Lee as receiver "for the estate of the Receivership Companies, including any of [their] divisions, subsidiaries, affiliates, successors, and assigns; and any fictitious business entities or business names created or used by the Receivership Companies, their divisions, subsidiaries, affiliates, successors, and assigns." ("Receivership Order") ECF No. [28] at ¶ 2.

The Receivership Order authorizes the Receiver to sell real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property. *Id*. at ¶ 32. The Receivership Order further provides that "[u]pon further Order of the Court, pursuant to such procedures as may be required by the Court and additional authority such as 28 U.S.C. sections 2001 and 2004, the Receiver is authorized to sell, and transfer clear title to, all real property in the Receivership Estate." *Id*. at ¶ 33.

On January 24, 2024, the Court entered an Order approving the Stipulation Waiving Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with Real Property Sale Motion (the "Section 2001 Order"). ECF No. [51]. The Section 2001 Order provides that "[t]he Receiver is excused from compliance with 28 U.S.C. section 2001 in connection with the sale of real property in this case." ECF No. [51].

### A.    The Commodore Properties, First Sale Contract and Halpern Settlement

Urbin Coconut Grove Partners, LLC is a Receivership Company and the sole owner and manager of Urbin Commodore Residential SPE, LLC, Urbin Commodore Residential II SPE, LLC, Urbin Commodore SPE, LLC, and Urbin Commodore Restaurant SPE, LLC (the "Commodore Companies") that own the Commodore Properties (defined below), an assemblage

of fee simple and leasehold interests in Miami, Florida including fee simple title to condominium and retail units located at 3162 Commodore Plaza, fee simple title to real property located at 3170 Commodore Plaza, and leasehold interests as tenant for the leased premises located at 3166 Commodore Plaza, 3138 Commodore Plaza and 3120 Commodore Plaza. ECF No. [460] at ¶ 9.

The residential units of 3162 Commodore Plaza occupy the fourth through sixth floors and these floors have been gutted. *Id* at ¶ 11. Construction ceased in the summer of 2023. *Id*. Plywood is used to cover the window openings, and flooring and tiles have been removed. *Id*. The Commodore Companies do not have funds for the construction, condominium association and maintenance expenses for 3162 Commodore Plaza. *Id*. City of Miami's Unsafe Structure Panel (the "City Panel") issued an order on May 19, 2023 determining that 3170 Commodore Plaza is in violation of the building code and is required to submit a recertification report to address whether the structure is safe for occupation by tenants or residence. *Id*. The Commodore Companies do not have funds to address the structural issues or demolish 3170 Commodore Plaza. *Id*. The ground leases for 3166, 3138 and 3120 Commodore Plaza require monthly or quarterly lease payments, real estate tax payments, and other maintenance and expenses. *Id*. at ¶12. The 2023 real estate taxes have not been paid, and the county has sold the tax certificates. *Id*. The City Panel issued an order on July 28, 2023 determining that 3138 Commodore Plaza needed to be repaired within sixty days, and if not, the structure shall be demolished. *Id*. The building has not been repaired and has already been partially demolished. *Id*. As of the time of the filing of the Motion, Verizon Wireless Personal Communications LP has its cellular equipment on the partially demolished structure. *Id*. The equipment needs to be moved, and the demolition of the building needs to be completed. *Id*. The City of Miami has also issued code violation notices for 3138 Commodore Plaza, and 3166[1]

---

[1] The City of Miami in some instances refers to this property as 3168 Commodore Plaza.

and 3170 Commodore Plaza. *Id*. The Commodore Companies do not have sufficient funds to pay for real estate taxes, lease payments, demolition costs, or other expenses relating to the ground leases. *Id*.

On September 24, 2024, the Receiver filed the Receiver's Motion to Approve Sale of Commodore Properties Free and Clear of Liens, Encumbrances and Interests (the "First Sale Motion") seeking to approve a $28.2 million dollar sale of the Commodore Properties to Coconut Grove Commodore Development Ventures, LLC or its assignee as permitted under the sale contract. ECF No. [238]. Various parties raised objections, including certain ground lessors who objected in part because they were not receiving lease payments. ECF No. [245].

The Receiver negotiated a settlement agreement with Martin I. Halpern Revocable Trust, the Halpern Family Trust (together, the "Halpern Trusts"), Martin I. Halpern, individually and as Trustee of the Halpern Trusts, HFT Commodore LLC, and their successors and assigns (collectively, the "Halpern Parties") that provides in part: (a) for the disbursement of net sale proceeds in the event the sale under the First Sale Contract closes; (b) that the Halpern Parties will make the ground lease payments as protective rental advances; (c) that a party affiliated with the Halpern Parties will be the back-up buyer to purchase the Commodore Properties for $28.2 million via a credit bid of $27.4 million and $800,000 carveout payment for the Receivership Estate (paid as the deposit), with no diligence period, and the buyer will pay all real estate taxes (e.g., unpaid 2023, 2024 and prorated 2025 real estate taxes), all closing costs (e.g., documentary stamps, surtax, title, escrow fees, buyer's broker commission (if any) etc.) and all other amounts required for the sale to close; and (d) that the payment under the First Sale Contract or closing on the Back-Up Contract will be in full satisfaction of all amounts owed to the Halpern Parties under all loan documents relating to the Commodore Properties, and the Halpern Parties will not file a claim in,

or seek a distribution from the receivership estate, with respect to any other amounts owed relating to the Commodore Properties and related loans, and agree to waive any such claim. ECF No. [310-6] at ¶¶ 1, 3, 5. On December 3, 2024, the Receiver filed a Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Disbursement of Sale Proceeds and Back-Up Sale Contract, and on January 30, 2025, the Court entered an Order approving the Receiver's settlement agreement with the Halpern Parties. ECF Nos. [310], [333].

