UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-24903-CIV-JB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RISHI KAPOOR, et al.,

    Defendants.

_____/

**RECEIVER'S MOTION TO APPROVE THIRD PARTY LITIGATION
PROCEDURES AND CONTINGENCY FEE ARRANGEMENT**

Bernice C. Lee, as the Court-appointed Receiver ("Receiver") over the Receivership Companies[1] hereby moves for entry of an Order approving procedures for additional third-party litigation and a related contingency fee arrangement.

**BACKGROUND**

**A. The SEC Action and Receivership Order**

1. On December 27, 2023, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief against Rishi Kapoor ("Kapoor") and the Receivership Companies [DE 14-1] alleging that Kapoor used the Receivership Companies to operate a real estate scheme in violation of the anti-fraud provisions of the federal securities law raising approximately $93

---

[1] The Receivership Companies include: Location Ventures, LLC, URBIN, LLC, Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

1

million from more than 50 investors from January 2018 through March 2023.

2. On January 5, 2024, the SEC filed an Expedited Motion for Appointment of Receiver, Asset Freeze, and Other Related Relief Against the Company Defendants and Memorandum of Law (the "Receiver Motion") [DE 16] seeking the appointment of a receiver to inter alia administer the Receivership Companies' assets.

3. On January 12, 2024, the Court entered an Order granting the Receiver Motion (the "Receivership Order") [DE 28], which appointed Bernice C. Lee as receiver "for the estate of the Receivership Companies, including any of [their] divisions, subsidiaries, affiliates, successors, and assigns; and any fictitious business entities or business names created or used by the Receivership Companies, their divisions, subsidiaries, affiliates, successors, and assigns." Receiver. Order ¶ 2.

4. The Receivership Order defines "Receivership Property" and "Receivership Estate" as including "all property interests . . . of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly." See ¶ 7.A.

5. Since her appointment, the Receiver has been focused on administering several real property developments to maximize the value of these assets and reduce mortgage lender claims. Additionally, the Receiver and her forensic accountants have been investigating several transactions involving third parties and potential third-party claims.

**B. Additional Third-Party Litigation and Proposed Settlement Procedures.**

6. The Receivership Order authorizes and directs the Receiver to bring legal actions as the Receiver deems necessary or appropriate in discharging her duties. *See* Receivership Order, ¶ 7.I. Leave of court, however, is required to commence certain litigation. *See id.* ¶ 26.

7. Paragraph 26 of the Receivership Order provides that the following proceedings are stayed until further Order of the Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in her capacity as Receiver; (b) any Receivership Property, wherever located; (c) the Receivership Defendants, including subsidiaries and partnerships; or (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

*Id*.

8.  Paragraph 28 further provides in part that "as to a cause of action accrued or accruing in favor of the Receivership Defendants against a third person or party, any applicable statute of limitations is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action." *Id*. at ¶ 28.

9.  Paragraph 36 of Receivership Order states:

> Subject to the requirement, in Section VIII above, that leave of Court is required to resume or commence certain litigation, the Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in her discretion, and in consultation with Plaintiff's counsel, be advisable or proper to recover and/or conserve Receivership Property.

*See id*. ¶ 36.

10. Paragraph 37 of the Receivership Order further states:

> Subject to her obligation to expend Receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of Court) institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from the Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to counsel for Plaintiff before commencing investigations and/or actions.

*See id*. ¶ 37.

11. The Receiver has investigated, and will continue to investigate, claims that can be brought against third parties who received funds from the Receivership Entities that may be recoverable as fraudulent transfers, or based on other claims and remedies, such as unjust enrichment and/or constructive trust (each an "Additional Third-Party Claim" and collectively the "Additional Third-Party Claims").

12. With appropriate leave of Court, the Receiver is authorized and empowered to prosecute and compromise actions or proceedings. Additionally, she may settle claims according to her best business judgment without further leave of Court or additional notice. *Id*. at ¶¶ 31, 36. Consistent with the Receivership Order, and in order to prosecute, and potentially compromise, the Additional Third-Party Claims in an efficient and cost-effective manner, the Receiver proposes the following procedures:

> a. The Receiver, in her discretion, may: (i) issue demand letters to any individuals and entities against whom the Receiver has Additional Third-Party Claims in which the Receiver will offer to settle such claims for the repayment of liability, and not seek prejudgment interest; (ii) initiate litigation against defendants of Additional Third-Party Claims, with or without having issued demand letters to the defendants, which lawsuits will set forth the full amount of liability against each defendant as well as other available relief including, but not limited to, attorneys' fees and costs, prejudgment interest and/or postjudgment interest; and (iii) settle any Additional Third-Party Claim prior to or after issuing a demand letter or filing a lawsuit, and take into account any relevant factor, including collectability, which will be subject to proof and documentation satisfactory to the Receiver.

b. In the event the Receiver settles any Additional Third-Party Claim for which the Receiver's asserted claim is $200,000 or less, the Receiver is authorized to settle such claim and enter into, and perform under, a settlement agreement, and no further court approval will be required.

c. In the event the Receiver settles any Additional Third-Party Claim for which the Receiver's asserted claim is greater than $200,000, the Receiver is permitted to receive settlement funds upon the settling party's execution of the settlement agreement, hold such funds pending Court approval, and seek court approval after receipt of such funds.

