UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-24903-CIV-JB

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RISHI KAPOOR, et al.,

Defendants.

_____/

**MEMBERS OF URBIN COCONUT
GROVE PARTNERS, LLC'S RESPONSE IN
OPPOSITION TO RECEIVER'S MOTION TO APPROVE THIRD PARTY
LITIGATION PROCEDURES AND CONTINGENCY FEE ARRANGEMENT**

NOW COME CWL-CH, LLC ("CWL-CH"), ASJAIA, LLC ("ASJAIA"), and VIEDEN GROVE OZ, LLC ("VIEDEN GROVE OZ") (jointly and severally referred to hereafter as the "CG Investors"),[1] and file this response in opposition to the Receiver's motion to approve procedures for additional third-party litigation and a related contingency fee arrangement [D.E. 490], and state:

**INTRODUCTION**

The CG Investors are innocent victims of the fraud that was perpetrated by Defendant Kapoor. Before the Securities and Exchanges Commission filed its Complaint in the present

---

[1] The CG Investors and the undersigned counsel have appeared for the limited purpose of seeking relief from this Court's stay and to object to the sale of the Commodore Properties. The CG Investors do not concede that this Court has jurisdiction over the liens that they have asserted in the Commodore Properties.



201 Alhambra Circle, Suite 1060, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

Case 1:23-cv-24903-JB   Document 496   Entered on FLSD Docket 01/06/2026   Page 2 of 9

CG Investors' Response in Opposition to Receiver's Motion to
Approve Third Party Litigation Procedures, etc. [D.E.490]
S.E.C. vs. Kapoor, et al.
Case No. 23-24903-CIV-JB
Page 2 of 9

litigation, the CG Investors were prosecuting their claims against Defendants Kapoor and Urbin LLC in state court. *See CWL-CH LLC, et al. vs. Kapoor, et al.*, Miami-Dade Circuit Court Case No. 2022-024051-CA-01 (hereafter, the "State Court Case"). During that litigation, on October 5, 2023, the CG Investors filed certain Notices of Lis Pendens in the Public Records of Miami-Dade County (the "Commodore NLPs"). The CG Investors intend to pursue their claims against the persons and entities that are named in the proposed amended complaint, including the Halpern Parties. Nevertheless, because of the stay imposed in the Receivership Order, the CG Investors are precluded from seeking relief in the State Court Case.

Now, the Receiver has filed a motion seeking authority to hire her firm as contingent fee counsel to pursue unspecified claims against unspecified third parties.[2] But that request is rife with glaring conflicts of interest, and the motion fails to provide this Court with any details regarding the claims that would be covered by this authorization. Thus, this Court has no basis for determining whether the proposed contingent fee arrangement is warranted, or whether an hourly fee arrangement would yield a better return to the Receivership Estate.

Furthermore, the Receiver has not provided any basis for this Court to determine whether it would be more appropriate for another lawyer to pursue the third-party claims in question on behalf of the receivership estate. Likewise, nothing in the Receiver's proposed arrangement distinguishes state court claims from federal court claims, which distinction might warrant a

---

[2] From the Receiver's motion, the CG Investors cannot determine whether there is any overlap between the "Additional Third-Party Claim[s]," and the claims the CG Investors pursued in state court before the Receiver was appointed.

Case 1:23-cv-24903-JB   Document 496   Entered on FLSD Docket 01/06/2026   Page 3 of 9

CG Investors' Response in Opposition to Receiver's Motion to
Approve Third Party Litigation Procedures, etc. [D.E.490]
S.E.C. vs. Kapoor, et al.
Case No. 23-24903-CIV-JB
Page 3 of 9

different fee arrangement.[3]

For these and other reasons, the CG Investors respectfully request that this Court deny the Receiver's Motion and reject her Proposed Order.

