**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-24903-CIV-JB**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

RISHI KAPOOR, et al.,

      Defendants.

_____/

## RECEIVER'S TENTH INTERIM REPORT

Bernice C. Lee, the Receiver (the "Receiver") appointed by the Court's Order [DE 28] ("Receivership Order") entered on January 12, 2024, submits her Tenth Interim Report for the period of April 1, 2026 through June 30, 2026 (the "Reporting Period").

**I.     Receiver's General Activities and Efforts in the Reporting Period**

**A.     Operations of the Receiver with Respect to the Properties**

This receivership involves twenty-two entities named as defendants[1] (collectively, the "Receivership Defendants"), over twenty subsidiaries and related entities, and several real estate projects. The Receiver has been assessing and administering all assets of the receivership estate on a project-by-project basis to determine the best path forward for each property and its ability to produce a recovery or reduction of claims for the receivership estate.

---

[1] The Receivership Defendants are: Location Ventures, LLC; URBIN, LLC; Patriots United, LLC; Location Properties, LLC; Location Development, LLC; Location Capital, LLC; Location Ventures Resources, LLC; Location Equity Holdings, LLC; Location GP Sponsor, LLC; 515 Valencia Sponsor, LLC; LV Montana Sponsor, LLC; URBIN Founders Group, LLC; URBIN CG Sponsor, LLC; 515 Valencia Partners, LLC; LV Montana Phase I, LLC; Stewart Grove 1, LLC; Stewart Grove 2, LLC; Location Zamora Parent, LLC; URBIN Coral Gables Partners, LLC; URBIN Coconut Grove Partners, LLC; URBIN Miami Beach Partners, LLC; and URBIN Miami Beach II Phase 1, LLC.

A summary of the real estate properties and the Receiver and professionals' efforts during the Reporting Period is provided below:

Villa Valencia Condos: 515 Valencia SPE, LLC is a wholly owned subsidiary of 515 Valencia Partners, LLC, which, at the commencement of the receivership, owned Units 1104, 1201, 1202 and 1301 in a condominium building located at 515 Valencia Ave., Coral Gables, Florida 33134. The Receiver sold Unit 1104, a finished unit, for $4.01 million and on May 22, 2025, disbursed $3,940,691.90 in sale proceeds to the senior lender as permitted under the Court's order [DE 425]. The Receiver sold Unit 1201, an unfinished unit, for $3.2 million, and on March 5, 2026, the receivership estate received $3,012,872.70 in net sale proceeds [DE 513, DE 524]. Units 1202 and 1301 are unfinished with no interior walls.

During the Reporting Period, the Receiver and her professionals spent an extensive amount of time preparing the Receiver's Motion to (1) Approve Disbursement of Valencia Lien Claim Fund Proceeds from Sale of Unit 1201; and (2) Approve Surcharge of Lender [DE 548], which was filed on June 17, 2026. Analyzing the Lender' claim amounts and the receivership estate's fees and costs in maintaining, preserving, and selling the Valencia property for the estate's surcharge claim required a substantial amount of time. In addition, the Receiver spent a significant amount of time: (i) addressing several issues relating to a potential settlement agreement with the Halpern Parties that includes a proposed sale of Unit 1301 to the Halpern Buyer; (ii) drafting the Receiver's Motion to Approve Settlement Agreement with Halpern Parties and Sale of Villa Valencia Unit 1301 Property to Halpern Buyer Free and Clear; (iii) drafting the proposed order for the motion, and (iv) conducting site visits to the building and units.

Montana Property: 7240 US Highway 2 SPE, LLC, a wholly owned subsidiary of LV Montana Phase I, LLC, owns real property consisting of 12.37 acres and residential structure with

an address of 7240 US Highway 2 E, Columbia Falls, Montana 59912 (folio no. 07-4186-15-2-09-30-0000). During the Reporting Period, the Receiver and her counsel spent a meaningful amount of time addressing several issues with a new broker, including preparing and revising the listing agreement, addendum and related documents. There is no mortgage on this property.