### B.  The Appraisals and Publication Notice

On March 22, 2024, the Court entered an Order Granting Receiver's Motion for Authorization to Employ Real Estate Appraiser, which authorized the Receiver to employ Walter B. Duke, III and Walter Duke + Partners, Inc. as an appraiser for the fee simple and leasehold interests. ECF No. [111]. The Receiver submitted the appraisals to the Court under seal on December 2, 2024. ECF No. [309.] On January 6, 2025, the Halpern Parties requested that the Receiver obtain two additional appraisals, and proposed to reimburse a portion of the cost for the appraisals to be further discussed by the parties. ECF No. [460] at ¶ 27.

On January 27, 2025, the Receiver filed a Motion for Authorization of Employment of Integra Realty Resources as Real Estate Appraiser for the Commodore Properties, ECF No. [328], and on January 28, 2025, the Receiver filed a Motion for Authorization of Employment of Aucamp, Dellenback & Whitney as Real Estate Appraiser for the Commodore Properties, ECF No. [330]. On May 21, 2025, the Court entered an Order Granting Receiver's Motion for Authorization to Employ Real Estate Appraiser, which authorized the Receiver to employ Jonathan Whitney, MAI and Aucamp, Dellenback & Whitney as a disinterested appraiser for the fee simple and leasehold interests, ECF No. [426], and on May 29, 2025, the Court entered an Amended Order Granting Receiver's Motion for Authorization to Employ Real Estate Appraiser, which

authorized the Receiver to employ Charles E. Badell, MAI and Integra Realty Resources as a disinterested appraiser for the fee simple and leasehold interests, ECF No. [429].

The Receiver received the second and third sets of appraisals on August 13, 2025 and August 14, 2025. ECF No. [460] at ¶ 30. On August 19, 2025, the Receiver filed two motions to file under seal the second and third set of appraisals. ECF Nos. [444], [445]. On September 3, 2025, the Court entered orders granting the two motions and requiring the Receiver to submit the appraisals under seal by September 8, 2025. ECF Nos. [451], [452]. On September 8, 2025, the Receiver provided the appraisals to the Court under seal. ECF Nos. [453], [454].

For the residential units and eight commercial units located at 3162 Commodore Plaza, the storefront retail space located at 3166 Commodore Plaza, the leasehold interest for 3170 Commodore Plaza, and the leasehold interest for 3120 – 3138 Commodore Plaza, Walter Duke + Partners issued appraisal reports with final opinions of market value "as is" as of March 27, 2024, Aucamp, Dellenback & Whitney issued appraisal reports with final opinions of market value "as is" as of June 18, 2025, and Integra Realty Resources issued appraisal reports with final opinions of market value "as is" as of June 16, 2025. ECF No. [460] at ¶ 31. The appraisals have a total "as is" market value that is several million dollars less than the proposed purchase price under the Back-Up Contract. *Id.*

On May 1, 2025, the Court entered the Order Granting Receiver's Motion to Approve Publication Notice Regarding Sale of Commodore Properties, ECF No. [414], which approved the Receiver's proposed form and manner of notice, and provided that such notice shall serve as such publication notice of the sale of the Commodore Properties as the Court directs under 28 U.S.C. § 2001(b). The Receiver published the legal notice in accordance with the Order, ECF No. [460] at ¶ 32, and filed notices advising the Court that no bona fide offer that guarantees at least a 10%

increase over the price referenced in the notice was submitted within ten days after publication of the notice. ECF Nos. [458], [459].

### C.  The Motion and Notice

The Receiver filed the Motion seeking the Court's approval of the Back-Up Contract to sell the Commodore Properties free and clear of any liens, claims and encumbrances as described herein, and to have all liens, claims and encumbrances attach to any remaining net sale proceeds from the sale of the Commodore Properties, with the same priority, extent and validity as they had under applicable law prior to the receivership. ECF No. [460] at 22. The Commodore Properties will not be sold free and clear of (a) any mortgages held by the Halpern Parties (as requested by the Buyer), (b) the Permitted Exceptions (as defined in the Back-Up Contract), or (c) liens for any real estate taxes to the extent the Halpern Buyer does not pay at closing, as section 19.A of the Back-Up Contract provides in part that the Halpern Buyer shall pay all past due delinquent real estate taxes owed on the Commodore Properties at Closing, or take the Commodore Properties subject to such real estate taxes and pay at a later date. *Id.* at ¶¶ 22, 36.