Further, to minimize expenses associated with Additional Third-Party Claim lawsuits filed in this District, the Receiver will request that they be managed and adjudicated by this Court, who is familiar with the underlying facts. The Receiver believes this will maximize efficiency, prevent unnecessary duplication of judicial labor, and avoid inconsistent rulings which could potentially lead to disparate treatment of similarly situated prospective defendants. Accordingly, the Receiver will include the above-referenced case as a related case in the civil cover sheets and as needed, file a notice of similar action or, if necessary, a motion to transfer, so as to ensure that all additional Third-Party Claim lawsuits are transferred to this Court.

13. The Receiver's objective in pursuing Additional Third-Party Claims is to maximize the net recovery to the receivership estate. The Receiver will use her business judgment in pursuing such claims, and remains focused on the objective of maximizing recovery. This may include seeking exceptions to the procedures described above if warranted. The Receiver may request tolling agreements for statutes of limitation and statutes of repose. The Receiver, after consultation with the SEC, may also seek to engage counsel on a contingency basis to pursue the Additional

Third-Party Claims as discussed below.

### C. The Proposed Contingency Fee.

14.   Pursuant to court order, the Receiver hired the law firm of Kozyak Tropin & Throckmorton, LLP ("KTT") to represent her in the performance of her duties [DE 35]. The Receiver and her counsel agreed to substantial discounts from their usual hourly rates in connection with this engagement. The Receiver and her counsel are billing at reduced hourly rates of $250-$350, compared to usual hourly rates of $400-$1050.

15.   The Receiver, after consultation with the SEC, has determined it is in the estate's best interest to have counsel pursue the Additional Third-Party Claims on a contingency fee basis. The Receiver has conferred with KTT, which has agreed to handle the Additional Third-Party Claims on behalf of the receivership estate on a contingency fee basis. KTT has experience in handling these types of claims with favorable results, and the contingency fee arrangement will minimize administrative expense and risk to the receivership estate.

16.   The Receiver proposes that as a reasonable attorney's fee, KTT receive the following compensation (the "Contingency Fee Arrangement"):

   a.   27.5% of any gross recovery realized, generated, received or obtained on any Additional Third-Party Claim pre-suit;

   b.   30% of any gross recovery realized, generated, received or obtained on any Additional Third-Party Claim after filing suit but prior to the filing of an answer; and

   c.   33% of any gross recovery realized, generated, received or on an Additional Third-Party Claim after an answer is filed.

17.   In the event the Receiver settles any Additional Third-Party Claim for which the

Receiver's asserted claim is $200,000 or less, KTT would be authorized to receive its attorney's fees under the Contingency Fee Arrangement without further court approval, and KTT will report all recoveries and attorney's fees paid relating to such claims in its quarterly fee applications.

18. Requests for payment of a contingency fee for any Additional Third-Party Claim for which the Receiver's asserted claim is greater than $200,000 will be included in the respective motion to approve settlement of such claims or sought by other appropriate motion or application.

19. KTT will maintain a separate matter number or category in its billing records for all time expended in connection with the prosecution of the Additional Third-Party Claims.

20. The out-of-pocket expenses associated with all Additional Third-Party Claims, including but not limited to the cost of any expert witness(es) or other consulting fees and costs, will be reimbursed by the receivership estate following Court approval of the Receiver's application for such expenses.

21. The Receiver submits that the proposed modification of the terms of Receiver's counsel's employment is in the best interests of the receivership estate, victim investors, and other creditors, and will minimize the potential expense and risk to the receivership estate while incentivizing efficient recoveries of any Additional Third-Party Claims. As reflected in the Receiver's Seventh Interim Report [DE 468], as of September 30, 2025, the estate's cash on hand was $2,350,703.81.

## LEGAL ARGUMENT

**A. The Court Should Approve the Proposed Procedures for the Additional Third-Party Claims.**

22. "The district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted). "This discretion derives from the inherent powers of an equity court to fashion relief." *Id*. "[A]

7

district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). "A district judge supervising an equity receivership faces a myriad of complicated problems in dealing with the various parties and issues involved in administering the receivership." *Id*. at 1038. "Reasonable administrative procedures, crafted to deal with the complex circumstances of each case, will be upheld." *Id*. "A district judge simply cannot effectively and successfully supervise a receivership and protect the interests of its beneficiaries absent broad discretionary power." *Broadbent v. Advantage Software, Inc.*, 415 F. App'x 73, 78 (10th Cir. 2011). "[A]ny action by a trial court in supervising an equity receivership is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse." *Bendall v. Lancer Mgmt. Grp., LLC*, 523 F. App'x 554, 557 (11th Cir. 2013) (quoting *S.E.C. v. Safety Fin. Serv., Inc.,* 674 F.2d 368, 373 (5th Cir.1982)).