## ARGUMENT

### A. The Court Should Outright Reject the Receiver's Request to Hire her Law Firm on a Contingency Basis Because it is a Glaring Conflict of Interest

The Receiver's request to hire her own law firm on a contingency basis is a glaring conflict of interest. At its heart, an attorney taking a case on a contingency basis is betting that he or she can obtain a result greater than the amount that he or she would earn on an hourly basis. At the same time, the client is making the opposite bet—that the amount the attorney will recover will be less than the amount he or she would have paid the attorney on an hourly basis. Naturally, one cannot reasonably take both sides of the bet—but that is what the Receiver asks the Court to permit it her to do by hiring her own law firm on a contingency basis.

Here, the Receiver represents the Receivership and is duty bound to get the best deal for the Receivership. *Jackson v. Smith,* 254 U.S. 586, 588, 41 S. Ct. 200, 201 (1921); *Phelan v. Middle States Oil Corp.,* 220 F.2d 593, 603 (2d Cir. 1955) ("A receiver has the 'affirmative duty to endeavor to realize the largest possible amount' for the assets of the estate."). Thus, as the "client," the Receiver should only enter a contingency fee arrangement if she believes that the attorney's award would be less than it would cost to hire the attorney on an hourly basis. Yet, at the same time, she proposes to hire her own law firm to take the opposite side of the bet—that the attorney award under a

---

[3] The Receiver's Motion seems to assume that this Court's "Related Case" Procedures will lead to any further cases being assigned to Judge Becerra. However, the motion does not consider the possibility that federal jurisdiction will not be found as to one or more of future cases.

Case 1:23-cv-24903-JB   Document 496   Entered on FLSD Docket 01/06/2026   Page 4 of 9

CG Investors' Response in Opposition to Receiver's Motion to
Approve Third Party Litigation Procedures, etc. [D.E.490]
S.E.C. vs. Kapoor, et al.
Case No. 23-24903-CIV-JB
Page 4 of 9

contingency fee agreement would be more than the hourly fees. This is an untenable position, and there are abundant opportunities for mischief.

For example, the Receiver is the sole person that gets to choose which entities to pursue for a recovery. Being on both sides of the bet, she can easily choose to hire her law firm to pursue cases where the expected contingency payout is large in comparison to the amount of expected work—and then simply choose not to pursue cases where the expected contingency payout is expected to be less than the expected work.

Courts have consistently recognized the risks and potential conflicts where a receiver seeks to obtain further business from his receivership. *See e.g., Phelan v. Middle States Oil Corp* 220 F.2d 593, 603 (2d Cir. 1955). Of course, this conflict would not be present if the Receiver were to hire a firm other than her own, and the best practice would be for the Court to require this Receiver to refrain from hiring her own firm. Further, the Court should appoint a committee of creditors to participate in all decisions associated with the litigation that the Receiver contemplates in her motion. Such committee should be empowered to receive all information related to the litigation and settlement of such claims.

> B. The Court Should Deny the Receiver's Request for Authority to Pay Contingent Fees to Her Firm Without Further Court Review and Approval

Even if the Court were to approve the arrangement where the Receiver is permitted to hire her own law firm (it should not), that arrangement must be under full Court supervision. Yet, in the proposed order that accompanies her motion, the Receiver requests the following authorization:

> The Receiver may engage Kozyak Tropin & Throckmorton, LLP ("KTT") as counsel under the Contingency Fee Arrangement described and defined in the Motion. In the event the Receiver settles any Additional Third-Party Claim for which the Receiver's asserted claim is $200,000 or less, **KTT is authorized to receive its attorney's fees under the Contingency Fee Arrangement <u>without</u>**



Case 1:23-cv-24903-JB   Document 496   Entered on FLSD Docket 01/06/2026   Page 5 of 9

*CG Investors' Response in Opposition to Receiver's Motion to*
*Approve Third Party Litigation Procedures, etc. [D.E.490]*
*S.E.C. vs. Kapoor, et al.*
*Case No. 23-24903-CIV-JB*
*Page 5 of 9*

> *further court approval,* and KTT will report all recoveries and attorney's fees paid relating to such claims in its quarterly fee applications.