**B.      Miami Beach and Commodore Bond Claims Administration**

With respect to the Miami Beach bond claims process, during the Reporting Period, the Receiver spent a substantial amount of time: (i) reviewing all bond claims and supporting documents submitted under the claims process approved by the Order Granting Receiver's Motion to Approve Stipulation with Surety and Bond Claims Process for Miami Beach Property [DE 447]; (ii) preparing the schedule of proposed allowed bond claims and Receiver's Motion to Approve Distributions of Bond Proceeds for Miami Beach Property [DE 539], which the Receiver filed on May 19, 2026 and the Court granted on June 19, 2026 [DE 550]; and (iii) addressing several inquiries from bond claimants regarding the Order and distribution timeline.

With respect to the Commodore Property bond claims process, on April 14, 2026, the Court entered the Order Granting the Receiver's Motion to Approve Stipulation with Surety and Bond Claims Process for the Commodore Property [DE 529]. The Receiver has spent a meaningful amount of time ensuring all potential bond claimants receive notice of the Order and claims bar date, and addressing inquiries from potential bond claimants.

**C.      Additional Operations of the Receiver: Case Administration and Third Party Litigation Claims**

Further, during the Reporting Period, the Receiver spent a considerable amount of time addressing case administration matters, including: providing updates for the Receiver's website which contains court documents and a section where investors and other claimants can include their contact information (https://kttlaw.com/lv/), monitoring over twenty-five Florida state and

federal court proceedings filed prior to or after the Court entered the Receivership Order, attending to various inquiries from creditors and third parties including lien claimants, unit depositors, and a condominium association.

With respect to the Receiver's Motion to Approve Third Party Litigation Procedures and Contingency Fee Arrangement [DE 490] filed on December 23, 2025, the Receiver and her counsel spent a significant amount of time: (i) preparing for and attending the June 1, 2026 status conference to address (a) the motion, the response filed by ASJAIA, LLC, CWL-CH, LLC, Vieden Grove Oz, LLC (the "CG Investors") [DE 496], the Objection and Reservation of Rights filed by Mironest CG, LLC ("Mironest") [DE 508], and the Receiver's replies [DE 497, 510], and (b) the CG Investors' Amended Motion to Intervene for the Limited Purpose of Opposing Receiver's Proposed Third-Party Litigation Procedures [DE 503], and the Receiver's response [DE 518], and (ii) preparing a notice under seal advising the Court of the nature of the third-party litigation the Receiver currently intends to institute. On June 22, 2026, the Court entered the Order Granting the Receiver's Motion to Approve Third Party Litigation Procedures and Contingency Fee Arrangement [DE 551], and Order denying the CG Investors' Amended Motion to Intervene for the Limited Purpose of Opposing Receiver's Proposed Third-Party Litigation Procedures [DE 552].

The Receiver and her professionals have also spent a meaningful amount of time: (i) reviewing documents and information relating to certain third-party claims; (ii) reviewing documents and information for related financial analyses, and factual and legal issues; and (iii) preparing draft claims.

## II.     Pending Motions

As of the date of filing this Report, there are two pending motions:

1.      Receiver's Motion to (1) Approve Disbursement of Valencia Lien Claim Fund Proceeds from Sale of Unit 1201; and (2) Approve Surcharge of Lender [DE 548], filed on June 17, 2026. The lender, 515 Valencia Acquisition, LLC, filed a response on July 27, 2026 [DE 564]. The Receiver's deadline to file a reply is currently August 7, 2026 [DE 554].

2.      Receiver's Motion to Approve Settlement Agreement with Halpern Parties and Sale of Villa Valencia Unit 1301 Property to Halpern Buyer Free and Clear [DE 556] filed on July 13, 2026. Non-party Mironest CG, LLC filed a motion to extend its objection deadline [DE 559], and the Court extended its deadline to file an objection to August 10, 2026 [DE 560].

## III.    Administered Properties

A summary of the real estate properties the Receiver had administered in prior reporting periods is provided below:

1.      Commodore Properties: The Receiver administered the assemblage of fee simple and leasehold interests in Miami, Florida, consisting of fee simple title to condominium and retail units located at 3162 Commodore Plaza, fee simple title to real property located at 3170 Commodore Plaza, and leasehold interests as tenant for the leased premises located at 3166 Commodore Plaza, 3138 Commodore Plaza and 3120 Commodore Plaza, through a $28.2 million free and clear sale paid via a credit bid of $27.4 million and $800,000 carveout payment [DE 460, 492] with the buyer and/or lender paying millions in ground lease payments, real estate taxes and other closing costs.