The Receiver argues that it is in the best interest of the receivership estate for the Court to approve the Back-Up Contract that provides for a $28.2 million purchase price paid via a credit bid of $27.4 million and $800,000 carveout cash payment because the sale will result in: (a) the Buyer paying the $800,000 carveout for the benefit of the Receivership Estate; (b) the satisfaction and waiver of $28,000,000 in principal under the Halpern Parties' loans, plus interest and other amounts that could be claimed, rental advances of $582,079.61 for lease payments the Halpern Parties paid from August 2023 through August 2024, and additional lease payments the Halpern Parties have made through closing; (c) the Halpern Parties paying all real estate taxes, which are estimated to be at least $800,000 for 2023 and 2024 plus delinquent charges, and additional

amounts due for 2025 through closing; and (d) the Halpern Parties paying all closing costs, including but not limited to documentary stamp tax, surtax, and escrow fees. *Id*. at 24. The Commodore Properties are a very complex assemblage of property interests subject to ground leases with various alleged defaults, a partially demolished building that needs to be completely demolished, various code violations, and gutted condominium units. *Id*. The Commodore Properties require substantial maintenance expenditures, such as property taxes and insurance premiums. *Id*. The expeditious sale of the Commodore Properties will prevent deterioration and waste, avoid additional expenses, and maximize the value of the Commodore Properties. *Id*. The proposed purchase price of $28.2 million under the Back-Up Contract exceeds the appraised "as is" market value by several million dollars, and is reasonable given the circumstances. *Id.*

## II.     ANALYSIS

"The district court has broad powers and wide discretion to determine relief in an equity receivership." *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted); *Sec. & Exch. Comm'n v. Harbor City Capital Corp.*, No. 6:21-cv-694-CEM-DCI, 2023 WL 1105282, at *7 (M.D. Fla. Jan. 30, 2023) ("To be sure, 'it has long been recognized that under appropriate circumstances, a federal court presiding over a receivership may authorize the assets of the receivership to be sold free and clear of liens and related claims.'"). This Court has previously determined that this includes the power to authorize a sale of real property free and clear of liens, claims and encumbrances, including where a sale did not generate sufficient funds to satisfy all existing lien claims. ECF Nos. [185], [293]. "Even where the sale of an asset will not generate sufficient funds to satisfy all existing lien claims, the sale still can produce a benefit by reducing the claims assertable against the Receivership Companies' assets and estate." *Sec. & Exch. Comm'n v. Kapoor*, 2024 WL 5264414, at *2 (S.D. Fla. Nov. 7, 2024); *see Sec. & Exch.*

*Comm'n v. Cap. Cove Bancorp LLC*, 2015 WL 9701154, at *8 (C.D. Cal. Oct. 13, 2015) (where receiver presented evidence of the large number of unsecured and junior creditors who were defrauded, and the receiver's expected inability to pay the full amount of each claim from the pooled assets of the receivership, it was in the best interests of the receivership estate to sell properties at highest possible market price, even if below the aggregate value of existing liens, rather than abandoning the properties).

The Receiver has shown that the proposed back-up sale will maximize the value of the Commodore Properties and is reasonable given the circumstances, particularly since the Back-Up Contract substantially exceeds the total appraised market value and provides for the same purchase price as the sale purchase price as the First Sale Contract, which was the highest offer received by the Receiver. This is significant given the complexities of the Commodore Properties described above.

### III.    CONCLUSION

For the foregoing reasons, and finding that good cause exists, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    The Receiver's Motion ECF No. [460] is **GRANTED**. The Receiver has complied with 28 U.S.C. § 2001 in connection with the sale of the Commodore Properties under the Back-Up Contract. The Court has considered and overruled the objection by CWL-CH, LLC, ASJAIA, LLC and Vieden Grove, LLC ("CG Investors") ECF No. [462], for the reasons stated on the record and for the reasons stated in prior rulings of this Court, including in the Order Granting Receiver's Motion to Approve Settlement Agreement with the Halpern Parties Relating to the Commodore Properties and Distribution of Sale Proceeds and Back-Up Sale Contract ("Halpern

Settlement Order") ECF No. [333], the Court's Order Granting Receiver's Motion to Approve Publication Notice Regarding Sale of Commodore Properties ECF No. [414], the Court's Orders granting the Receiver's Motions for Authorization to Employ Real Estate Appraisers ECF Nos. [424, 426, 429], the Court's Order Denying Expedited Motion by Members of Urbin Coconut Grove Partners, LLC for Relief from Stay and/or for Partial Vacation, Modification, or Clarification of Order Appointing Receiver ECF No. [432], and the Court's Order denying the CG Investors' Motion for Reconsideration of the Halpern Settlement Order ECF No. [435]. Counsel for TB 3138 Commodore Investments, LLC and TB 3120 Commodore Investments, LLC confirmed at hearing that their limited objection ECF No. [465] was resolved by the inclusion of proposed language that has been incorporated into this Order.