23. The Court's wide discretion includes considering and approving procedures to recover improper transfers and other claims for the benefit of the receivership estate. Several district courts in Florida have approved a receiver's proposed procedures for third party claims. *See, e.g., S.E.C. v. Kinetic Investment Group, LLC, et al*, Case No. 20-cv-00394-MSS-SPF, DE 181 (M.D. Fla. Feb. 24, 2021) (granting receiver's motion to approve procedure to issue pre-suit demand letters and prosecute and compromise claims); *S.E.C. v. TCA Fund Management Group Corp., et al*, Case No. 20-cv-21964-CMA, DE 226 (S.D. Fla. April 8, 2022) (authorizing receiver to pursue collection of certain defendants and approving proposed process for demand letters and prosecution and settlement of claims); *C.F.T.C. v. Oasis International Group, Limited, et al*., Case No. 19-cv-00886-VMC-SPF, DE 247 (M.D. Fla. 2020) (approving receiver's pre-suit demand and settlement procedure); S.*E.C. v. MJ Capital Funding, et al*, Case No. 21-61644-AHS (S.D. Fla.

2023) (approving receiver's pre-suit demand and settlement procedure).

24. The Receiver has administered over $50 million dollars of real property since the inception of the receivership. At this point in the receivership, the Receiver anticipates she will be able to proceed with issuing demand letters and/or filing lawsuits against anticipated defendants of the Additional Third-Party Claims.

25. The Receiver's paramount priority is to identify assets that can be efficiently recovered for the benefit of the receivership estate. She believes the proposed procedures described in the Motion provide an efficient and cost-effective method to further this goal with respect to the Additional Third-Party Claims. The Receiver submits that equity would not be served if recipients of improper payments and others who received funds without providing adequate value are permitted to retain recoverable transfers.

**B. The Court Should Approve the Proposed Contingency Fee Arrangement.**

26. As discussed above, "the district court has broad powers and wide discretion to determine relief in an equity receivership[,]" including with respect to approving fee structures and awarding compensation and reimbursement of expenses incurred by the receiver in the performance of her duties. *Elliott*, 953 F.2d at 1566. Further, Chief Judge Altonaga has approved the same tiered contingency fee arrangement for receiver's counsel in *S.E.C. v. TCA Fund Management Group Corp. See* Case No. 20-cv-21964-CMA, DE 156 (S.D. Fla. June 21, 2021), and Judge Singhal has approved the same for receiver's counsel in *S.E.C. v. MJ Capital Funding, et al*, Case No. 21-61644-AHS (S.D. Fla. Feb. 2, 2023).

27. The Receiver has determined it is in the best interest of the receivership estate to engage KTT on a contingency fee basis to pursue the Additional Third-Party Claims. Prosecuting these claims on an hourly basis could potentially deplete the receivership estate's funds that might

9

otherwise be used for distributions, and the proposed fee arrangement shifts the risk away from the receivership estate. The SEC does not object to the Contingency Fee Arrangement set forth above.

**WHEREFORE**, the Receiver respectfully requests that the Court enter an order granting the Motion substantially in the same form as the proposed order attached hereto as **Exhibit A**: (a) granting the Motion; (b) authorizing leave of Court for the Receiver to pursue the Additional Third-Party Claims; (c) approving the proposed procedures for the Additional Third-Party Claims described herein; (d) approving the Contingency Fee Arrangement, payment procedures and related relief for litigation expenses described herein; and (e) granting the Receiver such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ *Bernice C. Lee*
Bernice C. Lee
*Receiver for the Receivership Entities*
Email: blee@kttlaw.com
Florida Bar No. 0073535

 - and -

KOZYAK TROPIN & THROCKMORTON, LLP
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800 / Fax: (305) 372-3508
Benjamin J. Widlanski
Florida Bar No. 1010644
Email: bwidlanski@kttlaw.com
David L. Rosendorf
Florida Bar No. 996823
Email: dlr@kttlaw.com

*Attorneys for Bernice C. Lee, Receiver for Receivership Entities*

## CERTIFICATION OF CONFERENCE WITH COUNSEL

Receiver's counsel has conferred with counsel for the SEC and for Mr. Kapoor. The SEC does not oppose this motion. Mr. Kapoor may, or may not, oppose the motion, but has not consented.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 23rd day of December, 2025 via CM/ECF upon all counsel of record.

By: /s/ *Bernice C. Lee*
    Bernice C. Lee