See D.E. 490-1, ¶ 3 (emphasis added). Such a request is plainly improper.

As the U.S. Supreme Court has observed:

> **Contingent fees, though problematic, particularly when not exposed to court review**, are common in the United States in many settings. Such fees, perhaps most visible in tort litigation, are also used in, e.g., patent litigation, real estate tax appeals, mergers and acquisitions, and public offerings. *See* ABA Formal Opinion 94-389, ABA/BNA Lawyers' Manual On Professional Conduct 1001:248, 1001:250 (1994). *But see id.*, at 1001:248, n. 3 (quoting observation that controls on contingent fees are needed to "reduce financial incentives that encourage lawyers to file unnecessary, unwarranted[,] and unmeritorious suits" (internal quotation marks omitted)).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 803-04, 122 S. Ct. 1817, 1826 (2002) (emphasis added). The *Gisbrecht* decision arose in the context of statutorily-authorized contingency fees in Social Security cases. Nevertheless, its teaching on the need for judicial controls on contingent fee arrangements clearly applies in the present context. In that regard:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.
>
> ***
>
> If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order. See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d at 372 (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See *Rodriquez*, 865 F.2d at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S. Ct. at 1828-29.



Case 1:23-cv-24903-JB   Document 496   Entered on FLSD Docket 01/06/2026   Page 6 of 9

*CG Investors' Response in Opposition to Receiver's Motion to*
*Approve Third Party Litigation Procedures, etc. [D.E.490]*
*S.E.C. vs. Kapoor, et al.*
*Case No. 23-24903-CIV-JB*
*Page 6 of 9*

Here, for at least one class of fee arrangements, the Receiver proposes that she be allowed to make payments to her own firm that would not be subject to this Court's further authorization or review. Such an arrangement would completely ignore the *Gisbrecht* Court's reasoning and it would invite the Receiver to enrich her law firm at the expense of the receivership estate.

For example, were the Receiver to get her way, her firm could enjoy multiple paydays, each in the amount of up to $66,663.33, without further review by or approval of this Court. Those payments could be made even if the Receiver and her firm spent less than a few hours on the matter that gave rise to such a payment. Likewise, even if the Receiver's efforts to resolve a claim preceded the date of this Court's order, and those efforts have already produced a potential but undocumented resolution, her firm could receive a payment. Under these circumstances, most courts would find that any payment to the Receiver's firm would be unreasonable and not in the best interests of the receivership estate. This Court should find the same.

> C. The Court should Require the Receiver to Provide Further Details Regarding the Additional Third Party Claims to which the Contingent Fee Arrangements Would Apply

Even if the Court were to permit the Receiver to hire her own firm (it should not) and even if the Court were to permit the Receiver to pay her own firm a contingency fee without further Court oversight (again, it should not), the Court should, at a minimum, require the Receiver to provide additional information regarding the claims it intends to pursue. Equally as important, the Court must require the Receiver to provide a justification for why a contingency fee arrangement would be in the best interest of the Receivership.

Under Florida law, receiverships are a common law equitable remedy to prevent fraud, destruction or loss of property, or self-dealing. *See Granada Lakes Villas Condo. Ass'n, Inc. v. Metro-Dade Invs. Co.*, 125 So. 3d 756, 759-60 (Fla. 2013) (citing *Apalachicola N.R. Co. v. Sommers*, 79



Case 1:23-cv-24903-JB   Document 496   Entered on FLSD Docket 01/06/2026   Page 7 of 9

*CG Investors' Response in Opposition to Receiver's Motion to*
*Approve Third Party Litigation Procedures, etc. [D.E.490]*
*S.E.C. vs. Kapoor, et al.*
*Case No. 23-24903-CIV-JB*
*Page 7 of 9*

Fla. 816, 85 So. 361, 362 (Fla. 1920)). But the arrangement that the Receiver proposes creates doubt as to whether the Receiver is fulfilling her charge.