2.      Villa Valencia Units 1104 and 1201: The Receiver administered Unit 1104, a finished unit, in a luxury 13-story residential condominium building in Coral Gables, Florida owned by 515 Valencia SPE, LLC through a free and clear sale for $4.01 million [DE 208, 216]. The Receiver administered Unit 1201, an unfinished unit through a free and clear sale for $3.2 million [DE 495, 513].

3.      Stewart Property: The Receiver administered the luxury single family home constructed on two parcel with an address of 3620 and 3610 Stewart Avenue, Miami, Florida owned by Stewart Grove 1, LLC through a free and clear sale for $17.5 million [DE 128, 185].

4.      Miami Beach Property: The Receiver administered the commercial property located on two parcels on Washington Avenue in Miami Beach, Florida owned by

Urbin Miami Beach Owner, LLC through a free and clear sale for $17.5 million [DE 220, 293].

5.  <u>299 Alhambra Building</u>: The Receiver administered the office building on Alhambra Circle in Coral Gables, Florida owned by CG Office SPE, LLC through a settlement with the secured lender that provided for the resolution of more than $14.1 million in claims, waiver of any deficiency and other claims, $100,000 payment to the estate, and consent foreclosure judgment [DE 91, 186].

6.  <u>Minora Property</u>: The Receiver administered the vacant lot on Minorca Avenue in Coral Gables, Florida owned by Urbin CG RESI SPE LLC for a sale price of $800,000 [DE 58, 64].

## IV.   Additional Items for the Interim Report

### A.   Cash on Hand and Receipts and Disbursements

As of June 30, 2026, the Receivership Estate has unencumbered cash on hand in the amount of $2,945,221.26, and $1,750,000 in Miami Beach bond proceeds and $3,012,872.70 in net proceeds from the sale of Villa Valencia Unit 1201. Additional details are provided in the Standardized Fund and Accounting Report attached as **Exhibit A**.

The total amount and nature of known accrued administrative expenses as of June 30, 2026, is $632,003.01, which consists of professional fees and expenses of the Receiver's professionals, as follows:

1.  20% holdback from the prior fee applications:

    a.  First Fee Application for January 12, 2024 through March 31, 2024 [DE 137]
        i.   Receiver Fees:                        $28,028.00
        ii.  Kozyak, Tropin & Throckmorton Fees:   $31,980.00
        iii. Yip Associates Fees:                  $40,630.00

    b.  Second Fee Application for April 1, 2024 through June 30, 2024 [DE 201]
        i.   Receiver Fees:                        $24,087.00
        ii.  Kozyak, Tropin & Throckmorton Fees:   $42,777.00
        iii. Yip Associates Fees:                  $22,563.00

    c.  Third Fee Application for the Period of July 1, 2024 through September 30, 2024 [DE 299]
        i.   Receiver Fees:                        $21,581.00

6

       ii.  Kozyak, Tropin & Throckmorton Fees:     $33,485.00
      iii.  Yip Associates Fees:     $ 1,245.00

d. Fourth Fee Application for the Period of October 1, 2024 through December 31, 2024 [DE 345]

       i.  Receiver Fees:     $18,963.00
      ii.  Kozyak, Tropin & Throckmorton Fees:     $32,844.00
     iii.  Yip Associates Fees:     $ 4,457.00

e. Fifth Fee Application for the Period of January 1, 2025 through March 31, 2025 [DE 418]

       i.  Receiver Fees:     $14,644.00
      ii.  Kozyak, Tropin & Throckmorton Fees:     $20,136.00
     iii.  Yip Associate Fees:     $ 2,451.00

f. Sixth Fee Application for the Period of April 1, 2025 through June 30, 2025 [DE 441]

       i.  Receiver Fees:     $11,067.00
      ii.  Kozyak, Tropin & Throckmorton Fees:     $17,873.00
     iii.  Yip Associate Fees:     $ 2,094.00

g. Seventh Fee Application for the Period of July 1, 2025 through August 31, 2025 [DE 478]