2.    All interested parties listed in the service list for the Motion, and any other interested parties that have otherwise received notice of the Motion, have had the opportunity to object to the relief granted by this Order and, to the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated in the record, all such objections are hereby overruled.

3.    The terms and conditions of the Back-Up Contract attached to the Motion as Exhibit 1 are hereby approved in all respects, and the Receiver, as the Receiver over Urbin Coconut Grove Partners, LLC, owner and manager of the Commodore Companies, is authorized and empowered to (a) enter into and execute (i) the Back-Up Contract, (ii) the receiver's deed, title affidavit, and assignment of lease attached to the Back-

Up Contract, and (iii) other documents reasonably required to consummate the transaction, in accordance with the terms of the Back-Up Contract; and (b) close on the sale of the Commodore Properties and transfer title to the Commodore Properties to Buyer, or its assignee, at Closing under the terms of this Order and the Back-Up Contract.

4.    The Commodore Companies own the following simple title and leasehold interests: (a) fee simple title (the "Fee Interests") to the following real estate (the "Fee Real Estate"): (i) fee simple title to the condominium or retail units located at 3162 Commodore Plaza, Miami, Florida 33133, legally described on attached Exhibit A1, which units are owned by Urbin Commodore Residential SPE, LLC, and (ii) fee simple title to the real property located at 3170 Commodore Plaza, Miami, Florida 33133, legally described on attached Exhibit A2, which is owned by Urbin Commodore Residential II SPE, LLC; (b) leasehold interests (the "Leasehold Interests") to the following leasehold estates (the "Leasehold Estate") (the real property covered by the Leasehold Estate and the Fee Real Estate is hereinafter collectively referred to as the "Real Estate") (i) leasehold interest under that certain lease agreement dated December 31, 2019 by and between Dharma Studio Inc., as Landlord and Grouper Financial Inc., as Tenant for the leased premises located at 3166 Commodore Plaza, Miami, FL  33133, legally described on attached Exhibit A3, as amended by Amendment to Commercial Real Property Lease dated April 1, 2020, as memorialized in that certain Memorandum of ground lease dated May 7, 2020 recorded in OR Book 31982, at Page 556, as assigned to Urbin Commodore Residential II SPE, LLC, as Tenant by virtue of assignment of lease dated January

31, 2022, as further memorialized in Amended Memorandum of Ground Lease dated January 31, 2022, recorded February 3, 2022 in OR Book 32999, at Page 4887, and as affected by Memorandum of Agreement dated January 31, 2022, recorded February 3, 2022 in OR Book 32999, at Page 4889 of the Public Records of Miami-Dade County, Florida, (ii) leasehold interest under that certain ground lease agreement dated September 28, 2018, by and between TB 3138 Commodore Investments LLC, as Landlord and Urbin Commodore SPE, LLC, as Tenant for the leased premises located at 3138 Commodore Plaza, Miami, FL  33133, legally described on attached Exhibit A4, as memorialized in that certain Memorandum of Ground Lease dated September 28, 2018, recorded in OR Book 31162, at Page 4299 of the Public Records of Miami-Dade County, Florida, (iii) leasehold interest under that certain ground lease agreement dated June 28, 2019, by and between TB 3120 Commodore Investments LLC, as Landlord and Urbin Commodore Restaurant SPE, LLC, as Tenant for the leased premises located at 3120 Commodore Plaza, Miami, FL 33133, legally described on attached Exhibit A5, as memorialized in that certain Memorandum of Ground Lease dated June 28, 2019, recorded in OR Book 31510, at Page 489 of the Public Records of Miami-Dade County, Florida, and (iv) lessor's interest under that certain Building and Rooftop Lease Agreement dated October 11, 2020 by and between Commodore Plaza Parking L.C., as Landlord and Verizon Wireless Personal Communications LP dba Verizon Wireless, as Tenant for the Rooftop Space and Antenna Space located at 3138 Commodore Plaza, Miami, FL 33133, if any, as evidenced by Memorandum of Building and Rooftop Lease Agreement dated October 11, 2010 recorded in OR

12

Book 27452, at Page 4447 of the Public Records of Miami-Dade County, Florida, as amended by First Amendment to Building and Rooftop Lease Agreement dated September 26, 2014, as evidenced by Amended Memorandum of Building and Rooftop Lease Agreement dated September 26, 2010 recorded in OR Book 29333, at Page 4849, as affected by SNDA dated October 18, 2010, recorded in OR Book 27467, at Page 4998 of the Public Records of Miami-Dade County, Florida.