The case of *See Phelan v. Middle States Oil Corp.*, is instructive. 220 F.2d 593, 603 (2d Cir. 1955). There, Judge Learned Hand stated as follows:

> [A] receiver 'is 'bound to act fairly and openly with respect to every aspect of the proceedings before the court. * * * **The court, as well as all the interested parties,' have 'the right to expect that all its officers,' including the receiver, will not 'fail to reveal any pertinent information or use their official position for their own profit or to further the interests of themselves or any associates.'** A receiver has the 'affirmative duty to endeavor to realize the largest possible amount' for the assets of the estate. **If he has vital information which, if disclosed, might bring a better price for property * * * he must fully disclose** it 'prior to the sale when the prospects (are) greater for successful bargaining." It is with these principles in mind that we will consider what the record discloses as to both the faults charged against [the receiver].

220 F.2d at 605 (citations omitted and emphasis added). But here, the Receiver proposes to leave the Court and the other parties in the dark. She does not inform either of the number of individuals that she intends to pursue, the basis for the claims, the expected recovery, the expected effort or any other factor that would enable the Court or the parties to make a determination as to whether the Receiver is looking out for the best interests of the Receivership.

The Court must require the present Receiver to disclose on the record all information that relates to the disposition of the additional Third Party Claims. Failing this, the creditors will lack sufficient information to determine whether the Receiver has used her official position for her own profit or for the profit of her firm.

Finally, the Receiver seeks authorization to hire her own firm at this point, even though the record does not ensure that her firm has not previously represented any of the adverse parties. In the absence of such a search to confirm that no such additional conflicts exist, this Court cannot condone

Case 1:23-cv-24903-JB   Document 496   Entered on FLSD Docket 01/06/2026   Page 8 of 9

CG Investors' Response in Opposition to Receiver's Motion to
Approve Third Party Litigation Procedures, etc. [D.E.490]
S.E.C. vs. Kapoor, et al.
Case No. 23-24903-CIV-JB
Page 8 of 9

such an arrangement. *See After CFTC v. Eustace,* Nos. 05-2973, 06-1944, 2007 U.S. Dist. LEXIS 33137, at *36 (E.D. Pa. May 3, 2007).

## CONCLUSION

For the good reasons above, the CG Investors oppose the Receiver's motion and respectfully request that the Court deny it.

**WHEREFORE**, CWL-CH, LLC, ASJAIA, LLC, and VIEDEN GROVE OZ, LLC, respectfully pray that the Court deny the Receiver's Motion to Approve Third Party Litigation Procedures and Contingency Fee Arrangement, [D.E. 490], and grant the CG Investors such further relief as is just and proper.

Dated: January 6, 2026.    Respectfully submitted,

**BARAKAT + BOSSA, PLLC**
*Attorneys for CWL-CH, LLC, ASJAIA, LLC, and VIEDEN GROVE OZ, LLC*
201 Alhambra Circle, Suite 1060
Coral Gables, Florida 33134
Tel: (305) 444-3114
Fax: (305) 444-3115

By: */s/Brian Barakat*
**BRIAN BARAKAT**
Florida Bar Number 457220
barakat@b2b.legal
service@b2b.legal

By: */s/ Schneur Zalman Kass*
**SCHNEUR ZALMAN KASS**
Florida Bar Number 100554
zkass@b2b.legal
service@b2b.legal
cguzman@b2b.legal



Case 1:23-cv-24903-JB   Document 496   Entered on FLSD Docket 01/06/2026   Page 9 of 9

*CG Investors' Response in Opposition to Receiver's Motion to*
*Approve Third Party Litigation Procedures, etc. [D.E.490]*
*S.E.C. vs. Kapoor, et al.*
*Case No. 23-24903-CIV-JB*
*Page 9 of 9*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 6, 2026January 6, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/Brian Barakat*
    **BRIAN BARAKAT**