       i.  Receiver Fees:     $10,318.00
      ii.  Kozyak, Tropin & Throckmorton Fees:     $ 7,909.00
     iii.  Yip Associate Fees:     $    59.00

h. Eighth Fee Application for the Period of October 1, 2025 through December 31, 2025 [DE 520]

       i.  Receiver Fees:     $ 7,973.00
      ii.  Kozyak, Tropin & Throckmorton Fees:     $10,132.00
     iii.  Yip Associate Fees:     $ 2,621.00

i. Ninth Fee Application for the Period of January 1, 2026 through March 31, 2026 [DE 536]

       i.  Receiver Fees:     $12,208.00
      ii.  Kozyak, Tropin & Throckmorton Fees:     $ 7,508.00
     iii.  Yip Associate Fees:     $ 3,285.00

2. Tenth Fee Application for the Period of April 1, 2026 through June 30, 2026, which fee application will be filed with the Court and have not been approved:

   a.  Receiver:     Fees:     $72,135.00
          Expenses:     $0.00
          Hours:     206.1

| | | | |
|---|---|---|---|
| b. | Kozyak, Tropin & Throckmorton: | Fees: | $51,550.00 |
| | | Expenses: | $18,444.51 |
| | | Hours: | 190.9 |
| c. | Yip Associates: | Fees: | $50,810.00 |
| | | Expenses: | $175.50 |
| | | Hours: | 157.1 |
| d. | Day Pitney | Fees: | $ 5,970.00 |
| | | Expenses: | $0.00 |
| | | Hours: | 17.8 |

These amounts represent fees and expenses of the Receiver and her professionals which: (a) have been awarded by the Court and held back, and (b) with respect to the period of April 1, 2026 through June 30, 2026, will be filed with the Court and have not yet been approved.

**B.      Schedule of Receipts of Disbursements**

A report of the Receiver's receipt and disbursements, on a quarterly and cumulative basis, is attached as Exhibit A.

**C.      Receivership Property**

The receivership property consists of primarily the real properties discussed above and in prior reports which are owned directly by certain Receivership Defendants or by subsidiaries, potential third-party claims, unencumbered cash on hand in the amount of $2,945,221.26, and $1,750,000 in Miami Beach bond proceeds and $3,012,872.70 in net proceeds from the sale of Villa Valencia Unit 1201.

**D.      Liquidated and Unliquidated Claims held by the Receivership Estate**

The Receiver is in the process of preparing draft claims and investigating additional potential liquidated and unliquidated claims held by the Receivership Estate.

**E.      Known Creditors**

Over 45 investors and creditors have input their contact information through the Receiver's website. In the interest of protecting the privacy of those investors and ensuring that the list of

fraud victims does not become available to others who may use it for improper purposes, the Receiver does not recommend at this time that a list of the known creditors and investors and their addresses be publicly filed.

### F.   Creditor Claims Proceedings

With respect to the Miami Beach bond claims process, the surety tendered $1.75 million in bond proceeds to the Receiver. The Receiver has prepared the schedule of proposed allowed bond claims and on June 19, 2026, the Court entered the Order Granting Receiver's Motion to Approve Distributions of Bond Proceeds for Miami Beach Property [DE 550]. After the appeal period runs, the Receiver will issue the distribution checks to the holders of allowed bond claims.

With respect to the Commodore Property bond claims process, on April 14, 2026, the Court entered the Order Granting the Receiver's Motion to Approve Stipulation with Surety and Bond Claims Process for the Commodore Property [DE 529]. Several bond claimants have submitted claim forms and supporting documents. The deadline to submit a bond claim is August 12, 2026.