5.      Upon Closing, the sale of the Fee Interests and Leasehold Interests in the Real Estate, along with the Commodore Companies' interests, if any, in the appurtenances, rights, easements, rights-of-way, tenements, and hereditaments incident thereto; all improvements, furniture and fixtures located on the Real Estate (collectively, the "Improvements"), that certain month to month lease with ILC Advisors, LLC for Suite 3A in 3162 Commodore Plaza, Coconut Grove, FL, and all guaranties, warranties, agreements related to the workmanship and/or materials furnished to and/or installed in the Improvements, and all site plans, building plans, governmental permits, development rights, certificates, licenses, consents, and approvals for the Real Estate, if any (collectively, the "Commodore Properties"), to the Buyer, shall be free and clear of all liens, claims and encumbrances, including, but not limited to, the liens described in the Motion and those asserted through the Closing Date, and is hereby approved on an as-is, where-is basis, without representations or warranties from the Receiver. Notwithstanding the foregoing, the Commodore Properties will not be sold free and clear of any mortgages held by the Halpern Parties, the Permitted Exceptions (as defined in the Back-Up Contract), or liens for any real estate taxes to the extent the Buyer does

13

not pay at closing, as section 19.A of the Back-Up Contract provides in part that the Buyer shall pay all past due delinquent real estate taxes owed on the Commodore Properties at Closing, or take the Commodore Properties subject to such real estate taxes and pay at a later date.

6.      The liens, financing statements and *lis pendens* described in the Motion are as follows:

    a.  Assignment of Rents and Leases from Urbin Commodore Residential SPE, LLC, a Florida limited liability company to Pensam Logistics Partners CF5-III, LLC, a Florida limited liability company recorded September 18, 2019, in Book 31611, Page 1600; Modification of Assignment of Leases and Rents recorded in Book 31877, Page 2399, and Book 32422, Page 4216, and Book 32633, Page 1452;

    b.  Financing Statement recorded in Book 31611, Page 1610; as amended by Book 31877, Page 2406 for secured party Pensam Logistics Partners CF5-III, LLC;

    c.  Assignment of Rents and Leases from Urbin Commodore SPE, LLC, a Florida limited liability company to PBVMF21, LLC, a Florida limited liability company recorded October 1, 2018, in Book 31163, Page 501, Corrected in Book 31165, Page 901;

    d.  Financing Statement recorded in Book 31163, Page 507 for secured party PBVMF 21 LLC;

    e.  Claim of Lien in favor of Arras Air Conditioning, recorded in Book 33787, Page 233;

    f.  Claim of Lien in favor of John Abell Corporation, recorded in Book 33819, Page 671;

    g.  Claim of Lien in favor of Custom Air Ventilation and Heating of South Florida LLC d/b/a CAVH of South Florida, recorded in Book 33821, Page 4867;

    h.  Claim of Lien in favor of Bond Plumbing Supply Inc., recorded in Book 33842, Page 2523;

    i.  Claim of Lien in favor of Banner Supply Co., recorded in Book 33900, Page 2535;

j.  Notice of Lis Pendens recorded in Book 33916, Page 2661 relating to Case No. 2022-024051-CA-01, styled CWL-CH, LLC, a Florida limited liability company; ASJAIA, LLC, a Florida limited liability company and Vieden Grove OZ, LLC, a Florida limited liability company v. Urbin, LLC, a Florida limited liability company and Rishi Kapoor;

k.  Claim of Lien in favor of Paramount Finishes, LLC, recorded in Book 33776, Page 3920;

l.  Claim of Lien in favor of Foundation Building Materials, LLC, recorded in Book 33779, Page 4243;

m.  Claim of Lien in favor of Paredes Architects, Inc., recorded in Book 33781, Page 429;

n.  Claim of Lien in favor of Winmar Construction, Inc., recorded in Book 33783, Page 2927;

o.  Claim of Lien in favor of Winmar Construction, Inc., recorded in Book 33787, Page 1997;

p.  Claim of Lien in favor of Pronto Waste Service Inc., recorded in Book 33799, Page 4708;

q.  Claim of Lien in favor of AM Studio Design, LLC, recorded in Book 33808, Page 2787;

r.  Claim of Lien in favor of Metropolitan Plumbing, Inc., recorded in Book 33812, Page 1905;

s.  Notice of Lis Pendens recorded in Book 33816, Page 3155 relating to Case No. 2023-020110-CA-01, styled Paramount Finishes, LLC v. Urbin Commodore Residential SPE, LLC;

t.  Claim of Lien in favor of Next Plumbing Supply, Inc., recorded in Book 33825, Page 453;

u.  Claim of Lien in favor of Integrated Cooling Solutions, LLC, recorded in Book 33953, Page 1621;

v.  Notice of Lis Pendens recorded in Book 33980, Page 2642 relating to Case No. 2023-170967-CC-25, styled Banner Supply Co. v. Urbin Commodore Residential SPE, LLC;

w.  Notice of Lis Pendens recorded in Book 34088, Page 1998 relating to Case No. 2024-002376-CA-01, styled Foundation Building Materials, LLC, et al v. Urbin Commodore Residential SPE, LLC, a Florida limited liability company;

x.  Claim of Lien in favor of Parades Architects, Inc., recorded in Book 33781, Page 443;

y.  Claim of Lien in favor of Graef-USA Inc., recorded in Book 33850, Page 4608;

z.  Notice of Lis Pendens recorded in Book 33916, Pages 2671, 2680, 2618, 2581 relating to Case No. 2022-024051-CA-01, styled CWL-CH, LLC, a Florida limited liability company, et al, v. Urbin LLC, a Florida limited liability company and Rishi Kapoor;

aa. Claim of Lien in favor of Graef-USA, Inc., recorded in Book 33850, Page 4607;

bb. All liens and assessments asserted by the Commodore Centre Condominium Association, Inc., and all maintenance assessments, special assessments, late fees, and other amounts that may be asserted by Commodore Centre Condominium Association, Inc., as a lien or a claim; and

cc. Claim of Lien in favor of Mohamed Moussa, Antonio Tettamanzi and MMA LLC, recorded in Book 34445, Pages 1201-1203.