### G.   Related SEC Action

The SEC and United States of America have filed the following three case against individuals involved with the Receivership Defendants:

(a) *Securities and Exchange Commission v. Daniel J. Motha*, Case No. 25-cv-21892. On April 25, 2025, the SEC filed a complaint against Daniel J. Motha ("Motha") alleging violations of Sections 17(a)(1), (a)(2), and (a)(3) of the Securities Act; and Sections 10(b) and Rules 10b-5(a), 10b-5(b), and 10-5(c) of the Exchange Act; and seeking permanent injunctive relief, disgorgement, civil penalties, and an officer-and-director bar. The case is pending before U.S. District Court Judge Jacqueline Becerra. On August 13, 2025, Judge Becerra entered a Judgment as to Defendant Daniel J. Motha that provides Motha is permanently enjoined from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], Rule 10b-5 and Section 17(a) of the Securities Act, and that the Court will determine the amounts of disgorgement, civil penalty and other relief upon motion of the SEC. The parties have filed joint status reports advising that Motha entered into a plea agreement with the USAO and plead guilty to one count of Conspiracy to Defraud the United States, and because the SEC will consider any restitution, fines, and incarceration imposed as part of Motha's sentencing when

determining what monetary remedies to seek in the SEC action, the parties do not anticipate finalizing the terms of their full settlement until after Motha's sentencing hearing.

(b) *United States of America v. Rishi Kapoor*, Case No. 26-cr-20073. On March 4, 2026, the USA filed a 37-count Indictment [DE 3] against Rishi Kapoor with the following offenses: conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); wire fraud, in violation of 18 U.S.C. § 1343 (Counts 2-7); money laundering, in violation of 18 U.S.C. § 1957(a) (Counts 8-12); conspiracy to commit offense against, and to defraud, the United States, in violation 18 U.S.C. § 371 (Count 13); failure to account for and pay over trust fund tax, in violation of 26 U.S.C. § 7202 (Counts 14-25); attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201 (Counts 26-27); failure to file tax returns, in violation of 26 U.S.C. § 7203 (Counts 28-32); and bank fraud, in violation of 18 U.S.C. § 1344 (Counts 33-37). The case is pending before U.S. District Court Judge K. Michael Moore. A change of plea hearing was held on May 15, 2026, and Kapoor pled guilty to counts 10 and 13 of the Indictment [DE 46]. On May 16, 2026, Kapoor's Factual Proffer Statement [DE 47] and Plea Agreement [DE 48] were entered on the docket. On May 22, 2026, the Court entered an Order Adopting Report and Recommendation and finding Kapoor guilty of counts 10 and 13 of the Indictment [DE 51]. The Court has scheduled the sentencing hearing for August 27, 2026 [DE 53].

(c) *United States of America v. Daniel Jay Motha*, Case No. 26-cr-20120. On March 31, 2026, the USA filed an Information [DE 1] against Motha with the offense of conspiracy to defraud the United States in a scheme to evade federal income and payroll taxes by: withholding trust fund taxes from the pay of LV Entities' employees, which taxes should have been remitted to the IRS; failing to file Forms 941 with the IRS, which Forms 941 would have appraised the IRS of the LV Entities' trust fund obligations; retaining those trust fund taxes instead of remitting them to the IRS; using false and fraudulent pretenses, representations, and promises, and making material omissions, to conceal the retention of those trust fund taxes; and using funds that could have been used to satisfy payroll tax liabilities to continue operating the LV Entities and to fund discretionary expenses, including bonuses and profit distributions to defendant and his co-conspirators, among others. The case is pending before U.S. District Court Judge Darrin P. Gayles. A change of plea hearing was held on June 25, 2026, and Motha pled guilty to count 1 [DE 19]. On June 25, 2026, Motha's Factual Proffer Statement [DE 21] and Plea Agreement [DE 22] were entered on the docket. On June 25, 2026, the Court set the sentencing hearing for September 23, 2026 [DE 23].

**H.     The Receiver's Recommendations for a Continuation or Discontinuation**

The Receiver recommends the continuation of the receivership. There is a considerable amount of work to be done in administering the remaining real property, pursuing recoveries on

behalf of the victim investors, reviewing the Receivership Defendants and related entities' transactions, and assessing the amounts due to investors and creditors.

Respectfully submitted,

By: /s/ *Bernice C. Lee*
Bernice C. Lee
*Receiver for the Receivership Entities*
KOZYAK TROPIN & THROCKMORTON, LLP
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800 / Fax: (305) 372-3508
Email: blee@kttlaw.com
Florida Bar No. 0073535

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the clerk of the Court using CM/ECF, and the foregoing document has been served via CM/ECF upon all counsel of record this 30th day of July, 2026.

By: /s/ *Bernice C. Lee*
Bernice C. Lee

11