7.  Except for the Halpern Parties' mortgages and liens relating to real estate taxes that remain unpaid as of Closing, and except as otherwise expressly provided in this Order, including Paragraph 9 below, upon Closing of the sale, all liens, claims and encumbrances against the Commodore Properties shall be canceled and no longer enforceable as against the Commodore Properties so that the Commodore Properties will be transferred free and clear to the Buyer as described herein. All liens existing against the Commodore Properties prior to Closing, including, but not limited to the liens described in the Motion and those asserted through the Closing Date, are not extinguished and will be transferred to and attach to the net

sale proceeds (if any), with the same priority, extent and validity as they had under applicable law prior to the Receivership.  In the interest of clarity, the *Lis Pendens* noted above shall be dissolved as to the Commodore Properties. After Closing, at the request of Buyer, any such lienholder shall execute a release of lien or file a termination statement, as applicable, with respect to the Commodore Properties in recordable form.

8.     The Buyer acknowledges and agrees that it is accepting the Commodore Properties "as is, where is, with all faults," including without limitation any and all defaults or other unperformed obligations of the Commodore Companies under the Leasehold Interests arising prior to and up through the date of the Closing of the sale, it being expressly understood that such acceptance does not, and shall not be deemed to, absolve, cure, waive, remove, or otherwise affect any defaults, liabilities, or obligations under the 3138/3120 Ground Leases, all of which remain continuing, outstanding, and fully enforceable post-Closing against the Buyer as set forth in Paragraph 9 below.

9.     The transfer of the Commodore Properties to the Buyer pursuant to the Back-Up Contract, with such transfer of the ground leases for 3138 Commodore Plaza, Miami, FL 33133 and 3120 Commodore Plaza, Miami, FL 33133 (together, the "3138/3120 Ground Leases") being implemented by the Receiver's execution and delivery of the Assignment of Leases appended to the Back-Up Contract as Exhibit D, does not require any consents other than as specifically provided for in the Back-Up Contract and constitutes a legal, valid, and effective transfer of the Commodore Properties and shall vest the Buyer with all right, title and interest of the

Commodore Companies in and to the Commodore Properties free and clear of all liens, claims and encumbrances of any kind or nature whatsoever, except as otherwise provided herein and subject to the continuing existence of all defaults and liabilities under the 3138/3120 Ground Leases. The Receiver is not required under the Back-Up Contract to obtain any approval or consent by any person to transfer the Commodore Properties. The 3138/3120 Ground Lessors assert that additional monetary defaults under the 3138/3120 Ground Leases remain outstanding, including, but not limited to, accrued and accruing default interest, accrued and accruing attorney's fees and costs, unpaid operational items, fines, or expenses (e.g., the Miami-Dade Water and Sewer backflow test and related monetary fines), and unpaid ad valorem taxes. The Ground Lessors further assert that non-monetary defaults, including those arising from the unsafe structure on the Premises, have not been cured. Notwithstanding anything to the contrary stated in this Order or the Back-Up Contract, as set forth in Paragraph 8 of the Back-Up Contract, the sale contemplated in the Back-Up Contract does not and shall not be deemed to absolve, cure, waive, remove, remedy, or otherwise affect any existing defaults or potential liabilities under the 3138/3120 Ground Leases related to the Leasehold Interests, and will not be free and clear of any claims, liens, and encumbrances against the Real Estate related to the Leasehold Interests that are owned by the 3138/3120 Ground Lessors, and any leasehold defaults or obligations shall remain the responsibility of the Buyer upon acquisition of the Leasehold Interests (including obtaining consents from the landlords (i.e., the 3138/3120 Ground Lessors) and addressing any obligations of Seller or liabilities and defaults

18

that may exist under the 3138/3120 Ground Leases related to the Leasehold Interests). The transfer of the Commodore Properties is expressly subject to and conditioned upon the continuing existence of all such defaults and liabilities, and the sale shall not constitute or be construed as a release, satisfaction, or novation thereof. The 3138/3120 Ground Lessors have not consented to the Buyer's assumption of the 3138/3120 Ground Leases. Nothing in this Order shall be deemed to modify or alter the provisions of the 3138/3120 Ground Leases, and the mere payment of rent due and owing does not absolve issues of default interest thereon, or any other outstanding amounts or other defaults.

10.     Nothing in this Order shall alter the relief set forth in the Agreed Order Denying Without Prejudice Ground Lessors' Stay Relief Motion. ECF No. [335].

11.     Any licensed title insurer and the Buyer are authorized to rely on this Order as authorizing the transfer of legal title to the Commodore Properties to Buyer free and clear of all liens, claims and encumbrances, except as set forth in this Order.

12.     The Receiver is authorized to take any and all actions reasonably necessary to consummate the sale of the Commodore Properties including, but not limited to, executing receiver's deed(s), title affidavit(s), assignment(s) of lease and closing statements reasonably required to consummate the sale of the Commodore Properties in accordance with the terms of the Back-Up Contract.

13.     This Order shall be binding upon the Receiver, the Commodore Companies, and all other parties with an interest in the Commodore Properties, and each of their successors and assigns and any affected third-parties, and all other persons and entities, including, without limitation, all filing agents, filing officers, title agents,

title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law or by the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to the Commodore Properties. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Back-Up Contract, including, without limitation, documents and instruments for recording in any governmental agency or department required to transfer the Commodore Properties to the Buyer and all licenses under the Commodore Companies' ownership necessary for the operation of any of the Commodore Properties, if any, and the county and state offices wherein terminations statements under the Uniform Commercial Code are authorized to be filed.

14.     The Receiver is authorized to pay at Closing from the Closing proceeds: the seller's closing costs specified in the Back-Up Contract, and the $800,000 carveout payment to the Receivership Estate for the benefit of the Receivership Estate. The carveout funds will be free and clear of any liens, claims and encumbrances, and will constitute an unencumbered asset of the Receivership Estate.

15.     The City of Miami's Notice of Unsafe Structure Violation recorded in Book 33659, Page 769 of the Public Records of Miami-Dade County, Florida Notice of Unsafe Structure Violation recorded in Book 33775, Page 3743 of the Public Records of

Miami-Dade County, Florida, Notice of Unsafe Structure Violation recorded in Book 34676, Page 1848 of the Public Records of Miami-Dade County, Florida, Notice of Unsafe Structure Violation recorded in Book 34801, Page 161 of the Public Records of Miami-Dade County, Florida, and Unsafe Structure Notice of Violation dated April 18, 2025 directed to "3162 COMMODORE PLZ, Bldg.," and any liens that may arise thereunder for costs incurred and/or in the event the City of Miami incurs further costs, including to demolish the structures to remedy the violations, remain pending and the Commodore Properties are not being sold free and clear of such liens.

16.    As provided for in section 9 (xvi) of the Back-Up Contract, the Buyer is taking subject to any interest of Grouper Financial, Inc. in the real property located at 3170 Commodore Plaza or 3166 Commodore Plaza as set forth in the Memorandum of Agreement dated January 31, 2022, recorded February 3, 2022 in Book 32999, at Page 4889 of the Public Records of Miami-Dade County, Florida.

**DONE AND ORDERED** in Miami, Florida this ____ day of _____, 2025.


_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT A1

Condominium Units Nos. 1C, 1I, 1J, 1K, 3A, 3B, 3C, and 3D, of THE COMMODORE CENTRE, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 12761, at Page 2219, as Amended and Restated by Amended and Restated Declaration of Condominium of THE COMMODORE CENTRE, a Condominium recorded in Official Records Book 33689, Page 1079, of the Public Records of Miami-Dade County, Florida.

Condominium Units Nos. 401, 402, 403, 404, 405, 406, 407 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 501, 502, 503, 504, 601, 602, 603, 604, 605, 606 (formerly designated collectively as 4A, 4B, 4C, 4D, 4E, 4F, 4G, 4H, 5A, 5B, 5C, 5D, 5E, 5F, 6A, 6B, 6C, 6D, 6E, 6F and 6H); of THE COMMODORE CENTRE, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 12761, at Page 2219, as amended and restated by Amended and Restated Declaration of Condominium of THE COMMODORE CENTRE, a Condominium recorded in Official Book 33689, Page 1079 of the Public Records of Miami-Dade County, Florida.

NOTE:  Above units located at 3162 Commodore Plaza, Miami, Florida 33133 are owned by Urbin Commodore Residential SPE, LLC

EXHIBIT A2

Lots 6 and 36, Block 1, of IRVING J. THOMAS COMPANY'S SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 18, Page 25, of the Public Records of Miami-Dade County, Florida.

LESS AND EXCEPT THEREFROM that portion of Lot 36 conveyed to the City of Miami for street and/or sidewalk purposes pursuant to that Deed recorded in Deed Book 4236, Page 289, of the Public Records of Miami-Dade County, Florida, described as follows:

Beginning at the most Southerly corner of Lot 36, in Block 1, of IRVING J. THOMAS COMPANY'S SUBDIVISION (also known as COMMODORE PLAZA), according to the Plat thereof, as recorded in Plat Book 18, Page 25, of the Public Records of Miami-Dade County, Florida; thence run North along the West line of said COMMODORE PLAZA for a distance of 17.0 feet to a point; thence run South 28°35' East for a distance of 12.54 feet more or less to a point on the Southeast line of said Lot 36; thence run Southwesterly along the Southeast line of said Lot 36 for a distance of 8.48 feet to the Point of Beginning.

NOTE:  Above real property located at 3170 Commodore Plaza, Miami, Florida 33133 is owned by Urbin Commodore Residential II SPE, LLC

EXHIBIT A3

Lessee's interest in that certain Ground Lease dated December 31, 2019 by and between Dharma Studio, Inc., as Lessor and Grouper Financial, Inc, , as Lessee for the leased premises located at 3166 Commodore Plaza, Miami, FL 33133, as amended by Amendment to Commercial Real Property Lease dated April 1, 2020, as memorialized in that certain Memorandum of Ground Lease dated May 7, 2020 recorded in Official Records Book 31982, Page 556, as assigned to Urbin Commodore Restaurant SPE, LLC as, as Lessee, by virtue of assignment of lease dated January 31, 2022, as further memorialized in by Amended Memorandum of Ground Lease dated January 31, 2022, recorded in February 3, 2022 in Official records Book 32999, at Page 4877 and as affected by Memorandum of Agreement dated January 31, 2022, recorded in OR Book 32999, at Page 4889 of the Public Records of Miami-Dade County, Florida (the "3166 Ground Lease"), which 3166 Ground Lease affects the Land legally described as:

Lots 7 and 35, in Block 1, of IRVING J. THOMAS COMPANY'S SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 18, at Page 25, of the Public Records of Miami-Dade County, Florida.

LESS AND EXCEPT THEREFROM that portion of Lot 35 conveyed to the City of Miami for street and/or sidewalk purposes pursuant to that Deed recorded in Deed Book 4236, Page 283, of the Public Records of Miami-Dade County, Florida, described as follows:

Beginning at the most Southerly corner of Lot 35, in Block 1, of IRVING J. THOMAS COMPANY'S SUBDIVISION (also known as COMMODORE PLAZA), according to the Plat thereof, as recorded in Plat Book 18, at Page 25, of the Public Records of Miami-Dade County, Florida; thence run North 45° West along the Southwesterly boundary of said IRVING J. THOMAS COMPANY'S SUBDIVISION for a distance of 18.75 feet to a point on the West line of said IRVING J. THOMAS COMPANY'S SUBDIVISION; thence run North for a distance of 8.66 feet more or less to the intersection of the Northwesterly line of said Lot 35; thence run Northeasterly along the Northwest line of said Lot 35 for a distance of 8.48 feet to a point; thence run South 28°35' East for a distance of 26.06 feet more or less to a point on the Southeasterly line of said Lot 35; thence run Southwesterly along the Southeasterly line of said Lot 35 for a distance of 7.37 feet to the point of beginning.

NOTE: Above real property located at 3166 Commodore Plaza, Miami, FL 33133 is owned by Dharma Studio, Inc. & Urbin Commodore Residential II SPE, LLC has a leasehold interest.

EXHIBIT A4

Lessee's interest in that certain Ground Lease dated September 28, 2018 by and between TB 3138 Commodore Investments, LLC, as Lessor and Urbin Commodore SPE, LLC, as Lessee for the leased premises located at 3138 Commodore Plaza, Miami, FL 33133, as memorialized in that Certain Memorandum of Ground Lease dated September 28, 2018 recorded in Official Records Book 31162, Page 4299 of the Public Records of Miami-Dade County, Florida (the "3138 Ground Lease"), which 3138 Ground Lease affects the Land legally described as:

Lots 13, 14, 15, 27, 28 and 29, Block 1, of IRVING J. THOMAS COMPANY'S SUBDIVISION (ALSO KNOWN AS COMMODORE PLAZA), according to the Plat thereof, as recorded in Plat Book 18, Page 25, of the Public Records of Miami-Dade County, Florida.

NOTE:  Above real property located at 3138 Commodore Plaza, Miami, FL  33133 is owned by TB 3138 Commodore Investments LLC & Urbin Commodore SPE, LLC has a leasehold interest.

EXHIBIT A5

Lessee's interest in that certain Ground Lease dated June 28, 2019, by and between TB 3120 Commodore Investments, LLC, as Lessor and Urbin Commodore Restaurant SPE, LLC, as Lessee for the leased premises located at 3120 Commodore Plaza, Miami, FL 33133, as memorialized in that certain Memorandum of Ground Lease dated June 28, 2019 recorded in OR Book 31510, at Page 489 of the Public Records of Miami-Dade County, Florida demising the following(the "3120 Ground Lease"), which 3120 Ground Lease affects the Land legally described as:

Lots 12 and 30, Block 1, IRVING J. THOMAS COMPANY'S SUBDIVISION (ALSO KNOWN AS COMMODORE PLAZA), according to the map or plat thereof, as recorded in Plat Book 18, Page(s) 25, of the Public Records of Miami-Dade County, Florida.

NOTE:  Above real property located at 3120 Commodore Plaza, Miami, FL  33133 is owned by TB 3120 Commodore Investments LLC & Urbin Commodore Restaurant SPE, LLC has a leasehold interest.